IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, ex rel. | ) | CASE NO. 1:11-cv-02474 |
| DAVID P. JOYCE | ) | |
| PROSECUTING ATTORNEY OF | ) | |
| GEAUGA  COUNTY, OHIO | ) | |
| | ) | |
| Plaintiff | ) | **ANSWER OF DEFENDANT HOME** |
| | ) | **SAVINGS AND LOAN OF** |
| vs. | ) | **YOUNGSTOWN** |
| | ) | |
| MERSCORP, INC., et al. | ) | |
| | ) | |
| Defendants | ) | |

Now comes the Defendant, Home Savings and Loan Company of Youngstown ("Home

Savings"), and for its answer to the Complaint of the Plaintiff states as follows:

1.      Deny the allegations contained in paragraph 1 of the Complaint.

2.      Deny Ohio law requires every mortgage assignment to be recorded with the

County Recorder, but admit that if a mortgage assignment is submitted for recording, it must be

filed in the County where the property secured by the mortgage is located and further admit that

if a mortgage assignment is submitted for recording, the County Recorder must collect a

recording fee and deny the remainder of the allegations contained in paragraph 2 of the

Complaint.

3.      Deny the allegations contained in paragraph 3 of the Complaint.

4.      Admit Home Savings nominated Mortgage Electronic Registration Systems, Inc. ("MERS") to serve as mortgagee of record on mortgages securing some loans made by Home Savings to customers in Ohio, which nomination occurred when it registered mortgage loans on the MERS® system, and deny the remainder of allegations contained in paragraph 4 of the Complaint.

5.      Deny the allegations contained in paragraphs 5, 6, 7 and 8 of the Complaint.

6.      Admit this Court has subject matter and personal jurisdiction over Home Savings and deny for want of knowledge the remainder of allegations regarding the other parties in this litigation contained in paragraphs 9 and 10 of the Complaint.

7.      Admit Geauga County is located in the State of Ohio, admit David P. Joyce is the Prosecuting Attorney for Geauga County and deny the remainder of allegations contained in paragraph 11 of the Complaint.

8.      Deny for want of knowledge the allegations contained in paragraphs 12, 13 and 15 through 32 of the Complaint.

9.      Admit Home Savings is a subsidiary of United Community Financial Corp., misnamed as United Community Financial Corporation in the Complaint, admit that Home Savings is an Ohio corporation, admit Homes Savings conducts business in the State of Ohio and its registered agent is Jude J. Nohra and deny the remainder of allegations contained in paragraph 14 of the Complaint.

10.     Deny the allegations contained in paragraphs 33 and 34 of the Complaint.

11.     Admit the allegations contained in paragraph 35 of the Complaint.

12.     Deny for want of knowledge the allegations contained in paragraph 36 of the Complaint.

13.     Admit the allegations contained in subsection (a) of paragraph 37 of the Complaint and deny for want of knowledge the remaining allegations contained in paragraph 37 of the Complaint.

14.     Deny for want of knowledge the allegations contained in paragraph 38 of the Complaint.

15.     Deny the allegations contained in paragraphs 39 and 40 of the Complaint.

16.     Deny for want of knowledge the allegations contained in paragraphs 41 and 42 of the Complaint.

17.     Deny the allegations contained in paragraphs 43, 44 and 45 of the Complaint.

18.     Deny for want of knowledge the allegations contained in paragraphs 46 and 47 of the Complaint.

19.     Deny the allegations contained in paragraphs 48 and 49 of the Complaint.

20.     Deny for want of knowledge the allegations contained in paragraph 50 of the Complaint.

21.     Deny the allegations contained in paragraph 51 of the Complaint.

22.     Admit Plaintiff seeks to obtain class action status on behalf of all Ohio counties and deny the remainder of the allegations contained in paragraph 52 of the Complaint.

23.     Deny the allegations contained in paragraphs 53 and 54 of the Complaint.

24.     Admit the allegations contained in paragraph 55 of the Complaint.

25.     Deny for want of knowledge the allegations contained in paragraphs 56 and 57 of the Complaint.

26. Deny the allegations contained in paragraphs 58 and 59 of the Complaint.

27. Home Savings realleges and reavers the allegations and denials set forth in paragraphs 1 through 26 as if they were fully restated herein.

28. Admit David P. Joyce, as the Geauga County Prosecutor, is authorized to apply to a court to recover funds illegally withheld from a County Treasury and deny the remainder of allegations contained in paragraph 61 of the Complaint.

29. Deny the allegations contained in paragraph 62 of the Complaint.

30. Admit Plaintiff is requesting a declaratory judgment, deny Plaintiff and the Class Members are entitled to any relief as requested in paragraph 63 of the Complaint.

31. Admit Plaintiff is requesting an injunction and deny Plaintiff or any Class Members would be entitled to any relief as requested in paragraph 64.

32. Home Savings realleges and reavers the allegations and denials set forth in paragraphs 1 through 31 as if they were fully restated herein.

33. Deny the allegations contained in paragraphs 66, 67 and 68 of the Complaint.

34. Admit Plaintiff seeks restitution but deny Plaintiff and any Class Members would be entitled to restitution as requested in paragraph 69 of the Complaint.

35. Deny each and every allegation in the Complaint not otherwise admitted herein.

SECOND DEFENSE

36. The Complaint fails to state any claims upon which relief may be granted.

THIRD DEFENSE

37. The statute of limitations bars the Plaintiff and any Class Members from recovery on some or all of the claims asserted in the Complaint.

## FOURTH DEFENSE

38.     The Plaintiff and any Class Members have waived their right to any recovery.

Wherefore, Home Savings prays that this Court dismiss the Complaint of the Plaintiff at

the cost of the Plaintiff.

Respectfully submitted,

Dale H. Markowitz, Esq. (#0016840)
  dmarkowitz@tddlaw.com
Todd C. Hicks, Esq. (#0063255)
  thicks@tddlaw.com
THRASHER, DINSMORE & DOLAN
100 7th Avenue, Suite 150
Chardon, Ohio 44024-1079
*(440) 285-2242  Fax:  (440) 285-9423*
*Co-counsel for Home Savings and Loan Company*
*of Youngstown*

by

Thomas Gacse, Esq. (#0008715)
  TGacse@homesavings.com
Home Savings and Loan Company of Youngstown
275 Federal Plaza West
Youngstown, Ohio 44501-1111
*Co-counsel for Defendant Home Savings and Loan*
*Company of Youngstown*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2011, a copy of the foregoing *Answer of Defendant*

*Home Savings and Loan of Youngstown* was filed electronically.  Notice of this filing will be

sent to all parties by operation of the Court's electronic filing system.  Parties may access this

filing through the Court's system.  Additionally, notice of this filing was sent by regular U.S.

mail, postage prepaid, to the parties listed below:

Stanley D. Bernstein, Esq.
Christian Siebott, Esq.
Sara Goodman, Esq.
Bernstein Liebhard LLP
10 East 40th Street
New York, NY 10016

Dale H. Markowitz, Esq.
*Co-Counsel for Defendant*
*Home Savings and Loan Company of*
*Youngstown*

Https://portal.tddlaw.com:444/Active Clients/Home Savings and Loan Company of Youngstown, Ohio/Removal to Federal Court/Pleadings/Answer of Home Savings and Loan of Youngstown.2clean.docx

6