**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

STATE OF OHIO, ex rel.
DAVID P. JOYCE
PROSECUTING ATTORNEY OF GEAUGA
COUNTY, OHIO,

            Plaintiff,

   v.

MERSCORP, INC. et al.,

            Defendants.

Case No. 1:11-cv-02474-JG

Honorable James S. Gwin

---

## ANSWER AND AFFIRMATIVE DEFENSES OF GMAC MORTGAGE, LLC

    Defendant GMAC Mortgage, LLC (improperly named as GMAC Residential Funding Corporation and here "GMACM")[1] states as follows for its Answer and Affirmative Defenses to the Class Action Complaint:

### NATURE OF THE ACTION[2]

    1.    This is a class action commenced by Plaintiff Geauga County, on behalf of itself and all other Ohio counties, arising out of Defendants' failure to record each and every mortgage assignment in the proper Ohio county recording office, and pay the attendant recording fees, as required by Ohio law.

    **ANSWER:**    GMACM admits that Plaintiff has filed a putative "Class Action Complaint."  GMACM denies that it violated Ohio law or engaged in any other unlawful conduct, and denies the remaining characterizations and allegations that comprise Paragraph 1.

---

[1] Plaintiff attempts to name "GMAC Residential Funding Corporation (d/b/a GMAC Bank, GMAC Commercial Mortgage Corp., GMAC Mortgage, GMAC Mortgage Corp., GMAC Mortgage LLC)" as a defendant in this case.  (Compl. ¶ 22).  However, GMAC Residential Funding Corporation, GMAC Bank, GMAC Commercial Mortgage Corp., and GMAC Mortgage do not exist.  GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corp.) files this answer.

[2] All capitalized headings contained in Plaintiff's purported "Class Action Complaint" have been repeated herein for accuracy of reference and the convenience of the Court and the parties.

2.     Ohio law requires that each and every mortgage assignment must be recorded with the county recorder of the recording office in the county in which the property is located, a practice codified in Ohio statutes for nearly two hundred years.  Ohio law also requires that county recorders, who work at county recording offices and are responsible for maintaining each county's public land records, collect fees for each entitled land instrument (e.g., a mortgage assignment) presented for recording.

**ANSWER:**   Paragraph 2 purports to summarize and/or construe Ohio law, which speaks for itself.  To the extent the allegations in Paragraph 2 mischaracterize or misconstrue Ohio law, GMACM denies those allegations.  To the extent that any of the allegations in paragraph 2 could be construed as alleging or supporting a claim against GMACM, GMACM denies those allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 2, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

3.     Mortgage securitization is a financial practice that generally involves the transfer (i.e., assignment) of mortgages among Defendants and other banking institutions so that the mortgages can eventually be pooled into trusts that will, in turn, issue mortgage-backed securities for sale to investors.  To securitize, mortgages are typically assigned at least twice.

**ANSWER:**   All of the allegations in paragraph 3 are directed against the 19 total named and up to 3000 total unidentified "Defendants" in the collective, as opposed to just GMACM.  To the extent that any of the allegations in paragraph 3 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 3, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

4.     Defendants and others realized that it would be faster and cheaper to securitize mortgages, thus rendering higher profits, if they did not record each and every intermediate mortgage assignments in county recording offices.

a.      To accomplish this goal, Defendants and others began to record land instruments in the name of a private corporate entity that they contended could act as their placeholder in county public records should they want to use public records to alter or foreclose on the mortgage.

b.      In other instances, Defendants and others simply failed to record mortgage assignments in county recording offices at all.

**ANSWER:**      All of the allegations in paragraph 4 are directed against the 19 total named and up to 3000 total unidentified "Defendants" in the collective, as opposed to just GMACM.  To the extent that any of the allegations in paragraph 4 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 4, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

5.      By circumventing county recording requirements, Defendants and others avoided the time it took to physically file for recording each and every mortgage assignment at county recording offices --- and, most importantly, Defendants and others avoided paying counties the attendant recording fees.

**ANSWER:**      All of the allegations in paragraph 5 are directed against the 19 total named and up to 3000 total unidentified "Defendants" in the collective, as opposed to just GMACM.  To the extent that any of the allegations in paragraph 5 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 5, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

6.      Defendants, therefore, violated (and continue to violate) Ohio's statutory recording requirements by failing to record each and every mortgage assignment, and pay attendant recording fees.

**ANSWER:**   All of the allegations in paragraph 6 are directed against the 19 total named and up to 3000 total unidentified "Defendants" in the collective, as opposed to just GMACM.  To the extent that any of the allegations in paragraph 6 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 6, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

7.      Even worse, Defendants systematically broke chains of land title throughout Ohio counties' public land records by creating "gaps" due to missing mortgage assignments they failed to record, or by recording patently false and/or misleading mortgage assignments. Defendants' failure to record has eviscerated the accuracy of Ohio counties' public land records, rendering them unreliable and unverifiable.

**ANSWER:**   All of the allegations in paragraph 7 are directed against the 19 total named and up to 3000 total unidentified "Defendants" in the collective, as opposed to just GMACM.  To the extent that any of the allegations in paragraph 7 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 7, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

8.      Consequently, Defendants' purposeful failure to record each and every mortgage assignment has resulted in far-reaching, devastating consequences for Ohio counties and their public land records -- damage to public records that may never be entirely remedied.

**ANSWER:**   All of the allegations in paragraph 8 are directed against the 19 total named and up to 3000 total unidentified "Defendants" in the collective, as opposed to just GMACM.  To the extent that any of the allegations in paragraph 8 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 8, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

## JURISDICTION AND VENUE

9.     This Court has both subject matter and personal jurisdiction over the parties and causes of action set forth in this Complaint.

**ANSWER:**   GMACM admits that it and other defendants properly removed this action to this Court on the basis of diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  GMACM further admits that this Court has personal jurisdiction over GMACM with respect to this action.  GMACM denies any remaining allegations in paragraph 9.

10.     This Court has jurisdiction over Defendants where each Defendant has sufficient minimum contacts with Ohio so as to render the exercise of jurisdiction by Ohio courts permissible under traditional notions of fair play and substantial justice.

**ANSWER:**   GMACM admits that this Court has personal jurisdiction over GMACM with respect to this action.  GMACM denies any remaining allegations in paragraph 10.

## PARTIES

11.     Plaintiff Geauga County ("Plaintiff") is located in the State of Ohio.  Pursuant to §§ 305.14, 309.12 of the Ohio Rev. Code Ann., Plaintiff Geauga County, by and through David P. Joyce as the Prosecuting Attorney for the County of Geauga and in the name of the State, sues on behalf of itself and all other Ohio counties.

**ANSWER:**  GMACM admits that Plaintiff has brought this lawsuit.  GMACM denies Plaintiff's legal conclusion that Plaintiff has the requisite standing and authority, whether through Ohio Rev. Code Ann. §§ 305.14, 309.12 or otherwise, to bring this putative "Class Action Complaint" on behalf of all Ohio Counties, and denies any remaining characterizations and allegations in paragraph 11.

12.    Defendant MERSCORP, Inc. ("MERSCORP") is a Delaware corporation that maintains it principal place of business at 1818 Library Street, Suite 300, Reston, Virginia 20190.  As a national organization, Defendant MERSCORP conducts business in the State of Ohio.

**ANSWER:**  All of the allegations in paragraph 12 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 12 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 12, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

13.    Defendant Mortgage Electronic Registration System, Inc. ("MERS"), a wholly-owned subsidiary of Defendant MERSCORP, is a Delaware corporation and maintains its principal place of business at 1818 Library Street, Suite 300, Reston, Virginia 20190.  As a national organization, Defendant MERS conducts business in the State of Ohio.

**ANSWER:**  All of the allegations in paragraph 13 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 13 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 13, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

14.    Defendant Home Savings & Loan Company of Youngstown ("Home Savings"), a subsidiary of United Community Financial Corporation, is an Ohio corporation that is headquartered at 275 West Federal Street, Youngstown, Ohio 44503.  As an Ohio organization,

Defendant Home Savings conducts business in the State of Ohio and its registered agent in Ohio is Jude J. Nohra, 275 Federal Plaza West, Youngstown, Ohio 44503.

**ANSWER:**   All of the allegations in paragraph 14 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 14 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 14, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

15.    Defendant Bank of America Corporation ("Bank of America") is a Delaware corporation that maintains its principal place of business at 100 N. Tryon St. Charlotte, North Carolina 28255.  As a national organization, Defendant Bank of America conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

**ANSWER:**   All of the allegations in paragraph 15 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 15 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 15, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

16.    Defendant CCO Mortgage Corporation ("CCO") (f/k/a American Home Funding, Inc. and Charter One Mortgage Corporation), a division of RBS Citizens, N.A. and a subsidiary of Citizens Financial Group Inc., is a New York corporation that maintains its principal place of business at 10561 Telegraph Road, Glen Allen, Virginia 23059.  As a national organization, Defendant CCO conducted business in the State of Ohio and its registered agent in Ohio was The Prentice-Hall Corporation System, Inc., 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

**ANSWER:**   All of the allegations in paragraph 16 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 16 could be construed as alleging or supporting a claim against GMACM, GMACM denies said

allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 16, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

17.    Defendant Chase Home Mortgage Corporation ("Chase") (f/k/a Chase Home Finance), a division of Chase Bank N.A., and JPMorgan Chase & Co., is a Delaware corporation that maintains its principal place of business at 4915 Independence Parkway, Tampa, Florida 33634.  As a national organization, Defendant Chase conducts business in the State of Ohio and its registered agent in Ohio is Chase Manhattan Mortgage Corporation, 2175 Terminal Tower, Cleveland, Ohio 44113.

**ANSWER:**    All of the allegations in paragraph 17 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 17 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 17, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

18.    Defendant CitiMortgage, Inc. ("CitiMortgage"), a wholly owned subsidiary of Citibank N.A., is a New York corporation that maintains its principal place of business at 1000 Technology Drive, MS 140, O'Fallon, Missouri.  As a national organization, Defendant CitiMortgage conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

**ANSWER:**    All of the allegations in paragraph 18 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 18 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 18, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

19.    Defendant CoreLogic Real Estate Solutions, LLC ("CoreLogic") (f/k/a First American Real Estate Solutions LLC) is a Delaware corporation that maintains its principal place of business at 4 First American Way, Santa Ana, California 92707.  As a national organization, Defendant CoreLogic conducts business in the State of Ohio and its registered

agent in Ohio is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

**ANSWER:**  All of the allegations in paragraph 19 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 19 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 19, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

20.  Defendant Corinthian Mortgage Corporation ("Corinthian"), a fully owned subsidiary of SOUTHBank, is a Mississippi corporation that maintains its principal place of business at 5700 Broadmoor, Suite 500, Mission, Kansas 66202.  As a national organization, Defendant Corinthian conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

**ANSWER:**  All of the allegations in paragraph 20 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 20 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 20, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

21.  Defendant EverHome Mortgage Company ("EverHome") (f/k/a Alliance Mortgage Company), a fully owned subsidiary of Everbank Financial Corp., is a Florida corporation that maintains its principal place of business at 8100 Nations Way, Jacksonville, Florida 32256.  As a national organization, Defendant EverHome conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

**ANSWER:**  All of the allegations in paragraph 21 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 21 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With

respect to the remaining allegations in paragraph 21, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

22.     Defendant GMAC Residential Funding Corporation (d/b/a GMAC Bank, GMAC Commercial Mortgage Corp., GMAC Mortgage, GMAC Mortgage Corp., GMAC Mortgage LLC) ("GMAC"), a wholly owned subsidiary of Ally Financial Inc., is a Delaware corporation that maintains its principal place of business at 8400 Normandale Lake Blvd., Minneapolis, Minnesota 55437.  As a national organization, Defendant GMAC conducts business in the State of Ohio and its registered agent in Ohio is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

**ANSWER:**  GMAC Residential Funding Corporation, GMAC Bank, GMAC Commercial Mortgage Corp., and GMAC Mortgage do not exist.  Thus, solely GMACM has answered Plaintiff's purported "Class Action Complaint."  GMACM admits that it is a citizen of Delaware and Michigan because it is a limited liability company whose sole ultimate member, Ally Financial, Inc., is a Delaware Corporation with its principal place of business in Michigan. GMACM admits that it has a registered agent for acceptance of service in Ohio and also that this Court has personal jurisdiction over GMACM with respect to this action.  GMACM denies the remaining characterizations and allegations in paragraph 22.

23.     Defendant Guaranty Bank, S.S.B. ("Guaranty") is a Delaware corporation that maintains its principal place of business at 4000 West Brown Deer Road, Brown Deer, Wisconsin 53209.  As a national organization, Defendant Guaranty conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

**ANSWER:**   All of the allegations in paragraph 23 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 23 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 23, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

24.     Defendant HSBC Bank U.S.A N.A. (d/b/a HSBC Mortgage Corp. U.S.A., HSBC Bank U.S.A. Trust, HSBC Mortgage Services Inc.) ("HSBC") is a Delaware corporation that maintains its principal place of business at 1800 Tysons Blvd., Suite 50 Mclean, Virginia 22101. As a national organization, Defendant HSBC conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

**ANSWER:**     All of the allegations in paragraph 24 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 24 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 24, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

25.     Defendant MGIC Investors Services Corporation ("MGIC"), a subsidiary of MGIC Investment Corp., is a Wisconsin corporation that maintains its principle place of business at 250 E. Kilbourn Ave., Milwaukee, Wisconsin 53202.  As a national organization, Defendant MGIC conducts business in the State of Ohio and its registered agent in Ohio is National Registered Agents, Inc., 145 Baker Street, Marion, Ohio 43302.

**ANSWER:**     All of the allegations in paragraph 25 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 25 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 25, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

26.     Defendant Nationwide Advantage Mortgage Company (d/b/a Nationwide Bank, Nationwide Mortgage Concepts, Nationwide Mortgage Corp.) ("Nationwide"), a subsidiary of Nationwide, is an Iowa corporation that maintains its principal place of business at 1100 Locust Street, Dept. 2009, Des Moines, Iowa 50391.  As a national organization, Defendant Nationwide conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

**ANSWER:**     All of the allegations in paragraph 26 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 26

could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 26, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

27.    Defendant PMI Mortgage Services Company ("PMI") is a California corporation that maintains its principal place of business at 3003 Oak Road, Walnut Creek, California 94597. As a national organization, Defendant PMI conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

**ANSWER:**    All of the allegations in paragraph 27 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 27 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 27, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

28.    Defendant Principal Residential Mortgage, Inc. ("Principal Residential") was an Iowa corporation that maintained its principal place of business at 711 High Street, Des Moines, Iowa 50392 and a principal office located in Columbus, Ohio 43215.  Defendant Principal Residential, in conjunction with Principal Wholesale Mortgage, Inc., merged into Defendant CitiMortgage on February 11, 2005.  As a national organization with Ohio offices, Defendant Principal Residential conducted business in the State of Ohio and its registered agent in Ohio was CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

**ANSWER:**    All of the allegations in paragraph 28 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 28 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 28, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

29.     Defendant Suntrust Mortgage, Inc. ("Suntrust") is a Virginia corporation that maintains its principal place of business in 901 Semmes Avenue, Richmond, Virginia 23224.  As a national organization, Defendant Suntrust conducts business in the State of Ohio and its registered agent in Ohio is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

**ANSWER:**   All of the allegations in paragraph 29 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 29 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 29, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

30.     Defendant United Guaranty Corporation ("United") is a Nevada corporation that maintains its principal place of business at 230 N. Elm Street, Greensboro, North Carolina 27401.  As a national organization, Defendant United conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

**ANSWER:**   All of the allegations in paragraph 30 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 30 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 30, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

31.     Defendant Wells Fargo Bank, N.A. (d/b/a America's Mortgage Outsource Program) ("Wells Fargo"), a subsidiary of Wells Fargo and Company, is a South Dakota corporation that maintains its principal place of business at 101 North Phillips Avenue, Sioux Falls, South Dakota 57104 and a principal office at 115 Hospital Drive, Van Wert, Ohio 45891. Wells Fargo Home Mortgage, Inc. (f/k/a Directors Mortgage Loan Corporation, Courtesy Funding, Norwest Mortgage, Inc.) merged into Defendant Wells Fargo on October 1, 2004. Wachovia Shared Resources, LLC merged into Defendant Wells Fargo on January 1, 2011. Wells Fargo Dealer Services, Inc. and SouthTrust Mortgage Corporation merged into Defendant Wells Fargo on July 1, 2011.  As a national organization with Ohio offices, Defendant Wells Fargo conducts business in the State of Ohio and its registered agent in Ohio is CSC-Lawyers

Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

**ANSWER:**  All of the allegations in paragraph 31 are directed against another defendant as opposed to GMACM.  To the extent that any of the allegations in paragraph 31 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 31, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

32.    The true names and capacities of Defendants Doe Corporations I — MMM are unknown to Plaintiff.  Plaintiff believes that through discovery, the identity of Defendants Doe Corporations I-MMM will become known to Plaintiff.

**ANSWER:**  GMACM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore denies same.

## FACTUAL STATEMENT

### A.    Ohio Requires the Recording of Certain Land Instruments in County Recording Offices

33.    To finance the purchase of real property, a borrower typically receives a loan, often in the form of a mortgage, from an originating lender.  A "mortgage" is a land instrument comprised of two separate documents: (1) a promissory note, which establishes the borrower's obligation to repay the loan, and (2) the mortgage itself, which gives the lender a security interest in the borrower's property to secure repayment of the loan.

**ANSWER:**  Paragraph 33 is not directed to GMACM specifically, or to any specific transaction.  Accordingly, GMACM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 and therefore denies same.

34.    Land instruments, such as mortgages and mortgage assignments, must be recorded in proper county recording offices, which are operated by county recorders.  Ohio Rev. Code Ann. § 5301.25 ("[I]nstruments of writing properly executed for the conveyance or encumbrance of lands . . . shall be recorded in the office of the county recorder of the county in which the premises are situated."); Ohio Rev. Code Ann. § 5301.32 ("The separate instrument of [a mortgage] assignment or partial release shall be recorded.").

**ANSWER:**    Paragraph 34 purports to summarize and/or construe Ohio law, including but not limited to Ohio Rev. Code Ann. §§ 5301.25 and 5301.32, which speak for themselves. To the extent the allegations in Paragraph 34 mischaracterize or misconstrue Ohio law, GMACM denies those allegations.   To the extent that any of the allegations in paragraph 34 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.   In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.   With respect to the remaining allegations in paragraph 34, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

35.    County recorders are required to collect nominal fees for each mortgage-related land instrument presented and entitled to be recorded.  Ohio Rev. Code Ann. § 317.32 ("The county recorder shall charge and collect the following fees, to include base fees for the recorder's services …").

**ANSWER:**    Paragraph 35 purports to summarize and/or construe Ohio law, including but not limited to Ohio Rev. Code Ann. § 317.32, which speaks for itself.  To the extent the allegations in Paragraph 35 mischaracterize or misconstrue Ohio law, GMACM denies those allegations.  To the extent that any of the allegations in paragraph 35 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 35, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

B.    **The MERS Operation**

36.    MERS maintains a private computer system that allows its users to, among other things, register and track changes in ownership interests in mortgages.

**ANSWER:**    Paragraph 36 is directed to a defendant other than GMACM, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 36 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 36, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

37.    Since 1997, over 65 million mortgages have been registered on MERS's system — three out of every five on the market.  Currently, nearly 5,600 participating MERS members ("MERS Members" or "Members") track roughly 31 million active residential mortgage loans on the MERS system.  MERS Members include a collection of banking and mortgage entities that ranges from local banks and investments banks to mortgage lenders and title insurers to approximately 3,000 mortgage servicers.

  a.    Members pay MERS membership fees to register and track mortgage ownership interests and servicing rights on MERS's system.

  b.    Members also pay MERS fees for each transaction conducted, such as assigning a mortgage within to itself or to another MERS Member, identifying the mortgage's servicer, or using the MERS corporate seal.

**ANSWER:**    Paragraph 37 is not directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 37 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 37, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

38.    MERS does not itself originate, assign, service or invest in mortgages.

**ANSWER:**    Paragraph 38 is directed to a defendant other than GMACM, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 38 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With

respect to the remaining allegations in paragraph 38, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

39.     Instead, MERS Members used (and continue to use) the "MERS" name to avoid recording in county recording offices each time a mortgage ownership interest was assigned — thereby avoiding the payment of attendant county recording fees.

**ANSWER:**   Paragraph 39 is not directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 39 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 39, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

40.     MERS Members, at times, avoid recording every mortgage assignment by recording an initial land instrument, on which they claim "MERS" as their agent through a series of designations, such as "MERS as assignee," "MERS as nominee, "MERS as beneficiary."

**ANSWER:**   Paragraph 40 is not directed to GMACM specifically.  To the extent that any of the allegations in paragraph 40 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful. With respect to the remaining allegations in paragraph 40, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

41.     MERS Members contend that, as long as mortgage ownership interests are assigned to other MERS members, they are not required to record each mortgage assignment in

county recording offices because MERS acts on behalf of both the assignor and assignee (representing both MERS Members simultaneously).

**ANSWER:**    Paragraph 41 is not directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 41 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 41, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

### C.    The MERS Scheme

### 1.    How MERS Members Place MERS in Land Instruments

42.    MERS Members typically record the initial land instrument, on which "MERS" is named, in county recording offices in two different ways:

a.    One way occurs when Members record an original mortgage on which "MERS" is designated in a myriad of ways: "MERS as mortgagee of record," "MERS as nominee," "MERS as beneficiary," and even "MERS (solely as nominee for Lender) as beneficiary." MERS and its Members use the term "MERS as Original Mortgagee (MOM)" to describe this type of mortgage.

b.    The second way occurs when Members record a mortgage assignment on which "MERS" is named.  On such mortgage assignments, Members often purport to assign the mortgage and underlying debt either to: (i) MERS itself; or (ii) MERS on behalf of another Member.

**ANSWER:**    Paragraph 42 is not directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 42 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments

violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 42, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

43.     MERS, however, does not draft or execute paperwork on behalf of itself or its Members.  Rather, MERS instructs its Members to self-certify their employees (e.g., people who work for the lending banks and mortgage servicers) to become certified MERS "assistant secretaries" and "vice-presidents" in order to appear on various "MERS land instruments" for the purpose of recording land instruments.  MERS Members' employees access MERS certification forms on MERS's website.

**ANSWER:**     Paragraph 43 appears to be directed to a defendant other than GMACM, is not directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 43 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 43, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

44.     Members have their employees self-certify as MERS "assistant secretaries" or "vice-presidents" in order to appear as though those employees actually work for MERS.  In doing so, county recorders record what facially appear to be proper mortgages and assignments, even though the lenders' and servicers' employees are only acting under the guise of MERS employment.

**ANSWER:**     Paragraph 44 is not directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 44 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in

paragraph 44, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

### 2. How MERS Members Fail to Record Intermediate Mortgage Assignments

45.     MERS was intended to improve the profitability of the primary and secondary mortgage market, and facilitate securitization of mortgages through the rapid assignment of mortgages between financial institutions — while avoiding: (i) recording each time the mortgages are assigned in county recording offices, and (ii) paying the attendant county recording fees.

**ANSWER:**     Paragraph 45 is not directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 45 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 45, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

46.     Beginning in the 1990s, securitization of mortgages became more common.  The overall scheme of securitizing mortgages began with mortgage lenders who would originate as many residential mortgage loans as possible for sale to various banks and financial institutions. Those banks and financial institutions would, in turn, trade the mortgages amongst themselves and subsequently pool them into trusts for eventual sale to investors as mortgage-backed securities ("MBS").

**ANSWER:**     Paragraph 46 does not appear to be directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 46 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 46, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

47.     Thus, to securitize a mortgage, several assignments must be made.

a.     First, originating lenders sell mortgages (each of which includes both the promissory note and the mortgage documents) to an aggregator or sponsor: The sponsor is a special purpose entity that is often affiliated with a large financial institution or investment bank.

b.     Second, the sponsor initiates the securitization by transferring (i.e., assigning) the mortgage to a depositor.

c.     Third, the depositor then transfers the mortgage to a "special purpose vehicle" (usually a trust) to be held for the eventual sale to and subsequent benefit of investors.

**ANSWER:**     Paragraph 47 does not appear to be directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 47 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  With respect to the remaining allegations in paragraph 47, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

48.     The typical life of a securitized mortgage, therefore, entails at least three assignments — all of which are statutorily required to be recorded in the Ohio county recording office in which the underlying property is located.  Securitization of a mortgage does not vitiate the legal requirement to record each assignment of a mortgage.

**ANSWER:**     Paragraph 48 does not appear to be directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 48 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 48, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

49.     In reality, however, once "MERS land instruments" — such as mortgages and mortgage assignments — are recorded in county land records and purportedly registered on MERS's private system (either as a MOM or mortgage assignment), MERS Members usually fail to record subsequent, intermediate mortgage assignments.

**ANSWER:**     Paragraph 49 is not directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 49 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 49, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

50.     MERS Members often only record a mortgage assignment (regardless of how many times the mortgage had been assigned prior) in county recording offices when they are attempting to assign the mortgage from MERS.  This generally occurs when MERS Members seek to initiate a terminating event (e.g., to foreclosure when the mortgage is in default, or to release when the mortgage is refinanced or satisfied).

**ANSWER:**     Paragraph 50 is not directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 50 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 50, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

51.     When MERS Members finally record a mortgage assignment, they break the mortgage's chain of title by creating "gaps" from the prior mortgage assignments they made, yet failed to record in county recording offices.

**ANSWER:**    Paragraph 51 is not directed to GMACM specifically, and does not relate to any specific transaction.  To the extent that any of the allegations in paragraph 51 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  With respect to the remaining allegations in paragraph 51, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

## CLASS ALLEGATIONS

52.    Plaintiff brings this class action on behalf of itself and, pursuant to Ohio Civ. R. 23, on behalf of all other Ohio counties (collectively referred to herein as the "Class").

**ANSWER:**    GMACM admits that Plaintiff has brought this lawsuit.  GMACM denies Plaintiff's legal conclusion that Plaintiff has the requisite standing and authority to bring this putative "Class Action Complaint" on behalf of all Ohio Counties, and denies any remaining characterizations and allegations in paragraph 52.

53.    The Class is comprised of each of the eighty-eight counties in the State of Ohio, thus joinder of all Class members in one action would be impracticable.

**ANSWER:**    Denied.

54.    The Class claims present common questions of law and fact that predominate over questions that may affect particular putative class members individually, including without limitation the following:

   a.    Whether the Class members are irreparably harmed by Defendants' conduct in violation of Ohio Rev. Code Ann. §§ 5301.25, 5301.32 as alleged herein and are thus entitled to injunctive relief;

   b.    Whether Defendants failed to record each and every prior and future mortgage and mortgage assignment on real property located in Ohio with the county recorder of the proper Class Member's county recording office, in accordance with Ohio Rev. Code Ann. §§ 5301.25, 5301.32;

        c.      Whether Defendants should be enjoined from continuing to assign Ohio mortgages without recording each and every prior and future mortgage and mortgage assignment in the proper Class Member's county recording office; and

        d.      Whether Defendants should be ordered to correct the failure to record each and every prior and future mortgage and mortgage assignment with the county recorder of the proper Class Member's county recording office, and thereby pay attendant recording fees, as required by Ohio law.

**ANSWER:**    Denied.

55.    The claims asserted by Plaintiff are typical of claims asserted for the Class in that all claims are based on the same legal and remedial theories:

        a.      Ohio state law is applicable to all claims asserted by the Class;

        b.      Ohio recording laws create identical requirements for the recording of each and every mortgage and mortgage assignment on real property located in Ohio with the county recorder of the proper county recording office in each of Ohio's 88 counties; and

        c.      Each Ohio county is required by Ohio state law to collect fees for the recording of each and every entitled mortgage and mortgages assignment presented to the county recorder for recording at the county recording office.

**ANSWER:**    Denied.

56.    Plaintiff is an adequate representative of the Class that will fairly and adequately represent the interests of the Class.

**ANSWER:**    Denied.

57.    Plaintiff has retained competent class counsel with experience in prosecuting class action litigations of this nature, and will vigorously prosecute the putative class claims alleged herein.

**ANSWER:**    Denied.

58.    This action is maintainable as a class action where Defendants have acted on grounds generally applicable to the Class thereby making final, injunctive, and declaratory relief, and a damage award appropriate with respect to the Class as a whole.

**ANSWER:**    Denied.

59.    Class action treatment is superior to other methods for resolution of this controversy where:

a.      Separate actions by individual Class Members could lead to inconsistent adjudications for individual Class Members, which would impose varying conduct requirements for each Defendant;

b.      Separate actions by individual Class Members could injure Class Members' ability to adequately protect their interests;

c.      The financial burden on individual Class Members would make it impractical for them to pursue their claims against Defendants individually; and

d.      Judicial economy would be served by maintenance of this action as a class action to avoid numerous individual lawsuits filed by Class Members.

**ANSWER:**   Denied.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT AND A PERMANENT INJUNCTION AGAINST ALL DEFENDANTS

60.      Plaintiff incorporates by reference herein Paragraphs 1 through 59 as though set forth in full.

**ANSWER:**   GMACM incorporates and adopts by reference its answers to Paragraphs 1 through 59 as its answer to Paragraph 60.

61.      Plaintiff Geauga County, by and through David P. Joyce as Prosecuting Attorney for the County of Geauga, is authorized by Ohio Rev. Code Ann. § 309.12 to institute proceedings upon being satisfied the funds belonging to the county are illegally withheld from the county treasury and to recover such funds illegally withheld for the benefit of the county.

**ANSWER:**   Paragraph 61 purports to summarize and/or construe Ohio law, including but not limited to Ohio Rev. Code Ann. § 309.12, which speaks for itself.  To the extent the allegations in Paragraph 61 mischaracterize or misconstrue Ohio law, GMACM denies those allegations.  To the extent that any of the allegations in paragraph 61 could be construed as alleging or supporting a claim against GMACM, GMACM denies said allegations and denies that it violated Ohio law or engaged in any other unlawful conduct.  In particular, GMACM denies that that any alleged failure to record mortgages and/or mortgage assignments violated Ohio law or was otherwise unlawful.  GMACM also denies that it unlawfully withheld any funds

that were required to be paid into the Geauga county treasury. GMACM further denies Plaintiff's legal conclusion that Ohio Rev. Code Ann. § 309.12 gives Plaintiff the requisite standing and authority to bring this putative "Class Action Complaint" on behalf of all Ohio Counties. With respect to the remaining allegations in paragraph 61, GMACM lacks knowledge or information sufficient to form a belief about the truth of said allegations and therefore denies same.

62.     Defendants' failure to record each and every prior and future mortgage and mortgage assignment on real property located in Ohio with the county recorder of the county recording office in which the property is located constitutes an actual existing justiciable controversy between the parties, having opposing interest, which can and should be resolved by this Court through declaratory relief.

**ANSWER:**     Denied.

63.     Plaintiff and Class Members request a judgment declaring that Defendants are required to record, pursuant to Ohio Rev. Code Ann. §§ 5301.25, 5301.32, each and every prior and future mortgage and mortgage assignment on real property located in Ohio must be recorded in, and attendant statutory recording fees paid to, the county recording office in which the real property is located.

**ANSWER:**     GMACM denies that Plaintiff is entitled to the relief he seeks in this case, on either an individual or class-wide basis, and denies all of the remaining allegations and characterizations in paragraph 63.

64.     Plaintiff and Class Members request that this Court enter an injunction compelling Defendants to record each and every, prior and future, mortgage and mortgage assignment on real property located in Ohio that was not recorded in the proper county recording office, and to immediately cease the practice of non-recording of mortgages and mortgage assignments on real property located in Ohio counties.

**ANSWER:**     GMACM denies that Plaintiff is entitled to the relief he seeks in this case, on either an individual or class-wide basis, and denies all of the remaining allegations and characterizations in paragraph 64.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

65.     Plaintiff incorporates by reference herein Paragraphs 1 through 64 as though set forth in full.

**ANSWER:**     GMACM incorporates and adopts by reference its answers to Paragraphs 1 through 64 as its answer to Paragraph 65.

66.     In order to avoid the payment of attendant recording fees to the Class, Defendants failed to record each and every prior and future mortgage and mortgage assignment on real property located in Ohio in Plaintiff and Class Members' county recording officers, in violation of Ohio state law.

**ANSWER:**     Denied.

67.     Instead of properly recording each and every prior and future mortgage and mortgage assignment on real property located in Ohio in Plaintiff and Class members' county recording offices, Defendants unjustly retained recording fees per mortgage assignments, which in justice and equity belong to the Class.

**ANSWER:**     Denied.

68.     By their wrongful and improper conduct, Defendants were, and are, unjustly enriched at the expense of and to the detriment of Plaintiff and the Class.

**ANSWER:**     Denied.

69.     As a direct and proximate result of Defendants' unjust enrichment, Plaintiff, on behalf of itself and the Class, seeks restitution from Defendants and respectfully requests that this Court disgorge all profits, benefits, and other compensation Defendants obtained by their wrongful and improper conduct.

**ANSWER:**     GMACM denies that Plaintiff is entitled to the relief he seeks in this case, on either an individual or class-wide basis, and denies all of the remaining allegations and characterizations in paragraph 69.

## AFFIRMATIVE DEFENSES OF GMAC MORTGAGE, LLC

1.     <u>Failure to State A Claim</u>:  The claims asserted by Plaintiff and/or the putative class fail to state a claim against GMACM upon which relief can be granted.

2.      Statutes of Limitations:  The claims asserted by Plaintiff and/or the putative class are barred, in whole or in part, by applicable statutes of limitation.

3.      Laches:  The claims asserted by Plaintiff and/or the putative class are barred, in whole or in part, by the doctrine of laches.

4.      No Injury, Damage or Loss:  The claims asserted by Plaintiff and/or the putative class are barred, in whole or in part, because neither Plaintiff nor the putative class suffered any injury, damage or loss alleged, or any other injury, damage or loss.

5.      Standing:  Plaintiff and/or the putative class lack the requisite standing to assert their claims against GMACM.

6.      No Clean Hands:  The claims asserted by Plaintiff and/or the putative class are barred, in whole or in part, by the "clean hands" doctrine and principles of equity.

7.      Authority:  Plaintiff lacks the requisite authority to assert their claims against GMACM.  Among other things, Ohio Rev. Code Ann. §§ 305.14 and 309.12 do not give Plaintiff the authority to bring a putative "Class Action Complaint" against GMACM on behalf of all Ohio Counties.

8.      Unavailability of Requested Relief:  Plaintiff and/or the putative class are not entitled to some or all of the remedies they seek.  Among other things, Plaintiff and/or the putative class' request for declaratory judgment fails for lack of any actual case or controversy. Plaintiff and/or the putative class' request for injunctive relief fails is barred to the extent that the proposed injunction is an "obey the law" injunction.  Plaintiff also has not identified any statutory or common law basis for his request for attorneys' fees.

9.      Unavailability of Class Relief:  Plaintiff and/or the putative class' request for class-wide relief fails, in whole or in part, because Plaintiff's proposed class definition is insufficiently

numerous, Plaintiff is not an adequate class representative, Plaintiff's counsel cannot adequately represent the interests of the putative class, common questions of law and fact do not predominate, and Plaintiff's claims are not typical of other putative class members.

10. <u>Reservation of Unknown Defenses</u>:  GMACM expressly reserves the right to raise such additional affirmative defenses as may be established during discovery and by the evidence in the case.

11. <u>Reservation of Defenses to Claims of Putative Class</u>:  GMACM specifically reserves all separate and independent affirmative defenses that it may have against any one or more of the putative class members.

**WHEREFORE,** GMACM denies that Plaintiff or the putative class is entitled to judgment or relief in any amount or of any type, and respectfully requests entry of judgment in its favor on all counts asserted in Plaintiff's "Class Action Complaint."

Dated:  December 12, 2011                     Respectfully submitted,


/s/ P. Russell Perdew
Thomas J. Cunningham (*pro hac vice*)
P. Russell Perdew (*pro hac vice*)
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 443-1712
Fax: (312) 896-6712
rperdew@lockelord.com

David A. Wallace (0031356)
Carpenter, Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
Wallace@carpenterlipps.com

*Attorneys for Defendant GMAC Mortgage, LLC
(f/k/a GMAC Mortgage Corporation and improperly
named herein as GMAC Residential Funding
Corporation)*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2011, a copy of the foregoing Answer and

Affirmative Defenses of Defendant GMAC Mortgage, LLC was filed electronically.  Notice of

this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties

may access this filing through the Court's system.  Additionally, notice of this filing was sent by

regular mail to the parties listed below:

>Stanley D. Bernstein
>Christian Siebott
>Sara Goodman
>Bernstein Liebhard LLP
>10 East 40th Street
>New York, NY 10016

>>/s/ P. Russell Perdew
>>P. Russell Perdew
>>Attorney for Defendant
>>GMAC Mortgage, LLC