# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| STATE OF OHIO, ex rel. ) <br> DAVID P. JOYCE, ) <br> PROSECUTING ATTORNEY ) <br> OF GEAUGA COUNTY, OHIO, ) <br> on behalf of Geauga County and ) <br> all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> MERSCORP, INC., et al. ) <br> ) <br> Defendants. ) | Case No. 1:11-cv-02474-JG <br><br> Hon. Judge James S. Gwin <br><br> **ANSWER AND DEFENSES OF DEFENDANT CITIMORTGAGE, INC. TO PLAINTIFFS' CLASS ACTION COMPLAINT** |

Defendant CitiMortgage, Inc. ("CitiMortgage") hereby answers and responds to the allegations set forth in the putative Class Action Complaint filed by Plaintiff as follows. CitiMortgage is filing this answer in accordance with the Court's Standing Civil Trial Order, Section III, which "requires defendants to file an answer to the complaint regardless of whether they have filed or plan to file a motion to dismiss."[1]

## ANSWER TO COMPLAINT

### FIRST DEFENSE

### NATURE OF ACTION

1. CitiMortgage admits that this is a lawsuit brought as a putative class action commenced by Plaintiff Geauga County, purportedly on behalf of itself and all other Ohio counties. CitiMortgage denies the remaining allegations in paragraph 1, denies that this action

---

[1] CitiMortgage intends to file, and, pursuant to the terms of the Court's Standing Civil Trial Order, does not intend to waive its right to file, a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or any other applicable rule. In addition, Plaintiff alleges in ¶ 28 of the complaint that defendant Principal Residential Mortgage, Inc. ("Principal Residential") "merged into Defendant CitiMortgage on February 11, 2005." Accordingly, no Answer to the Complaint is required of Principal Residential. However, in the event that an Answer is deemed to be required, Principal Residential incorporates by reference and adopts the answer filed by CitiMortgage as its own.

meets the requirements of a class action, and specifically denies any and all allegations of wrongdoing.

2.	The allegations in paragraph 2 assert legal conclusions to which no answer is required, and on that basis CitiMortgage denies them.

3.	CitiMortgage admits that mortgage securitization can involve the assignment of underlying debt instruments and security instruments into a trust and that the trust or its affiliate might then issue securities to potential investors. As to the remaining allegations in paragraph 3, CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and on that basis denies them. In addition, to the extent that the allegations in paragraph 3 assert legal conclusions to which no answer is required, CitiMortgage denies them on that basis.

4.	CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, including subsections 4(a) and (b), and on that basis denies them. CitiMortgage specifically denies any and all allegations of wrongdoing.

5.	CitiMortgage denies the allegations in paragraph 5 and specifically denies any and all allegations of wrongdoing. In addition, to the extent that the allegations in paragraph 5 assert legal conclusions to which no answer is required, CitiMortgage denies them on that basis.

6.	CitiMortgage denies the allegations in paragraph 6 and specifically denies any and all allegations of wrongdoing. In addition, to the extent that the allegations in paragraph 6 assert legal conclusions to which no answer is required, CitiMortgage denies them on that basis.

7. CitiMortgage denies the allegations in paragraph 7 and specifically denies any and all allegations of wrongdoing. In addition, to the extent that the allegations in paragraph 7 assert legal conclusions to which no answer is required, CitiMortgage denies them on that basis.

8. CitiMortgage denies the allegations in paragraph 8 and specifically denies any and all allegations of wrongdoing.

## JURISDICTION AND VENUE

9. Upon information and belief, CitiMortgage admits that diversity of citizenship exists under 28 U.S.C. § 1332. CitiMortgage denies that the Court has subject matter jurisdiction insofar as Plaintiff lacks standing to bring this action. CitiMortgage lacks knowledge or information sufficient to form a belief about whether this Court has "personal jurisdiction over all of the parties and causes of action set forth in this Complaint," and on that basis CitiMortgage denies this allegation.

10. The allegations in paragraph 10 assert a legal conclusion to which no answer is required, and on that basis CitiMortgage denies them.

## PARTIES

11. CitiMortgage admits that Geauga County is located in the State of Ohio and that Plaintiff purports to sue on behalf of itself and all other Ohio counties. CitiMortgage denies that this action may be properly maintained as a class action. The remaining allegations in paragraph 11 assert legal conclusions to which no answer is required or are assertions on which CitiMortgage lacks knowledge or information sufficient to form a belief, and on that basis CitiMortgage denies them.

12. Upon information and belief, CitiMortgage admits that MERSCORP, Inc. is a Delaware corporation with its principal place of business in Virginia. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12, and on that basis denies them.

13. Upon information and belief, CitiMortgage admits that Mortgage Electronic Registration Systems Inc. is a Delaware corporation with its principal place of business in Virginia. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13, and on that basis denies them.

14. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and on that basis denies them.

15. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and on that basis denies them.

16. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and on that basis denies them.

17. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and on that basis denies them.

18. CitiMortgage admits that it is a wholly owned subsidiary of Citibank, N.A., and that it is a New York corporation with its principal place of business at 1000 Technology Drive, MS 140, O'Fallon, Missouri.  CitiMortgage also admits that it conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.  CitiMortgage denies that it is a "national organization."

19. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and on that basis denies them.

20. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and on that basis denies them.

21. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and on that basis denies them.

22. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and on that basis denies them.

23. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and on that basis denies them.

24. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and on that basis denies them.

25. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and on that basis denies them.

26. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and on that basis denies them.

27. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and on that basis denies them.

28. CitiMortgage denies that Principal Residential Mortgage, Inc. and Principal Wholesale Mortgage, Inc. merged into CitiMortgage on February 11, 2005. CitiMortgage admits that Principal Residential Mortgage, Inc. and Principal Wholesale Mortgage, Inc. merged into CitiMortgage effective January 1, 2005. CitiMortgage also denies that Principal Residential

Mortgage, Inc. was a "national organization." CitiMortgage admits the remaining allegations in paragraph 28. CitiMortgage further states that, because Principal Residential Mortgage, Inc. has merged into CitiMortgage and no longer exists as a separate legal entity, Principal Residential Mortgage, Inc. is not required to file an answer to the complaint. To the extent that Principal Residential Mortgage, Inc. is required to file an answer, Principal Residential Mortgage, Inc. hereby adopts and incorporates CitiMortgage's answer to the complaint as its own.

29. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and on that basis denies them.

30. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and on that basis denies them.

31. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and on that basis denies them.

32. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and on that basis denies them.

**FACTUAL STATEMENT**

33. CitiMortgage admits that a residential mortage loan for the purchase of real property typically involves a note and a security instrument in the form of a mortgage or deed of trust. The remaining allegations in paragraph 33 assert legal conclusions to which no answer is required, and on that basis CitiMortgage denies them.

34. The allegations in paragraph 34 assert legal conclusions to which no answer is required, and on that basis CitiMortgage denies them.

35. The allegations in paragraph 35 assert legal conclusions to which no answer is required, and on that basis CitiMortgage denies them.

36. CitiMortgage admits that MERS maintains an electronic database that, among other things, tracks the ownership interests and servicing interests in certain residential mortgage loans. CitiMortgage denies the remaining allegations in paragraph 36.

37. CitiMortgage admits that, as a member of MERS, it pays membership fees to resister and track certain ownership interests and servicing rights on the MERS System and that it also pays certain transaction fees to MERS. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37, including subsections 37(a) and (b), and on that basis denies them.

38. Upon information and belief, CitiMortgage admits that MERS does not originate, service or invest in mortgage loans. CitiMortgage denies the remaining allegations in paragraph 38.

39. CitiMortgage denies the allegations in paragraph 39 and specifically denies any and all allegations of wrongdoing. In addition, to the extent the allegations in paragraph 39 assert legal conclusions to which no answer is required, CitiMortgage also denies them on that basis.

40. CitiMortgage admits that MERS is sometimes designated as "nominee" or "beneficiary" on mortgage security instruments. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40 directed to what other MERS members do, and on that basis denies them. CitiMortgage denies the

remaining allegations of this paragraph and specifically denies any and all allegations of wrongdoing.

41. The allegations in paragraph 41 assert legal conclusions to which no answer is required, and on that basis CitiMortgage denies them. In addition, CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 directed to what other MERS members do, and on that basis denies them. CitiMortgage specifically denies any and all allegations of wrongdoing.

42. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, including subsections 42(a) and (b), and on that basis denies them. CitiMortgage specifically denies any and all allegations of wrongdoing.

43. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and on that basis denies them. CitiMortgage specifically denies any and all allegations of wrongdoing.

44. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and on that basis denies them. CitiMortgage specifically denies any and all allegations of wrongdoing.

45. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and on that basis denies them. CitiMortgage specifically denies any and all allegations of wrongdoing.

46. CitiMortgage lacks knowledge or information sufficient to form a belief about whether "[b]eginning in the 1990s, securitization of mortgages became more common." CitiMortgage admits that the securitization of mortgages loans can involve the pooling of

mortgage loans in trusts and the sale of mortgage-backed securities. CitiMortgage denies the remaining allegations in paragraph 46 and specifically denies any and all allegations of wrongdoing.

47. CitiMortgage admits that the securitization of mortgage loans may involve the originator selling loans to a sponsor entity. The sponsor then may transfer the loans to a depositor, who then may transfer the loans to a special purpose entity. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 47, including subsections 47(a), (b) and (c), and on that basis denies them. CitiMortgage specifically denies any and all allegations of wrongdoing.

48. The allegations in paragraph 48 assert legal conclusions to which no answer is required, and on that basis CitiMortgage denies them. To the extent facts are alleged in paragraph 48, CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of those factual allegations, and on that basis denies them. CitiMortgage specifically denies any and all allegations of wrongdoing.

49. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and on that basis denies them. In addition, to the extent that the allegations in paragraph 49 assert legal conclusions to which no answer is required, CitiMortgage denies them on that basis. CitiMortgage specifically denies any and all allegations of wrongdoing.

50. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and on that basis denies them. CitiMortgage specifically denies any and all allegations of wrongdoing.

51. CitiMortgage denies the allegations in paragraph 51 and specifically denies any and all allegations of wrongdoing.

**CLASS ALLEGATIONS**

52. CitiMortgage admits that Plaintiff purports to bring a putative class action on behalf of itself and all other Ohio counties. CitiMortgage denies the remaining allegations in paragraph 52 and specifically denies that this action meets the requirements of a class action.

53. CitiMortgage denies the allegations in paragraph 53 and specifically denies that this action meets the requirements of a class action.

54. CitiMortgage denies the allegations in paragraph 54, including subsections 54(a), (b), (c) and (d), and specifically denies that this action meets the requirements of a class action.

55. CitiMortgage denies the allegations in paragraph 55, including subsections 55(a), (b) and (c), and specifically denies that this action meets the requirements of a class action.

56. CitiMortgage denies the allegations in paragraph 56 and specifically denies that this action meets the requirements of a class action.

57. CitiMortgage lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57, and on that basis denies them. CitiMortgage specifically denies that this action meets the requirements of a class action.

58. CitiMortgage denies the allegations in paragraph 58 and specifically denies that this action meets the requirements of a class action.

59. CitiMortgage denies the allegations in paragraph 59, including subsections 59(a), (b), (c) and (d), and specifically denies that this action meets the requirements of a class action.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT AND A PERMANENT INJUNCTION
### AGAINST ALL DEFENDANTS

60.　CitiMortgage incorporates by reference its answers to paragraphs 1 through 59.

61.　The allegations in paragraph 61 assert legal conclusions to which no answer is required, and on that basis CitiMortgage denies them. CitiMortgage specifically denies any and all allegations of wrongdoing.

62.　CitiMortgage denies the allegations in paragraph 62 and specifically denies any and all allegations of wrongdoing.

63.　CitiMortgage admits that Plaintiff requests a declaratory judgment. CitiMortgage denies the remaining allegations in paragraph 63 and specifically denies that Plaintiff is entitled to a declaratory judgment.

64.　CitiMortgage admits that Plaintiff requests an injunction. CitiMortgage denies the remaining allegations in paragraph 64 and specifically denies that Plaintiff is entitled to an injunction.

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

65.　CitiMortgage incorporates by reference its answers to paragraphs 1 though 64.

66.　CitiMortgage denies the allegations in paragraph 66 and specifically denies any and all allegations of wrongdoing.

67.　CitiMortgage denies the allegations in paragraph 67 and specifically denies any and all allegations of wrongdoing.

68. CitiMortgage denies the allegations in paragraph 68 and specifically denies any and all allegations of wrongdoing.

69. CitiMortgage admits that Plaintiff purports to seek restitution. CitiMortgage denies the remaining allegations in paragraph 69 and specifically denies any and all allegations of wrongdoing.

## ANSWER TO PRAYER FOR RELIEF

CitiMortgage denies all allegations set forth in Plaintiff's Prayer for Relief. Specifically, CitiMortgage denies that this action meets the requirements of a class action, and that Plaintiff or the putative class is entitled to a declaratory judgment, injunctive or other equitable relief, restitution, disgorgement, damages, attorneys fees, costs, or any other form of relief.

## ADDITIONAL DEFENSES

## SECOND DEFENSE

**(Failure to State a Claim for Relief)**

The complaint does not state a claim for relief by Plaintiff, or any of those on whose behalf Plaintiff purports to act, against CitiMortgage because the allegations in the complaint establish that Plaintiff's claims are unsustainable as a matter of law.

## THIRD DEFENSE

**(Limitations)**

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining all or part of the relief demanded in the complaint by reason of any and all applicable statutes of limitations.

## FOURTH DEFENSE

### (Laches)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the complaint because Plaintiff unreasonably delayed filing this action to the harm and prejudice of CitiMortgage.

## FIFTH DEFENSE

### (Equitable Estoppel)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the complaint based on the doctrine of equitable estoppel, insofar as Plaintiff remained silent despite purportedly knowing of the conduct alleged in the complaint, and CitiMortgage relied on Plaintiff's silence to its detriment.

## SIXTH DEFENSE

### (Lack of Standing)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the complaint because they lack authority or constitutional and prudential standing, under Article III of the United States Constitution, the Ohio Constitution, and Ohio statutes, including Ohio Rev. Code Ann. § 309.12, § 305.14, § 317.32, § 5301.25, and §5301.32, to bring some or all of the claims raised therein. Plaintiff, and all those on whose behalf Plaintiff purports to act, have not suffered a legally cognizable injury that is fairly traceable to CitiMortgage's alleged conduct and that would be redressed by the relief sought herein.

**SEVENTH DEFENSE**

**(No Right of Action)**

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the complaint because they lack a right of action under Ohio law, including under Ohio Rev. Code Ann. § 309.12, § 305.14, § 317.32, § 5301.25, and §5301.32, to bring suit under the circumstances alleged in the complaint.

**EIGHTH DEFENSE**

**(Mootness)**

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the complaint because their claims are moot insofar as they seek to force defendants to record alleged assignments that have already allegedly been consummated.

**NINTH DEFENSE**

**(Waiver)**

The complaint, and each purported claim therein, is barred by the conduct and inactions of Plaintiff, and/or any person it purports to represent, which amount to and constitute a waiver of any right or rights Plaintiff, and/or any person it purports to represent, may or might have in relation to the matters alleged in the complaint. Plaintiff has known of the conduct alleged in the complaint for many years without objecting or bringing suit.

**TENTH DEFENSE**

**(Failure to Mitigate Losses)**

Plaintiff, and all those on whose behalf Plaintiff purports to act, have failed to mitigate their alleged losses, if any, and thus if Plaintiff or any of the putative class members were otherwise entitled to any recovery or other relief in this action, which CitiMortgage denies, any

such recovery or relief by them, or any of them, must be limited or barred to the extent of such failure.

## ELEVENTH DEFENSE

### (Unjust Enrichment)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the complaint because they would be unjustly and inequitably enriched at CitiMortgage's expense if they were permitted to obtain that relief, insofar as they are seeking to recover fees for recording services that they never performed.

## TWELFTH DEFENSE

### (Others Responsible)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the complaint because their supposed losses and damages, if any, were proximately and exclusively caused by their own actions or omissions, or by the actions or omissions of third parties over whom CitiMortgage has no control.

## THIRTEENTH DEFENSE

### (Privity)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the complaint because they lack privity with CitiMortgage.

## FOURTEENTH DEFENSE

### (Real Party in Interest)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the complaint because they are not the real parties in interest, and/or have failed to join one or more necessary parties.

## FIFTEENTH DEFENSE

### (Failure to Plead Fraud With Particularity)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the complaint because they failed to plead alleged fraudulent conduct with the requisite particularity.

## SIXTEENTH DEFENSE

### (Additional Defenses)

The defenses asserted herein are based on CitiMortgage's information and belief. CitiMortgage reserves the right to rely on all defenses lawfully available to it, including, but not limited to, those defenses asserted herein. CitiMortgage also reserves the right to amend, supplement, alter, augment, or change this answer and to rely upon any other additional defenses at law or in equity that may be, or become, available to it if discovery in this case commences and Plaintiff's averments and contentions become clearer. In addition, the claims of absent putative class members are barred by some or all of the defenses asserted below that bar Plaintiff's claims. In the event that any attempt is made to certify a class in this action, CitiMortgage reserves the right to identify and advance any further defenses that may apply to entities other than the named Plaintiff.

WHEREFORE, CitiMortgage prays as follows:

1. That Plaintiff and the putative class take nothing and be awarded no relief whatsoever from CitiMortgage;

2. That judgment be entered in favor of CitiMortgage on all claims;

3. For costs of suit and reasonable attorneys' fees incurred herein; and

4. For such further and additional relief that the Court deems just and appropriate.

Dated: December 12, 2011                      Respectfully submitted,

                                                           CITIMORTGAGE, INC.

                                                           */s/ Amanda Martinsek*
                                                           Amanda Martinsek (0058567)
                                                           Marquettes D. Robinson (0074268)
                                                           THACKER MARTINSEK LPA
                                                           2330 One Cleveland Center
                                                           1375 East 9th Street
                                                           Cleveland, Ohio, 44114
                                                           Telephone: (216) 456-3840
                                                           Fax: (216) 456-3850
                                                           amartinsek@tmlpa.com
                                                           mrobinson@tmlpa.com

                                                           *Attorneys for CitiMortgage, Inc., and*
                                                           *Principal Residential Mortgage, Inc. n/k/a*
                                                           *CitiMortgage, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2011, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

        */s/ Amanda Martinsek*
        *Attorney for CitiMortgage, Inc., and*
        *Principal Residential Mortgage, Inc.*
        *n/k/a CitiMortgage, Inc.*

605450