**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF OHIO, ex rel., | § | Case No. 1:11-cv 02474 |
| DAVID P. JOYCE, | § | |
| PROSECUTING ATTORNEY OF GEAUGA | § | |
| COUNTY, OHIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Hon. James S. Gwin |
| v. | § | |
| | § | |
| MERSCORP, INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## BANK OF AMERICA CORPORATION'S ANSWER TO COMPLAINT

Defendant Bank of America Corporation ("Bank of America" or "Defendant") hereby files this Answer to Plaintiff's "Class Action Complaint, Request for Declaratory Relief, Permanent Injunctive Relief, and Damages" ("Complaint").  Bank of America's responses are made without waiving, and expressly reserving, all rights that Bank of America has to file dispositive motions.  Except as expressly admitted herein, all allegations in the Complaint are denied.

## RESPONSE TO ALLEGATIONS

### "NATURE OF THE ACTION"

1.      The allegations contained in Paragraph 1 are descriptions of Plaintiff's Complaint, as to which no response is required.  To the extent a response is required, Bank of America states that the Complaint speaks for itself, and denies all allegations in Paragraph 1 inconsistent with the Complaint.  Bank of America also denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

2.      The allegations contained in Paragraph 2 constitute conclusions of law, as to which no response is required.  To the extent a response is required, Bank of America states that Ohio law speaks for itself, and denies all allegations inconsistent with Ohio law.

3.      The allegations contained in Paragraph 3 constitute conclusions of law, as to which no response is required.  To the extent that a response is required, Bank of America denies the allegations in Paragraph 3.

4.      To the extent that the allegations in Paragraph 4 purport to describe the conduct of entities other than Bank of America, Bank of America lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 4(a)-(b) and therefore denies them.  To the extent the allegations in Paragraph 4 purport to apply to Bank of America, Bank of America denies them.

5.      To the extent that the allegations in Paragraph 5 purport to describe the conduct of entities other than Bank of America, Bank of America lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 5 and therefore denies them.  To the extent the allegations in Paragraph 5 purport to apply to Bank of America, Bank of

America denies them.  Bank of America also specifically denies that it has "circumvented" any legal "requirements," or otherwise acted unlawfully.

6.      The allegations contained in Paragraph 6 constitute conclusions of law, as to which no response is required.   To the extent a response is required, Bank of America denies the allegations in Paragraph 6.

7.      The allegations contained in Paragraph 7 constitute conclusions of law, as to which no response is required.   To the extent a response is required, Bank of America denies the allegations in Paragraph 7.  Bank of America specifically denies the allegations in Paragraph 7 that it recorded "patently false and/or misleading" documents, and that its conduct has "systematically broke[n] chains of land title" and "eviscerate[] the accuracy" of public land records.

8.      Bank of America denies each and every allegation in Paragraph 8.  Bank of America specifically denies that it has engaged in any "purposeful[]" conduct that has caused any "damage to public records," much less "devastating consequences for Ohio counties and their public land records."

## "JURISDICTION AND VENUE"

9.      The allegations contained in Paragraph 9 of the Complaint constitute conclusions of law, as to which no response is required.  To the extent a response is required, Bank of America denies the allegations because the lawsuit is no longer pending in the Court of Common Pleas of Geauga County, Ohio.

10.     The allegations contained in Paragraph 10 of the Complaint constitute conclusions of law, as to which no response is required.  To the extent a response is required, Bank of

America denies the allegations because the lawsuit is no longer pending in the Court of Common Pleas of Geauga County, Ohio.

## "PARTIES"

11.     Bank of America admits the allegations contained in the first sentence of Paragraph 11.  The allegations contained in the second sentence of Paragraph 11 constitute conclusions of law, as to which no response is required.  To the extent that a response is required, Bank of America denies the allegations contained in the second sentence of Paragraph 11.  Bank of America specifically denies that Plaintiff, Geauga County, by and through David P. Joyce, may properly sue "in the name of the State" or "on behalf of  . . . all other Ohio counties."

12.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 12, and so denies them.

13.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 13, and so denies them.

14.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 14, and so denies them.

15.     Bank of America admits that it is a Delaware corporation, that it has its principal office in North Carolina, and that it maintains an agent for service of process in Ohio, and denies the remaining allegations in Paragraph 15.

16.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 16, and so denies them.

17.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 17, and so denies them.

18.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 18, and so denies them.

19.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 19, and so denies them.

20.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 20, and so denies them.

21.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 21, and so denies them.

22.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 22, and so denies them.

23.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 23, and so denies them.

24.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 24, and so denies them.

25.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 25, and so denies them.

26.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 26, and so denies them.

27.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 27, and so denies them.

28.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 28, and so denies them.

29.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 29, and so denies them.

30.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 30, and so denies them.

31.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 31, and so denies them.

32.     Bank of America lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 32, and so denies them.

**"FACTUAL STATEMENT"**

33.     Bank of America denies the allegations contained in Paragraph 33.

34.     The allegations contained in Paragraph 34 constitute conclusions of law, as to which no response is required.  To the extent a response is required, Bank of America denies the allegations contained in Paragraph 34.

35.     The allegations contained in Paragraph 35 constitute conclusions of law, as to which no response is required.  To the extent a response is required, Bank of America denies each and every allegation contained in Paragraph 35.

36.     Bank of America denies the allegations in Paragraph 36.

37.     On information and belief, Bank of America admits the allegations in Paragraph 37 that MERS members include banking and mortgage entities, and that members of MERS pay membership fees.  Bank of America lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 37, and so denies them.

38.     Bank of America denies the allegation in Paragraph 38 that "MERS does not itself . . . assign . . . mortgages."   Bank of America lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 38, and so denies them.

39.     Bank of America denies the allegations contained in Paragraph 39.

40.     Bank of America denies the allegations contained in Paragraph 40.

41.     To the extent that the allegations in Paragraph 41 purport to describe the conduct of entities other than Bank of America, Bank of America lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 41 and therefore denies them.  To the extent that the allegations in Paragraph 41 purport to concern Bank of America, Bank of America denies the allegations contained in Paragraph 41.

42.     Bank of America denies the allegations contained in Paragraph 42.

43.     Bank of America denies the allegations contained in Paragraph 43.

44.     Bank of America denies the allegations contained in Paragraph 44.

45.     Bank of America denies the allegations contained in Paragraph 45.

46.     Bank of America denies the allegations contained in Paragraph 46.

47.     Bank of America denies the allegations contained in Paragraph 47.

48.     Bank of America denies the allegations contained in Paragraph 48.  Bank of America specifically denies that there exists a "legal requirement to record each assignment of a mortgage."

49.     To the extent that the allegations in Paragraph 49 purport to describe the conduct of entities other than Bank of America, Bank of America lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 49 and therefore denies

them.  To the extent the allegations in paragraph 49 purport to concern Bank of America, Bank of America denies the allegations in Paragraph 49.

50.     To the extent that the allegations in Paragraph 50 purport to describe the conduct of entities other than Bank of America, Bank of America lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 50 and therefore denies them.  To the extent the allegations contained in Paragraph 50 purport to concern Bank of America, Bank of America denies them.

51.     The allegations contained in Paragraph 51 constitute conclusions of law and thus require no answer.  To the extent that a response is required, Bank of America denies the allegations in Paragraph 51.

## "CLASS ALLEGATIONS"

52.     The allegations contained in Paragraph 52 are descriptions of Plaintiff's Complaint, as to which no response is required.  To the extent a response is required, Bank of America states that the Complaint speaks for itself, and denies all allegations in Paragraph 52 inconsistent with the Complaint.  Bank of America further denies that the lawsuit meets the requirements for certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

53.     Bank of America denies the allegations contained in Paragraph 52.  Bank of America further denies that the lawsuit meets the requirements for certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

54.     Bank of America denies the allegations contained in Paragraph 53.  Bank of America further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

55.     Bank of America denies the allegations contained in paragraph 54.  Bank of America further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

56.     Bank of America denies the allegations contained in Paragraph 56.  Bank of America further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

57.     Bank of America lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and therefore denies those allegations.  Bank of America further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

58.     Bank of America denies the allegations contained in Paragraph 58.  Bank of America further denies that putative class members meet the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

59.     Bank of America denies the allegations contained in Paragraph 59.  Bank of America further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

## "FIRST CAUSE OF ACTION"

60.     In response to Paragraph 60, Bank of America repeats and realleges its answers to each and every allegation contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

61.     Bank of America denies each and every allegation in Paragraph 61.

62.     Bank of America denies each and every allegation in Paragraph 62.

63.     Bank of America denies each and every allegation in Paragraph 63.

64.     Bank of America denies that Plaintiff is entitled to any of the relief Plaintiff seeks in Paragraph 64, and otherwise denies all allegations in Paragraph 64.

## "SECOND CAUSE OF ACTION"

65.     In response to Paragraph 65, Bank of America repeats and realleges its answers to each and every allegation contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

66.     Bank of America denies each and every allegation in Paragraph 66.

67.     Bank of America denies each and every allegation in Paragraph 67.

68.     Bank of America denies each and every allegation in Paragraph 68.

69.     Bank of America denies that Plaintiff is entitled to any of the relief Plaintiff seeks in Paragraph 69, and otherwise denies all allegations in Paragraph 69.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim on which relief may be granted.

2.     The statutes on which Plaintiff relies do not create a private right of action.

3.     The statutes on which Plaintiff relies do not permit recovery for the types of alleged injuries which Plaintiff asserts in the Complaint.

4.     Plaintiff's damage claims are barred Plaintiff is not permitted to recover money damages for services which it never rendered.

5.     Plaintiff Geauga County lacks standing to sue on behalf of the State of Ohio or other Ohio Counties.

6.     Plaintiff's claims are barred or limited, in whole or in part, by estoppel, waiver, unclean hands, governing standards of equity and good conscience, and because the requested relief would result in unjust enrichment, as well as other equitable doctrines.

602838.1

7.      Plaintiff's claims are barred or limited, in whole or in part, by applicable statutes of limitations and other applicable periods of repose.

8.      Plaintiff's claims are barred, in whole or in part, because neither Plaintiff nor any member of the putative class has suffered any harm, damages, or prejudice as a result of the actions described in the Complaint.

9.      Plaintiff's claims are barred or limited, in whole or in part, to the extent Bank of America was privileged or licensed to act in the manner it did, including by permission granted by state law, license, federal charter, or regulatory approval or assent.

10.     Plaintiff's claims are barred, in whole or in part, because granting the relief sought by Plaintiff would be unconscionable.

11.     Plaintiff's claims are barred or limited, in whole or in part, because Plaintiff has ratified, approved, adopted and consented to the actions described in the Complaint.

12.     Plaintiff's are barred or limited, in whole or in part, to the extent they overlap with other actions commenced on their behalf or in which they are or might be members of a class.

13.     Plaintiff's First Cause of Action fails to state a claim because a declaratory judgment and an injunctions are remedies, not causes of action.

14.     Plaintiff's claims for injunctive relief are barred because Plaintiff unduly delayed in challenging the conduct described in the Complaint.

15.     Plaintiff's claims for injunctive relief are barred because such relief would not be in the public interest.

16.     Plaintiff's claims for injunctive relief are barred because Plaintiff has an adequate remedy at law and will not face irreparable harm in the absence of an injunction.

602838.1

11

17.     Plaintiff's unjust enrichment claim is barred because Plaintiff conferred no benefits on Bank of America.

18.     Plaintiff's unjust enrichment claim fails because Bank of America did not act unjustly or improperly under Ohio law.

19.     The actions by Bank of America were consistent with, permitted by, dictated by, and in certain respects required by, applicable federal and/or state law, and to that extent cannot be the subject of recovery in this action.

20.     Plaintiff's request for attorney's fees and costs are barred because no statute or contract authorizes recovery of those items from Bank of America.

21.     Class treatment under Fed. R. Civ. P. 23 is not appropriate in this action because, among other reasons, the putative class is not so numerous that joinder of all purported members is impracticable, common questions of law and fact do not predominate over individualized issues, Plaintiff's claims are not typical of the claims or defenses of the class, Plaintiff will not fairly and adequately protect the interests of the putative class, class treatment is not superior to other available methods of determining the controversy, and a class action would be unmanageable.

22.     Bank of America reserves the right to assert any additional or different defenses and affirmative defenses in response to the Petition based on information or knowledge obtained during future discovery or investigation and/or based on the particular circumstances of the class members in the event the class is certified.

WHEREFORE, defendant Bank of America Corporation denies that any relief should be awarded in this action; demands that judgment be entered in its favor and against the Plaintiff

and the putative class; prays that it be awarded its attorney's fees and costs; and prays for such

other and further relief as the Court may deem necessary and proper.

Respectfully submitted,


*/s/ Barbara Friedman Yaksic*
Barbara Friedman Yaksic (0014338)
James S. Wertheim (0029464)
McGlinchey Stafford PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone:  (216) 378-9905
Facsimile:  (216) 378-9910
byaksic@mcglinchey.com
jwertheim@mcglinchey.com


*Attorneys for Defendant*
*Bank of America Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Answer of Defendant Bank of America Corporation to Plaintiff's Complaint* was filed electronically on December 12, 2011.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*/s/James S. Wertheim*
James S. Wertheim

602838.1