**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| STATE OF OHIO, ex rel., )<br>DAVID P. JOYCE, )<br>PROSECUTING ATTORNEY OF GEAUGA )<br>COUNTY, OHIO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MERSCORP, INC. *et al.*, )<br>)<br>Defendants. ) | Case No. 1:11-CV-02474<br><br><br><br><br><br>Hon. James S. Gwin |

**ANSWER OF CCO MORTGAGE CORPORATION TO COMPLAINT**

Defendant CCO Mortgage Corporation ("CCO") hereby files this Answer to Plaintiff's "Class Action Complaint, Request for Declaratory Relief, Permanent Injunctive Relief, and Damages" ("Complaint"). CCO's responses are made without waiving, and expressly reserving, all rights that CCO has to file dispositive motions. Except as expressly admitted herein, all allegations in the Complaint are denied.

**RESPONSE TO ALLEGATIONS**

**"Nature of Action"**

1. To the extent that the allegations in Paragraph 1 describe the Complaint, no response is required because the Complaint speaks for itself. CCO denies all allegations in Paragraph 1 that are inconsistent with the Complaint. CCO also denies that the lawsuit meets the

602840.1

requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

2. In response to Paragraph 2, CCO states that the allegations therein constitute conclusions of law and as such require no answer. To the extent a response is required, CCO states that Ohio law speaks for itself, and denies all allegations inconsistent with Ohio law.

3. In response to Paragraph 3, CCO states that the allegations therein constitute conclusions of law and as such require no answer. To the extent that a response is required, CCO denies the allegations in Paragraph 3.

4. CCO denies the allegations in Paragraph 4 that purport to apply to CCO. To the extent that the allegations in Paragraph 4 purport to describe the conduct of entities other than CCO, CCO lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 4(a)-(b) and therefore denies them.

5. CCO denies the allegations in Paragraph 5 that purport to apply to CCO. CCO also specifically denies that it has "circumvented" any legal "requirements," or otherwise acted unlawfully. To the extent that the allegations in Paragraph 5 purport to describe the conduct of entities other than CCO, CCO lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 5 and therefore denies them.

6. In response to Paragraph 6, CCO states that the allegations therein constitute conclusions of law and as such require no answer. To the extent a response is required, CCO denies the allegations in Paragraph 6.

7. In response to Paragraph 7, CCO states that the allegations therein constitute conclusions of law and as such require no answer. To the extent a response is required, CCO denies the allegations in Paragraph 7. CCO specifically denies the allegations in Paragraph 7 that it recorded "patently false and/or misleading" documents, and that its conduct has

"systematically broke[n] chains of land title" and "eviscerate[] the accuracy" of public land records.

8. CCO denies each and every allegation in Paragraph 8. CCO specifically denies that it has engaged in any "purposeful[]" conduct that has caused any "damage to public records," much less "devastating consequences for Ohio counties and their public land records."

### "Jurisdiction and Venue"

9. In response to Paragraph 9, CCO states that the allegations therein constitute conclusions of law and as such require no answer. To the extent a response is required, CCO denies the allegations because the lawsuit is no longer pending in the Court of Common Pleas of Geauga County, Ohio.

10. In response to Paragraph 10, CCO states that the allegations therein constitute conclusions of law and as such require no answer. To the extent a response is required, CCO denies the allegations because the lawsuit is no longer pending in the Court of Common Pleas of Geauga County, Ohio.

### "Parties"

11. CCO admits the allegations contained in the first sentence of Paragraph 11. In response to Paragraph 11, CCO states that the allegations therein constitute conclusions of law and as such require no answer. To the extent that a response is required, CCO denies the allegations contained in the second sentence of Paragraph 11. CCO specifically denies that Plaintiff, Geauga County, by and through David P. Joyce, may properly sue "in the name of the State" or "on behalf of . . . all other Ohio counties."

12. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 12, and so denies them.

13. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 13, and so denies them.

14. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 14, and so denies them.

15. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 15, and so denies them.

16. CCO admits that it is division of RBS Citizens, N.A., and that it has a registered agent in Ohio. CCO denies all other allegations contained in Paragraph 16.

17. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 17, and so denies them.

18. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 18, and so denies them.

19. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 19, and so denies them.

20. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 20, and so denies them.

21. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 21, and so denies them.

22. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 22, and so denies them.

23. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 23, and so denies them.

24. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 24, and so denies them.

25. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 25, and so denies them.

26. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 26, and so denies them.

27. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 27, and so denies them.

28. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 28, and so denies them.

29. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 29, and so denies them.

30. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 30, and so denies them.

31. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 31, and so denies them.

32. CCO lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 32, and so denies them.

**"Factual Statement"**

33. CCO denies the allegations contained in Paragraph 33.

34. In response to Paragraph 34, CCO states that the allegations therein constitute conclusions of law and as such require no answer. To the extent a response is required, CCO denies the allegations contained in Paragraph 34.

35. In response to Paragraph 35, CCO states that the allegations therein constitute conclusions of law and as such require no answer. To the extent a response is required, CCO denies each and every allegation contained in Paragraph 35.

602840.1

36. CCO denies the allegations in Paragraph 36.

37. On information and belief, CCO admits the allegations in Paragraph 37 that MERS members include banking and mortgage entities, and that members of MERS pay membership fees. CCO lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 37, and so denies them.

38. CCO denies the allegation in Paragraph 38 that "MERS does not itself . . . assign . . . mortgages." CCO lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 38, and so denies them.

39. CCO denies the allegations contained in Paragraph 39.

40. CCO denies the allegations contained in Paragraph 40.

41. CCO denies the allegations contained in Paragraph 41 that purport to apply to CCO. To the extent that the allegations in Paragraph 41 purport to describe the conduct of entities other than CCO, CCO lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 41 and therefore denies them.

42. CCO denies the allegations contained in Paragraph 42.

43. CCO denies the allegations contained in Paragraph 43.

44. CCO denies the allegations contained in Paragraph 44.

45. CCO denies the allegations contained in Paragraph 45.

46. CCO denies the allegations contained in Paragraph 46.

47. CCO denies the allegations contained in Paragraph 47.

48. CCO denies the allegations contained in Paragraph 48. CCO specifically denies that there exists a "legal requirement to record each assignment of a mortgage."

49. CCO denies the allegations in Paragraph 49 that purport to apply to CCO. To the extent that the allegations in Paragraph 49 purport to describe the conduct of entities other than

CCO, CCO lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 49 and therefore denies them.

50. CCO denies the allegations in Paragraph 50 that purport to apply to CCO. To the extent that the allegations in Paragraph 50 purport to describe the conduct of entities other than CCO, CCO lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 50 and therefore denies them.

51. In response to Paragraph 51, CCO states that the allegations therein constitute conclusions of law and as such require no answer. To the extent that a response is required, CCO denies the allegations in Paragraph 51.

### "Class Allegations"

52. The allegations contained in Paragraph 52 are descriptions of Plaintiff's Complaint, as to which no response is required. To the extent a response is required, CCO states that the Complaint speaks for itself, and denies all allegations in Paragraph 52 inconsistent with the Complaint. CCO further denies that the lawsuit meets the requirements for certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

53. CCO denies the allegations contained in Paragraph 52. CCO further denies that the lawsuit meets the requirements for certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

54. CCO denies the allegations contained in Paragraph 53. CCO further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

55. CCO denies the allegations contained in paragraph 54. CCO further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

56. CCO denies the allegations contained in Paragraph 56. CCO further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

57. CCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and therefore denies those allegations. CCO further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

58. CCO denies the allegations contained in Paragraph 58. CCO further denies that putative class members meet the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

59. CCO denies the allegations contained in Paragraph 59. CCO further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

**"Claims for Relief"**

**"First Cause of Action"**

60. In response to Paragraph 60, CCO repeats and realleges its answers to each and every allegation contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

61. CCO denies each and every allegation in Paragraph 61.

62. CCO denies each and every allegation in Paragraph 62.

63. CCO denies each and every allegation in Paragraph 63.

64. CCO denies that Plaintiff is entitled to any of the relief Plaintiff seeks in Paragraph 64, and otherwise denies all allegations in Paragraph 64.

### "Second Cause of Action"

65. In response to Paragraph 65, CCO repeats and realleges its answers to each and every allegation contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

66. CCO denies each and every allegation in Paragraph 66.

67. CCO denies each and every allegation in Paragraph 67.

68. CCO denies each and every allegation in Paragraph 68.

69. CCO denies that Plaintiff is entitled to any of the relief Plaintiff seeks in Paragraph 69, and otherwise denies all allegations in Paragraph 69.

### **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim on which relief may be granted.

2. Plaintiff Geauga County lacks standing to sue on behalf of the State of Ohio or other Ohio Counties.

3. Class treatment under Fed. R. Civ. P. 23 is not appropriate in this action because, among other reasons, the putative class is not so numerous that joinder of all purported members is impracticable, common questions of law and fact do not predominate over individualized issues, Plaintiff's claims are not typical of the claims or defenses of the class, Plaintiff will not fairly and adequately protect the interests of the putative class, class treatment is not superior to other available methods of determining the controversy, and a class action would be unmanageable.

4. The statutes on which Plaintiff relies do not create a private right of action.

5. The statutes on which Plaintiff relies do not permit recovery for the types of alleged injuries which Plaintiff asserts in the Complaint.

6. Plaintiff's damage claims are barred Plaintiff is not permitted to recover money damages for services which it never rendered.

7. Plaintiff's claims are barred or limited, in whole or in part, by estoppel, waiver, unclean hands, governing standards of equity and good conscience, and because the requested relief would result in unjust enrichment, as well as other equitable doctrines.

8. Plaintiff's claims are barred or limited, in whole or in part, by applicable statutes of limitations and other applicable periods of repose.

9. Plaintiff's claims are barred, in whole or in part, because neither Plaintiff nor any member of the putative class has suffered any harm, damages, or prejudice as a result of the actions described in the Complaint.

10. Plaintiff's claims are barred or limited, in whole or in part, to the extent CCO was privileged or licensed to act in the manner it did, including by permission granted by state law, license, federal charter, or regulatory approval or assent.

11. Plaintiff's claims are barred, in whole or in part, because granting the relief sought by Plaintiff would be unconscionable.

12. Plaintiff's claims are barred or limited, in whole or in part, because Plaintiff has ratified, approved, adopted and consented to the actions described in the Complaint.

13. Plaintiff's are barred or limited, in whole or in part, to the extent they overlap with other actions commenced on their behalf or in which they are or might be members of a class.

14. Plaintiff's First Cause of Action fails to state a claim because a declaratory judgment and an injunctions are remedies, not causes of action.

15. Plaintiff's claims for injunctive relief are barred because Plaintiff unduly delayed in challenging the conduct described in the Complaint.

16. Plaintiff's claims for injunctive relief are barred because such relief would not be in the public interest, because Plaintiff has an adequate remedy at law, because Plaintiff will not face irreparable harm in the absence of an injunction, and because Plaintiff unduly delayed in challenging the conduct described in the Complaint.

17. Plaintiff's unjust enrichment claim is barred because Plaintiff conferred no benefits on CCO, and because CCO did not act unjustly or improperly under Ohio law.

18. The actions by CCO were consistent with, permitted by, dictated by, and in certain respects required by, applicable federal and/or state law, and to that extent cannot be the subject of recovery in this action.

19. Plaintiff's request for attorney's fees and costs are barred because no statute or contract authorizes recovery of those items from CCO.

20. CCO reserves the right to assert any additional or different defenses and affirmative defenses in response to the Petition based on information or knowledge obtained during future discovery or investigation and/or based on the particular circumstances of the class members in the event the class is certified.

WHEREFORE, Defendant CCO denies that any relief should be awarded in this action; demands that judgment be entered in its favor and against the Plaintiff and the putative class; prays that it be awarded its attorney's fees and costs; and prays for such other and further relief as the Court may deem necessary and proper.

Respectfully submitted,

*/s/ James S. Wertheim*
Barbara Friedman Yaksic (0014338)
James S. Wertheim (0029464)
McGlinchey Stafford PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone:  (216) 378-9905
Facsimile:   (216) 378-9910
byaksic@mcglinchey.com
jwertheim@mcglinchey.com

*Attorneys for Defendant CCO*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Answer of Defendant CCO to Plaintiff's Complaint* was filed electronically on December 12, 2011. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

> */s/James S. Wertheim*
> James S. Wertheim