**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| STATE OF OHIO, ex rel., ) | |
| DAVID P. JOYCE, ) | |
| PROSECUTING ATTORNEY OF ) | |
| GEAUGA COUNTY, OHIO, ) | Case No. 1:11-cv-02474 |
| ) | |
|            Plaintiff, ) | |
| ) | |
|     v. ) | |
| ) | |
| MERSCORP, INC. *et al.*, ) | Hon. James S. Gwin |
| ) | |
|          Defendants. ) | |

---

## EVERHOME MORTGAGE COMPANY'S ANSWER
## TO PLAINTIFF'S COMPLAINT

    Defendant EverHome Mortgage Company ("EverHome"), by and through undersigned counsel, hereby files this Answer to Plaintiff's "Class Action Complaint, Request for Declaratory Relief, Permanent Injunctive Relief, and Damages" ("Complaint").  EverHome files this Answer without waiving, and expressly reserving, all rights that EverHome has to file dispositive motions.  EverHome denies all allegations in the Complaint except as expressly admitted herein.

602841.1

## RESPONSE TO ALLEGATIONS IN THE COMPLAINT

1.      Paragraph 1 contains descriptions of Plaintiff's Complaint to which no response is required.  To the extent a response is required, EverHome states that the Complaint speaks for itself, and denies all allegations in Paragraph 1 inconsistent with the Complaint.  EverHome also denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

2.      Paragraph 2 contains allegations that constitute conclusions of law, and to these no response is required.  EverHome denies any and all allegations inconsistent with Ohio law.

3.      Paragraph 3 contains allegations that constitute conclusions of law, and to these no response is required.  To the extent that a response is required, EverHome denies the allegations in Paragraph 3.

4.      To the extent that the allegations in Paragraph 4 and subparagraphs refer to the alleged conduct of entities other than EverHome, EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 4 and subparagraphs and so denies them.  To the extent the allegations in Paragraph 4 and subparagraphs purport to apply to EverHome, EverHome denies them.

5.      To the extent that the allegations in Paragraph 5 refer to the alleged conduct of entities other than EverHome, EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 5 and so

602841.1

denies them.  To the extent the allegations in Paragraph 5 purport to apply to EverHome, EverHome denies them.  EverHome also specifically denies allegations in Paragraph 5 that it has "circumvented" any legal "requirements," or otherwise acted unlawfully.

6.      Paragraph 6 contains allegations that constitute conclusions of law, and to these no response is required.   To the extent a response is required, EverHome denies the allegations in Paragraph 6.

7.      Paragraph 7 contains allegations that constitute conclusions of law, and to these no response is required.  To the extent a response is required, EverHome denies the allegations in Paragraph 7.  EverHome specifically denies the allegations in Paragraph 7 that it recorded "patently false and/or misleading" documents, and that its conduct has "systematically broke[n] chains of land title" and "eviscerate[] the accuracy" of public land records.

8.      EverHome denies each and every allegation in Paragraph 8.  EverHome specifically denies that it has engaged in any "purposeful[]" conduct that has caused any "damage to public records," much less "devastating consequences for Ohio counties and their public land records."

9.      Paragraph 9 contains allegations that constitute conclusions of law, and to these no response is required.  To the extent a response is required, EverHome denies the allegations because the lawsuit is no longer pending in the Court of Common Pleas of Geauga County, Ohio.

10.     Paragraph 10 contains allegations that constitute conclusions of law, and to these no response is required.  To the extent a response is required, EverHome denies the allegations because the lawsuit is no longer pending in the Court of Common Pleas of Geauga County, Ohio.

11.     EverHome admits the allegation in the first sentence of Paragraph 11 that "Geauga County . . . is located in the State of Ohio."  The second sentence of Paragraph 11 contains allegations that constitute conclusions of law, and to these no response is required.  To the extent that a response is required, EverHome denies the allegations contained therein.  EverHome specifically denies that Plaintiff, Geauga County, by and through David P. Joyce, may properly sue "in the name of the State" or "on behalf of  . . . all other Ohio counties."

12.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 12, and so denies them.

13.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 13, and so denies them.

14.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 14, and so denies them.

15.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 15, and so denies them.

16.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 16, and so denies them.

17.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 17, and so denies them.

18.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 18, and so denies them.

19.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 19, and so denies them.

20.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 20, and so denies them.

21.     EverHome admits that EverHome Mortgage Company was formerly a Florida corporation, but states in response to the allegations in Paragraph 21 that EverHome merged into EverBank on July 1, 2011, and is now known as Everhome Mortgage, an unincorporated division of EverBank, a federal savings association. EverHome denies all other allegations contained in Paragraph 21.

22.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 22, and so denies them.

23.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 23, and so denies them.

24.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 24, and so denies them.

25.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 25, and so denies them.

26.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 26, and so denies them.

27.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 27, and so denies them.

28.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 28, and so denies them.

29.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 29, and so denies them.

30.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 30, and so denies them.

31.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 31, and so denies them.

32.     EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 32, and so denies them.

33.     EverHome denies the allegations contained in Paragraph 33.

34.     Paragraph 34 contains allegations that constitute conclusions of law, and to these no response is required.  To the extent a response is required, EverHome denies the allegations contained in Paragraph 34.

35.     Paragraph 35 contains allegations that constitute conclusions of law, and to these no response is required.  To the extent a response is required, EverHome denies each and every allegation contained in Paragraph 35.

36.     EverHome denies the allegations in Paragraph 36.

602841.1

6

37.     On information and belief, EverHome admits the allegations in Paragraph 37 that MERS members include banking and mortgage entities, and that members of MERS pay membership fees.  EverHome lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 37, and so denies them.

38.     EverHome denies the allegation in Paragraph 38 that "MERS does not itself . . . assign . . . mortgages."   EverHome lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 38, and so denies them.

39.     EverHome denies the allegations contained in Paragraph 39.

40.     EverHome denies the allegations contained in Paragraph 40.

41.     To the extent that the allegations in Paragraph 41 refer to alleged conduct by entities other than EverHome, EverHome lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 41 and so denies them.  To the extent that the allegations in Paragraph 41 purport to concern EverHome, EverHome denies the allegations contained in Paragraph 41.

42.     EverHome denies the allegations contained in Paragraph 42.

43.     EverHome denies the allegations contained in Paragraph 43.

44.     EverHome denies the allegations contained in Paragraph 44.

45.     EverHome denies the allegations contained in Paragraph 45.

46.     EverHome denies the allegations contained in Paragraph 46.

47.     EverHome denies the allegations contained in Paragraph 47.

602841.1

48.     EverHome denies the allegations contained in Paragraph 48.  EverHome specifically denies that there exists a "legal requirement to record each assignment of a mortgage."

49.     To the extent that the allegations in Paragraph 49 refer to alleged conduct by entities other than EverHome, EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 49 and so denies them.  To the extent the allegations in paragraph 49 purport to concern EverHome, EverHome denies the allegations in Paragraph 49.

50.     To the extent that the allegations in Paragraph 50 refer to alleged conduct by entities other than EverHome, EverHome lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 50 and so denies them.  To the extent the allegations contained in Paragraph 50 purport to concern EverHome, EverHome denies them.

51.     Paragraph 51 contains allegations that constitute conclusions of law, and to these no response is required.  To the extent that a response is required, EverHome denies the allegations in Paragraph 51.

52.     Paragraph 52 contains allegations that constitute conclusions of law, and to these no response is required.  To the extent a response is required, EverHome states that the Complaint speaks for itself, and denies all allegations in Paragraph 52 inconsistent with the Complaint.  EverHome further denies that the lawsuit meets the requirements for certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

602841.1

53.     EverHome denies the allegations contained in Paragraph 53.  EverHome further denies that the lawsuit meets the requirements for certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

54.     EverHome denies the allegations contained in Paragraph 54.  EverHome further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

55.     EverHome denies the allegations contained in paragraph 55.  EverHome further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

56.     EverHome denies the allegations contained in Paragraph 56.  EverHome further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

57.     EverHome lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and so denies those allegations. EverHome further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

58.     EverHome denies the allegations contained in Paragraph 58.  EverHome further denies that putative class members meet the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

602841.1

59.     EverHome denies the allegations contained in Paragraph 59.  EverHome further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

60.     In response to Paragraph 60, EverHome repeats and realleges its answers to each and every allegation contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

61.     EverHome denies each and every allegation in Paragraph 61.

62.     EverHome denies each and every allegation in Paragraph 62.

63.     EverHome denies each and every allegation in Paragraph 63.

64.     EverHome denies that Plaintiff is entitled to any of the relief Plaintiff seeks in Paragraph 64, and otherwise denies all allegations in Paragraph 64.

65.     In response to Paragraph 65, EverHome repeats and realleges its answers to each and every allegation contained in the preceding paragraphs and incorporate the same by reference as though fully set forth herein.

66.     EverHome denies each and every allegation in Paragraph 66.

67.     EverHome denies each and every allegation in Paragraph 67.

68.     EverHome denies each and every allegation in Paragraph 68.

69.     EverHome denies that Plaintiff is entitled to any of the relief Plaintiff seeks in Paragraph 69, and otherwise denies all allegations in Paragraph 69.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim on which relief may be granted.

2.      The statutes on which Plaintiff relies do not create a private right of action.

3.      The statutes on which Plaintiff relies do not permit recovery for the types of alleged injuries which Plaintiff asserts in the Complaint.

4.      Plaintiff's damage claims are barred. Plaintiff is not permitted to recover money damages for services which it never rendered.

5.      Plaintiff's claims are barred or limited, in whole or in part, by estoppel, waiver, unclean hands, governing standards of equity and good conscience, and because the requested relief would result in unjust enrichment, as well as other equitable doctrines.

6.      Plaintiff's claims are barred or limited, in whole or in part, by applicable statutes of limitations and other applicable periods of repose.

7.      Plaintiff's claims are barred, in whole or in part, because neither Plaintiff nor any member of the putative class has suffered any harm, damages, or prejudice as a result of the actions described in the Complaint.

8.      Plaintiff's claims are barred or limited, in whole or in part, to the extent EverHome was privileged or licensed to act in the manner it did, including by permission granted by state law, license, federal charter, or regulatory approval or assent.

9.      Plaintiff's claims are barred, in whole or in part, because granting the relief sought by Plaintiff would be unconscionable.

602841.1

10.    Plaintiff's claims are barred or limited, in whole or in part, because Plaintiff has ratified, approved, adopted and consented to the actions described in the Complaint.

11.    Plaintiff's First Cause of Action fails to state a claim because a declaratory judgment and an injunction are remedies, not causes of action.

12.    Plaintiff's claims for injunctive relief are barred because Plaintiff unduly delayed in challenging the conduct described in the Complaint.

13.    Plaintiff's claims for injunctive relief are barred because Plaintiff has an adequate remedy at law and will not face irreparable harm in the absence of an injunction.

14.    Plaintiff's claims for injunctive relief are barred because an injunction would not be in the public interest.

15.    Plaintiff's unjust enrichment claim is barred because Plaintiff conferred no benefits on EverHome, and because EverHome did not act unjustly or improperly under Ohio law.

16.    The actions by EverHome were consistent with, permitted by, dictated by, and in certain respects required by, applicable federal and/or state law, and to that extent cannot be the subject of recovery in this action.

17.    Plaintiff's request for attorney's fees and costs are barred because no statute or contract authorizes recovery of those items from EverHome.

18.    Plaintiff Geauga County lacks standing to sue on behalf of the State of Ohio or other Ohio Counties.

602841.1

19.    Class treatment under Fed. R. Civ. P. 23 is not appropriate in this action because, among other reasons, the putative class is not so numerous that joinder of all purported members is impracticable, common questions of law and fact do not predominate over individualized issues, Plaintiff's claims are not typical of the claims or defenses of the class, Plaintiff will not fairly and adequately protect the interests of the putative class, class treatment is not superior to other available methods of determining the controversy, and a class action would be unmanageable.

20.    Plaintiff's claims are barred or limited, in whole or in part, to the extent they overlap with other actions commenced on their behalf or in which they are or might be members of a class.

21.    EverHome reserves the right to assert any additional or different defenses and affirmative defenses in response to the Petition based on information or knowledge obtained during future discovery or investigation and/or based on the particular circumstances of the class members in the event the class is certified.

WHEREFORE, Defendant EverHome Mortgage Company denies that any relief should be awarded in this action; demands that judgment be entered in its favor and against the Plaintiff and the putative class; prays that it be awarded its attorney's fees and costs; and prays for such other and further relief as the Court may deem necessary and proper.

602841.1

Respectfully submitted,


/s/ James S. Wertheim
Barbara Friedman Yaksic (0014338)
James S. Wertheim (0029464)
McGlinchey Stafford PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone:  (216) 378-9905
Facsimile:   (216) 378-9910
byaksic@mcglinchey.com
jwertheim@mcglinchey.com


*Attorneys for Defendant*
*EverHome Mortgage Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Answer of Defendant EverHome. to Plaintiff's Complaint* was filed electronically on December 12, 2011. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*/s/James S. Wertheim*
James S. Wertheim