**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| STATE OF OHIO, *ex rel*. DAVID P. JOYCE PROSECUTING ATTORNEY OF GEAUGA COUNTY, OHIO, on behalf of Geauga County and all others similar situated, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MERSCORP, INC., | ) ) |
| and | ) ) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., | ) ) ) ) |
| and | ) ) |
| HOME SAVINGS & LOAN COMPANY OF YOUNGSTOWN | ) ) ) |
| and | ) ) |
| BANK OF AMERICA CORPORATION | ) ) |
| and | ) ) |
| CCO MORTGAGE CORPORATION | ) ) |
| and | ) ) |
| CHASE HOME MORTGAGE CORPORATION | ) ) ) |
| and | ) ) |
| CITIMORTGAGE, INC. | ) ) ) ) |

Case No. 1:11-cv-02474

| | |
|---|---|
| and | ) |
| | ) |
| CORELOGIC REAL ESTATE SOLUTIONS, LLC | ) ) |
| | ) |
| and | ) |
| | ) |
| CORINTHIAN MORTGAGE CORPORATION | ) ) |
| | ) |
| and | ) |
| | ) |
| EVERHOME MORTGAGE COMPANY | ) |
| | ) |
| and | ) |
| | ) |
| GMAC RESIDENTIAL FUNDING CORPORATION | ) ) |
| | ) |
| and | ) |
| | ) |
| GUARANTY BANK, S.S.B. | ) |
| | ) |
| and | ) |
| | ) |
| HSBC BANK U.S.A. N.A. | ) |
| | ) |
| and | ) |
| | ) |
| MGIC INVESTORS SERVICES CORPORATION | ) ) |
| | ) |
| and | ) |
| | ) |
| NATIONWIDE ADVANTAGE MORTGAGE COMPANY | ) ) |
| | ) |
| and | ) |
| | ) |
| PMI MORTGAGE SERVICES COMPANY | ) |
| | ) |
| and | ) |
| | ) |
| SUNTRUST MORTGAGE INC. | ) |
| | ) |
| and | ) |

|  |  |
|---|---|
| UNITED GUARANTY CORPORATION | ) |
| | ) |
| and | ) |
| | ) |
| WELLS FARGO BANK, N.A. | ) |
| | ) |
| and | ) |
| | ) |
| DOE CORPORATIONS I – MMM | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS MERSCORP, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S ANSWER TO COMPLAINT, REQUEST FOR DECLARATORY RELIEF, PERMANENT INJUNCTIVE <u>RELIEF, DAMAGES, AND AFFIRMATIVE DEFENSES</u>

Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS") (erroneously sued as "Mortgage Electronic Registration System, Inc."), (collectively, "Defendants" or "MERS Defendants") hereby submit their Answer and Affirmative Defenses to David P. Joyce's ("Plaintiff") Complaint, Request for Declaratory Relief, Permanent Injunctive Relief and Damages ("Complaint") as follows:[1]

### NATURE OF THE ACTION

1. The allegations contained in paragraph 1 of the Complaint are denied and the allegations in paragraph 1 are incorrect legal conclusions.

2. The allegations contained in paragraph 2 of the Complaint are denied except that the MERS Defendants admit that county recorders are responsible for maintaining the county's public land records.

3. The allegations contained in paragraph 3 of the Complaint are denied.

---

[1] For ease of references Defendants use the same headings, designations, and paragraph numbers used by Plaintiff in his Complaint.

4. The allegations contained in paragraph 4, including its sub-paragraphs, of the Complaint are denied, and that the MERS Defendants do not "securitize mortgages."

5. The allegations contained in paragraph 5 of the Complaint are denied, and that there are no "county recording requirements" that were "avoided" by the MERS Defendants and there were no "attendant recording fees" to be paid.

6. The allegations contained in paragraph 6 of the Complaint are denied, and that there is no "statutory recording requirement" for the assignment of a mortgage.

7. The allegations contained in paragraph 7 of the Complaint are denied, and that mortgage assignments do not involve or relate to "chains of land title."

8. The allegations contained in paragraph 8 of the Complaint are denied.

## JURISDICTION AND VENUE

9. The MERS Defendants admit that the United States District Court, Northern District of Ohio ("Federal Court"), has subject matter jurisdiction over the causes of action alleged in the Complaint, and they admit that the Federal Court has personal jurisdiction over the MERS Defendants.

10. The MERS Defendants admit that the Federal Court has jurisdiction over the MERS Defendants where the MERS Defendants have sufficient minimum contact with Ohio so as to render the exercise of jurisdiction by the Federal Court permissible under traditional notions of fair play and substantial justice.

## PARTIES

11. The MERS Defendants admit that Plaintiff Geauga County is located in the State of Ohio. The MERS Defendants deny the remaining allegations in paragraph 11 of the Complaint, and that Plaintiff Geauga County, Ohio has standing to bring this class action

Complaint and that Geauga County may file the Complaint by and through David Joyce as the Prosecuting Attorney for Geauga County.

12. The MERS Defendants admit that MERSCORP is a Delaware corporation with its principal place of business at 1818 Library Street, Suite 300, Reston, Virginia 20190, and that the Federal Court has personal jurisdiction over MERSCORP. The MERS Defendants deny the allegations contained in paragraph 12 of the Complaint to the extent they are inconsistent with the admissions contained in this paragraph.

13. The MERS Defendants admit that MERS is a Delaware corporation with its principal place of business at 1818 Library Street, Suite 300, Reston, Virginia 20190, and that the Federal Court has personal jurisdiction over MERS. The MERS Defendants deny the allegations contained in paragraph 13 of the Complaint to the extent they are inconsistent with the admissions contained in this paragraph.

14. The MERS Defendants admit that Home Savings & Loan Company of Youngstown is a subsidiary of United Community Financial Corporation, an Ohio corporation that is headquartered at 275 West Federal Street, Youngstown, Ohio 44503. As an Ohio organization, Defendant Home Savings conducts business in the State of Ohio and its registered agent in Ohio is Jude J. Nohra, 275 Federal Plaza West, Youngstown, Ohio 44503.

15. The MERS Defendants admit that Bank of America Corporation is a corporation incorporated in Delaware with its principal place of business in North Carolina, and is therefore not a citizen of Ohio.

16. The MERS Defendants admit that Defendant CCO Mortgage Corporation ("CCO") (f/k/a American Home Funding, Inc. and Charter One Mortgage Corporation), a division of RBS Citizens, N.A. and a subsidiary of Citizens Financial Group Inc., is a New York

corporation that maintains its principal place of business at 10561 Telegraph Road, Glen Allen, Virginia 23059. As a national organization, Defendant CCO conducted business in the State of Ohio and its registered agent in Ohio was The Prentice-Hall Corporation System, Inc., 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

17. The MERS Defendants admit that Defendant Chase Home Mortgage Corporation ("Chase") (f/k/a Chase Home Finance), a division of Chase Bank N.A. and JPMorgan Chase & Co., is a Delaware corporation that maintains its principal place of business at 4915 Independence Parkway, Tampa, Florida 33634. As a national organization, Defendant Chase conducts business in the State of Ohio and its registered agent in Ohio is Chase Manhattan Mortgage Corporation, 2175 Terminal Tower, Cleveland, Ohio 44113.

18. The MERS Defendants admit that Defendant CitiMortgage, Inc. ("CitiMortgage"), a wholly owned subsidiary of Citibank N.A., is a New York corporation that maintains its principal place of business at 1000 Technology Drive, MS 140, O'Fallon, Missouri. As a national organization, Defendant CitiMortgage conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

19. The MERS Defendants admit that Defendant CoreLogic Real Estate Solutions, LLC ("CoreLogic") (f/k/a First American Real Estate Solutions LLC) is a Delaware corporation that maintains its principal place of business at 4 First American Way, Santa Ana, California 92707. As a national organization, Defendant CoreLogic conducts business in the State of Ohio and its registered agent in Ohio is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

20.     The MERS Defendants admit that Defendant Corinthian Mortgage Corporation ("Corinthian"), a fully owned subsidiary of SOUTHBank, is a Mississippi corporation that maintains its principal place of business at 5700 Broadmoor, Suite 500, Mission, Kansas 66202. As a national organization, Defendant Corinthian conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

21.     The MERS Defendants admit that Defendant EverHome Mortgage Company ("EverHome") (f/k/a Alliance Mortgage Company), a fully owned subsidiary of Everbank Financial Corp., is a Florida corporation that maintains its principal place of business at 8100 Nations Way, Jacksonville, Florida 32256. As a national organization, Defendant EverHome conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

22.     The MERS Defendants admit that Defendant GMAC Residential Funding Corporation (d/b/a GMAC Bank, GMAC Commercial Mortgage Corp., GMAC Mortgage, GMAC Mortgage Corp., GMAC Mortgage LLC) ("GMAC"), a wholly owned subsidiary of Ally Financial Inc., is a Delaware corporation that maintains its principal place of business at 8400 Normandale Lake Blvd., Minneapolis, Minnesota 55437.  As a national organization, Defendant GMAC conducts business in the State of Ohio and its registered agent in Ohio is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

23.     The MERS Defendants admit that Defendant Guaranty Bank, S.S.B. ("Guaranty") is a Delaware corporation that maintains its principal place of business at 4000 West Brown Deer Road, Brown Deer, Wisconsin 53209. As a national organization, Defendant Guaranty conducts

business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

24. The MERS Defendants admit that Defendant HSBC Bank U.S.A. N.A. (d/b/a HSBC Mortgage Corp. U.S.A., HSBC Bank U.S.A. Trust, HSBC Mortgage Services Inc.) ("HSBC") is a Delaware corporation that maintains its principal place of business at 1800 Tysons Blvd., Suite 50 Mclean, Virginia 22101. As a national organization, Defendant HSBC conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

25. The MERS Defendants admit that Defendant MGIC Investors Services Corporation ("MGIC"), a subsidiary of MGIC Investment Corp., is a Wisconsin corporation that maintains its principle place of business at 250 E. Kilbourn Ave., Milwaukee, Wisconsin 53202. As a national organization, Defendant MGIC conducts business in the State of Ohio and its registered agent in Ohio is National Registered Agents, Inc., 145 Baker Street, Marion, Ohio 43302.

26. The MERS Defendants admit that Defendant Nationwide Advantage Mortgage Company (d/b/a Nationwide Bank, Nationwide Mortgage Concepts, Nationwide Mortgage Corp.) ("Nationwide"), a subsidiary of Nationwide, is an Iowa corporation that maintains its principal place of business at 1100 Locust Street, Dept. 2009, Des Moines, Iowa 50391. As a national organization, Defendant Nationwide conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

27. The MERS Defendants admit that Defendant PMI Mortgage Services Company ("PMI") is a California corporation that maintains its principal place of business at 3003 Oak

Road, Walnut Creek, California 94597. As a national organization, Defendant PMI conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

28. The MERS Defendants admit that Defendant Principal Residential Mortgage, Inc. ("Principal Residential") was an Iowa corporation that maintained its principal place of business at 711 High Street, Des Moines, Iowa 50392 and a principal office located in Columbus, Ohio 43215. Defendant Principal Residential, in conjunction with Principal Wholesale Mortgage, Inc., merged into Defendant CitiMortgage on February 11, 2005. As a national organization with Ohio offices, Defendant Principal Residential conducted business in the State of Ohio and its registered agent in Ohio was CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

29. The MERS Defendants admit that Defendant SunTrust Mortgage, Inc. ("SunTrust") is a Virginia corporation that maintains its principal place of business at 901 Semmes Avenue, Richmond, Virginia 23224. As a national organization, Defendant SunTrust conducts business in the State of Ohio and its registered agent in Ohio is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

30. The MERS Defendants admit that Defendant United Guaranty Corporation ("United") is a Nevada corporation that maintains its principal place of business at 230 N. Elm Street, Greensboro, North Carolina 27401. As a national organization, Defendant United conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.

31.     The MERS Defendants admit that Defendant Wells Fargo Bank, N.A. (d/b/a America's Mortgage Outsource Program) ("Wells Fargo"), a subsidiary of Wells Fargo and Company, is a South Dakota corporation that maintains its principal place of business at 101 North Phillips Avenue, Sioux Falls, South Dakota 57104 and a principal office at 115 Hospital Drive, Van Wert, Ohio 45891.  Wells Fargo Home Mortgage, Inc. (f/k/a Directors Mortgage Loan Corporation, Courtesy Funding, Norwest Mortgage, Inc.) merged into Defendant Wells Fargo on October 1, 2004.  Wachovia Shared Resources, LLC merged into Defendant Wells Fargo on January 1, 2011.  Wells Fargo Dealer Services, Inc. and SouthTrust Mortgage Corporation merged into Defendant Wells Fargo on July 1, 2011.  As a national organization with Ohio offices, Defendant Wells Fargo conducts business in the State of Ohio and its registered agent in Ohio is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.

32.     The allegations contained in paragraph 32 of the Complaint are denied.

## FACTUAL STATEMENT

**A.      Ohio Requires the Recording of Certain Land Instruments in County Recording Offices**

33.     The allegations contained in paragraph 33 of the Complaint are denied, and the allegations in paragraph 33 are incorrect legal conclusions.

34.     The allegations contained in paragraph 34 of the Complaint are denied, and the allegations in paragraph 34 are incorrect legal conclusions.

35.     The allegations contained in paragraph 35 of the Complaint are denied, and county recorders may collect fees for the recording of documents for which a person proffers a request to the county recorder for recording.  The county recorders are not "entitled" to recording

fees unless a person wishes for a document to be recorded and the document is recorded. The fees for such recording are not "nominal."

**B.    The MERS Operation**

36. The allegations contained in paragraph 36 of the Complaint are denied.

37. The MERS Defendants admit that more than 60 million mortgages have been registered on the MERS® System, and that MERSCORP currently has thousands of members. The MERS Defendants further admit that its members pay certain membership fees and transaction fees to MERSCORP, and that the MERS® System contains information relating to the beneficial ownership interests in and servicing rights to loans registered on the MERS® System. The MERS Defendants deny the remaining allegations contained in paragraph 37 of the Complaint and its sub-paragraphs to the extent it is inconsistent with the admissions contained in this paragraph.

38. The allegations contained in paragraph 38 of the Complaint are denied.

39. The allegations contained in paragraph 39 of the Complaint are denied, and that MERSCORP members use MERS to serve as the mortgagee on mortgages as the nominee for the Lender, and for the Lender's successors and assigns.

40. The allegations contained in paragraph 40 of the Complaint are denied.

41. The allegations contained in paragraph 41 of the Complaint are denied, and that there is no requirement under Ohio law that "mortgage ownership interests" that are assigned be recorded.

**C.    The MERS Scheme**

   **1.    How MERS Members Place MERS in Land Instruments**

42. The allegations contained in paragraph 42 of the Complaint, and its sub-paragraphs, are denied.

43. The allegations contained in paragraph 43 of the Complaint are denied.

44. The allegations contained in paragraph 44 of the Complaint are denied.

**2.   How MERS Members Fail to Record Intermediate Mortgage Assignments**

45. The allegations contained in paragraph 45 of the Complaint are denied.

46. The allegations contained in paragraph 46 of the Complaint are denied.

47. The allegations contained in paragraph 47 of the Complaint, and its sub-paragraphs, are denied, and that assignments of mortgages are not required in order to "securitize a mortgage," and that there is no legal requirement to record assignments of mortgages.

48. The allegations contained in paragraph 48 of the Complaint are denied, and that assignments of mortgages are not required in order to "securitize a mortgage," and that there is no legal requirement to record assignments of mortgages.

49. The allegations contained in paragraph 49 of the Complaint are denied.

50. The allegations contained in paragraph 50 of the Complaint are denied.

51. The allegations contained in paragraph 51 of the Complaint are denied, and that there is no "gap" in the mortgagee of record when MERS is designated as the mortgagee, and MERS, in turn, assigns the mortgage to a person or entity.

**CLASS ALLEGATIONS**

52. The MERS Defendants admit that the Complaint purports or claims to bring this action on behalf of "all other counties" without admitting that Plaintiff has properly brought such action.

53. The allegations contained in paragraph 53 of the Complaint are denied.

54. The allegations contained in paragraph 54 of the Complaint, and its sub-paragraphs, are denied.

55. The allegations contained in paragraph 55 of the Complaint, and its sub-paragraphs, are denied.

56. The allegations contained in paragraph 56 of the Complaint are denied.

57. The MERS Defendants are without sufficient information to respond to the allegations contained in paragraph 57 of the Complaint, and they are, therefore, denied.

58. The allegations contained in paragraph 58 of the Complaint are denied.

59. The allegations contained in paragraph 59 of the Complaint, and its sub-paragraphs, are denied.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT AND PERMANENT INJUNCTION
### AGAINST ALL DEFENDANTS

60. The MERS Defendants incorporate into this paragraph their answer to paragraphs 1-59 of the Complaint, as if stated herein.

61. The allegations contained in paragraph 61 of the Complaint are denied, and that there are no funds being illegally withheld from the county treasury.

62. The allegations contained in paragraph 62 of the Complaint are denied.

63. The allegations contained in paragraph 63 of the Complaint are denied, and that sections 5301.25 and 5301.32 do not require mortgages or assignments of mortgages to be recorded in the county recording office.

64. The allegations contained in paragraph 64 of the Complaint are denied.

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

65. The MERS Defendants incorporate into this paragraph their answer to paragraphs 1-64 of the Complaint, as if stated herein.

13

66. The allegations contained in paragraph 66 of the Complaint are denied.

67. The allegations contained in paragraph 67 of the Complaint are denied.

68. The allegations contained in paragraph 68 of the Complaint are denied.

69. The allegations contained in paragraph 69 of the Complaint are denied.

**DEFENSES AND AFFIRMATIVE DEFENSES**

70. The Plaintiff's Complaint is based on the legal theory that, under Ohio's statutory provisions, every mortgage contract and mortgage assignment must be recorded with the county recorder and, if they are not, that Geauga County, Ohio can sue to recover the recording fees for documents that were never recorded. Plaintiff's legal theory that mortgages and assignments must be recorded is contrary to Ohio law establishing that the recording of mortgages and mortgage assignments provides a legal mechanism for the benefit of and to provide notice to subsequent bona fide purchasers and creditors that there is a lien has been placed on real property. There is no Ohio statutory provision requiring the recording of mortgages and mortgage assignments the failure of which entitles Geauga County, Ohio to the recording fees for such mortgages and mortgage assignments as damages for the failure to record same. Plaintiff's Complaint fails to state a plausible or viable legal theory showing he is entitled to relief. As a further basis for this defense, the MERS Defendants incorporate herein the Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss filed by the MERS Defendants and other Defendants on December 12, 2011 asserting that there are no mandatory requirements to record mortgages and mortgage assignments.

71. The Plaintiff lacks standing to bring this lawsuit. The land recording statutes cited and relied on in the Complaint in order to bring this action do not create any right of action for alleged violations of Ohio law. Nor can any such cause of action be implied, because Ohio's recording statutes were not created to, and do not create, a revenue stream for Geauga County,

14

Ohio. As a further basis for this defense, the MERS Defendants incorporate herein the Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss filed by the MERS Defendants and other Defendants on December 12, 2011 asserting that the Plaintiff lacks standing to bring this action.

72. The Complaint fails to state a claim showing that Geauga County, Ohio is entitled to any relief for the payment of recording fees. The Complaint seeks fees for services to be performed by Geauga County, Ohio that have not been performed by Geauga County, Ohio. Under Ohio law, recording fees are not payable until a document is presented for recording. Fees, unlike taxes, are not general revenue raising devices, but are and may only be charged to persons upon whom the government has conferred a benefit. Yet, the Complaint seeks recording fees for mortgages and assignments of mortgages that were never presented to the Plaintiff for recording. As such, the Plaintiff cannot sue to recover recording fees relating to mortgages and mortgage assignments that were never presented for recording and for which Geauga County, Ohio performed no service. As a further basis for this defense, the MERS Defendants incorporate herein the Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss filed by the MERS Defendants and other Defendants on December 12, 2011 asserting that the Plaintiff cannot recover fees for services that Geauga County, Ohio did not perform.

73. The Complaint fails to state a claim for declaratory and injunctive relief. To state a claim for declaratory relief, there must be a real controversy alleged or justiciable issues raised, and the Complaint fails to allege either. The Complaint fails state a claim for injunctive relief, as it fails to show irreparable harm will arise without the injunction, that the Plaintiff's potential injury without the injunction is greater than the injury caused to the defendant with the injunction, and that the injunction benefits the public interest. Given that under Ohio law, a

party need not record a mortgage or mortgage assignment, and Plaintiff has no right to any recording fees for mortgages and assignments of mortgages that are not recorded, Plaintiff, therefore, is not and has not suffered irreparable harm. As a further basis for this defense, the MERS Defendants incorporate herein the Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss filed by the MERS Defendants and other Defendants on December 12, 2011 asserting that the Complaint fails to show that the Plaintiff is entitled to declaratory or injunctive relief.

74. The Complaint fails to state a claim of unjust enrichment. The Complaint does not allege that Defendants were unjustly enriched as a result of any economic transaction that took place between the MERS Defendants and Plaintiff, and the Complaint does not allege any interaction between Plaintiff and the MERS Defendants with respect to the non-recorded mortgages or mortgage assignments; it does not allege that the Plaintiff has conferred a benefit on the MERS Defendants; it does not allege that the MERS Defendants have retained any such benefit provided by Plaintiff; and it does not allege that the MERS Defendants knew of any benefits that the Plaintiff had conferred on the MERS Defendants. Accordingly, the Plaintiff is not entitled to recovery based on his claim of unjust enrichment. As a further basis for this defense, the MERS Defendants incorporate herein the Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss filed by the MERS Defendants and other Defendants on December 12, 2011 asserting that the Complaint fails to show that the Plaintiff is entitled to recovery based on unjust enrichment.

Dated: December 12, 2011          Respectfully submitted,

/s/Robert M. Brochin
Robert M. Brochin  (admitted *pro hac vice*)
Andrew B. Boese  (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Telephone:     (305) 415-3456
Facsimile:      (305) 415-3001
Email: rbrochin@morganlewis.com
        aboese@morganlewis.com


/s/ Jeremy Gilman
Jeremy Gilman (0014144)
Kari B. Coniglio (0081463)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4565
Facsimile: (216) 363-4588
Email: jgilman@beneschlaw.com
        kconiglio@beneschlaw.com

*Attorneys for Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2011, a copy of the foregoing *Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.'s Answer to Complaint, Request for Declaratory Relief, Permanent Injunctive Relief, Damages, and Affirmative Defenses* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, notice of this filing was sent by regular mail to the parties listed below:

> Stanley D. Bernstein
> Christian Siebott
> Sara Goodman
> Bernstein Liebhard LLP
> 10 East 40th Street
> New York, NY 10016

> /s/ Jeremy Gilman
> *Attorneys for Defendants MERSCORP, Inc. and*
> *Mortgage Electronic Registration Systems, Inc.*