UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, *ex rel.* | ) | CASE NO. 1:11-cv-02474 JG |
| DAVID P. JOYCE | ) | |
| PROSECUTING ATTORNEY OF | ) | |
| GEAUGA COUNTY, OHIO | ) | JUDGE GWIN |
| | ) | MAGISTRATE WHITE |
| Plaintiff | ) | |
| v. | ) | **ANSWER OF DEFENDANT HSBC** |
| | ) | **BANK USA, N.A.** |
| MERSCORP, INC., *et al.* | ) | |
| | ) | |
| Defendants | ) | (Jury Demand Endorsed Hereon) |
| | ) | |

Defendant HSBC Bank USA, N.A. ("HSBC") answers Geauga County's ("County" or "Plaintiff") Class Action Complaint as follows:

### NATURE OF ACTION

1.      To the extent the allegations of Paragraph 1 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same. HSBC denies the remaining allegations of Paragraph 1.

2.      The allegations contained in Paragraph 2 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  HSBC denies the remaining allegations of Paragraph 2.

3.      The allegations contained in Paragraph 3 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  Further answering, to the extent the allegations of Paragraph 3 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same.  HSBC denies the remaining allegations of Paragraph 3.

4.      The allegations contained in Paragraph 4 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  Further answering, to the extent the allegations of Paragraph 4 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same.  HSBC denies the remaining allegations of Paragraph 4.

5.      HSBC denies the allegations of Paragraph 5.

6.      HSBC denies the allegations of Paragraph 6.

7.      HSBC denies the allegations of Paragraph 7.

8.      HSBC denies the allegations of Paragraph 8.

## JURISDICTION AND VENUE

9.      As to Paragraph 9, HSBC admits that this Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 and that this case has been properly removed to this Court. Further answering, HSBC states that the remaining allegations contained in Paragraph 9 state legal conclusions to which no response is required and HSBC denies the same.

10.     As to Paragraph 10, HSBC admits that this Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 and that this case has been properly removed to this Court. Further answering, HSBC states that the remaining allegations contained in Paragraph 10 state legal conclusions to which no response is required and HSBC denies the same.

## PARTIES

11.     HSBC denies the allegations of Paragraph 11.

12.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 12 and denies the same.

13.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13 and denies the same.

14.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 14 and denies the same.

15.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 15 and denies the same.

16.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and denies the same.

17.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and denies the same.

18.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and denies the same.

19.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and denies the same.

20.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and denies the same.

21.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and denies the same.

22.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 and denies the same.

23.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23 and denies the same.

24.     HSBC admits that it is a national banking association whose articles of association designate McLean, Virginia as the location of its main offices and that it conducts business in Ohio.  HSBC denies the remaining allegations of Paragraph 24.

25.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25 and denies the same.

26.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26 and denies the same.

27.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and denies the same.

28.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28 and denies the same.

29.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 29 and denies the same.

30.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30 and denies the same.

31.     HSBC lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 31 and denies the same.

32.     HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 32 and denies the same.

## FACTUAL STATEMENT

33.     The allegations contained in Paragraph 33 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.

34.     The allegations contained in Paragraph 34 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.

35.     The allegations contained in Paragraph 35 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.

36.     The allegations of Paragraph 36 refer to the knowledge, conduct, or actions of persons or entities other than HSBC and HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same.

37.     The allegations contained in Paragraph 37 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  Further answering, to the extent the allegations of Paragraph 37 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient

to form a belief as to the truth of those allegations and denies the same.  HSBC denies the remaining allegations of Paragraph 37.

38.     The allegations of Paragraph 38 refer to the knowledge, conduct, or actions of persons or entities other than HSBC and HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same.

39.     To the extent the allegations of Paragraph 39 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same. HSBC denies the remaining allegations of Paragraph 39.

40.     To the extent the allegations of Paragraph 40 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same. HSBC denies the remaining allegations of Paragraph 40.

41.     The allegations contained in Paragraph 41 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  Further answering, to the extent the allegations of Paragraph 41 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same.  HSBC denies the remaining allegations of Paragraph 41.

42.     The allegations contained in Paragraph 42 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  Further

answering, to the extent the allegations of Paragraph 42 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same. HSBC denies the remaining allegations of Paragraph 42.

43.     The allegations contained in Paragraph 43 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same. Further answering, to the extent the allegations of Paragraph 43 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same. HSBC denies the remaining allegations of Paragraph 43.

44.     The allegations contained in Paragraph 44 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same. Further answering, to the extent the allegations of Paragraph 44 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same. HSBC denies the remaining allegations of Paragraph 44.

45.     The allegations contained in Paragraph 45 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same. Further answering, to the extent the allegations of Paragraph 45 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient

to form a belief as to the truth of those allegations and denies the same.  HSBC denies the remaining allegations of Paragraph 45.

46.     The allegations contained in Paragraph 46 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  Further answering, to the extent the allegations of Paragraph 46 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same.  HSBC denies the remaining allegations of Paragraph 46.

47.     The allegations contained in Paragraph 47 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  Further answering, to the extent the allegations of Paragraph 47 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same.  HSBC denies the remaining allegations of Paragraph 47.

48.     The allegations contained in Paragraph 48 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.

49.     The allegations contained in Paragraph 49 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  Further answering, to the extent the allegations of Paragraph 49 refer to the knowledge, conduct, or

actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same.  HSBC denies the remaining allegations of Paragraph 49.

   50. The allegations contained in Paragraph 50 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  Further answering, to the extent the allegations of Paragraph 50 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same.  HSBC denies the remaining allegations of Paragraph 50.

   51. The allegations contained in Paragraph 51 state legal conclusions and/or simply incorporate argumentative rhetoric − without making any specific factual allegations against HSBC − to which no response is required and HSBC denies the same.  Further answering, to the extent the allegations of Paragraph 51 refer to the knowledge, conduct, or actions of persons or entities other than HSBC, HSBC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies the same.  HSBC denies the remaining allegations of Paragraph 51.

<b>CLASS ALLEGATIONS</b>

   52. HSBC denies the allegations of Paragraph 52.

   53. HSBC denies the allegations of Paragraph 53.

   54. HSBC denies the allegations of Paragraph 54.

   55. HSBC denies the allegations of Paragraph 55.

   56. HSBC denies the allegations of Paragraph 56.

57.     HSBC denies the allegations of Paragraph 57.

58.     HSBC denies the allegations of Paragraph 58.

59.     HSBC denies the allegations of Paragraph 59.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT AND
### A PERMANENT INJUNCTION AGAINST ALL DEFENDANTS

60.     HSBC incorporates, as if fully rewritten at length, all of its previous admissions, denials, and responses set forth above, and denies the remaining allegations of Paragraph 60.

61.     HSBC denies the allegations of Paragraph 61.

62.     HSBC denies the allegations of Paragraph 62.

63.     HSBC denies the allegations of Paragraph 63.

64.     HSBC denies the remaining allegations of Paragraph 64 and specifically denies that anyone is entitled to any declaratory injunctive relief.

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

65.     HSBC incorporates, as if fully rewritten at length, all of its previous admissions, denials, and responses set forth above, and denies the remaining allegations of Paragraph 65.

66.     HSBC denies the allegations of Paragraph 66.

67.     HSBC denies the allegations of Paragraph 67.

68.     HSBC denies the allegations of Paragraph 68.

69.     HSBC denies the allegations of Paragraph 69 and specifically denies that anyone is entitled to the requested relief.

## PRAYER FOR RELIEF

70.     HSBC denies that Plaintiff is entitled to any of the relief sought in the Complaint, and further denies each and every allegation of the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

71.     The County lacks standing to bring the claim asserted.

### SECOND DEFENSE

72.     The County fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

73.     The County's claims are barred because it is not the real party in interest.

### FOURTH DEFENSE

74.     The County's claims are barred as a result of the County's knowledge of, consent to, and acquiescence to, all of the Defendants' alleged actions.

### FIFTH DEFENSE

75.     The County's claims are barred as a result of the County's ratification of all of the Defendants' alleged actions.

### SIXTH DEFENSE

76.     The County's claims do not present the Court with an actual case or controversy requiring declaratory relief.

## SEVENTH DEFENSE

77.     The County's claim must fail because at all times HSBC acted in good faith and in a commercially reasonable manner.

## EIGHTH DEFENSE

78.     The County's claims are barred, in whole or in part, because MERS and MERS Members are engaged in lawful activities.

## NINTH DEFENSE

79.     The County's claims are barred by the doctrines of intervening and/or superseding causation because there is no proximate causation between any alleged acts by HSBC and the damages claimed, and all of the claimed damages resulted from the conduct of persons other than HSBC.

## TENTH DEFENSE

80.     The County has failed to join one or more necessary and/or indispensable parties pursuant to Federal Rule of Civil Procedure 19.

## ELEVENTH DEFENSE

81.     The County's claims are barred by the terms of the various agreements between HSBC and its customers, including the various disclaimers contained therein, and by the terms of the mortgagors' agreements with their mortgagees.

## TWELFTH DEFENSE

82.     To the extent that they seek to regulate conduct beyond the borders of the County, the County's claims violate core principles of federalism and preemption, the Commerce Clause of the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Ohio Constitution.

## THIRTEENTH DEFENSE

83.    The County's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

## FOURTEENTH DEFENSE

84.    The County cannot recover damages on its claims, because if any damages have been suffered, it is due to a failure by the County and/or others to mitigate them.

## FIFTHTEENTH DEFENSE

85.    To the extent that the Complaint seeks to impose collective or joint liability on all Defendants, such theory is barred.

## SIXTEENTH DEFENSE

86.    The County's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law limitations of awards, caps on recovery, and the doctrine of set off.

## SEVENTEENTH DEFENSE

87.    The County's claim is barred or limited by the applicable statutes of limitations and repose and/or by the doctrine of laches.

## EIGHTEENTH DEFENSE

88.    This Court lacks personal jurisdiction over HSBC due to, among things, insufficiency of process and service of process.

## NINETEENTH DEFENSE

89.    HSBC adopts the applicable affirmative defenses of each of the other Defendants as if fully set forth herein and reserves the right to assert any additional defenses that may become relevant or apparent through discovery or otherwise in this litigation.

13

WHEREFORE, HSBC demands judgment dismissing the Complaint in its entirety herein, together with costs, disbursements and attorneys' fees incurred in this action.

*/s/ Richik Sarkar*
Joseph A. Castrodale (0018494)
Richik Sarkar (0069993)
Matthew T. Wholey (0086550)
**ULMER & BERNE LLP**
Skylight Office Tower
1660 W. 2nd Street, Ste. 1100
Cleveland, Ohio 44113-1448
Telephone: (216) 583-7000
jcastrodale@ulmer.com
rsarkar@ulmer.com
mwholey@ulmer.com

*Attorneys for HSBC Bank USA, N.A.*

JURY DEMAND

HSBC Bank USA, N.A. hereby demands a trial by jury with the maximum number of jurors permitted by law on all issues in the Complaint which are so triable.

*/s/ Richik Sarkar*
*Attorneys for HSBC Bank USA, N.A.*

CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2011, the foregoing was filed electronically with the Court.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court system.

*/s/ Richik Sarkar*
*Attorney for HSBC Bank USA, N.A.*

CLEV1997 1934182v4
29586.00171

14