**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **STATE OF OHIO,** *ex rel.,* : | |
| **DAVID P. JOYCE** : | |
| **PROSECUTING ATTORNEY OF** : | Case No. 1:11-cv-02474 |
| **GEAUGA COUNTY, OHIO,** : | |
| : | **JUDGE GWIN** |
| **Plaintiff,** : | **MAGISTRATE JUDGE WHITE** |
| : | |
| **v.** : | |
| : | |
| **MERSCORP, INC., et al.,** : | JURY DEMAND ENDORSED |
| : | HEREON |
| **Defendants.** : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONWIDE
ADVANTAGE MORTGAGE COMPANY**

Defendant Nationwide Advantage Mortgage Company, for its answer and affirmative defenses to the Class Action Complaint, Request For Declaratory Relief, Permanent Injunctive Relief, And Damages:

**FIRST DEFENSE**

1. States the complaint speaks for itself as to what it alleges; specifically denies that any class has been certified or is capable of certification in this case; and denies the remaining allegations contained in paragraph 1.

2. States that paragraph 2 contains legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, denies that Ohio law required recording in the manner alleged in paragraph 2, and states it lacks knowledge or

information sufficient to form a belief as to what plaintiff means by "entitled land instrument" and therefore denies the remaining allegations contained in paragraph 2.

3. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 3 owing to their generality, and therefore denies the same.

4. Denies the allegations of paragraph 4 to the extent they relate to it, and states it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and therefore denies the same.

5. Denies the allegations of paragraph 5 to the extent they relate to it, and states it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and therefore denies the same.

6. Denies the allegations contained in paragraph 6.

7. Denies the allegations of paragraph 7 to the extent they relate to it, and states it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and therefore denies the same.

8. Denies the allegations contained in paragraph 8.

9. Admits this United States District Court has subject matter jurisdiction over the instant dispute; admits that personal jurisdiction over it with respect to the matters alleged is proper; and states it lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 9 and therefore denies the same.

10. States that paragraph 10 contains legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, states it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 10 and therefore denies the same.

11. Admits that Geauga County is in the State of Ohio; states the complaint speaks for itself as to what it alleges; states the cited statutes speak for themselves and denies any allegations inconsistent with their terms; denies any allegation implicit or explicit in paragraph 11 that plaintiff is entitled to the requested relief under the cited statutes; and denies the remaining allegations contained in paragraph 11.

12. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 12, and therefore denies the same.

13. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 13, and therefore denies the same.

14. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 14, and therefore denies the same.

15. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 15, and therefore denies the same.

16. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 16, and therefore denies the same.

17. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 17, and therefore denies the same.

18. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 18, and therefore denies the same.

19. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 19, and therefore denies the same.

20. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 20, and therefore denies the same.

21. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 21, and therefore denies the same.

22. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 22, and therefore denies the same.

23. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 23, and therefore denies the same.

24. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 24, and therefore denies the same.

25. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 25, and therefore denies the same.

26. Admits that it is an Iowa corporation with its principal place of business at 1100 Locust Street, Department 2009, Des Moines, Iowa 50391; admits that its registered agent in Ohio is as reflected in paragraph 26; admits that from time to time it conducts business in the State of Ohio and elsewhere; and denies the remaining allegations contained in paragraph 26.

27. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 27, and therefore denies the same.

28. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 28, and therefore denies the same.

29. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 29, and therefore denies the same.

30. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 30, and therefore denies the same.

31. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 31, and therefore denies the same.

32. States it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and therefore denies the same.

33. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first sentence of paragraph 33, owing to their generality, and therefore denies the same; and, answering further, denies the remaining allegations contained in paragraph 33.

34. States the cited statutes speak for themselves, and denies any allegations inconsistent with their terms; answering further, denies the referenced land instruments "must" be recorded as alleged in plaintiff's complaint; and denies any allegation implicit or explicit in paragraph 34 that it has violated the cited statutes in the manner alleged in plaintiff's complaint.

35. States the cited statutes speak for themselves, and denies any allegations in paragraph 35 inconsistent with their terms.

36. States as a general matter, it from time to time has accessed a MERS electronic system for several functions and/or purposes, and answering further, states it lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 36, and therefore denies the same.

37. Denies that it has engaged in statutory violations as wrongly alleged in the complaint; admits that as a member of MERS it from time to time has paid a membership fee in order to access those services contractually undertaken by MERS; admits that from time to time it has paid transactions fees with respect to MERS services; and, answering further, states it lacks

knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 37, and therefore denies the same.

38. States it lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in paragraph 38, and therefore denies the same.

39. Denies the allegations of paragraph 39 to the extent they are directed to it, and answering further, states it lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in paragraph 39, and therefore denies the same.

40. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 40, and therefore denies the same.

41. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 41 owing to their generality, and therefore denies the same.

42. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 42 owing to their generality, and therefore denies the same.

43. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 43 owing to their generality, and therefore denies the same.

44. Denies the allegations contained in paragraph 44.

45. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 45 insofar as no person is identified whose intentions are alleged to be at issue, and therefore denies the allegations contained in paragraph 45.

46. States that it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 46 owing to their generality, and therefore denies the same.

47. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 47, and therefore denies the same.

48. States it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "typical life of a securitized mortgage," and therefore denies the same; and answering further, denies the remaining allegations contained in paragraph 48.

49. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 49 owing to the generality of those allegations and the vagueness of "subsequent, intermediate mortgage assignments," and therefore denies the same.

50. States it lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 50 owing to the generality of those allegations and the vagueness of "*from MERS*," and therefore denies the same.

51. Denies the allegations contained in paragraph 51.

52. States the complaint speaks for itself as to what it alleges; denies any class has been formed and/or is appropriate in this case; and denies the remaining allegations contained in paragraph 52.

53. States that upon information and belief, joinder would be impracticable as a result of Ohio law regarding county standing and representation; denies any class has been formed and/or is appropriate in this case; and denies the remaining allegations contained in paragraph 53.

54. Denies the allegations contained in paragraph 54.

55. States paragraph 55 contains legal conclusions to which no responsive pleading is required; to the extent a responsive pleading is required, denies that plaintiff is or can be typical of the putative class, and states that Ohio's statutory law speaks for itself as to what is requires, and denies any allegations inconsistent with its terms.

56. Denies the allegations contained in paragraph 56.

57. Denies the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58.

59. Denies the allegation contained in paragraph 59.

60. For its answer to paragraph 60, defendant Nationwide Advantage Mortgage Company incorporates and restates, as if fully set forth herein, its answer to paragraphs 1-59, above, of this answer.

61. Denies any allegation implicit or explicit in paragraph 61 that it has illegally withheld funds the Geauga County Treasury, and answering further, states it lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 61, and therefore denies the same.

62. Denies the allegations contained in paragraph 62.

63. States the complaint speaks for itself as to what it seeks; denies that plaintiff is entitled to the requested relief; states the cited statutes speak for themselves, and denies any allegations inconsistent with their terms; and denies the remaining allegations contained in paragraph 63.

64. States the complaint speaks for itself as to what it seeks; denies that plaintiff is entitled to the requested relief; and denies the remaining allegations contained in paragraph 64.

65. For its answer to paragraph 65, defendant Nationwide Advantage Mortgage Company incorporates and restates, as if fully set forth herein, its answer to paragraphs 1-64, above, of this answer.

66. Denies the allegations contained in paragraph 66.

67. Denies the allegations contained in paragraph 67.

68. Denies the allegations contained in paragraph 68.

69. States the complaint speaks for itself as to what it seeks; denies that plaintiff is entitled to the requested relief; and denies the remaining allegations contained in paragraph 69.

70. Denies each and every remaining allegation contained in plaintiff's complaint, including but not limited to any and all allegations contained in the prefatory statement, headings, and/or prayer for relief, not otherwise expressly admitted herein to be true.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

71. The complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

72. Some or all of the claims asserted are barred by the applicable statute of limitations, and/or by doctrines of waiver, estoppel, and laches.

### FOURTH DEFENSE

73. Plaintiff lacks standing with respect to the claims asserted by Geauga County and/or on behalf of the putative class.

### FIFTH DEFENSE

74. The Geauga County Prosecutor is seeking to exceed the limited scope of his statutory powers, and/or is acting or seeking to act in an ultra vires fashion.

**SIXTH DEFENSE**

75. Some or all of the claims asserted are barred by the absence of an applicable legal duty.

**SEVENTH DEFENSE**

76. The criteria for class certification have not been met and/or maintenance of a class action would be improper.

**EIGHTH DEFENSE**

77. To the extent the complaint seeks payment to county officials for services not performed, the requested relief is inequitable, illegal, and/or would confer a windfall.

**NINTH DEFENSE**

78. Nationwide Advantage Mortgage Company reserves the right to modify the foregoing affirmative defenses, and/or assert additional affirmative defenses, as ongoing discovery and/or proceedings reveal to be appropriate.

WHEREFORE, having fully answered the complaint, defendant Nationwide Advantage Mortgage Company respectfully requests that the same be dismissed with prejudice, that it recover its costs and fees, including but not limited to attorneys' fees, and that the Court award it such other and additional relief it may deem appropriate.

          Respectfully submitted,

          /s/Michael H. Carpenter
          Michael H. Carpenter (0015733)
          Katheryn M. Lloyd (0075610)
          Carpenter Lipps & Leland LLP
          280 Plaza, Suite 1300
          280 North High Street
          Columbus, Ohio 43215
          Telephone:  (614) 365-4100
          Facsimile:  (614) 365-9145
          carpenter@carpenterlipps.com

lloyd@carpenterlipps.com

*Attorneys for Defendant Nationwide Advantage Mortgage Company*

11

## JURY DEMAND

Defendant Nationwide Advantage Mortgage Company hereby requests a jury of the maximum number allowable by law on all issues so triable.

                                                /s/Michael H. Carpenter
                                                One of the Attorneys for Defendant
                                                Nationwide Advantage Mortgage Company

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed electronically on December 12, 2011. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed on the Court's electronic mail notice list.

    In addition, I also certify that on December 12, 2011, I served a copy of the foregoing by ordinary U.S. Mail, postage prepaid, upon:

Chase Home Mortgage Corporation
c/o Statutory Agent
Chase Manhattan Mortgage Corporation
2175 Terminal Tower
Cleveland, Ohio 44113

                                              /s/Michael H. Carpenter
                                              One of the Attorneys for Defendant Nationwide Advantage Mortgage Company

823-019/300117