**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **STATE OF OHIO, ex rel.** | : | Case No. 1:11-cv-02474 |
| **DAVID P. JOYCE** | : | |
| **PROSECUTING ATTORNEY OF** | : | Judge Gwin |
| **GEAUGA COUNTY, OHIO** | : | |
| | : | |
| Plaintiff, | : | **ANSWER OF DEFENDANT** |
| vs. | : | **WELLS FARGO BANK, N.A.** |
| | : | |
| **MERSCORP, INC., et al.,** | : | |
| | : | |
| Defendants. | : | |

Pursuant to Fed. R. Civ.P. 12, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") for its Answer to the Complaint of the State of Ohio ex rel. David P. Joyce, Prosecuting Attorney of Geauga County, Ohio ("Geauga") states as follows:

**FIRST DEFENSE**

1. The allegations of ¶¶ 1 and 2 state legal conclusions to which no response is required; however, to the extent that one was intended to be elicited, Wells Fargo denies them.

2. Wells Fargo admits the allegations of ¶ 3 to the extent that mortgage securitization may involve the transfer of interests in promissory notes into pooled trusts, that, on occasion, the payment of those notes can be secured by mortgages, and that interests in the trust can be sold to investors; Wells Fargo denies the remaining allegations of ¶ 3.

3. Wells Fargo denies the allegations of ¶¶ 4, 5, 6, 7 and 8 as being based on misstatements of Ohio law, including that a "mortgage assignment" exists independent of the transfer of the obligation which it secures, that Ohio law "requires" the recording of a mortgage

or a notice of assignment of mortgage, or that Ohio law requires notice be given to third parties that an obligation represented by a promissory note has been transferred.

4. Wells Fargo admits the allegations of ¶¶ 9 and 10 to the extent that this Court has subject matter and personal jurisdiction over Wells Fargo; Wells Fargo is without information sufficient to form a belief as to the truth of the remaining allegations of ¶¶ 9 and 10, and therefore, denies them.

5. Wells Fargo admits the allegations of ¶ 11 to the extent that Geauga County is located in the State of Ohio; the remaining allegations of ¶ 11 state legal conclusions to which no response is required; however, to the extent one was intended to be elicited, Wells Fargo denies them.

6. Wells Fargo is without information sufficient to form a belief as to the truth of the allegations of ¶ 12, and therefore, denies them.

7. Wells Fargo admits the allegations of ¶ 13 to the extent that MERS conducts business in Ohio; Wells Fargo is without information sufficient to form a belief as to the truth of the remaining allegations of ¶ 13, and therefore, denies them.

8. Wells Fargo is without information sufficient to form a belief as to the truth of the allegations of ¶¶ 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30, and therefore, denies them.

9. Wells Fargo admit the allegations of ¶ 31 to the extent that Wells Fargo is a subsidiary of Wells Fargo and Company, that Wells Fargo Home Mortgage, Inc. merged into Wells Fargo in 2004, that Wachovia Shared Resources, LLC merged into Wells Fargo as of January 1, 2011, that Wells Fargo Dealer Services, Inc. merged into Wells Fargo on July 1, 2011, and that Wells Fargo is a national bank conducting business in the State of Ohio with a registered

agent of CSC Lawyers Incorporating Service, 50 West Broad Street, Suite 1800, Columbus, OH 43215; Wells Fargo denies the remaining allegations of ¶ 31.

10. The allegations of ¶ 32 do not contain factual allegations for which a response is required; however, to the extent one was intended to be elicited, Wells Fargo denies them.

11. Wells Fargo admits the allegations of ¶ 33 to the extent that a borrower financing the purchase of real estate may execute a promissory note and execute a mortgage; Wells Fargo denies the remaining allegations of ¶ 33 as an inaccurate statement of the law.

12. Wells Fargo denies the allegations of ¶¶ 34 and 35 as incomplete and thus inaccurate statement of the provisions of Ohio Rev. Code. 317.32, 5301.25 and 5301.32.

13. Wells Fargo admits the allegations of ¶ 36 to the extent that entities pay MERS fees for membership and for transactions which they conduct using its system; Wells Fargo denies the remaining allegations of ¶ 36.

14. Wells Fargo is without information sufficient to form a belief as to the truth of the allegations of ¶¶ 37 and 38, and therefore, denies them.

15. Wells Fargo admits the allegations of ¶ 39 to the extent that on some occasions, interests in promissory notes that are secured by mortgages for which MERS has been named as the nominee of the lender are assigned; Wells Fargo denies the remaining allegations of ¶ 39.

16. Wells Fargo denies the allegations of ¶¶ 40 and 41 as being based on misstatements of Ohio law, including that a "mortgage assignment" exists independent of the transfer of the obligation which it secures, that Ohio law "requires" the recording of a mortgage or a notice of assignment of mortgage, or that Ohio law requires notice be given to third parties that an obligation represented by a promissory note has been transferred.

17. Wells Fargo admits the allegations of ¶ 42 to the extent that mortgages naming MERS as the nominee for a lender may be recorded, and that notices that a promissory note that has been secured by a mortgage has been assigned may be recorded, including a mortgage for which MERS is the nominee of the lender; Wells Fargo is without information sufficient to form a belief as to the remaining allegations of ¶ 42, and, therefore, denies them.

18. Wells Fargo admits the allegations of ¶ 43 to the extent that certain employees of entities which have contracts with MERS have been designated as "assistant secretaries" or "vice presidents" with the authority to sign certain documents on its behalf; Wells Fargo is without information sufficient to form a belief as to the remaining allegations of ¶ 43, and, therefore, denies them.

19. Wells Fargo denies the allegations of ¶ 44.

20. Wells Fargo is without information sufficient to form a belief as to the truth of the allegations of ¶ 45, and therefore, deny them.

21. Wells Fargo denies the allegations of ¶ 46 as an incomplete and inaccurate summary of the securitization process.

22. Wells Fargo admits the allegations of ¶ 47 to the extent that mortgage securitization may involve the transfer of interests in promissory notes into pooled trusts, that on occasion, the payment of those notes can be secured by mortgages, and that there may be "sponsors" and "depositors" whose roles are designated in pooling and servicing or other agreements; Wells Fargo denies the remaining allegations of ¶ 47.

23. Wells Fargo denies the allegations of ¶ 48.

24. Wells Fargo admits the allegations of ¶ 49 to the extent that mortgages may be recorded in county land records; Wells Fargo denies the remaining allegations of ¶ 49 as being

based on misstatements of Ohio law, including that a "mortgage assignment" exists independent of the transfer of the obligation which it secures, that Ohio law "requires" the recording of a mortgage or a notice of assignment of mortgage, or that Ohio law requires notice be given to third parties that an obligation represented by a promissory note has been transferred.

25. Wells Fargo admits the allegations of ¶ 50 to the extent that a notice of assignment of a mortgage may be recorded; Wells Fargo is without information sufficient to form a belief as to the remaining allegations of ¶ 50, and, therefore, denies them.

26. Wells Fargo denies the allegations of ¶ 51.

27. The allegations of ¶¶ 52, 53, 54, 55, 56, 57, 58, and 59 contain legal conclusions to which no response is required; however, to the extent one was intended to be elicited, Wells Fargo denies them.

28. Wells Fargo admits and denies the allegations of ¶ 60 to the same extent as it as admitted or denied its incorporated paragraphs.

29. The allegations of ¶ 61 contain legal conclusions to which no response is required; however, to the extent one was intended to be elicited, Wells Fargo denies them.

30. Wells Fargo denies the allegations of ¶ 62.

31. The allegations of ¶¶ 63 and 64 contain legal conclusions to which no response is required; however, to the extent one was intended to be elicited, Wells Fargo denies them.

32. Wells Fargo admits and denies the allegations of ¶ 65 to the same extent as it has admitted or denied its incorporated paragraphs.

33. Wells Fargo denies the allegations of ¶¶ 66, 67, 68 and 69.

34. Wells Fargo denies each allegation which it has not expressly admitted to be true.

**SECOND DEFENSE**

35. The Complaint fails to state a claim against Wells Fargo upon which relief may be granted.

**THIRD DEFENSE**

36. At all times, Wells Fargo acted in good faith.

**FOURTH DEFENSE**

37. The claims of the Complaint are barred by laches, waiver, and estoppel.

**FIFTH DEFENSE**

38. The claims of the Complaint are barred by the Statute of Limitations.

**SIXTH DEFENSE**

39. All actions of Wells Fargo were privileged.

**SEVENTH DEFENSE**

40. Any attempt to impose a state law requirement on conduct authorized by the National Bank Act is preempted.

Wherefore, Defendant Wells Fargo Bank, N.A. demands that the Complaint be dismissed at Plaintiff's cost, and for such further and other relief as to which it may be entitled.

Respectfully submitted,

/s/Terry W. Posey, Jr.
Scott A. King (#0037582)
Terry W. Posey, Jr. (#0078292)
THOMPSON HINE, LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Dayton, Ohio  45342
Scott.King@ThompsonHine.com
Terry.Posey@ThompsonHine.com
(937) 443-6910 (facsimile)
*Attorneys for Defendant,*
*Wells Fargo Bank, N.A.*

- 7 -

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was electronically filed on December 12, 2011. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice will also be sent by electronic mail to counsel for those parties that have not yet entered an appearance.


                                        /s/Terry W. Posey, Jr.
                                        Terry W. Posey, Jr.

679317v1