# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, ex rel. <br> DAVID P. JOYCE <br> PROSECUTING ATTORNEY OF <br> GEAUGA COUNTY, OHIO, <br><br> Plaintiff, <br><br> v. <br><br> MERSCORP, INC., et al., <br><br> Defendants. | CASE NO. 1:11-cv-02474 <br><br> **ANSWER OF DEFENDANT** <br> **UNITED GUARANTY** <br> **CORPORATION** <br><br><br> JUDGE JAMES S. GWIN |

Defendant United Guaranty Corporation ("United Guaranty") hereby answers the Complaint as follows:

### NATURE OF THE ACTION

1. United Guaranty denies the allegations in Paragraphs 1 through 8.

### JURISDICTION AND VENUE

2. Answering Paragraph 9, United Guaranty denies the Court has subject matter jurisdiction in that Plaintiff does not have standing to bring the present action. The remaining allegations in Paragraph 9 and the allegations in Paragraph 10 assert legal conclusions to which no answer is required, and United Guaranty denies them on that basis.

### PARTIES

3. United Guaranty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 11 through 29 and, on that basis, denies them.

4. Answering Paragraph 30, United Guaranty denies that it is a Nevada corporation and affirmatively asserts that it is a North Carolina corporation. United Guaranty further admits

its principal place of business is located at 230 North Elm Street, Greensboro, North Carolina 27401 and that its registered agent in Ohio is CT Corporation System at the identified address. United Guaranty denies the remaining allegations in Paragraph 30.

5. United Guaranty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 31 and 32 and, on that basis, denies them.

## FACTUAL STATEMENT

**A. Ohio Requires the Recording of Certain Land Instruments in County Recording Offices**

6. United Guaranty denies the allegations in Paragraphs 33 and 34.

7. Paragraph 35 offers legal conclusions to which no answer is required and, on that basis, United Guaranty denies them.

**B. The MERS Operation**

8. United Guaranty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 36 through 38 and, on that basis, denies them.

9. United Guaranty denies the allegations in Paragraphs 39 through 41.

**C. The MERS Scheme**

**1. How MERS Members Place MERS in Land Instruments**

10. United Guaranty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 42 through 44 and, on that basis, denies them.

**2. How MERS Members Fail to Record Intermediate Mortgage Assignments**

11. United Guaranty lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraphs 45 through 50 and, on that basis, denies them. In addition, to the extent that the allegations in Paragraphs 45 through 50 assert legal conclusions

for which no answer is required, United Guaranty denies them on that basis as well.

12. United Guaranty denies the allegations in Paragraph 51.

## CLASS ALLEGATIONS

13. Answering Paragraph 52, United Guaranty admits Plaintiff purports to bring a putative class action on behalf of itself and other Ohio counties. United Guaranty denies the remaining allegations in Paragraph 52.

14. United Guaranty denies the allegations in Paragraphs 53 through 56.

15. United Guaranty lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57 and, on that basis, denies them.

16. United Guaranty denies the allegations in Paragraphs 58 and 59.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT AND PERMANENT INJUNCTION
### AGAINST ALL DEFENDANTS

17. United Guaranty incorporates by reference their answers to the prior paragraphs.

18. United Guaranty denies the allegations in Paragraphs 61 through 64.

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

19. United Guaranty incorporates by reference their answers to the prior paragraphs.

20. United Guaranty denies the allegations in Paragraphs 66 through 69.

21. United Guaranty denies each and every allegation in the Complaint not otherwise admitted herein.

## ANSWER TO PRAYER FOR RELIEF

United Guaranty denies the allegations in the Prayer for Relief and denies Plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

1. The Complaint should be dismissed for failure to state a claim for relief.

2. The statute of limitations bars the recovery sought in the Complaint.

3. The doctrine of laches bars the recovery sought in the Complaint.

4. The doctrine of equitable estoppel bars the recovery sought in the Complaint.

5. The doctrine of waiver bars the recovery sought in the Complaint.

6. Plaintiff has no standing to bring the present action.

7. Plaintiff has no right of action under Ohio law to bring the claims in the present action.

8. United Guaranty reserves the right to amend or supplement its answer to assert additional affirmative defenses as they become known and/or available.

WHEREFORE, United Guaranty prays as follows:

1. That Plaintiff and the putative class take nothing and be awarded no relief;

2. That judgment be entered in favor of United Guaranty on all claims;

3. For costs of suit and reasonable attorneys' fees incurred herein; and

4. For such additional relief the Court may deem just and appropriate.

Dated: December 12, 2011                Respectfully submitted,
                                        /s/ Todd Kartchner
                                        Todd Kartchner (pro hac vice)
                                        FENNEMORE CRAIG P.C.
                                        3003 North Central Avenue, Suite 2600
                                        Phoenix, AZ  85012
                                        Telephone:  (602) 916-5000
                                        Facsimile:  (602) 916-5999
                                        Email:  tkartchner@fclaw.com
                                        *Attorneys for United Guaranty Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2011, a copy of the foregoing *Answer of Defendant United Guaranty Corporation* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, notice of this filing was sent by regular mail to the parties listed below:

>Stanley D. Bernstein
>Christian Siebott
>Sara Goodman
>Bernstein Liebhard LLP
>10 East 40th Street
>New York, NY 10016

>/s/ Todd Kartchner
>*Attorneys for United Guaranty Corporation*