**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF OHIO, ex rel. <br> DAVID P. JOYCE, <br> PROSECUTING ATTORNEY <br> OF GEAUGA COUNTY, OHIO, <br> on behalf of Geauga County and <br> all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MERSCORP, INC., et al. <br><br> Defendants. | Case No. 1:11-cv-02474 <br><br> JUDGE JAMES S. GWIN <br><br> **ANSWER AND DEFENSES OF** <br> **DEFENDANTS CITIMORTGAGE,** <br> **INC., CITIBANK, N.A. AND** <br> **CITIGROUP INC. TO PLAINTIFF'S** <br> **AMENDED CLASS ACTION** <br> **COMPLAINT** |

Defendants CitiMortgage, Inc. ("CitiMortgage"), Citibank, N.A. ("Citibank") and Citigroup Inc. ("Citigroup") (collectively, "Citi" unless otherwise indicated) hereby answer and respond to the allegations set forth in the amended putative Class Action Complaint [#112] ("Amended Complaint") filed by Plaintiff as follows. Citi is filing this Answer in accordance with the Court's January 28, 2012 Order [#122], which "requires defendants to file an answer to the complaint regardless of whether they have filed or plan to file a motion to dismiss."[1]

**ANSWER TO AMENDED COMPLAINT**

**FIRST DEFENSE**

**NATURE OF ACTION**

1.     Citi admits that this is a lawsuit brought as a putative class action commenced by Plaintiff Geauga County, purportedly on behalf of itself and all other Ohio counties. Citi denies the remaining allegations in paragraph 1, denies that this action meets the requirements of a class action, and specifically denies any and all allegations of wrongdoing.

---

[1]     On January 25, 2012, Citi, along with other defendants, filed a Joint Motion to Dismiss Plaintiff's Amended Complaint [#117] and Memorandum of Law in Support [#117-1].

2.      The allegations in paragraph 2 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

3.      Citi denies the allegations in paragraph 3 and specifically denies any and all allegations of wrongdoing.

4.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

5.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

6.      Citi denies the allegations in paragraph 6 and specifically denies any and all allegations of wrongdoing.

## JURISDICTION AND VENUE

7.      Citi admits that Plaintiff filed this action on October 13, 2011 in the Court of Common Pleas, Geauga County, Ohio, and that certain Defendants removed the case to this Court on November 14, 2011 because diversity of citizenship exists under 28 U.S.C. § 1332.

8.      Citi admits that Plaintiff is contending that this Court lacks subject matter jurisdiction, but Citi denies that this Court lacks subject matter jurisdiction since diversity of citizenship exists under 28 U.S.C. § 1332.

9.      The allegations in paragraph 9 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

**PARTIES**

10.     Citi denies that the State of Ohio is the real plaintiff in this action.  Citi admits that Plaintiff purports to sue on behalf of itself and all other Ohio counties.  Citi denies that this action may be properly maintained as a class action.  The remaining allegations in paragraph 10 assert legal conclusions to which no answer is required or are assertions on which Citi lacks knowledge or information sufficient to form a belief, and on that basis Citi denies them.

11.     Upon information and belief, Citi admits that MERSCORP, Inc. is a Delaware corporation with its principal place of business in Virginia.  Citi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and on that basis denies them.

12.     Upon information and belief, Citi admits that Mortgage Electronic Registration Systems Inc. is a Delaware corporation with its principal place of business in Virginia.  Citi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12, and on that basis denies them.

13.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and on that basis denies them.

14.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and on that basis denies them.

15.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and on that basis denies them.

16.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and on that basis denies them.

17.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and on that basis denies them.

18.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and on that basis denies them.

19.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and on that basis denies them.

20.     Citigroup denies that it is a New York corporation.  Citigroup admits that it is a Delaware corporation with its principal place of business in New York, New York.  Citigroup also admits that it, either directly or through its agents, employees, subsidiaries and/or related companies has been involved in securitization transactions that involve real property located in the State of Ohio.  Citigroup denies the remaining allegations in paragraph 20.

21.     Citibank admits that it is a national banking association, but denies that its principal place of business is New York, New York.  Citibank admits that its head office, as designated in its Articles of Association, is located in Sioux Falls, South Dakota.  Citibank also admits that it, either directly or through its agents, employees, subsidiaries and/or related companies has been involved in securitization transactions that involve real property located in the State of Ohio.  Citibank denies the remaining allegations in paragraph 21.

22.     CitiMortgage admits that it is a New York corporation with its principal place of business in O'Fallon, Missouri.  CitiMortgage also admits that it, either directly or through its agents, employees, subsidiaries and/or related companies has been involved in securitization transactions that involve real property located in the State of Ohio.  CitiMortgage denies the remaining allegations in paragraph 22.

4

23.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and on that basis denies them.

24.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and on that basis denies them.

25.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and on that basis denies them.

26.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and on that basis denies them.

27.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and on that basis denies them.

28.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and on that basis denies them.

29.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and on that basis denies them.

30.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and on that basis denies them.

31.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and on that basis denies them.

32.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and on that basis denies them.

33.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and on that basis denies them.

34.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and on that basis denies them.

35.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and on that basis denies them.

36.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and on that basis denies them.

37.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and on that basis denies them.

38.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and on that basis denies them.

39.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and on that basis denies them.

40.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, and on that basis denies them.

41.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and on that basis denies them.

## FACTUAL STATEMENT

**A.     Ohio Recording Statutes**

     **1.     Ohio Law Requires that Certain Land Instruments Be Recorded in County Recording Offices**

42.     Citi admits that a residential mortage loan for the purchase of real property typically involves a note and a security instrument in the form of a mortgage or deed of trust.  The remaining allegations in paragraph 42 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

43.     The allegations in paragraph 43 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

44.     The allegations in paragraph 44 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

     **2.     The Public Land Recording System**

45.     Citi admits that county recorders' offices in Ohio are typically run by county recorders.  The remaining allegations in paragraph 45 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

46.     The allegations in paragraph 46 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

47.     The allegations in paragraph 47 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

**B.**     **The Securitization of Ohio Mortgage Loans**

48.     Citi lacks knowledge or information sufficient to form a belief about whether "[b]eginning in the 1990s, securitization of mortgages became increasingly popular investments" and on that basis denies that allegation and the remaining allegations in paragraph 48.

49.      Citi admits that the securitization of mortgages loans can involve the sale, transfer, assignment, depositing and conveyance of mortgage loans between the relevant parties to the securitization.  Citi denies the remaining allegations in paragraph 49.

50.     Citi admits that the securitization of mortgage loans can involve the process illustrated in paragraph 50, but denies that the securitization of mortgage loans must involve the process illustrated in paragraph 50 and therefore denies the remaining allegations in paragraph 50 on that basis.

51.     Citi admits that the securitization of mortgage loans can involve the process illustrated in paragraph 51, including subsections 51(a)–(e), but denies that the securitization of mortgage loans must involve the process illustrated in paragraph 51, including all subsections 51(a)–(e), and therefore denies the remaining allegations in paragraph 51, including subsections 51(a)–(e), on that basis.

52.     The allegations in paragraph 52 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

53.     The allegations in paragraph 53 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

**C.      Defendants Benefited by Recording <u>Only</u> One Mortgage Assignment**

54.      Citi denies the allegations in paragraph 54 and specifically denies any and all allegations of wrongdoing.

55.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55, and on that basis denies them.

56.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56, and on that basis denies them.  In addition, the allegations in paragraph 56 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

57.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57, and on that basis denies them.

58.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58, and on that basis denies them.  In addition, the allegations in paragraph 58 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

**D.      The MERS Scheme**

59.      Citi admits that MERS maintains an electronic database that, among other things, tracks the ownership interests and servicing interests in certain residential mortgage loans. Citi denies the remaining allegations in paragraph 59.

60.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and on that basis denies them.

61.      Citi admits that, as a member of MERS, it pays membership fees to register and track certain ownership interests and servicing rights on the MERS System and that it also pays

certain transaction fees to MERS.  Citi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 61, and on that basis denies them.

62.     Citi admits that, as a member of MERS, it pays membership fees to register and track certain ownership interests and servicing rights on the MERS System and that it also pays certain transaction fees to MERS.  Citi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62, and on that basis denies them.

63.     Upon information and belief, Citi admits that MERS does not originate, service or invest in mortgage loans.  Citi denies the remaining allegations in paragraph 63.

64.     Citi denies the allegations in paragraph 64 and specifically denies any and all allegations of wrongdoing.  In addition, to the extent the allegations in paragraph 64 assert legal conclusions to which no answer is required, Citi also denies them on that basis.

### 1.     How MERS Members Place MERS in Land Instruments

65.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, including subsections 65(a) and (b), and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

66.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

67.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

68.     The allegations in paragraph 68 assert legal conclusions to which no answer is required, and on that basis Citi denies them.

## 2.     How MERS Members Failed to Record Mortgage Assignments

69.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

70.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

71.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

72.     The allegations in paragraph 72 assert legal conclusions to which no answer is required, and on that basis Citi denies them.  Citi specifically denies any and all allegations of wrongdoing.

## E.     Defendants Failed to Record All MERS and Non-MERS Assignments

73.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

74.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

75.     The allegations in paragraph 75 assert legal conclusions to which no answer is required, and on that basis Citi denies them.  To the extent facts are alleged in paragraph 75, Citi lacks knowledge or information sufficient to form a belief about the truth of those factual allegations, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

**F.      Specific Examples of Unrecorded Assignments**

76.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76, and on that basis denies them.  Citi specifically denies any and all allegations of wrongdoing.

77.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77, including subsections 77(a)-(c), and on that basis denies them.

78.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78, including subsections 78(a)-(e), and on that basis denies them.

79.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79, and on that basis denies them.

80.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80, including subsection 80(a), and on that basis denies them.

81.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81, and on that basis denies them.

82.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82, including subsections 82(a)-(b), and on that basis denies them.

83.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83, and on that basis denies them.

84.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84, and on that basis denies them.

85.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85, including subsection 85(a), and on that basis denies them.

86.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86, and on that basis denies them.

87.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87, and on that basis denies them.

88.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88, and on that basis denies them.

89.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89, including subsection 89(a), and on that basis denies them.

90.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90, and on that basis denies them.

91.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91, and on that basis denies them.

92.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92, and on that basis denies them.

93.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93, including subsection 93(a), and on that basis denies them.

94.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94, and on that basis denies them.

95.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95, and on that basis denies them.

1.[2]     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and on that basis denies them.

2.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, including subsection 2(a), and on that basis denies them.

3.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and on that basis denies them.

4.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and on that basis denies them.

5.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and on that basis denies them.

6.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6, including subsection 6(a), and on that basis denies them.

7.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and on that basis denies them.

---

[2]     The paragraph numbering in Plaintiff's Amended Complaint jumps from paragraph 95 to paragraph 1 on page 30 of the Amended Complaint.  For ease of reference, Citi will follow Plaintiff's numbering scheme.

8. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and on that basis denies them.

9. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and on that basis denies them.

10. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, including subsection 10(a), and on that basis denies them.

11. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and on that basis denies them.

12. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and on that basis denies them.

13. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and on that basis denies them.

14. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, including subsection 14(a), and on that basis denies them.

15. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and on that basis denies them.

16. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and on that basis denies them.

17. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and on that basis denies them.

18.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and on that basis denies them.

19.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, including subsection 19(a), and on that basis denies them.

20.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and on that basis denies them.

21.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and on that basis denies them.

22.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and on that basis denies them.

23.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and on that basis denies them.

24.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, including subsection 24(a), and on that basis denies them.

25.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and on that basis denies them.

26.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and on that basis denies them.

27.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and on that basis denies them.

28.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, including subsection 28(a), and on that basis denies them.

29.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and on that basis denies them.

30.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and on that basis denies them.

31.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and on that basis denies them.

32.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, including subsection 32(a), and on that basis denies them.

33.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and on that basis denies them.

34.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and on that basis denies them.

35.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and on that basis denies them.

36.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, including subsection 36(a), and on that basis denies them.

37.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and on that basis denies them.

38.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and on that basis denies them.

39.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, including subsection 39(a), and on that basis denies them.

40.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, and on that basis denies them.

41.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and on that basis denies them.

42.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and on that basis denies them.

43.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, including subsection 43(a), and on that basis denies them.

44.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and on that basis denies them.

45.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and on that basis denies them.

46.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and on that basis denies them.

47.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47, and on that basis denies them.

48.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48, including subsections 48(a)-(b), and on that basis denies them.

49.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and on that basis denies them.

50.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and on that basis denies them.

51.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, and on that basis denies them.

52.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52, and on that basis denies them.

53.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53, and on that basis denies them.

54.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54, and on that basis denies them.

55.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55, and on that basis denies them.

56.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56, and on that basis denies them.

57.    Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57, and on that basis denies them.

58.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58, including subsections 58(a)-(d), and on that basis denies them.

59.     Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59, including subsection 59(a), and on that basis denies them.

### CLASS ALLEGATIONS

60.     Citi admits that Plaintiff purports to bring a putative class action on behalf of itself and all other Ohio counties.  Citi denies the remaining allegations in paragraph 60 and specifically denies that this action meets the requirements of a class action.

61.     Citi denies the allegations in paragraph 61 and specifically denies that this action meets the requirements of a class action.

62.     Citi denies the allegations in paragraph 62, including subsections 62(a)-(d), and specifically denies that this action meets the requirements of a class action.

63.     Citi denies the allegations in paragraph 63, including subsections 63(a)-(c), and specifically denies that this action meets the requirements of a class action.

64.     Citi denies the allegations in paragraph 64 and specifically denies that this action meets the requirements of a class action.

65.      Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, and on that basis denies them.   Citi specifically denies that this action meets the requirements of a class action.

66.     Citi denies the allegations in paragraph 66 and specifically denies that this action meets the requirements of a class action.

67.     Citi denies the allegations in paragraph 67, including subsections 67(a)-(d), and specifically denies that this action meets the requirements of a class action.

## CLAIMS FOR RELIEF

## FIRST COUNT

### Declaratory Judgment and Injunction For Failure to Record Mortgages and Mortgage Assignments in Violation of Ohio Rev. Code Ann. §§ 5301.25 and 5301.32 (Against All Defendants)

68.     Citi denies the allegations in paragraph 68 and specifically denies any and all allegations of wrongdoing.

69.     Citi admits that Plaintiff requests a declaratory judgment.  Citi denies the remaining allegations in paragraph 69 and specifically denies that Plaintiff is entitled to a declaratory judgment.

70.     Citi admits that Plaintiff requests an injunction.  Citi denies the remaining allegations in paragraph 70 and specifically denies that Plaintiff is entitled to an injunction.

## SECOND COUNT

### Unjust Enrichment (Against All Defendants)

71.     Citi denies the allegations in paragraph 71 and specifically denies any and all allegations of wrongdoing.

72.     Citi denies the allegations in paragraph 72 and specifically denies any and all allegations of wrongdoing.

73.     Citi admits that Plaintiff purports to seek restitution.  Citi denies the remaining allegations in paragraph 73 and specifically denies any and all allegations of wrongdoing.

## THIRD COUNT

### Civil Conspiracy (Against All Defendants)

74.     Citi admits that certain Defendants are shareholders or members of MERS.  Citi denies the remaining allegations in paragraph 74 and specifically denies any and all allegations of wrongdoing.

75.     Citi denies the allegations in paragraph 75 and specifically denies any and all allegations of wrongdoing.

76.     Citi denies the allegations in paragraph 76 and specifically denies any and all allegations of wrongdoing.

77.     Citi denies the allegations in paragraph 77 and specifically denies any and all allegations of wrongdoing.

### ANSWER TO PRAYER FOR RELIEF

Citi denies all allegations set forth in Plaintiff's Prayer for Relief.  Specifically, Citi denies that this action meets the requirements of a class action, and that Plaintiff or the putative class is entitled to a declaratory judgment, injunctive or other equitable relief, restitution, disgorgement, damages, attorneys fees, costs, or any other form of relief.

### ADDITIONAL DEFENSES

### SECOND DEFENSE

### (Failure to State a Claim for Relief)

The Amended Complaint does not state a claim for relief by Plaintiff, or any of those on whose behalf Plaintiff purports to act, against Citi because the allegations in the Amended Complaint establish that Plaintiff's claims are unsustainable as a matter of law.

22

## THIRD DEFENSE

### (Limitations)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining all or part of the relief demanded in the Amended Complaint by reason of any and all applicable statutes of limitations.

## FOURTH DEFENSE

### (Laches)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because Plaintiff unreasonably delayed filing this action to the harm and prejudice of Citi.

## FIFTH DEFENSE

### (Equitable Estoppel)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint based on the doctrine of equitable estoppel, insofar as Plaintiff remained silent despite purportedly knowing of the conduct alleged in the Amended Complaint, and  Citi relied on Plaintiff's silence to its detriment.

## SIXTH DEFENSE

### (Lack of Standing)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because they lack authority or constitutional and prudential standing, under Article III of the United States Constitution, the Ohio Constitution, and Ohio statutes, including Ohio Rev. Code Ann. § 309.12, § 305.14, § 317.32, § 5301.25, and §5301.32, to bring some or all of the claims raised therein.  Plaintiff, and all those on whose behalf Plaintiff purports to act, have not suffered a legally cognizable injury

23

that is fairly traceable to Citi's alleged conduct and that would be redressed by the relief sought herein.

### SEVENTH DEFENSE

### (No Right of Action)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because they lack a right of action under Ohio law, including under Ohio Rev. Code Ann. § 309.12, § 305.14, § 317.32, § 5301.25, and §5301.32, to bring suit under the circumstances alleged in the Amended Complaint.

### EIGHTH DEFENSE

### (Mootness)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because their claims are moot insofar as they seek to force defendants to record alleged assignments that have already allegedly been consummated.

### NINTH DEFENSE

### (Waiver)

The Amended Complaint, and each purported claim therein, is barred by the conduct and inactions of Plaintiff, and/or any person it purports to represent, which amount to and constitute a waiver of any right or rights Plaintiff, and/or any person it purports to represent, may or might have in relation to the matters alleged in the Amended Complaint.  Plaintiff has known of the conduct alleged in the Amended Complaint for many years without objecting or bringing suit.

## TENTH DEFENSE

### (Failure to Mitigate Losses)

Plaintiff, and all those on whose behalf Plaintiff purports to act, have failed to mitigate their alleged losses, if any, and thus if Plaintiff or any of the putative class members were otherwise entitled to any recovery or other relief in this action, which Citi denies, any such recovery or relief by them, or any of them, must be limited or barred to the extent of such failure.

## ELEVENTH DEFENSE

### (Unjust Enrichment)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because they would be unjustly and inequitably enriched at Citi's expense if they were permitted to obtain that relief, insofar as they are seeking to recover fees for recording services that they never performed.

## TWELFTH DEFENSE

### (Others Responsible)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because their supposed losses and damages, if any, were proximately and exclusively caused by their own actions or omissions, or by the actions or omissions of third parties over whom Citi has no control.

## THIRTEENTH DEFENSE

### (Privity)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because they lack privity with Citi.

## FOURTEENTH DEFENSE

### (Real Party in Interest)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because they are not the real parties in interest, and/or have failed to join one or more necessary parties.

## FIFTEENTH DEFENSE

### (Failure to Plead Fraud With Particularity)

Plaintiff, and all those on whose behalf Plaintiff purports to act, are barred from obtaining any of the relief demanded in the Amended Complaint because they failed to plead alleged fraudulent conduct with the requisite particularity.

## SIXTEENTH DEFENSE

### (Additional Defenses)

The defenses asserted herein are based on Citi's information and belief.  Citi reserves the right to rely on all defenses lawfully available to it, including, but not limited to, those defenses asserted herein.  Citi also reserves the right to amend, supplement, alter, augment, or change this answer and to rely upon any other additional defenses at law or in equity that may be, or become, available to it if discovery in this case commences and Plaintiff's averments and contentions become clearer.  In addition, the claims of absent putative class members are barred by some or all of the defenses asserted below that bar Plaintiff's claims.  In the event that any attempt is made to certify a class in this action, Citi reserves the right to identify and advance any further defenses that may apply to entities other than the named Plaintiff.

WHEREFORE, Citi prays as follows:

26

1.     That Plaintiff and the putative class take nothing and be awarded no relief whatsoever from Citi;

2.     That judgment be entered in favor of Citi on all claims;

3.     For costs of suit and reasonable attorneys' fees incurred herein; and

4.     For such further and additional relief that the Court deems just and appropriate.

Respectfully submitted,


*/s/ Amanda Martinsek*
Amanda Martinsek (0058567)
Marquettes D. Robinson (0074268)
THACKER MARTINSEK LPA
2330 One Cleveland Center
1375 East 9th Street
Cleveland, Ohio, 44114
Telephone:  (216) 456-3840
Facsimile:  (216) 456-3850
Email:  amartinsek@tmlpa.com
         mrobinson@tmlpa.com


Lucia Nale (admitted *pro hac vice*)
Thomas V. Panoff (admitted *pro hac vice*)
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 701-8821
Facsimile:  (312) 706-8297
Email:  lnale@mayerbrown.com
         tpanoff@mayerbrown.com

*Attorneys for CitiMortgage, Inc., Citibank, N.A. and Citigroup Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2012, a copy of the foregoing *Answer and Defenses of Defendants Citimortgage, Inc., Citibank, N.A. and Citigroup Inc. to Plaintiff's Amended Class Action Complaint* was filed electronically through the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*/s/ Amanda Martinsek*
*One of the Attorneys for CitiMortgage, Inc.,*
*Citibank, N.A. and Citigroup Inc.*

608154