**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF OHIO, ex rel., | § | |
| DAVID P. JOYCE, | § | |
| PROSECUTING ATTORNEY OF GEAUGA | § | |
| COUNTY, OHIO, | § | Case No. 1:11-cv 02474 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MERSCORP, INC. *et al.*, | § | Hon. James S. Gwin |
| | § | |
| Defendants. | § | |
| | § | |

**EVERBANK'S ANSWER TO AMENDED COMPLAINT**

Defendant EverBank, by and through undersigned counsel, hereby files this Answer to Plaintiff's "Amended Class Action Complaint" ("Amended Complaint"). EverBank files this Answer without waiving, and expressly reserving, all rights that EverBank has to file dispositive motions. EverBank denies all allegations in the Amended Complaint except as expressly admitted herein.

**RESPONSE TO ALLEGATIONS**

**"NATURE OF THE ACTION"**

1.     The allegations contained in Paragraph 1 are descriptions of Plaintiff's Amended Complaint, as to which no response is required. To the extent a response is required, EverBank states that the Amended Complaint speaks for itself, and denies all allegations in Paragraph 1 inconsistent with the Amended Complaint. EverBank also denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

2.     The allegations contained in Paragraph 2 constitute conclusions of law, as to which no response is required.  To the extent a response is required, EverBank states that Ohio law speaks for itself, and denies all allegations inconsistent with Ohio law.

3.     To the extent that the allegations in Paragraph 3 purport to describe the conduct of entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 3 and therefore denies them.  To the extent the allegations in Paragraph 3 purport to apply to EverBank, EverBank denies them.

4.     To the extent that the allegations in Paragraph 4 purport to describe the conduct of entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 4 and therefore denies them.  To the extent the allegations in Paragraph 4 purport to apply to EverBank, EverBank denies them.

5.     To the extent that the allegations in Paragraph 5 purport to describe the conduct of entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 5 and therefore denies them.  To the extent the allegations in Paragraph 5 purport to apply to EverBank, EverBank denies them.

6.     To the extent that the allegations in Paragraph 6 purport to describe the conduct of entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 6 and therefore denies them.  To the extent the allegations in Paragraph 6 purport to apply to EverBank, EverBank denies them.  EverBank also specifically denies that it has violated any legal "requirements," or otherwise acted unlawfully.

## "JURISDICTION AND VENUE"

7.     The allegations contained in Paragraph 7 of the Amended Complaint are admitted.

8.     The allegations contained in Paragraph 8 of the Amended Complaint constitute conclusions of law, as to which no response is required.  To the extent a response is required,

EverBank denies the allegations, and states that removal was proper because the Court has subject matter jurisdiction over this action.

9.      The allegations contained in Paragraph 9 of the Amended Complaint constitute conclusions of law, as to which no response is required.  To the extent that the allegations in Paragraph 9 purport to describe the conduct of entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 9 and therefore denies them.  To the extent that the allegations in Paragraph 9 purport to apply to EverBank, EverBank admits the allegations in Paragraph 9.

## "PARTIES"

10.      The allegations contained in Paragraph 10 constitute conclusions of law, as to which no response is required.  To the extent that a response is required, EverBank denies the allegations contained in Paragraph 10.  EverBank specifically denies that Plaintiff Geauga County, Ohio may properly sue on behalf of "the State of Ohio" or "on behalf of . . . all other Ohio counties."

11.      EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 11, and so denies them.

12.      EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 12, and so denies them.

13.      EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 13, and so denies them.

14.      EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 14, and so denies them.

15.      EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 15, and so denies them.

16.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 16, and so denies them.

17.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 17, and so denies them.

18.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 18, and so denies them.

19.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 19, and so denies them.

20.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 20, and so denies them.

21.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 21, and so denies them.

22.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 22, and so denies them.

23.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 23, and so denies them.

24.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 24, and so denies them.

25.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 25, and so denies them.

26.     EverBank admits that EverHome Mortgage Company merged into EverBank on July 1, 2011, and is now known as Everhome Mortgage, an unincorporated division of

EverBank, a federal savings association.  EverBank denies all other allegations contained in Paragraph 26.

27.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 27, and so denies them.

28.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 28, and so denies them.

29.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 29, and so denies them.

30.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 30, and so denies them.

31.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 31, and so denies them.

32.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 32, and so denies them.

33.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 33, and so denies them.

34.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 34, and so denies them.

35.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 35, and so denies them.

36.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 36, and so denies them.

37.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 37, and so denies them.

38.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 38, and so denies them.

39.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 39, and so denies them.

40.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 40, and so denies them.

41.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 41, and so denies them.

## "FACTUAL STATEMENT"

42.     EverBank admits that borrowers sign notes and mortgages, states that the terms of those documents speak for themselves, and denies the remaining allegations contained in Paragraph 42.

43.     The allegations contained in Paragraph 43 constitute conclusions of law, as to which no response is required.  To the extent a response is required, EverBank denies the allegations contained in Paragraph 43.

44.     The allegations contained in Paragraph 44 constitute conclusions of law, as to which no response is required.  To the extent a response is required, EverBank denies each and every allegation contained in Paragraph 44.

45.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 45, and so denies them.

46.     The allegations contained in Paragraph 46 constitute conclusions of law, as to which no response is required.  To the extent a response is required, EverBank denies the allegations contained in Paragraph 46.

47.     The allegations contained in Paragraph 47 constitute conclusions of law, as to which no response is required.  To the extent a response is required, EverBank admits the allegations contained in Paragraph 47.

48.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 48, and so denies them.

49.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 49, and so denies them.

50.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 50, and so denies them.

51.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 51, and so denies them.

52.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 52, and so denies them.

53.     EverBank lacks knowledge and information sufficient to admit or deny the truth of the allegations contained in Paragraph 53, and so denies them.  EverBank specifically denies that there exists a "legal requirement to record each assignment of a mortgage."

54.     To the extent that the allegations in Paragraph 54 purport to describe the conduct of entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 54 and therefore denies them.  To the extent the allegations in Paragraph 54 purport to apply to EverBank, EverBank denies them.

55.     EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 55 and therefore denies them.

56.     EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 56 and therefore denies them.

57.     EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 57 and therefore denies them.

58.     To the extent that the allegations in Paragraph 58 purport to describe the conduct of entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 58 and therefore denies them.  To the extent the allegations in Paragraph 58 purport to apply to EverBank, the allegations are generic, vague and ambiguous, and so EverBank denies them.

59.     EverBank admits that MERS allows members to track the transfer of certain interests in mortgage loans, and otherwise denies the remaining allegations in Paragraph 59.

60.     EverBank admits the allegation in Paragraph 60 that MERS members include banking and mortgage entities.  EverBank lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 60, and so denies them.

61.     EverBank admits the allegation in Paragraph 61 that members of MERS pay membership fees to register loans on the MERS system, and denies the remaining allegations in Paragraph 61.

62.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 62, and so denies them.

63.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 63, and so denies them.

64.     EverBank denies the allegations contained in Paragraph 64.

65.     EverBank lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 65, and so denies them.

66.     EverBank admits that MERS members may execute documents on behalf of MERS, and denies the remaining allegations contained in Paragraph 66.

67.     EverBank admits that MERS members may execute documents of behalf of MERS, and denies the remaining allegations contained in Paragraph 67.

68.     To the extent that the allegations in Paragraph 68 refer to alleged conduct by entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 68 and so denies them.  To the extent that the allegations in Paragraph 68 purport to concern EverBank, EverBank denies the allegations contained in Paragraph 68.

69.     EverBank denies the allegations contained in Paragraph 69.

70.     To the extent that the allegations in Paragraph 70 refer to alleged conduct by entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 70 and so denies them.  To the extent that the allegations in Paragraph 70 purport to concern EverBank, EverBank denies the allegations contained in Paragraph 70.

71.     To the extent that the allegations in Paragraph 71 refer to alleged conduct by entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 71 and so denies them.  To the extent that the allegations in Paragraph 71 purport to concern EverBank, EverBank denies the allegations contained in Paragraph 71.

72.     Paragraph 72 contains allegations that constitute conclusions of law, as to which no response is required.  To the extent that a response is required, EverBank denies the allegations in Paragraph 72.

73.     To the extent that the allegations in Paragraph 73 refer to alleged conduct by entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 73 and so denies them.  To the extent that the allegations in Paragraph 73 purport to concern EverBank, EverBank denies the allegations contained in Paragraph 73.

74.     To the extent that the allegations in Paragraph 74 refer to alleged conduct by entities other than EverBank, EverBank lacks knowledge and information sufficient to deny the truth of the allegations contained in Paragraph 74 and so denies them.  To the extent that the allegations in Paragraph 74 purport to concern EverBank, EverBank denies the allegations contained in Paragraph 74.

75.     Paragraph 75 contains allegations that constitute conclusions of law, as to which no response is required.  To the extent that a response is required, EverBank denies the allegations in Paragraph 75.

76.     Paragraph 76 contains allegations that constitute conclusions of law, as to which no response is required.  To the extent that a response is required, EverBank denies the allegations in Paragraph 76.

77.     EverBank admits the allegations of Paragraph 77a.  EverBank lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 77, and so denies them.

78.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 78, and so denies them.

79.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 79, and so denies them.

80.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 80, and so denies them.

81.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 81, and so denies them.

82.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 82, and so denies them.

83.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 83, and so denies them.

84.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 84, and so denies them.

85.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 85, and so denies them.

86.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 86, and so denies them.

87.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 87, and so denies them.

88.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 88, and so denies them.

89.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 89, and so denies them.

90.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 90, and so denies them.

91.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 91, and so denies them.

92.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 92, and so denies them.

93.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 93, and so denies them.

94.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 94, and so denies them.

95.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 95, and so denies them.

1.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 1, and so denies them.[1]

2.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 2, and so denies them.

3.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 3, and so denies them.

4.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 4, and so denies them.

---

[1]     The Amended Complaint begins with consecutive numbered Paragraphs 1-95, but then contains additional numbered Paragraphs 1-77.

5. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 5, and so denies them.

6. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 6, and so denies them.

7. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 7, and so denies them.

8. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 8, and so denies them.

9. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 9, and so denies them.

10. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 10, and so denies them.

11. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 11, and so denies them.

12. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 12, and so denies them.

13. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 13, and so denies them.

14. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 14, and so denies them.

15. EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 15, and so denies them.

16.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 16, and so denies them.

17.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 17, and so denies them.

18.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 18, and so denies them.

19.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 19, and so denies them.

20.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 20, and so denies them.

21.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 21, and so denies them.

22.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 22, and so denies them.

23.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 23, and so denies them.

24.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 24, and so denies them

25.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 25, and so denies them.

26.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 26, and so denies them.

27.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 27, and so denies them.

28.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 28, and so denies them.

29.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 29, and so denies them.

30.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 30, and so denies them.

31.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 31, and so denies them.

32.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 32, and so denies them.

33.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 33, and so denies them.

34.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 34, and so denies them.

35.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 35, and so denies them.

36.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 36, and so denies them.

37.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 37, and so denies them.

38.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 38, and so denies them.

39.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 39, and so denies them.

40.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 40, and so denies them.

41.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 41, and so denies them.

42.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 42, and so denies them.

43.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 43, and so denies them.

44.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 44, and so denies them.

45.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 45, and so denies them.

46.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 46, and so denies them.

47.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 47, and so denies them.

48.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 48, and so denies them.

49.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 49, and so denies them.

50.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 50, and so denies them.

51.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 51, and so denies them.

52.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 52, and so denies them.

53.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 53, and so denies them.

54.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 54, and so denies them.

55.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 55, and so denies them.

56.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 56, and so denies them.

57.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 57, and so denies them.

58.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 58, and so denies them.

59.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 59, and so denies them.

## "CLASS ALLEGATIONS"

60.     Paragraph 60 contains allegations that constitute conclusions of law, as to which no response is required.  To the extent a response is required, EverBank states that the Amended Complaint speaks for itself, and denies all allegations in Paragraph 60 inconsistent with the Amended Complaint.  EverBank further denies that the lawsuit meets the requirements for certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

61.     EverBank denies the allegations contained in Paragraph 61.  EverBank further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

62.     EverBank denies the allegations contained in Paragraph 62.  EverBank further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

63.     EverBank denies the allegations contained in paragraph 63.  EverBank further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

64.     EverBank denies the allegations contained in paragraph 64.  EverBank further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

65.     EverBank lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 65, and so denies them.  EverBank further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

66.     EverBank denies the allegations contained in Paragraph 66.  EverBank further denies that putative class members meet the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

67.     EverBank denies the allegations contained in Paragraph 67.  EverBank further denies that the lawsuit meets the requirements for class certification under Ohio Civ. R. 23 or Fed. R. Civ. P. 23, and denies that any class should be certified.

### "FIRST COUNT"

68.     EverBank denies the allegations contained in Paragraph 68.

69.     EverBank denies the allegations contained in Paragraph 69.

70.     EverBank denies the allegations contained in Paragraph 70.

### "SECOND COUNT"

71.     EverBank denies the allegations contained in Paragraph 71.

72.     EverBank denies the allegations contained in Paragraph 72.

73.     EverBank denies the allegations contained in Paragraph 73.

### "THIRD COUNT"

74.     EverBank denies the allegations contained in Paragraph 74.

75.     EverBank denies the allegations contained in Paragraph 75.

76.     EverBank denies the allegations contained in Paragraph 76.

77.     EverBank denies the allegations contained in Paragraph 77.

### AFFIRMATIVE DEFENSES

1.     The Amended Complaint fails to state a claim on which relief may be granted.

2.     The statutes on which Plaintiff relies do not create a private right of action.

3.     The statutes on which Plaintiff relies do not permit recovery for the types of alleged injuries which Plaintiff asserts in the Amended Complaint.

4.      Plaintiff's damage claims are barred because Plaintiff is not permitted to recover money damages for services which it never rendered.

5.      Plaintiff Geauga County lacks standing to sue on behalf of the State of Ohio or other Ohio Counties.

6.      Plaintiff's claims are barred or limited, in whole or in part, by estoppel, waiver, unclean hands, governing standards of equity and good conscience, and because the requested relief would result in unjust enrichment, as well as other equitable doctrines.

7.      Plaintiff's claims are barred or limited, in whole or in part, by applicable statutes of limitations and other applicable periods of repose.

8.      Plaintiff's claims are barred, in whole or in part, because neither Plaintiff nor any member of the putative class has suffered any harm, damages, or prejudice as a result of the actions described in the Amended Complaint.

9.      Plaintiff's claims are barred or limited, in whole or in part, to the extent EverBank was privileged or licensed to act in the manner it did, including by permission granted by state law, license, federal charter, or regulatory approval or assent.

10.     Plaintiff's claims are barred, in whole or in part, because granting the relief sought by Plaintiff would be unconscionable.

11.     Plaintiff's claims are barred or limited, in whole or in part, because Plaintiff has ratified, approved, adopted and consented to the actions described in the Amended Complaint.

12.     Plaintiff's claims are barred or limited, in whole or in part, to the extent they overlap with other actions commenced on their behalf or in which they are or might be members of a class.

13.     Plaintiff's First Count fails to state a claim because a declaratory judgment and an injunction are remedies, not causes of action.

14.     Plaintiff's claims for injunctive relief are barred because Plaintiff unduly delayed in challenging the conduct described in the Amended Complaint.

15.     Plaintiff's claims for injunctive relief are barred because such relief would not be in the public interest.

16.     Plaintiff's claims for injunctive relief are barred because Plaintiff has an adequate remedy at law and will not face irreparable harm in the absence of an injunction.

17.     Plaintiff's unjust enrichment claim is barred because Plaintiff conferred no benefits on EverBank.

18.     Plaintiff's unjust enrichment claim fails because EverBank did not act unjustly or improperly under Ohio law.

19.     The actions by EverBank were consistent with, permitted by, dictated by, and in certain respects required by, applicable federal and/or state law, and to that extent cannot be the subject of recovery in this action.

20.     Plaintiff's request for attorney's fees and costs are barred because no statute or contract authorizes recovery of those items from EverBank.

21.     Class treatment under Fed. R. Civ. P. 23 is not appropriate in this action because, among other reasons, the putative class is not so numerous that joinder of all purported members is impracticable, common questions of law and fact do not predominate over individualized issues, Plaintiff's claims are not typical of the claims or defenses of the class, Plaintiff will not fairly and adequately protect the interests of the putative class, class treatment is not superior to

other available methods of determining the controversy, and a class action would be unmanageable.

22.     EverBank reserves the right to assert any additional or different defenses and affirmative defenses in response to the Amended Complaint based on information or knowledge obtained during future discovery or investigation and/or based on the particular circumstances of the class members in the event the class is certified.

WHEREFORE, defendant EverBank denies that any relief should be awarded in this action; demands that judgment be entered in its favor and against the Plaintiff and the putative class; prays that it be awarded its attorney's fees and costs; and prays for such other and further relief as the Court may deem necessary and proper.

Respectfully submitted,

/s/ Barbara Friedman Yaksic
Barbara Friedman Yaksic (0014338)
James S. Wertheim (0029464)
McGlinchey Stafford PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone:  (216) 378-9905
Facsimile:  (216) 378-9910
byaksic@mcglinchey.com
jwertheim@mcglinchey.com

Thomas M. Hefferon (*pro hac vice*)
Joseph F. Yenouskas (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington DC  20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444
thefferon@goodwinprocter.com
jyenouskas@goodwinprocter.com

Attorneys for Defendant EverBank

Dated:  February 9, 2012