UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, *ex rel.* DAVID P. JOYCE, PROSECUTING ATTORNEY OF GEAUGA COUNTY, on behalf of all Ohio counties,<br><br>               Plaintiff,<br><br>   vs.<br><br>MERSCORP, INC., *et al.*,<br><br>              Defendants. | CASE NO. 1:11-CV-02474<br><br>JUDGE JAMES S. GWIN |

**DEFENDANTS FIFTH THIRD BANK, THE HUNTINGTON NATIONAL BANK, AND KEYBANK NATIONAL ASSOCIATION'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO DISMISS**

## INTRODUCTION

After other defendants removed this case, the prosecutor filed an amended complaint that named three Ohio banks—Fifth Third Bank, The Huntington National Bank,[1] and KeyBank National Association (the "New Ohio Defendants")—as additional defendants. But the removal statute forbids a plaintiff from adding new parties that would destroy diversity and requires a plaintiff who wishes to add such parties to first seek leave of court.

The Court should strike the Amended Complaint, at least as to the New Ohio Defendants, because the prosecutor failed to seek leave under 28 U.S.C. § 1447(e) to add non-diverse defendants whose presence in this action would destroy diversity. Alternatively, the Court should exercise its discretion under Rule 21 to perfect jurisdiction by dropping the prosecutor's claims against the New Ohio Defendants and any other non-diverse defendants. Under either scenario, the case cannot proceed with the New Ohio Defendants named as parties, so it should dismiss the prosecutor's claims against them.

## FACTUAL BACKGROUND

On October 13, 2011, the prosecutor filed in state court a putative class-action complaint against 19 financial institutions and 3000 Doe defendants. With his complaint, the prosecutor alleged that the defendants violated Ohio law by failing to record mortgage assignments with the county recorder's office. The complaint alleged that one of the defendants, Home Savings & Loan Company of Youngstown, was an Ohio citizen for diversity-jurisdiction purposes.

---

[1] The Amended Complaint incorrectly names Huntington National Bank, N.A.; the proper legal name is The Huntington National Bank.

1

Defendants named in the original complaint timely removed the case to federal court on November 14, 2011, asserting in their notice of removal that the prosecutor had fraudulently joined Home Savings & Loan. (ECF No. 1 at 8–10.) On December 9, 2011, the prosecutor asked this Court to extend by 21 days the time to file an "amended complaint as a matter of course." (ECF No. 63, at 1–3.) On December 12, 2011, the defendants filed a motion to dismiss. (ECF No. 65.) The prosecutor did not move to remand, but instead, on January 17, 2012, filed an amended complaint naming new defendants, including the New Ohio Defendants, and contending that this Court lacked subject matter jurisdiction. (ECF No. 112 at ¶ 8, 27, 32–33.)[2] The prosecutor did not seek leave to add the New Ohio Defendants before filing the Amended Complaint. On January 25, 2012, the original defendants moved the Court to dismiss the Amended Complaint. That motion is presently pending.

## ARGUMENT

**I.   This Court Should Strike the Amended Complaint for Improperly Seeking to Add Non-Diverse Defendants Without Leave of Court.**

Amending the complaint to add the New Ohio Defendants would destroy the Court's diversity jurisdiction. The prosecutor presumed that it could file the Amended Complaint "as a matter of course" under Rule 15(a). But when an amended complaint seeks to add non-diverse defendants—both the prosecutor and the New Ohio Defendants are Ohio citizens for diversity purposes—a party may not amend its

---

[2] The Amended Complaint also added a number of other parties, and substituted an allegedly non-diverse defendant for a diverse one. While the original complaint named Chase Home Mortgage Corporation, a citizen of Delaware and Florida (*see* ECF No. 1–1, at ¶ 17), the amended complaint, names JPMorgan Chase Bank, N.A., which the prosecutor alleges to be an Ohio citizen (ECF No. 112 at 4, ¶ 13).

complaint without seeking leave of court, as Rule 15(a) must yield to the specific requirements of 28 U.S.C. § 1447(e).

Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e); *see also Landrum v. ITT Tech. Inst.*, No. 1:06-cv-2577, 2007 WL 128909, at *1 (N.D. Ohio Jan. 12, 2007) ("Congress has provided the Court with two options: deny joinder, or grant it and remand the case"); *Collins v. Nat'l Gen. Ins. Co.*, No. 10-13344, 2010 WL 4259949, at *1 (E.D. Mich. Oct. 24, 2010) (noting that when a post-removal amendment would strip the federal court of jurisdiction, "Congress has left the decision" whether to allow joinder "to the discretion of the courts").

Courts have held that "a plaintiff must satisfy the standards of § 1447(e) in order to join a non-diverse defendant following removal, rather than achieving this result through 'the liberal amendment provisions of Rule 15(a).'" *See Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011) (citing cases). "[T]his approach is necessary to prevent amendments motivated simply by the plaintiff's desire to return to state court, as opposed to a desire to add a party whose presence is needed to secure complete relief." *Id.* Accordingly, section 1447(e) requires a plaintiff to seek leave, even if the amendment would otherwise be as of right. *See Bridgeporte Condominiums, Inc. v. Integra Bank, N.A.*, No. 08-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009) ("28 U.S.C. § 1447(e) gives the court the authority to deny joinder of [a nondiverse party] even though the plaintiffs added him through an amendment as a matter of course"); *Mackey*, 786 F. Supp. 2d at 1340 n.1; *Landrum*, 2007 WL 128909, at *1 (N.D. Ohio Jan. 12, 2007).

3

In *Mackey*, the district court struck the plaintiff's amended complaint and ordered the plaintiff to seek leave to amend the complaint if it wanted to attempt to add non-diverse defendants. 786 F. Supp. 2d at 1340. Similarly, the Court here should strike the Amended Complaint, at least insofar as it asserts claims against the New Ohio Defendants. For when deciding whether to allow joinder of a non-diverse party under section 1447(e), the district court must consider first and foremost "the extent to which the purpose of the amendment is to defeat federal jurisdiction," as well as whether the plaintiff has been dilatory in seeking to add the non-diverse defendants, prejudice, and other equitable factors. *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008). The prosecutor here has failed to establish that he should be permitted to add the New Ohio Defendants under section 1447(e), so the Court should strike the Amended Complaint, at least as it pertains to the New Ohio Defendants.

## II.    Alternatively, the Court Should Dismiss the Claims Against the New Ohio Defendants.

The original defendants established that the Court has diversity jurisdiction over this case because the prosecutor fraudulently joined Home Savings & Loan. Regardless of whether that joinder was fraudulent, the Court can perfect jurisdiction by dropping any non-diverse defendants under Federal Rule of Civil Procedure 21. *Safeco Ins. Co. of Am. v. City of White House, Tenn.,* 36 F.3d 540, 546 (6th Cir. 1994); *Bay Tobacco, LLC v. Bell Quality Tobacco Prods.*, 261 F. Supp. 2d 483, 490 (E.D. Va. 2003); *Barnes v. Abbott Labs., Inc.*, No. 5:03-cv-08062-JG, ECF No. 4, at 7 (N.D. Ohio Sept. 2, 2004).

Rule 21 thus presents an alternative basis for dismissing the prosecutor's claims against the New Ohio Defendants.[3]

Here, dropping the claims against the New Ohio Defendants is proper under Rule 21. The New Ohio Defendants are not necessary parties under Rule 19(a) because adding them would destroy diversity, and thus the Court's jurisdiction. Fed. R. Civ. P. 19(a)(1) (required-party status is limited to parties "whose joinder will not deprive the court of subject-matter jurisdiction"). Nor are they necessary parties under Rule 19(b); the Court can render an adequate judgment in their absence without prejudicing any party, including the New Ohio Defendants.

## CONCLUSION

For the reasons set forth above, the New Ohio Defendants respectfully ask the Court to strike the Amended Complaint, at least insofar as it pertains to the New Ohio Defendants. In the alternative, the New Ohio Defendants ask the Court to exercise its discretion under Rule 21 to dismiss the claims against them.

---

[3] The New Ohio Defendants understand that in a forthcoming jurisdictional brief, other defendants will address additional reasons why the Court should exercise its discretion under Rule 21 to drop non-diverse defendants.

5

Dated:   February 9, 2012                    Respectfully submitted,


*/s/Brett A. Wall*
Daniel R. Warren (0054595)
DWarren@bakerlaw.com
Brett A. Wall (0070277)
BWall@bakerlaw.com
Baker & Hostetler LLP
PNC Center
1900 East Ninth Street, Suite 3200
Cleveland, Ohio  44114-3482
Telephone: 216.621.0200
Facsimile: 216.696.0740


*Attorneys for Defendants*
*Fifth Third Bank, KeyBank National*
*Association, and The Huntington National*
*Bank*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Brett A. Wall*

*Attorney for Defendants*
*Fifth Third Bank, KeyBank National*
*Association, and The Huntington National*
*Bank*