UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, *ex rel.*<br>DAVID P. JOYCE, PROSECUTING<br>ATTORNEY OF GEAUGA COUNTY,<br>on behalf of all Ohio counties,<br><br>    Plaintiff,<br><br>  vs.<br><br>MERSCORP, INC., *et al.*,<br><br>    Defendants. | CASE NO. 1:11-CV-02474<br><br>JUDGE JAMES S. GWIN |

**DEFENDANTS FIFTH THIRD BANK, THE HUNTINGTON NATIONAL BANK, AND KEYBANK NATIONAL ASSOCIATION'S MOTION TO DISMISS**

**INTRODUCTION**

The prosecutor's Amended Complaint fails to state a claim for at least two reasons beyond those that other defendants already articulated.

First, the prosecutor's allegations do not establish his statutory or prudential standing to bring these claims. Under Ohio's recording statutes and governing precedent interpreting those statutes, the prosecutor suffered no injury at all, and he falls outside of the zone of interests that Ohio's recording statute protects. He thus lacks both statutory standing and prudential standing.

Second, the statute does not create the duty that the prosecutor asserts. Despite his assertion that the recording statutes require the recording of mortgage assignments, those statutes say nothing about who must record or when. These omissions reveal that the recording statutes do not create any such duty to record.

For these reasons, and the reasons stated in the other defendants' previously filed motion to dismiss, the prosecutor has not stated a claim upon which relief can be granted, nor could he. Dismissal under Rule 12(b)(6) is appropriate.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 13, 2011, the prosecutor filed a putative class-action complaint against 19 financial institutions and 3000 Doe defendants in state court. With his complaint, the prosecutor generally alleged that the defendants did not record mortgage assignments with the county recorder's office, and thereby violated Ohio's recording statute.

The parties named as defendants in the original complaint timely removed the case to federal court on November 14, 2011. (ECF No. 1 at 8–10.) On December 12, 2011, those defendants filed a motion to dismiss. (ECF No. 65.) On January 17, 2012,

1

the prosecutor filed an amended complaint naming new defendants, and contending that this Court lacks subject matter jurisdiction. (ECF No. 112 at ¶ 8, 27, 32–33.) On January 25, 2012, a group of defendants moved the Court to dismiss the amended complaint. That motion, which the New Ohio Defendants (Fifth Third Bank, The Huntington National Bank, and KeyBank National Association) join in full, is presently pending. In addition to the arguments made in that motion, the New Ohio Defendants present the following arguments for the Court's consideration.[1]

## ARGUMENT

### I. The Court Should Dismiss the Amended Complaint Under Rule 12(b)(6) Because the Prosecutor Lacks Statutory and Prudential Standing.

Ohio Supreme Court precedent interpreting the statute at the center of the prosecutors' claims holds that the prosecutor suffered no injury. He therefore cannot establish statutory or prudential standing, and accordingly fails to state a claim.

A plaintiff fails to state a claim—and is thus subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)—when it fails to adequately allege statutory and prudential standing. *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011) ("Where a plaintiff lacks statutory standing to sue, her claim should be dismissed for failure to state a claim upon which relief can be granted."); *Quarles v. City of East Cleveland*, 202 F.3d 269 (Table), 1999 WL 1336112, *5 (6th Cir. Dec. 20, 1999) (affirming dismissal of complaint for failure to state a claim because plaintiffs' allegations failed to demonstrate prudential standing). A district court reviewing a 12(b)(6) motion must assume the truth of all well-pled factual allegations, but it need not accept as true legal

---

[1] Contemporaneously with this motion, the New Ohio Defendants are filing a motion to strike the Amended Complaint for failure to comply with 28 U.S.C. § 1447(e).

the prosecutor filed an amended complaint naming new defendants, and contending that this Court lacks subject matter jurisdiction. (ECF No. 112 at ¶ 8, 27, 32–33.) On January 25, 2012, a group of defendants moved the Court to dismiss the amended complaint. That motion, which the New Ohio Defendants (Fifth Third Bank, The Huntington National Bank, and KeyBank National Association) join in full, is presently pending. In addition to the arguments made in that motion, the New Ohio Defendants present the following arguments for the Court's consideration.[1]

## ARGUMENT

### I. The Court Should Dismiss the Amended Complaint Under Rule 12(b)(6) Because the Prosecutor Lacks Statutory and Prudential Standing.

Ohio Supreme Court precedent interpreting the statute at the center of the prosecutors' claims holds that the prosecutor suffered no injury. He therefore cannot establish statutory or prudential standing, and accordingly fails to state a claim.

A plaintiff fails to state a claim—and is thus subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)—when it fails to adequately allege statutory and prudential standing. *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011) ("Where a plaintiff lacks statutory standing to sue, her claim should be dismissed for failure to state a claim upon which relief can be granted."); *Quarles v. City of East Cleveland*, 202 F.3d 269 (Table), 1999 WL 1336112, *5 (6th Cir. Dec. 20, 1999) (affirming dismissal of complaint for failure to state a claim because plaintiffs' allegations failed to demonstrate prudential standing). A district court reviewing a 12(b)(6) motion must assume the truth of all well-pled factual allegations, but it need not accept as true legal

---

[1] Contemporaneously with this motion, the New Ohio Defendants are filing a motion to strike the Amended Complaint for failure to comply with 28 U.S.C. § 1447(e).

characterizations or allegations regarding issues of law. *In re Whirlpool Corp. Front-Loading Washer Prods. Liability Litig.*, 684 F. Supp. 2d 942, 946 (N.D. Ohio 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009)).

The statutory- and prudential-standing inquiries are similar. Questions of statutory standing address "whether this plaintiff has a cause of action under the statute." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 n. 2, (1998). The prudential-standing doctrine ensures that the plaintiff is a proper proponent, and the suit a proper vehicle, to vindicate the underlying right at issue. *E.g.*, *Warth v. Seldin*, 422 U.S. 490, 500–01, (1975) (prudential standing addresses whether the "statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief"); *Coal Operators and Assocs., Inc. v. Babbitt*, 291 F.3d 912, 916 (6th Cir. 2002). That doctrine poses three hurdles. First, the plaintiff must assert its own rights, not those of third parties. *Glenn v. Holder*, 738 F. Supp. 2d 718, 726 (E.D. Mich. 2010) (citing *Warth*, 422 U.S. at 499). Second, the plaintiff's claim must be more than a "generalized grievance" shared by many citizens. *Id.* (citing *Coal Operators*, 291 F.3d at 916, in turn citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474–75 (1982)). Third, when (as here) a statute undergirds a plaintiff's claim, that claim must fall within the "zone of interests" regulated by the relevant statute. *Id.*

Here, the prosecutor's allegations fall short. His claims rest entirely upon alleged violations of Ohio's recording statute, Ohio Revised Code §§ 5301.25(A) and 5301.32. (*E.g.*, Am. Compl., ECF No. 112 at 2, ¶ 2; at 13, ¶ 43.) According to the prosecutor, the recording statute requires banks to record each assignment of mortgage debt, and failing to do so results in liability to the county recorder for the recording fees that he

3

would have charged, if only the banks had recorded the assignments. But Ohio law has held for a century that there is no such liability, and the prosecutor therefore cannot establish any injury.

In *Dow v. Union National Bank*, 87 Ohio St. 173 (1912), the Ohio Supreme Court considered the effect, under the recording statute, of failing to record a mortgage assignment. The court held that the statute "defines the consequence of a failure to comply with that requirement." *Id.* at 181. Specifically, the statute states that an unrecorded deed "shall be deemed fraudulent, so far as relates to a subsequent bona fide purchaser." Because this provision "must be accepted as exclusively defining the consequences which follow a failure to file a deed for record," the court held that "no right can accrue to anyone other than such bona fide purchaser." *Id.* Thus, under governing Ohio law, the *only* consequence of failing to record a mortgage or a mortgage assignment is that the conveyance will be deemed fraudulent as to a bona fide purchaser. The U.S. Supreme Court echoed this understanding of Ohio's recording statute. *Carey v. Donohue*, 240 U.S. 433 (1916) (citing *Dow*); *see also Boerner v. Hullinger*, 94 Ohio App. 51, 61 (Ohio Ct. App. 3d Dist. 1952) (also echoing *Dow*).

Ohio law thus demonstrates that the prosecutor lacks statutory standing. The statute does not contemplate an action seeking an award of lost fees for deeds and assignments that were never recorded, so he has suffered no injury cognizable under the statute. He therefore lacks statutory standing. Moreover, he is not a bona fide purchaser, so under *Dow*, he sits outside the zone of interests that the recording statute is designed to protect. *See, e.g.*, *Mid-Am. Nat'l Bank & Trust Co. v. Comte/Rogers Development Corp.*, 1996 WL 549249, *3 (Ohio Ct. App. 6th Dist. 1996) ("The purpose of recording statutes, including R.C. Chapter 5301, is to protect third parties who might

4

acquire a legal interest in the mortgaged property"). He thus lacks prudential standing as well.

Ohio Revised Code § 309.12 does not dictate otherwise. The prosecutor asserts that that provision empowers him to pursue his claims. (Am. Compl., ECF No. 112 at 3, ¶ 10). But Ohio Revised Code § 309.12 authorizes a county prosecutor to sue to recoup only those funds that are independently due and owing; the lawsuit itself cannot be the basis for establishing that the funds at issue are due. *State ex rel. Shetzer v. Harshaw Chem. Co.*, No. 34281, 1975 WL 174545, *4 (Ohio Ct. App. 8th Dist. 1975) ("we find that the potential of a money judgment in a tort action based on negligence does not constitute 'money due the county' within the meaning of R.C. 309.12").

Because the prosecutor cannot establish either statutory or prudential standing, the Court should dismiss his claims under Rule 12(b)(6).

## II. The Amended Complaint Fails to State a Claim Because It Misreads Ohio's Recording Statute.

The lynchpin of the prosecutor's Amended Complaint is his assertion that the Ohio recording statutes mandate that financial institutions record mortgage assignments. But the statute creates no such duty. The defendants who previously moved to dismiss have explained several reasons why this is so. (Mem. in Support of Defs.' Jt. Mot. to Dismiss, ECF No. 117–1, at 5–14). Additionally, the statute is too nonspecific to support the duty alleged. Notably, the recording statutes are silent on the issues of *who* (assignors or assignees) must record the assignments and *when* they must do so. The General Assembly's silence on both of these points evidences that the statutes do not create the duty that the prosecutor alleges.

## CONCLUSION

For the reasons set forth above, the New Ohio Defendants respectfully ask the Court to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

Dated:   February 9, 2012                       Respectfully submitted,

*/s/Brett A. Wall*
Daniel R. Warren (0054595)
DWarren@bakerlaw.com
Brett A. Wall (0070277)
BWall@bakerlaw.com
Baker & Hostetler LLP
PNC Center
1900 East Ninth Street, Suite 3200
Cleveland, Ohio  44114-3482
Telephone: 216.621.0200
Facsimile: 216.696.0740

*Attorneys for Defendants*
*Fifth Third Bank, KeyBank National Association, and The Huntington National Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Brett A. Wall*

*Attorney for Defendants
Fifth Third Bank, KeyBank National Association, and The Huntington National Bank*