## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, ex re. DAVID P. JOYCE, PROSECUTING ATTORNEY OF GEAUGA COUNTY, OHIO, | ) ) ) ) Case No. 1:11-cv-2474 |
| Plaintiff, | ) ) JUDGE GWIN ) ) MAGISTRATE JUDGE WHITE |
| v. | ) ) |
| MERSCORP, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' JOINT BRIEF IN SUPPORT OF THIS COURT'S JURISDICTION

At the January 26, 2012 Case Management Conference, this Court requested briefing on whether the Court has subject matter jurisdiction in this case. The undersigned Defendants submit that this Court has diversity jurisdiction for the following reasons:

1.  All of the Ohio Defendants should be dismissed to perfect this Court's diversity jurisdiction under Federal Rule of Civil Procedure 21 because none of the Ohio Defendants are indispensable parties.

2.  Moreover, all but one of the Ohio Defendants were added in the Plaintiff's amended complaint, but Plaintiff did not seek leave to amend as he was required to do under 28 U.S.C. § 1447(e). So, the addition of these Ohio Defendants was improper, and the newly added Ohio Defendants should be stricken.

3.  Finally, the sole Ohio Defendant named in the original complaint, Home Savings & Loan Company of Youngstown, was fraudulently joined because no colorable claim has been stated against it.

For all of these reasons, this Court has subject matter jurisdiction of this case.

## I.    Background

Plaintiff filed this case on October 13, 2011, in the Court of Common Pleas for Geauga County, Ohio, and first served the complaint on October 18, 2011. (Dkt. No. 1). Defendants timely removed the case on November 14, 2011. (Dkt. No. 1). The complaint named 19 defendants; none was an Ohio citizen except Home Savings & Loan Company of Youngstown.

After removal, Plaintiff told Defendants and the Court that he would file a motion to remand. (*See, e.g.,* Dkt. No. 115, pgs. 6, 7). Plaintiff never did so. Instead, he filed an amended complaint adding several Ohio citizens as Defendants, in an apparent attempt to defeat this Court's subject matter jurisdiction. (Dkt. No. 112). The amended complaint added a total of eleven new defendants, four of which appear to be Ohio citizens.[1] Plaintiff never sought nor obtained leave to amend his complaint to add non-diverse Defendants.

## II.     Diversity jurisdiction exists under 28 U.S.C. § 1332.

Diversity jurisdiction exists here because Plaintiff is a citizen of Ohio, and the few Ohio Defendants that have been named are either dispensable parties that should be dismissed to perfect this Court's jurisdiction, or were not properly joined in the first instance.

### A.     Plaintiff is an Ohio citizen.

Plaintiff Geauga County is an Ohio county, which is an Ohio citizen for purposes of diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973). Although the caption of the amended complaint mentions the "State of Ohio" as the plaintiff, the amended complaint makes clear that Geauga County is the real party in interest. (*See* Am. Compl. pg. 2, ¶ 2 (recording fees are charged by county recorders); pg. 3, ¶ 10 (Plaintiff "brings this class action on behalf of Geauga County and all other Ohio counties"); pg. 21, ¶ 75 (alleging Defendants "deprived Ohio counties of statutory recording fees")). The naming of the State of Ohio in the caption is therefore disregarded in determining diversity of citizenship. *Navarro Savings Ass'n. v. Lee*, 446 U.S. 458, 461 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

---

[1]  The newly added Ohio Defendants are JP Morgan Chase Bank, N.A.; Fifth-Third Bank; Huntington National Bank, N.A., and KeyBank National Association.

### B.      Most Defendants are not Ohio citizens.

Twenty-five defendants are not citizens of Ohio.[2] (*See* Dkt. No. 1 at ¶¶ 7-24; Am. Compl.

pgs. 3-12, ¶¶ 11-12, 15-26, 28-31, 34-40). The citizenship of Doe Corporations is disregarded for

the purposes of removal. 28 U.S.C. § 1441(a); *see also Derungs v. Wal–Mart Stores, Inc.*, 162 F.

Supp. 2d 861, 863 n.4 (S.D. Ohio 2001) (disregarding citizenship of unnamed defendants).

The remaining defendants—JPMorgan Chase Bank, N.A.; Home Savings & Loan of

Youngstown; Fifth Third Bank; Huntington National Bank, N.A.; and KeyBank National

Association—are alleged to be Ohio citizens. But these Ohio Defendants should be dismissed as

dispensable parties to perfect this Court's diversity jurisdiction, and were not properly joined in

the first instance.

## III.    All Ohio Defendants should be dismissed to perfect this Court's diversity jurisdiction.

All Ohio Defendants in this case should be dismissed under Federal Rule of Civil

Procedure 21 because the Ohio Defendants are dispensable parties.

### A.      Non-diverse and dispensable defendants can be dismissed to perfect diversity jurisdiction.

Under Rule 21, a court may perfect its jurisdiction by dropping non-diverse and

dispensable parties. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ( "[i]t is

well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse

party to be dropped at any time"); *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759,

---

[2] The twenty-five non-Ohio Defendants are MERSCORP, Inc.; Mortgage Electronic Registration Systems, Inc.; Bank of America Corporation; Bank of America, N.A.; CCO Mortgage Corporation; RBS Citizens, N.A.; RBS Securities, Inc.; Citigroup Inc.; CitiMortgage, Inc.; Citibank, N.A.; CoreLogic Real Estate Solutions, LLC; Corinthian Mortgage Corporation; Deutsche Bank National Trust Company; EverBank; GMAC Mortgage LLC; Goldman Sachs Mortgage Company; GS Mortgage Securities Corp.; HSBC Bank, U.S.A., N.A.; MGIC Investor Services Corporation; Nationwide Advantage Mortgage Corporation; PMI Mortgage Services Company; SunTrust Mortgage, Inc.; United Guaranty Corporation; U.S. Bank National Association; and Wells Fargo Bank, N.A.

763 (6th Cir. 1999) (same); *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994) (affirming dismissal of non-diverse defendant to perfect jurisdiction). This Court, and others in this district, have regularly used Rule 21 to dismiss non-diverse and dispensable parties. *Sugar v. Abbott Laboratories*, 5:06-cv-8000, 2007 WL 1560284, *3 (N.D. Ohio May 29, 2007) (Gwin, J.) ("under Rule 21 of the Federal Rules of Civil Procedure, a court may perfect diversity by dropping nondiverse and dispensible parties at any time.") (citing *Newman-Green*).[3]

Non-diverse defendants can be dismissed under Rule 21 even if those defendants are properly joined. *Safeco*, 36 F.3d at 546 (rejecting argument that Rule 21 only applied to misjoined defendants); *Sugar*, 2007 WL 1560284 at *3 ("Rule 21 applies to the dismissal of properly-joined parties as well as misjoined parties.") (citing *Safeco*). Moreover, Rule 21 can be used in cases originally filed in federal court and in cases removed from state court. *Barnes*, No. 5:03-cv-8062, ECF No. 4, at *7. The relevant question under Rule 21 is whether the non-diverse defendants are indispensable under Rule 19. *Thomas v. Roberts*, No. 5:06-CV-1812, 2006 WL 3692862, at *1 (N.D. Ohio Dec. 13, 2006) (Gwin, J.) ("Any party who is deemed either unnecessary or dispensable may be dropped from the case pursuant to Fed. R. Civ. P. 21.").

**B.    The Ohio Defendants are dispensable and should be dismissed.**

A Rule 21 analysis involves two questions. First, the court determines whether the defendant is necessary under Rule 19(a). If so, the court determines whether the defendant is indispensable under Rule 19(b). *DeGidio*, 2009 WL 1867676, at *3 ("To determine whether to drop the nondiverse Healthcare Defendants, I must ascertain whether they are indispensable

---

[3] *See also DeGidio v. Centocor, Inc.*, No. 3:09-CV-721, 2009 WL 1867676, *2 (N.D. Ohio July 8, 2009) ("I can retain jurisdiction by severing claims against nondiverse dispensable defendants."); *Lucas v. Springhill Hospitals, Inc.*, No. 1:09-HC-60016, 2009 WL 1652155, at *3 (N.D. Ohio June 11, 2009); *Joseph v. Baxter Intern. Inc.*, 614 F. Supp. 2d 868, 874 (N.D. Ohio 2009); *Barnes v. Abbott Laboratories*, No. 5:03-cv-8062, ECF No. 4, at *7; *King v. Abbott Laboratories*, No. 5:03-cv-8058, ECF No. 4, at *7 (N.D. Ill. Sept. 24, 2003) (Gwin, J.).

parties. To make that decision, I am to follow a two-step process under Fed. R. Civ. P. 19.");

*Sugar*, 2007 WL 1560284 at *3 (describing two-part test). Non-diverse defendants who are

either unnecessary or dispensable can be dismissed to perfect jurisdiction under Rule 21.

*Thomas*, 2006 WL 3692862, at *1.

Here, even if the Ohio Defendants were necessary under Rule 19(a), they are dispensable

under Rule 19(b), and should be dismissed. Rule 19(b) describes the four relevant factors:

> (1)     the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2)     the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
>
> (3)     whether a judgment rendered in the person's absence would be adequate; and
>
> (4)     whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b). The Court must decide whether, after weighing those four factors, the case

can "in equity and good conscience" proceed without the non-diverse defendant. *Id.*

> **1.     The Ohio Defendants will not be prejudiced by dismissal.**

As to the first two factors involving prejudice, moving forward in this case without the

Ohio Defendants will not prejudice them. Dismissing the Ohio Defendants simply removes them

from a lawsuit in which substantial damages are sought against them, a beneficial result for

them. And, several Ohio Defendants have asked to be dismissed from this case under Rule 21.

(Dkt. No. 154). This demonstrates that they perceive no prejudice will arise from dismissal.

Additionally, because the Ohio Defendants' litigation goals are completely aligned with the non-

Ohio Defendants' goals, the Ohio Defendants' interests will all be adequately represented,

further demonstrating that they will not be prejudiced by not being joined. *See Hartford Cas. Ins.*

*Co. v. Tre Services, Inc.*, No. 09-14634, 2010 WL 4608778, at *4 (E.D. Mich. Nov. 5, 2010) (finding adequacy of representation and no prejudice to non-diverse insurance syndicates, where their litigation goals completely aligned with the diverse syndicates in an insurance coverage dispute) (citing *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 667-70 (6th Cir. 2004)).

### 2.  Plaintiff can obtain an adequate judgment without the Ohio Defendants.

Nor will Plaintiff be prejudiced by the dismissal of the Ohio Defendants because, under the third factor, an adequate judgment could be entered in this case without the presence of the Ohio Defendants. Most fundamentally, Plaintiff seeks a declaration that Ohio law requires recording of assignments. That request is the central legal question in the case, and will control the outcome. That determination of the law can be made regardless of whether the Ohio Defendants are present.

Plaintiff seeks monetary compensation, and seeks through its civil conspiracy claim to hold the non-Ohio Defendants jointly and severally liable for any compensation owed by the Ohio Defendants. (Dkt. No. 112, pgs. 50-51).[4] *Norton v. Cobb*, 744 F. Supp. 798, 799 at n.1 (N.D. Ohio 1990) ("Because civil conspiracy is a tort with joint and several liability, Plaintiff may sue one conspirator, or all of them, in a judicial forum."). Non-diverse defendants that are alleged to be jointly and severally liable with diverse defendants are regularly found to be dispensable and subject to dismissal. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *Sugar*, 2007 WL 1560284, *4 ("Courts generally hold that jointly and severally liable tortfeasors are not indispensible to an action against any one of them.").

---

[4] For the reasons articulated in Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 117), Plaintiff's conspiracy allegation fails as a matter of law since Plaintiff fails to allege a wrongful object of the conspiracy, among other deficiencies.

Finally, Plaintiff can also receive an adequate judgment on his claim for injunctive relief in the absence of the Ohio Defendants. This is because Defendant Mortgage Electronic Registration Systems, Inc. (MERS)—the lynch-pin of the conspiracy as alleged in the Amended Complaint—will remain in this case and subject to any orders the Court enters. Plaintiff alleges that all Defendants joined MERS as part of a conspiracy to violate Ohio's recording statutes.[5] Plaintiff alleges that Defendants use MERS as a nominee mortgagee to avoid recording mortgage assignments.[6] And Plaintiff alleges that this use of MERS is *essential* to Defendants' alleged unlawful conduct.[7] Thus, if this Court enters an injunction restricting how MERS can do business, that injunction will restrict how anyone, including the dismissed Ohio Defendants, use MERS. So, even if the Ohio Defendants are dismissed, Plaintiff can still obtain adequate relief in all respects. *In re Cotton Yarn Antitrust Litigation*, 505 F.3d 274, 284 (4th Cir. 2007) (rejecting argument that absent co-conspirators were indispensable because "[i]n a suit to enjoin [a conspiracy] not all the conspirators are necessary parties defendant"); *Perryton Wholesale, Inc. v. Pioneer Distributing Co. of Kan.*, 353 F.2d 618, 622 (10th Cir. 1965) (same).

> **3.    Plaintiff has an adequate remedy against the Ohio Defendants once they are dismissed.**

Finally, Plaintiff will also not be prejudiced by the dismissal of the Ohio Defendants because, under the fourth factor, Plaintiff has an adequate remedy if the Ohio Defendants are

---

[5] (Dkt. No. 112, pg. 50, ¶ 76) ("By creating and/or using MERS, Defendants acted together to purposefully and unlawfully violate Ohio's statutory recording requirements.").

[6] (*Id.* at pg. 50, ¶ 74) ("Defendants are shareholders of MERS and/or MERS Members. By creating and/or using MERS to track sales and assignments of mortgage loans among MERS Members, Defendants acted in concert with each other for the express purpose of circumventing Ohio's county recording statutes, Ohio Rev. Code Ann. §§ 5301.25, 5301.32.").

[7] (*Id.* at pg. 50, ¶ 75) ("Without MERS, Defendants would not have been able to accomplish their goal of quickly and cheaply selling and assigning mortgage loans for the purpose of securitizing the loans for sale to investors.").

7

dismissed. This Court and others have held that the availability of a state court forum is an adequate remedy that weighs in favor of dismissing non-diverse defendants. *Sugar*, 2007 WL 1560284, at *3 ("Sugar has an adequate remedy if the Court drops the nondiverse Healthcare Defendants because she can proceed with her state law malpractice claims against the Healthcare Defendants in state court."); *DeGidio*, 2009 WL 1867676, at *4 ("DeGidio retains an adequate remedy against the [non-diverse] Defendants as he can proceed with his claims in state court."). While the possibility of litigating similar claims in two separate forums imposes a burden, that burden does not render a party indispensable. *PaineWebber v. Cohen*, 276 F. 3d 197, 204 (6th Cir. 2001) ("[T]he multiple proceedings and inconsistent results in state and federal court that he seeks to avoid can occur whenever joint tortfeasors are not parties to the same lawsuit. This form of prejudice, however, does not require a finding that joint tortfeasors are necessary or indispensable parties."); *Thomas*, 2006 WL 3692862, at *1 (same) (citing *PaineWebber*).

In sum, the Ohio Defendants are dispensable parties and should be dismissed under Rule 21 so that this Court can perfect its jurisdiction over this case.

## IV. The recently added Ohio Defendants should be dismissed because Plaintiff did not obtain leave to add non-diverse defendants.

Not only should all Ohio Defendants be dropped under Rule 21, but the four newly added Ohio Defendants should not have been added in the first instance. Plaintiff first added these Ohio Defendants in the amended complaint, after the case had been removed. As such, Plaintiff inappropriately filed his amended complaint as of right under Federal Rule of Civil Procedure 15. Instead, Plaintiff was required to seek leave to add non-diverse defendants under 28 U.S.C. § 1447(e). Applying the standards of § 1447(e) shows that Plaintiff should not be granted leave to add non-diverse Defendants. So, the newly added Ohio Defendants should be dismissed.

Although the liberal standards of Rule 15 govern amendments in some circumstances, Rule 15 does not apply where amendments could affect a federal court's subject-matter jurisdiction. Such amendments are instead governed by 28 U.S.C. § 1447(e). *Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011) ("[A] plaintiff must satisfy the standards of § 1447(e) in order to join a non-diverse defendant following removal, rather than achieving this result through 'the liberal amendment provisions of Rule 15(a).'"). Section 1447(e) gives district courts discretion to allow or deny "join[der] [of] additional defendants whose joinder would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e). An analysis should be conducted under § 1447(e) even where an amended complaint has already been filed as of right. *Landrum v. ITT Tech. Inst.*, No. 1:06-cv-2577, 2007 WL 128909, at *1 (N.D. Ohio Jan. 12, 2007) (applying § 1447(e) to strike amended complaint filed as of right under Rule 15); *McGee v. State Farm Ins. Co.*, 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009) ("[E]very federal court that has considered the issue has found that the discretionary decision called for by § 1447(e) is appropriate even when plaintiff has amended as a matter of course under Rule 15(a)(1)(A).") (collecting cases).

While the Sixth Circuit has not yet addressed how courts should apply 28 U.S.C. § 1447(e), other circuits and district courts in this circuit uniformly agree that a court should consider the following four factors when evaluating whether to allow joinder:

(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;

(2) whether the plaintiff has been dilatory in seeking amendment;

(3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and

(4) any other equitable factors.

9

*Rogers v. Travelers Property Cas. Ins. Co.*, No. 1:10–CV–475, 2011 WL 1124406, at *1 (N.D.

Ohio Mar. 25, 2011) (citing *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807,

823 (N.D. Ohio 2008)); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009)

(adopting four factor analysis and collecting cases).

Here, if Plaintiff had filed a motion under § 1447(e) to add non-diverse Defendants, the

motion would have been denied. First, Plaintiff added the Ohio Defendants in an apparent

attempt to defeat diversity jurisdiction. Numerous courts have held that a plaintiff's addition of

non-diverse defendants after removal, where the plaintiff could have identified the non-diverse

defendants earlier, "strongly indicates that the purpose of the plaintiff's amendment is to defeat

federal jurisdiction." *Smith v. White Consol. Industries, Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D.

Ala. 2002) (finding intent to defeat jurisdiction where plaintiff could have identified local

defendants sooner); *Landrum v. ITT Technical Institute*, No. 1:06CV2577, 2007 WL 128909, at

*1 (N.D. Ohio Jan. 12, 2007) (same); *Lachney v. Lumbermens Mut. Cas. Co.*, 129 F.3d 610,

1997 WL 681145, at *1 (5th Cir. 1997) (affirming finding that plaintiff's principal purpose was

to defeat jurisdiction where plaintiff could have named local defendants in initial complaint).

Here, Plaintiff could have identified the newly added Ohio Defendants prior to filing suit, as the

relevant conduct is reflected in Plaintiff's own records, and occurred long before Plaintiff filed

the initial complaint. (*See* Am. Compl. pg. 26-30, ¶¶ 84-95; pg. 37-38, ¶¶ 27-30; pg. 39-40, ¶¶

35-37; pg. 44-45, ¶¶ 54-56).

Second, Plaintiff was dilatory in seeking joinder because he could have added the Ohio

Defendants in the initial complaint. *Smith*, 229 F. Supp. 2d at 1282 (plaintiff could have

identified defendant before filing suit and seeking joinder). While Plaintiff's amended complaint

was filed only three months after the initial complaint, Plaintiff knew of the mortgages Plaintiff

alleges were not recorded for between seven months and eleven years before filing suit. (*See* Am. Compl. pg. 26-30, ¶¶ 84-95; pg. 37-38, ¶¶ 27-30; pg. 39-40, ¶¶ 35-37; pg. 44-45, ¶¶ 54-56 (allegations from 2003 through March 2011)). And, even if the Court found Plaintiff was reasonably diligent in seeking to amend, that alone does not justify amendment. *City of Cleveland*, 571 F. Supp. 2d at 824 ("That the City did not delay, and brought its motion to amend soon after the complaint was filed, does nothing to … affect the balance of the equities, which weigh heavily in favor of denying the motion."); *Landrum*, 2007 WL 128909, at *1-2 (denying joinder though plaintiff filed amended complaint one day after removal).

Third, Plaintiff will not be prejudiced by the dismissal of the Ohio Defendants. As discussed above, Plaintiff can obtain an adequate judgment in this case without the Ohio Defendants, and Plaintiff has an adequate remedy against the Ohio Defendants if they are dismissed. *See Landrum*, 2007 WL 128909, at *1 (Plaintiff "will not be prejudiced if joinder is disallowed because he can obtain complete relief from ITT. Plaintiff's own amendment prays for joint and several liability with the existing Defendant in this lawsuit."); *Rogers*, 2011 WL 1124406, at *2 (same); *Lachney*, 1997 WL 681145, at *1 ("[Plaintiff] would not be prejudiced by the denial of joinder because it could still pursue [defendants] in state court").

Finally, the diverse defendants' interest in a federal forum is an equitable factor weighing against joinder. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("[T]he diverse defendant has an interest in retaining the federal forum. Indeed, the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum."). Here, the twenty-five non-Ohio Defendants' interests in litigating in the federal forum, the very purpose of the removal statute, far outweigh Plaintiff's interest in joining the newly added Ohio Defendants.

11

For these reasons, the four newly added Ohio Defendants (JP Morgan Chase Bank, N.A.; Fifth Third Bank; Huntington National Bank, N.A.; and, KeyBank National Association) should be stricken from Plaintiff's amended complaint.

## V.     Home Savings was fraudulently joined in the original complaint.

Finally, it is worth noting that Defendants properly removed this case because the sole Ohio Defendant that was named at the time of removal, Home Savings, was fraudulently joined.

A plaintiff cannot avoid federal jurisdiction by adding local defendants against whom no colorable cause of action exists. This is known as fraudulent joinder, and does not defeat diversity. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."). Under Sixth Circuit law, "[f]raudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). Essentially, "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

Under a fraudulent joinder analysis, "any disputed questions and fact and ambiguities in the *controlling* state law [should be resolved] . . . in favor of the nonremoving party." *Id.* at 948 (emphasis in original); *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002) ("[A]fter construing the complaint in the light most favorable to the plaintiff and accepting all factual allegations as true, the court determines that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."); *Leikin Oldsmobile, Inc. v. Sentry Select Ins. Co.*, No. 1: 08CV1695, 2008 WL 4686170, at *2 (N.D. Ohio Oct. 22, 2008) ("[T]he

underlying inquiry into fraudulent joinder is similar to the inquiry into a motion to dismiss under Fed. R. Civ. P. 12(b)(6)").

Here, Plaintiff has no colorable claims against Home Savings. It is worth noting that, as a general matter, there is no valid legal basis for Plaintiff's claims against Home Savings or any other defendant. All of Plaintiff's claims are based entirely on the theory that mortgage assignments must be recorded under Ohio law. But as explained in Defendants' Joint Motion to Dismiss (Dkt. No. 117), controlling Ohio Supreme Court decisions, an unbroken line of cases stretching back over 100 years, and the plain language of Ohio's recording statutes establishes without doubt that there is no obligation to record mortgage assignments in Ohio.[8] So, Plaintiff has no colorable claims against Home Savings, or anyone else.

Moreover, Plaintiff's allegations as to Home Savings are particularly deficient. In the original complaint, Plaintiff alleged nothing more than that Home Savings was an Ohio corporation. (Dkt. No. 1-1, pg. 4, ¶ 14). Beyond that, Plaintiff's original complaint contained *no allegations* describing any specific conduct by Home Savings at all.

---

[8] *See, e.g., Stewart v. Hopkins*, 30 Ohio St. 502, 526-27 (1876), *aff'd sub nom. Libby v. Hopkins*, 104 U.S. 303 (1881) ("If the mortgagees were satisfied with the security afforded by the mortgages unrecorded," the court held, "*there was no necessity for recording them*. The record was only necessary to give them effect against those not parties thereto.") (emphasis added); *Haley v. Currin*, 8 Ohio N.P. 337, 337 (Ohio Super. Ct. 1901) ("Conceding that a written assignment of the mortgage may, under the statute, be recorded and thus be notice to others, *yet the statute does not require it*, and a failure to have it done cannot divest the assignee of his rights and equities.") (emphasis added); *Noland v. Wells Fargo Bank, N.A.* (*In re Williams*), 395 B.R. 33, 47 (Bankr. S.D. Ohio 2008) ("[T]he failure of Wells Fargo—or any other holder of the Note—to record an assignment of the Mortgage does not affect the validity of the Mortgage . . . . "). No Ohio cases were found holding that mortgagees are obligated to record mortgages or mortgage assignments. And, at least one court has already rejected as "legally frivolous" the exact theory Plaintiff presents here. *Bates v. MERS, Inc.*, No. 3:10-cv-407, 2011 WL 1304486, at *3 (D. Nev. Mar. 30, 2011) ("If Defendants do not wish to record assignments of loans or deeds of trust, they need not do so.").

The amended complaint does not do much more.[9] There, Home Savings is generically alleged to have "engaged in transactions related to securitization of mortgage loans . . ." (Dkt. No. 112, pg. 4, ¶ 14). Home Savings is also alleged to have made a single loan to a Geauga County resident. (*Id.* at pg. 44, ¶ 51). While the amended complaint alleges that the mortgage was "assigned at least three times" and "only one of those assignments was recorded," the amended complaint provides no facts to support that conclusion, such as to whom the mortgage was assigned or when. (Dkt. No. 111, pg. 44, ¶ 53). Indeed, the only fact alleged is that the mortgage Home Savings received *was recorded* in 2008 and was then satisfied in 2011. (Dkt. No. 111, pg. 44, ¶¶ 51, 52). This distinguishes Home Savings from some other Defendants, as to whom Plaintiff makes specific allegations describing the transfer of loans for which no assignments were recorded. No other specific allegations are made as to Home Savings.

Thus, Plaintiff has not even properly alleged that Home Savings assigned mortgages for which assignments were not recorded. This is an additional deficiency in Plaintiff's claim against Home Savings demonstrating that Home Savings has been fraudulently joined. *See Boladian v. UMG Recordings, Inc.*, 123 Fed. Appx. 165, 169 (6th Cir. 2005) (finding fraudulent joinder where complaint lacked specific allegations about defendant); *Nusbaum v. Apria Healthcare, Inc.*, No. 3:09 CV 2229, 2009 WL 5167766, at *1 (N.D. Ohio Dec. 18, 2009) (defendant fraudulently joined where "the Complaint contains no allegations against [defendant] providing any factual basis for the claims brought by Plaintiff"); *Coomes v. Allstate Ins. Co.*, No. 1:10–cv–

---

[9] The allegations of the amended complaint should not even be considered in determining the propriety of removal; only the allegations of the original complaint pending at the time of removal are relevant. *Chamberlain v. Am. Tobacco Co., Inc.*, 70 F. Supp. 2d 788, 795 at n.4 (N.D. Ohio 1999) ( "[T]he 'new' allegations in the Amended Complaint are not relevant to the determination of whether plaintiffs fraudulently joined the Ohio defendants in their state court complaint."); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("[T]he right to remove . . . was to be determined according to the plaintiffs' pleading at the time of the petition for removal.").

905, 2011 WL 4005325, at *4 (S.D. Ohio Aug. 9, 2011) (finding fraudulent joinder where complaint failed to state specific allegations against non-diverse defendants).

## VI.    The amount in controversy requirement is easily satisfied.

Finally, more than $75,000, exclusive of interest and costs, is at issue in this case. This is demonstrated in at least three ways, which are discussed in Defendants' Notice of Removal. First, the Geauga County Recorder made a public statement immediately after the lawsuit was filed claiming over $250,000 in damages. Second, available data regarding the number of loans and mortgage assignments at issue in this case demonstrates that Plaintiff is seeking to compel payment of at least $1,738,656 to Geauga County for past conduct. Finally, because Plaintiff also seeks an injunction relating to future conduct, the cost of complying with that injunction would be substantial and also counts towards the amount in controversy. These calculations are explained in more detail in Defendants' Notice of Removal. (Dkt. No. 1, ¶¶ 27-30).

## VII.   Conclusion

The Court should perfect its jurisdiction by dropping any non-diverse Defendants under Rule 21. Alternatively, the newly-added Ohio Defendants should be stricken because they were not properly added under 28 U.S.C. § 1447(e). And the only other Ohio Defendant, Home Savings, should be disregarded because it was fraudulently joined in the initial complaint. For these reasons, this Court has subject-matter jurisdiction in this case.

Dated:  February 13, 2012

Respectfully submitted,


*s/ P. Russell Perdew*

Thomas J. Cunningham (*pro hac vice*)
P. Russell Perdew (*pro hac vice*)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-1712
Facsimile: (312) 896-6712
Email: rperdew@lockelord.com


David A. Wallace (0031356)
CARPENTER, LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
Email: wallace@carpenterlipps.com


*Attorneys for Defendant GMAC Mortgage, LLC*
*(f/k/a GMAC Mortgage Corporation and*
*improperly named herein as GMAC Residential*
*Funding Corporation)*

*/s/ Robert M. Brochin*

Robert M. Brochin (admitted *pro hac vice*)
Andrew B. Boese (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Telephone: (305) 415-3456
Facsimile: (305) 415-3001
Email: rbrochin@morganlewis.com
        aboese@morganlewis.com

*Attorneys for Defendants MERSCORP, Inc.*
*and Mortgage Electronic Registration*
*Systems, Inc.*

*s/ Jeremy Gilman*

Jeremy Gilman (0014144)
Kari B. Coniglio (0081463)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: (216) 363-4565
Facsimile: (216) 363-4588
Email: jgilman@beneschlaw.com
        kconiglio@beneschlaw.com


*Attorneys for Defendants MERSCORP, Inc. and*
*Mortgage Electronic Registration Systems, Inc.*

/s/ Joseph F. Yenouskas
Thomas M. Hefferon (admitted *pro hac vice*)
Joseph F. Yenouskas (admitted *pro hac vice*)
GOODWIN PROCTER LLP
901 New York Ave., NW, Suite 900
Washington DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
Email: thefferon@goodwinprocter.com
        jyenouskas@goodwinprocter.com

Barbara Friedman Yaksic (0014338)
James S. Wertheim (0029464)
Candice L. Musiek (0085924)
MCGLINCHEY STAFFORD PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122-4640
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
Email:  byaksic@mcglinchey.com
        jwertheim@mcglinchey.com
        cmusiek@mcglinchey.com

*Attorneys for Defendants Bank of America,*
*CCO Mortgage Corporation, and EverBank*
*(mistakenly named as EverHome Mortgage*
*Company in the original Complaint)*

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733)
Katheryn M. Lloyd (0075610)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
Email: carpenter@carpenterlipps.com

*Attorneys for Defendant Nationwide*
*Advantage Mortgage Company*

s/ Anthony J. Coyne
Anthony J. Coyne (0039605)
Michael P. Quinlan (0066718)
MANSOUR, GAVIN, GERLACK & MANOS
CO., LPA
55 Public Square, Suite 2150
Cleveland, OH 44113-1994
Telephone: (216) 523-1500
Facsimile: (216) 523-1705
Email: acoyne@mggmlpa.com
        mquinlan@mggmlpa.com

*Attorneys for Defendant MGIC Investor Services*
*Corp.*

/s/ Todd Kartchner
Todd Kartchner (*pro hac vice*)
FENNEMORE CRAIG P.C.
3003 North Central Avenue, Suite 2600
Phoenix, AZ 85012
Telephone: (602) 916-5000
Facsimile: (602) 916-5999
Email: tkartchner@fclaw.com

*Attorneys for United Guaranty Corporation*

/s/ William D. Kloss, Jr.
William D. Kloss, Jr. (0040854)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6360
Facsimile: (614) 719-4807
Email: wdklossjr@vorys.com

Marcel C. Duhamel (0062171)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114-1724
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
Email: mcduhamel@vorys.com

*Attorneys for Defendant, Corinthian Mortgage Corporation*

/s/ Kip T. Bollin
Kip T. Bollin (0065275)
James F. DeFeo (0079222)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Telephone: (216) 566-5500
Facsimile: (216) 566-5800
Email: kip.bollin@thompsonhine.com
        jim.defeo@thompsonhine.com

*Attorneys for PMI Mortgage Services Co*

/s/ Thomas V. Panoff
Lucia Nale (admitted *pro hac vice*)
Thomas V. Panoff (admitted *pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-8821
Facsimile: (312) 706-8297
Email: lnale@mayerbrown.com
        tpanoff@mayerbrown.com

Amanda Martinsek (0058567)
Marquettes D. Robinson (0074268)
THACKER MARTINSEK LPA
2330 One Cleveland Center
1375 East 9th Street
Cleveland, Ohio, 44114
Telephone: (216) 456-3840
Facsimile: (216) 456-3852
Email: amartinsek@tmlpa.com
        mrobinson@tmlpa.com

*Attorneys for CitiMortgage, Inc., Citigroup Inc. and Citibank, N.A.*

/s/ Joseph A. Castrodale
Joseph A. Castrodale (0018494)
Richik Sarkar (0069993)
Matthew T. Wholey (0086550)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Ste. 1100
Cleveland, Ohio 44113-1448
Telephone: (216) 583-7000
Facsimile: (216) 583-7353
Email: jcastrodale@ulmer.com
        rsarkar@ulmer.commwholey@ulmer.com

*Attorneys for Defendant HSBC Bank U.S.A., N.A.*

/s/ Barbara Friedman Yaksic
Barbara Friedman Yaksic (0014338)
James S. Wertheim (0029464)
Candice L. Musiek (0085924)
MCGLINCHEY STAFFORD PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
E-mail: byaksic@mcglinchey.com
        jwertheim@mcglinchey.com
        cmusiek@mcglinchey.com

*Counsel for CoreLogic Real Estate Solutions,
LLC and co-counsel for Defendants Bank of
America Corporation, CCO Mortgage Corporatio
and Everhome Mortgage Company*


/s/ Scott A. King
Scott A. King (0037582)
Terry W. Posey, Jr. (0078292)
THOMPSON HINE, LLP
Austin Landing I
10500 Innovation Drive, Suite 400
Dayton, Ohio 45342-4934
Telephone: (937) 443-6560
Facsimile: (937) 443-6635
Email: Scott.King@ThompsonHine.com
        Terry.Posey@ThompsonHine.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2012, a copy of the foregoing Defendants' Joint Brief in Support of This Court's Jurisdiction was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ P. Russell Perdew
P. Russell Perdew
*Attorney for Defendant*
*GMAC Mortgage, LLC*