IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, *ex rel.* <br> DAVID P. JOYCE <br> PROSECUTING ATTORNEY OF <br> GEAUGA COUNTY, OHIO, <br><br>     Plaintiff, <br><br> v. <br><br> MERSCORP, INC., *et al.*, <br><br>     Defendants. | Case No. 1:11-cv-02474 <br><br> Judge James S. Gwin |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS FIFTH THIRD, THE HUNTINGTON NATIONAL BANK, AND
KEYBANK NATIONAL ASSOCIATION'S MOTION TO DISMISS**

**1. INTRODUCTION**

Plaintiff State of Ohio, ex rel. David P. Joyce, Prosecuting Attorney for the County of Geauga respectfully submits this memorandum of law in opposition to Defendants Fifth Third, The Huntington National Bank, and KeyBank National Association's Motion to Dismiss. ECF No. 155.

On October 13, 2011, Plaintiff filed a putative class action complaint (the "Original Complaint") in the Geauga County Court of Common Pleas against nineteen Defendants (plus an unknown number of Doe Corporation Defendants), asserting violations of Ohio law for failure to comply with Ohio's mandatory recording statutes and seeking injunctive and declaratory relief, and asserting a claim for unjust enrichment. ECF No. 1-1. On November 14, 2011, Defendants jointly removed the action to this Court. ECF No. 1. On December 12, 2011, seventeen of the Defendants joined in a motion to dismiss the Original Complaint for failure to state a claim under

Rule 12(b)(6). ECF No. 64. On January 17, 2012, Plaintiff filed the Amended Complaint, correcting misnomers of certain named Defendants and identifying thirteen previously-unknown Doe Corporation Defendants. ECF No. 112. The Amended Complaint, like the original, seeks declaratory and injunctive relief and alleges that, by making mortgage assignments and yet purposely failing to record them in county recording offices, all defendants violated Ohio law and were unjustly enriched. *Id.* In addition, the Amended Complaint asserts a claim for civil conspiracy against all Defendants. On January 25, 2012, twenty named Defendants filed the Joint Motion to Dismiss the Amended Complaint. ECF Nos. 117, 118.

On February 9, 2012, Defendants Fifth Third, The Huntington National Bank, and KeyBank National Association (collectively the 'New Ohio Defendants") filed a Motion to Strike the Plaintiff's Amended Complaint or in the Alternative, Motion to Dismiss Claims Against New Ohio Defendants, and a Motion to Dismiss the Amended Complaint for Failure to State a Claim. ECF Nos. 154, 155.

2. **ARGUMENT**

   A. **LEGAL STANDARD**

   In ruling on a motion to dismiss under Rule 12(b)(6), "the Court must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of plaintiff, but the Court need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A court properly grants a motion to dismiss under Rule 12(b)(6) only if it appears that the plaintiff can prove no set of facts that would entitle him to relief." *Adam v. Auditor of State of Ohio*, 2002 WL 31947784, at *2 (N.D. Ohio Oct. 23, 2002).

   To withstand a motion to dismiss under Rule 12(b)(6), plaintiffs "need only allege 'enough facts to state a claim to relief that is plausible on its face.'" *Matrixx Initiatives, Inc. v.*

*Siracusano*, 131 S. Ct. 1309, 1322 n.12 (2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The question is whether "allegations suffice to 'raise a reasonable expectation that discovery will reveal evidence'" and thereby "'allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 1323 (quoting *Twombly*, 550 U.S. at 556 and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely." *Twombly*, 550 U.S. at 556 (citation omitted).

B. **THE PLAINTIFF HAS STANDING TO BRING THIS ACTION**

In Ohio, the County Prosecuting Attorneys have authority to bring actions upon being satisfied "that money is due the county." O.R.C. § 309.12. Illegally withholding public funds from the county treasurer is an "express trigger[] for a civil action under R.C. 309.12." *State ex rel. Kolkowski v. Lake Cty. Bd. of Comm'rs*, 2009 WL 1514993, at *2 (Ohio Ct. App. May 29, 2009); see also *Bd. of Cnty. Comm'rs of Allen Cnty. v. Andrews*, 363 N.E.2d 746 (Ohio Ct. App. 1976) (finding that O.R.C. § 309.12 "grant[s] the prosecutor a cause of action"). Further, O.R.C. § 309.12 authorizes Plaintiff to file a civil action seeking equitable relief in the nature of an injunction. *See State ex rel. Jones v. Hamilton Cnty. Bd. of Comm'rs.*, 705 N.E.2d 1247, 1250 (Ohio Ct. App. 1997) (taxpayer actions pursuant to O.R.C. §§ 309.12, 309.13 governed by equitable principles that apply to injunction actions generally).

Defendants' challenges to Plaintiff's standing are without merit. First, Defendants' assertion that Ohio recording statutes themselves do not create a cause of action is beside the point, and their assertion that Plaintiff's "claims rest entirely upon alleged violation of Ohio recording statute" is untrue. Defs' Mem. at 3. As set forth above, Plaintiff's causes of action arise from O.R.C. § 309.12, not Ohio recording statutes.

3

Second, Defendants' characterization of O.R.C. § 309.12 is not supported by the law. Defs' Mem. at 5. Defendants rely on *Ohio ex rel. Shetzer v. Harshaw Chem. Co.*, 1975 WL 174545 at *3 (Ohio Ct. App. Dec. 18, 1975) for the proposition that O.R.C. § 309.12 "authorizes a county prosecutor to sue to recoup only those funds that are independently due and owing," and that "the lawsuit itself cannot be basis for establishing that funds at issue are due." Defs' Mem. at 5. However *Shetzer* involved an action brought by a taxpayer, after unsuccessfully petitioning the county prosecuting attorney to bring the action, against a chemical company for damage to a bridge caused by the defendant's chemicals. *Id.* at *1. The taxpayer claimed, pursuant to O.R.C. § 309.12, that the defendant was liable for the amount of money expended by the county to repair and remove the old bridge, and to build a replacement bridge. *Id.* The appellate court affirmed the trial court's ruling that a cause of action under O.R.C. § 309.12 did not lie because "the potential of a money judgment in a tort action based on negligence does not constitute money due the county." *Id.* at *3.

Here, there is no dispute that Defendants have a statutory obligation to pay a fee to the Geauga County Recorder's Office for each mortgage assignment recorded. See O.R.C. §§ 317.32, 325.27. Plaintiff's recovery does not depend upon "the potential money judgment in a tort action based on negligence." Rather, the only contingency standing between Plaintiff and money that is due the county is an injunction compelling Defendants to comply with their statutory duties and record each missing and future mortgage assignment. Thus, the relief sought in this action is "more tangible and definite" than the prospective tort judgment contemplated in *Shetzer* and Plaintiff is authorized to bring this action. O.R.C. § 309.12.

### C. OHIO'S RECORDING STATUTES ARE MANDATORY

New Ohio Defendants baldly assert that the recording statute "is too nonspecific to support the duty alleged" because it is "silent on the issues of who (assignors or assignees) must

4

record the assignment and when they must do so." Defs. Mem. at 5. Defendants offer no legal support for this position, and as explained in Plaintiff's Memorandum of Law in Opposition to Certain Defendants' Joint Motion to Dismiss the Amended Complaint, Ohio's recording statutes are mandatory and the Amended Complaint sets forth detailed examples illustrating how Defendants failed to record mortgage assignments in connection with the securitization of Ohio mortgage loans. Opp. At 8-16. As such, the court should deny New Ohio Defendants' motion.

## 3. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that New Ohio Defendants' Motion to Dismiss be denied.

Date: March 5, 2012

Respectfully submitted,

/s/ Christian Siebott
Stanley D. Bernstein (admitted *pro hac vice*)
Christian Siebott (admitted *pro hac vice*)
Stephanie M. Beige (admission pending)
Sara P. Goodman (admitted *pro hac vice*)
BERNSTEIN LIEBHARD LLP
10 East 40th Street
New York, NY 10016
(212) 779-1414
(212) 779-3218 fax

and

David P. Joyce (#0022437)
Prosecuting Attorney
Mary Brigid "Bridey" Matheney (#0070998)
Assistant Prosecuting Attorney
Geauga County Prosecutor's Office
Courthouse Annex
231 Main Street, Ste. 3A
Chardon, Ohio 44024
(440) 279-2100

*For Plaintiff State of Ohio, ex rel. David P. Joyce, Prosecuting Attorney for the County of Geauga*