**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF OHIO, *ex rel.* | ) | Case No. 1:11-cv-02474 |
| DAVID P. JOYCE | ) | |
| PROSECUTING ATTORNEY OF | ) | Judge James S. Gwin |
| GEAUGA COUNTY, OHIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MERSCORP, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**CERTAIN DEFENDANTS' JOINT BRIEF IN SUPPORT OF JURISDICTION AND**
**TO DEFENDANTS FIFTH THIRD BANK, THE HUNTINGTON NATIONAL BANK,**
**AND KEYBANK NATIONAL ASSOCIATION'S MOTION TO STRIKE PLAINTIFF'S**
**COMPLAINT OR, IN THE ALTERNATIVE, TO DISMISS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......................................................................................iii

I.       INTRODUCTION / SUMMARY OF THE ISSUES & ARGUMENTS ............................1

II.      FACTUAL BACKGROUND & RELEVANT PROCEDURAL HISTORY ....................2

         A.      Original Complaint Filed in State Court ................................................2

         B.      Notice of Removal.................................................................................3

         C.      Amended Complaint Filed in this Court ................................................3

         D.      Defendants' Joint Brief in Support of Jurisdiction................................4

III.     DICUSSION ...........................................................................................................5

         A.      Legal Standard – Federal Removal Jurisdiction.....................................5

         B.      Defendants Failed to Establish that this Court Has Removal Jurisdiction Due to
                 the Absence of Complete Diversity, Requiring Remand of this Action to State
                 Court ...................................................................................................6

         C.      Defendants Improperly Removed this Non-Diverse Action Under the Pretense
                 of Fraudulent Joinder, But Failed to Satisfy Their Burden to Prove Fraudulent
                 Joinder ................................................................................................7

                 1.      Fraudulent Joinder Standard.....................................................7

                 2.      Defendants Improperly Convert this Court's Fraudulent Joinder
                         Analysis to Improperly Reach the Merits and Dismiss Plaintiff's
                         Claims in their Entirety ...........................................................8

                 3.      Defendants Fail to Meet Their Burden to Prove Fraudulent Joinder ........11

                         a.      The Original Complaint *Could Have Established* Colorable
                                 Claims against Non-Diverse Defendant Home Savings for
                                 Failing to Record All Mortgage Assignments as Required by
                                 Ohio Law .....................................................................11

                                 i.      The Original Complaint Established that Home Savings
                                         Improperly Withheld County Funds and Was Unjustly
                                         Enrichment By Failing to Record All Mortgage
                                         Assignments as Required by Ohio Law ..........................12

i

ii.      The Amended Complaint Also Establishes Causes of
Action against Home Savings, Including Participation
in the Conspiracy to Use MERS to Avoid Recording ....... 13

D.     The Amended Complaint Is the Relevant Pleading for this Court's
Jurisdictional Calculus .......................................................................................... 16

1.     The Amended Complaint Was Properly Filed As a Matter of Course ...... 16

a.     Where the Amended Complaint Replaced Previously
Unidentified, Fictitious "Doe Corporation" Defendants with
Non-Diverse Named Defendants, this Court Lacks of Diversity
Jurisdiction ................................................................................... 17

b.     The Amended Complaint Named Non-Diverse Defendants
Prior to this Court's Deadline to Add Parties and/or Amend
the Pleadings ................................................................................. 18

D.     Failure to Remand this Action to State Court Would Harm Plaintiff,
Would be Unfairly Burdensome, and Is Procedurally Improper .......................... 19

IV.     CONCLUSION ................................................................................................ 20

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Elec. Data Sys. Corp.*,
  13 F.3d 940 (6th Cir. 1994) .............................................................5, 7

*Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*,
  362 F.3d 136 (1st Cir. 2004) .............................................................17

*Batoff v. State Farm Ins. Co.*,
  977 F.2d 848 (3d Cir. 1992) .............................................................11

*Caterpillar Inc. v. Lewis*,
  519 U.S. 61 (1996) .............................................................5

*Chesapeake & Ohio Railway Co. v. Cockrell*,
  232 U.S. 146 (1914) .............................................................8, 9

*Coyne v. Am. Tobacco Co.*,
  183 F.3d 488 (6th Cir. 1999) ............................................................. *passim*

*Curry v. U.S. Bulk Transp., Inc.*,
  462 F.3d 536 (6th Cir. 2006) ............................................................. *passim*

*Fiedler v. Reliance Elec. Co.*,
  823 F.2d 269 (8th Cir. 1987) .............................................................17

*Gafford v. Gen. Elec. Co.*,
  997 F.2d 150 (6th Cir. 1993), *abrogated on other grounds*, *Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010) .............................................................5

*Gosden v. Louis*,
  687 N.E.2d 481 (Ohio Ct. App. 1996) .............................................................15

*Hartley v. CSX Transp. Inc.*,
  187 F.3d 422 (4th Cir. 1999) .............................................................11

*Heitz v. Vitas Innovative Hospice Care*, 2011 WL 5334825 (S.D. Ohio Oct. 18, 2011),
  *rep. and rec. adopted* 2011 WL 5326283 (S.D. Ohio Nov. 7, 2011) .............................................................17

*In re Krause*,
  414 B.R. 243 (Bankr. S.D. Ohio 2009) .............................................................12

*In re Williams*,
  395 B.R. 33 (Bankr. S.D. Ohio 2008) .............................................................12

*Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*,
  176 F.3d 904 (6th Cir. 1999) ...................................................................7

*Johnson v. Microsoft Corp.*,
  834 N.E.2d 791 (Ohio 2005).................................................................12

*Johnston v. Panther II Transp.*,
  2007 WL 2625262 (N.D. Ohio Sept. 6, 2007)....................................5, 6

*Jones v. Woodmen Acc. & Life Co.*,
  112 F. Supp. 2d 676 (N.D. Ohio 2000)..................................................7

*Leikin Oldsmobile, Inc. v. Sentry Select Ins. Co.*,
  2008 WL 4686170 (N.D. Ohio Oct. 22, 2008) ....................................11

*Lincoln Prop. Co. v. Roche*,
  546 U.S. 81 (2005)................................................................................9

*Little v. Purdue Pharma, L.P.*,
  227 F. Supp. 2d 838 (S.D. Ohio 2002) ................................................12

*Loftis v. UPS, Inc.*,
  342 F.3d 509 (6th Cir. 2003) ...............................................................19

*Meyer v. Chieffo*,
  950 N.E.2d 1027 (Ohio Ct. App. 2011).................................................12

*Minogue v. Modell*,
  2006 WL 1704932 (N.D. Ohio June 16, 2006).......................................9

*Montano v. Allstate Indem.*,
  2000 WL 525592 (10th Cir. Apr. 14, 2000) .........................................10

*Musson Theatrical v. Fed. Express Corp.*,
  89 F.3d 1244 (6th Cir. 1996) .................................................................5

*Randleman v. Fid. Nat'l. Title Ins. Co.*,
  465 F. Supp. 2d 812 (N.D. Ohio 2006)................................................13

*Sasaya v. Earle*,
  2012 WL 314159 (N.D. Ohio Feb. 1, 2012) ..........................................4

*Schur v. L.A. Weight Loss Ctrs., Inc.*,
  577 F.3d 752 (7th Cir. 2009) ...............................................................11

*Smith v. SmithKline Beecham Corp.*,
  2011 WL 2731262 (E.D. Ky July 13, 2011)............................................9

iv

*Smith v. Sperling*,
  354 U.S. 91 (1957) ......................................................................................16

*Walker v. Philip Morris USA, Inc.*,
  443 F. App'x 946 (6th Cir. 2011) ............................................ *passim*

*Williams v. Aetna Fin. Co.*,
  700 N.E.2d 859 (Ohio 1998) ..................................................................15

**Statutes**

§ 309.12 ..........................................................................................................11

§§ 305.14, 309.12 of the Ohio Revised Code ..............................................2

28 U.S.C. § 1332 .........................................................................................20

28 U.S.C. § 1332(a) .......................................................................................3

28 U.S.C. § 1441(a) ...............................................................................5, 20

28 U.S.C. § 1441(b) ...................................................................................1, 5

28 U.S.C. § 1447(d) .......................................................................................5

28 U.S.C. § 1447(e) .......................................................................... *passim*

Ohio Rev. Code Ann. § 5301.25 ...................................................................2

Ohio Rev. Code Ann. § 5301.25(A) ...........................................................12

Ohio Rev. Code Ann. §§ 5301.25 and 5301.32 .........................................12

Ohio Rev. Code Ann. § 5301.32 ...................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................... *passim*

Fed. R. Civ. P. 15(a) ...................................................................................17

Fed. R. Civ. P. 21 ...........................................................................................4

Fed.R.Civ.P. 15(a)(1)(B) ............................................................................15

Plaintiff State of Ohio, *ex rel.* David P. Joyce, Prosecuting Attorney for Geauga County, Ohio respectfully submits this memorandum in opposition to certain defendants' joint brief in support of jurisdiction and to defendants Fifth Third Bank, The Huntington National Bank, and KeyBank National Association's motion to strike Plaintiff's Complaint or, in the alternative, to dismiss (collectively, "Defendants").

## I.     INTRODUCTION / SUMMARY OF THE ISSUES & ARGUMENTS

The jurisdictional calculus here is simple: this Court does not have subject matter jurisdiction over this action, nor did it ever, because complete diversity has never existed. Defendants improperly removed this action from state court and have entirely failed to carry their heavy burden to establish complete diversity.  Therefore this Court must remand the action for want of federal jurisdiction.

- First, defendant Home Savings & Loan Company of Youngtown ("Home Savings"), an Ohio corporation, is a home-state defendant precluded from removing a state-court action, alleging only state claims, on the basis of diversity, under 28 U.S.C. § 1441(b).

- Second, Defendants disregard what the record plainly shows as their own admission: certain defendants supported their motion for an extension on communications with Plaintiff that informed defendants and this Court of its intention to file an amended complaint as a matter of right, a request that defendants did not oppose and was granted by this Court.

- Third, where Defendants failed to present sufficient evidence that Plaintiff, as alleged in the original complaint, *could not have established* any cause of action against non-diverse defendant Home Savings in state court, they failed to carry their heavy burden to prove fraudulent joinder.  Thus, this Court is without removal jurisdiction as it cannot disregard that the parties are not completely diverse.

- Fourth, Plaintiff's amended complaint, amended as a matter of right in accordance with the federal rules and this Court's directives, is the operative pleading for the jurisdictional calculus and properly replacing fictitious "Doe Corporation" defendants with newly-identified, non-diverse named defendants, and corrects misnomers of non-diverse defendants, therefore 28 U.S.C. § 1447(e) divestiture never applied.

Accordingly, where complete diversity between the parties ever existed, this Court must

remand the action for lack of subject matter jurisdiction and deny all pending motions as moot.

## II.    FACTUAL BACKGROUND & RELEVANT PROCEDURAL HISTORY

### A.    Original Complaint Filed in State Court

On October 13, 2011, Plaintiff filed the Original Complaint against twenty named

defendants, including Home Savings, and an unknown number of fictitious "Doe Corporation"

defendants (collectively, "Original Defendants") in the Geauga County Court of Common Pleas

(ECF No. 1-1).  Orig. Compl. ¶ 1.  Pursuant to §§ 305.14, 309.12 of the Ohio Revised Code

("O.R.C."), Plaintiff alleged that Original Defendants sought to maximize profits, typically

through securitizing Ohio mortgage loans, by circumventing the requirement to record certain

land instruments in, and pay attendant recording fees to, county recording offices, as required by

Ohio law.  *Id*. ¶¶ 3-8.[1]  The scheme often involved placing the name "MERS" (a private online

database created certain Defendants and others in the mortgage industry) in county land records

to preserve their lien priority, while simultaneously avoiding recordation and the attendant fees.

And, the consequences of such wrongful misconduct were – and are – born by Ohio counties as

defendants "systematically broke chains of land title throughout Ohio counties' public land

records by creating 'gaps' due to missing mortgage assignments they failed to record, or by

recording patently false and/or misleading mortgage assignments . . ."  *Id*.  Specifically, Plaintiff

asserted state law causes of action for violation of Ohio recording statutes and unjust enrichment

against all defendants, arising from their systematic and purposeful failure to record all

---

[1] Orig. Compl. ¶ 34 ("Land instruments, such as mortgages and mortgage assignments, must be
recorded in proper county recording offices, which are operated by county recorders. O.R.C.
§ 5301.25 ("[I]nstruments of writing properly executed for the conveyance or encumbrance of
lands . . . *shall be recorded* in the office of the county recorder of the county in which the
premises are situated."); O.R.C. § 5301.32 ("The separate instrument of [a mortgage] assignment
or partial release *shall be recorded*.") (emphasis added)).

mortgages and mortgage assignments, and thus avoid the payment of county funds, and sought

compensatory damages, as well as declaratory and injunctive relief.  *Id.* ¶¶ 60-69.

Among the twenty named Original Defendants, Plaintiff identified and intended to sue

two non-diverse Ohio corporations:  (1) correctly named Home Savings as "Home Savings &

Loan Company of Youngstown"; and (2) mistakenly named Chase Home Finance, LLC

(predecessor by merger to JPMorgan Chase Bank, N.A.) as "Chase Home Mortgage Corporation

("Chase") (f/k/a Chase Home Finance), a division of Chase Bank N.A., and JPMorgan Chase &

Co."  *Id.* ¶ 17; *see* 28 U.S.C. § 1348; Wachovia v. Schmidt, 546 U.S. 303, 318 (2006) (holding

that for diversity purposes, a national bank is a citizen of the state designated in its articles of

associate as it main office.").

## B.      Notice of Removal

On November 14, 2011, pursuant to 28 U.S.C. §§ 1441 and 1446, nine Original

Defendants filed a timely notice of removal, invoking federal diversity jurisdiction under 28

U.S.C. § 1332(a), and alleging that the amount in controversy was satisfied.  The defendants

asserted that the citizenship of the only named non-diverse defendant, Ohio bank Home Savings

must be disregarded because, they argue, it was fraudulently joined "in order to defeat diversity"

(ECF No. 1). [2]

## C.      Amended Complaint Filed in this Court

On January 17, 2012, Plaintiff filed an amended complaint against thirty-seven

defendants in this Court (ECF No. 112).  Am. Compl. ¶¶ 11-41.  Therein, Plaintiff (1) re-alleged

state law causes of action to recover improperly withheld county funds, for violations of Ohio

recording statutes and for unjust enriched, (2) added a claim for civil conspiracy, and (3) sought

---

[2] Curiously, though both Original Defendants Home Savings and SunTrust Mortgage, Inc. consented to removal (ECF Nos. 7, 38, respectively)), neither has joined in Defendants' joint brief in support of jurisdiction, nor filed an independent brief.  Defs.' Br. at 16-19.

compensatory damages as well as declaratory and injunctive relief to compel defendants to comply with Ohio's mandatory recording requirements.  *Id.* ¶ 6.

Plaintiff also identified twelve fictitious "Doe Corporation" defendants, and corrected misnomers of four mistakenly-named defendants.  Of the twelve newly-identified defendants, four were non-diverse Ohio corporations: (1) JPMorgan Chase Bank, N.A., individually (herein, "JPMorgan Chase"); (2) Fifth Third Bank; (3) The Huntington National Bank; and (4) KeyBank National Association.  Of the four corrected misnomers, upon discovering that the corporate entity intended to be sued (Chase Home Finance, LLC) had been merged into JPMorgan Chase in July 2011, Plaintiff corrected "Chase Home Mortgage Corporation ("Chase") (f/k/a Chase Home Finance), a division of Chase Bank N.A., and JPMorgan Chase & Co." to name "Defendant JPMorgan Chase Bank, N.A. . . . individually, and as successor by merger to Chase Home Finance, LLC."  *Id.* ¶ 13.

### D.    Defendants' Joint Brief in Support of Jurisdiction

On February 20, 2012, pursuant to this Court's track assignment Order issued following the case management conference (ECF No. 122, dated 1/28/12), Defendants filed their joint brief in support of this Court's jurisdiction, arguing that:  (1) all non-diverse Ohio defendants should be dismissed as dispensable under Fed. R. Civ. P. 21, to perfect this Court's diversity; (2) all newly-identified Ohio defendants should be stricken as improperly joined, where Plaintiff replaced fictitious "Doe Corporation" entities with non-diverse named defendants without seeking leave to amend to add non-diverse parties under 28 U.S.C. § 1447(e); and (3) where non-diverse, original defendant Home Savings was only joined to defeat diversity, its citizenship should be ignored for purposes of jurisdiction.

## III.     DISCUSSION

**A.     Legal Standard – Federal Removal Jurisdiction**

A federal district court must have subject matter jurisdiction over a state court action removed to federal court.  28 U.S.C. § 1441, *et seq.*; *Sasaya v. Earle*, 2012 WL 314159, at *5 (N.D. Ohio Feb. 1, 2012).  A defendant may therefore remove a state court action *only* where "the federal district courts would have original jurisdiction based on diversity of citizenship . . . [28 U.S.C. § 1441(a) and where] no defendant 'is a citizen of the State in which such action is brought,' § 1441(b)."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citations omitted) (finding that diversity jurisdiction requires that "the citizenship of each plaintiff is diverse from the citizenship of each defendant.").  Where an action removed to federal court appears to lack diversity or federal question jurisdiction prior to final judgment, the action must be remanded to the appropriate state court.  28 U.S.C. § 1447(c); *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996) ("As a court of limited jurisdiction, a federal district court must proceed cautiously in determining that it has subject matter jurisdiction.").  "Moreover, if a party improperly removes a case to federal court pursuant to 28 U.S.C. § 1441, the court must remand the case back to the state court from which it had been removed."  *Johnston v. Panther II Transp.*, 2007 WL 2625262, at *1 (N.D. Ohio Sept. 6, 2007) (citing 28 U.S.C. § 1447(d)).

A removing defendant, as the party invoking the court's jurisdiction "carries the burden to establish diversity jurisdiction" and demonstrate that removal was proper.  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488 (6th Cir. 1999)).  This burden strikes a proper balance between "the competing interests of protecting a defendant's right to remove and limiting diversity jurisdiction."  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), ), *abrogated on other grounds*, *Hertz Corp. v. Friend*,130 S. Ct. 1181 (2010).

5

Further, the removing party's burden is a *heavy* one because, where significant federalism concerns are raised, "removal statutes must be construed strictly to promote comity and preserve jurisdictional boundaries between state and federal courts." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Accordingly, "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493; *Johnston*, 2007 WL 2625262, at *3.

**B.**    **Defendants Failed to Establish that this Court Has Removal Jurisdiction Due to the Absence of Complete Diversity, Requiring Remand of this Action to State Court**

Defendants failed to carry their burden to establish that this Court has subject matter jurisdiction in the absence of complete diversity, and thus removal was proper, for three reasons. First, Defendants utterly failed to meet their burden to prove that the Original Complaint fraudulently joined non-diverse Home Savings:  (a) by improperly converting the fraudulent joinder standard into a motion to dismiss standard and requesting this Court dismiss *all* non-diverse defendants' claims against all defendants by improperly reaching the underlying merits of Plaintiff's claims prior to the Court's jurisdictional calculus (i.e., whether it has jurisdiction over any claims or parties), thus this Court improper merits ruling would effectively dismiss all claims against all defendants, a clear violation of the common defense rule, and (b) by failing to present *any* evidence to establish that Plaintiff *could not have* pled any colorable claims against the Original Complaint's two non-diverse defendants in state court.

Second, as properly amending the non-diverse Original Complaint as a matter of right in accordance with the Federal Rules of Civil Procedure and this Court's directive, by replacing fictitious "Doe Corporation" defendants with four non-diverse named defendants and in correcting the misnomer of one non-diverse defendant, the Amended Complaint is the operative pleading for this Court's jurisdictional calculus – an analysis which immediately reveals Defendants' failure to establish that this Court has jurisdiction in the absence of complete

diversity.  Accordingly, this Court is without subject matter jurisdiction and must remand the action to state court.

C.     **Defendants Improperly Removed this Non-Diverse Action Under the Pretense of Fraudulent Joinder, But Failed to Meet Their Burden to Prove Fraudulent Joinder**

        1.     **Fraudulent Joinder Standard**

An exception to the general rule, that federal removal jurisdiction requires complete diversity exists "[w]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question[,] the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)).  To satisfy their heavy burden, "the removing party must *present sufficient evidence* that a plaintiff *could not have* established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493 (emphasis added).

Here, the Court must determine whether Defendants carried their heavy burden to prove that non-diverse Home Savings is fraudulently joined in the Original Complaint – that is, whether Defendants satisfied their requirement to "*present sufficient evidence* that a *plaintiff could not have established* a cause of action against non-diverse defendants under state law.*" Coyne*, 183 F.3d at 493 (emphasis added).  In other words, in analyzing for fraudulent joinder, a court's "inquiry is whether there is *at least a colorable claim* against the non-diverse party in state court." *Jones v. Woodmen Accident. & Life Co.*, 112 F. Supp. 2d 676, 678 (N.D. Ohio 2000) (citing *Alexander*, 13 F.3d at 949) (emphasis added); *Walker*, 443 F. App'x at 951 ("There can be no fraudulent joinder *unless it be clear that there can be no recovery* under the law of the state on the cause alleged or on the facts in view of the law.") (citation omitted) (emphasis added).

Defendants have wholly failed to carried their heavy burden to show that non-diverse Home Savings was fraudulently joined in the Original Complaint filed in state court, by "*present[ing] sufficient evidence*" that Plaintiff "*could not have established*" any of its claims under Ohio law.  *Coyne*, 183 F.3d at 493 (emphasis added).  Defendants throw every argument at the wall to see what will stick – they first argue that Home Savings was fraudulently joined in the Original Complaint for the purpose of defeating jurisdiction, and then, in the next breath, press arguments that Home Savings was fraudulently joined in the Amended Complaint, which purportedly "provides no facts to support that conclusion, such as to whom the mortgage was assigned or when."  Defs.' Br. at 14.  Thus, where the Complaint names non-diverse Home Savings as a proper defendant and, this Court cannot disregard its citizenship for purposes of diversity and therefore lacks removal jurisdiction.

> **2.    Defendants Improperly Convert this Court's Fraudulent Joinder Analysis to Improperly Reach the Merits and Dismiss Plaintiff's Claims in their Entirety**

Defendants misconstrue the fraudulent joinder standard, as well as the nature of Plaintiff's claims.  First, Defendants contend that "Plaintiff has no colorable claims against Home Savings" because "[a]ll of Plaintiff's claims are based entirely on the theory that mortgage assignments must be recorded under Ohio law."  Defs.' Br. at 13.  Defendants argue that Ohio recording statutes do not make recording mortgage assignments mandatory and therefore, there are no colorable claims against Home Savings or any other defendant.  The argument applies equally to all the defendants, however, and thus cannot be the basis to establish fraudulent joinder.  If it were otherwise, every time a state court case with both diverse and non-diverse defendants is removed, the federal court would automatically have jurisdiction based on its own determination that the case had no merit.  Observing that one exception to fraudulent joinder is

8

the so-called "common defense" rule, one district court relied the Supreme Court's decision in

*Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152-53 (1914) and held:

> When, however, the plaintiff's claims against the non-diverse defendant fail for
> the same reason that his claims against the other defendants fail, the no-
> possibility-of-recovery inquiry no longer functions as a proxy for fraudulent
> intent. Instead, it merely demonstrates that 'the plaintiff's case [is] ill founded as
> to all the defendants,'—a quintessential merits determination that belongs in the
> state court.

*Smith v. SmithKline Beecham Corp.*, 2011 WL 2731262, at *5 (E.D.Ky. July 13, 2011);

*Minogue v. Modell*, 2006 WL 1704932, at *15 (N.D. Ohio June 16, 2006) (quoting *Lincoln Prop.*

*Co. v. Roche*, 546 U.S. 81, 92 (2005) ("*[S]ee Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146,

152 . . . (diverse defendants, upon showing that joinder of nondiverse party was "without right

and made in bad faith," may successfully remove the action to federal court).").

Defendants contends that "[m]ost fundamentally, Plaintiff seeks a declaration that Ohio

law requires recording of assignments.  That request is the central legal question in the case, and

will control the outcome."  Defs.' Br. at 6.  This is simply untrue.  Whether Ohio recording

statutes are mandatory, in that they require that certain land instruments be recorded in, with

recording fees paid to, county recorded offices *is not dispositive* of this action because Plaintiff's

claim for unjust enrichment is independent of Ohio recording statutes.

Second, Defendants entirely ignore the express limitation placed on this Court's inquiry

into the underlying merits for purposes of determining whether removal jurisdiction exists.  Defs.

Br. at 13-14 (proclaiming that, in the original complaint, "Plaintiff's allegations as to Home

Savings are particularly deficient" and that, in the amended complaint, "Home Savings is

generically alleged to have 'engaged in transactions related to securitization of mortgage loans . .

.'").  Thus, Plaintiff has not even properly alleged that Home Savings assigned mortgages for

which assignments were not recorded.  This is an additional deficiency in Plaintiff's claim

against Home Savings has been fraudulently joined."  This Court, however, is expressly

prohibited from evaluating "the nature and sufficiency of evidence supporting Plaintiff's claims

[as going] beyond the inquiry contemplated by the limited pleading-piercing exception

recognized as appropriate where an undisputed factual inaccuracy or insufficiency in the

plaintiff's claim against the in-state defendant is the basis of removal."  *Walker*, 443 F. App'x

946 ("In piercing the pleadings to consider plaintiffs' motion to remand state law claims arising

from house fire, which were removed on basis of fraudulent joinder of non-diverse defendants,

district court improperly went beyond the relevant inquiry as to whether plaintiffs had a

colorable claim under state law, and, instead inquired whether plaintiffs had adequate evidentiary

support for their claim.").

Further, Defendants mischaracterize the proper fraudulent joinder standard by intimating

that its "similar" to a Rule 12(b)(6) standard.  Defs.' Br. at 13.  Defendants argue that, because

Plaintiff named just one non-diverse defendant and that no colorable claim against *any*

defendants, Home Savings was the single defendant fraudulently joined.  In other words,

according to Defendants' logic, in any case where the complaint may not survive a motion to

dismiss against any defendants under Rule 12(b)(6), fraudulent joinder, and therefore federal

jurisdiction, is always established.  *See e.g.*, *Walker*, 443 F. App'x at 954, n.5 (citing *Montano v.

Allstate Indem.*, 2000 WL 52992 (10th Cir. April 14, 2000) (10th Cir. 2000) ("This standard is

more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6); indeed, the latter

entails the kind of merits determination that, absent fraudulent joinder, should be left to the state

court where the action was commenced. . . . Finally[] . . . remand is required if any one of the

claims against the non-diverse defendant, here Ms. Marsh, is possibly viable.  'Even if [plaintiff]

were [precluded] from pursuing all his claims save one in state court, a remand would be necessary.'")) (internal citations omitted).

Yet, as the Sixth Circuit and many sister circuits have recently observed that "[t]he standard requiring that the removing party show that the plaintiff cannot establish a claim against the allegedly fraudulently joined party, even after resolving all issues of law and fact in the plaintiff's favor, *is even more favorable to the plaintiff* than the standard for ruling on a [Rule 12(b)(6)] motion to dismiss." *Walker*, 443 F. App'x at 953-54, n.5 (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009); *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)).[3]

### 3. Defendants Fail to Meet Their Burden to Prove Fraudulent Joinder

#### a. The Original Complaint *Could Have Established* Colorable Claims against Non-Diverse Defendant Home Savings for Failing to Record All Mortgage Assignments as Required by Ohio Law

The Original Complaint alleges state law causes of action, seeking damages and other equitable relief, against Home Savings and others for illegally withheld county funds in violating of O.R.C. 309.12, for failing to record all mortgages and mortgage assignments in violation of Ohio recording statutes, and for unjustly retaining an economic benefit and priority granted by county land records, while avoiding all such recordation, and thus payment of fees, to the direct detriment of Ohio counties.  Defendants throw up a host of reasons this Court should find they sufficiently proved that Plaintiff could not have stated a claim against non-diverse Home Savings under state law – all of them fundamentally flawed.

---

[3] Defendants misrepresent this Court's fraudulent joinder inquiry.  *Compare* Defs.' Br. at 12-13 ("[T]he underlying inquiry into fraudulent joinder is similar to the inquiry into a motion to dismiss under Fed. R. Civ. P. 12(b)(6)") (citing *Leikin Oldsmobile, Inc. v. Sentry Select Ins. Co.*, 2008 WL 4686170, at *2), *with id.* at *2 ("*As the district court in Little observed, the* underlying inquiry into fraudulent joinder is similar to the inquiry into a motion to dismiss under Fed. R. Civ. P. 12(b)(6), **but is even more deferential to the Plaintiffs.**") (emphasis added).

11

i.      **The Original Complaint Established that Home Savings Improperly Withheld County Funds and Was Unjustly Enrichment By Failing to Record All Mortgage Assignments as Required by Ohio Law**

Based on the factual predicate alleged in the Original Complaint, Plaintiff could have established colorable causes of action against Home Savings and others to recover illegally withheld county funds pursuant to O.R.C. 309.12, where: (1) Home Savings failed to record all mortgages and mortgage assignments for violations of Ohio recording statutes, O.R.C. §§ 5301.25 and 5301.32, and (2) Home Savings was "unjustly enriched at the expense of and to the detriment of Plaintiff and the Class" by wrongfully and improperly retaining recording fees for mortgages and mortgage assignments made, but never recorded.  *Id*. ¶¶ 65-69.

Home Savings chose to create assignments, thus Home Savings was required to record them by O.R.C. §§ 5301.25 and 5301.32.  *See e.g.*, *In re Williams*, 395 B.R. 33, 41 (Bankr. S.D. Ohio 2008) ("the Ohio statutes governing assignments of mortgages require some form of filing of those assignments with county recorders' offices, i.e. recording of those assignment.") ; *In re Krause*, 414 B.R. 243, 261-62 (Bankr. S.D. Ohio 2009) (citing *In re Williams*, 395 B.R. at 40-46 (finding that "Ohio law requires a mortgage assignment to be recorded, see ORC § 5301.25(A)" and does not void mortgage loans for failure to record).  Further, to the extent that the court finds the requirement to record assignments unclear, "a federal court should hesitate before pronouncing a state claim frivolous, unreasonable, and not even colorable in an area yet untouched by the state courts."  *Little v. Purdue Pharma, L.P*., 227 F. Supp. 2d 838, 849 (S.D. Ohio 2002).

In order to recover under a theory of unjust enrichment, Plaintiff "must establish that (1) the plaintiff conferred a benefit on the defendant, (2) the defendant knew of the benefit, and (3) it would be unjust to permit the defendant to retain the benefit without payment."  *Meyer v.*

*Chieffo*, 950 N.E.2d 1027, 1039 (Ohio Ct. App. 2011) (citation omitted); *Johnson v. Microsoft Corp.*, 834 N.E. 2d 791, 799 (Ohio 2005) (providing that to maintain a claim for unjust enrichment, Ohio law requires plaintiffs to allege an "economic transaction" between the parties).  Despite Defendants' contentions otherwise, in the Original Complaint, Plaintiff pled that Defendants recorded their initial mortgage assignments in the county recorders' offices, and in exchange were given priority of their liens.  Through this economic transaction, Defendants were able to place MERS on the land records, maintain priority of their liens, assign mortgages countless times without recording, avoid statutorily mandated recording fees, and yet still maintain priority of their liens.  Each time Defendants assigned a mortgage without recording it, they did so to the detriment to Ohio counties.  Thus, there exists a clear "transactional nexus" between Plaintiff's loss and Defendants' improper gain.  *Randleman v. Fid. Nat'l Title Ins. Co.*, 465 F. Supp. 2d 812, 825 (N.D. Ohio 2006).  Accordingly, the Original Complaint sufficiently alleges that *all* Defendants were unjustly enriched where: (1) Plaintiff conferred the benefits of lien priority on Defendants; (2) Defendants purposely avoided recording all mortgages and mortgage assignment *because* they could retain such benefits without paying attendant recording fees; and (3) it would be unjust to allow Defendants to retain the economic benefits as they were enriched at the expense of and to the detriment to Plaintiff.  Orig. Compl. ¶¶ 45-51, 65-69.

> **ii.      The Amended Complaint Also Establishes Causes of Action against Home Savings, Including Participation in the Conspiracy to Use MERS to Avoid Recording**

Defendants fail to support their claim that Home Savings was fraudulently joined, Defendants by attacking the Amended Complaint's illustrative examples as deficient with respect to Home Savings.  Defs.' Br. at 14 ("[T]he amended complaint provides no facts to support that conclusions, such as to whom the mortgage was assigned or when. . . . No other

specific allegations are made as to Home Savings.").  Yet again, Defendants' unfounded

assertions are belied by a mere comparison to the actual record.

In addition to the pleadings as to all defendants, the Amended Complaint included

allegations, by way of a specific example, that Home Savings was part of a "gapped" chain of

title in Geauga County land records, thereby supporting Plaintiff's claim that Home Savings

violating Ohio recording statutes by failing to record, illegally withheld Geauga County funds,

was thereby unjustly enriched to the detriment of Geauga County and conspired with other

defendant MERS Members to use MERS to avoid recording and paying attendant recording fees

as required by Ohio law:

> On February 13, 2008, a Geauga County, Ohio resident executed a promissory
> note to Defendant Youngstown, as the Lender, in the amount of $340,000. To
> secure the note, the resident executed a mortgage on his real property located at
> 7410 Faraway Trail, Chagrin Falls, Ohio 44023, listing MERS as a "mortgagee
> under th[e] Security Instrument[.]" While MERS is not mentioned anywhere on
> the note, the mortgage provided that the ". . . Borrower does hereby mortgage,
> grant and convey to MERS (solely as nominee for Lender and Lender's
> successors and assigns) and to the successors and assigned of MERS, the
> following [] property. . . ." The mortgage was recorded the same day in the
> Geauga County Recorder's Office, as Instrument No. . . A "MERS MIN #" also
> appears on the recorded mortgage.
>
> On November 30, 2011, Terri Sheffler, purporting to act as an "Assistant
> Secretary" of MERS, executed and recorded a Satisfaction of Mortgage on behalf
> of MERS in the Geauga County Recorder's Office, as Instrument No. . . . The
> recorded Satisfaction certifies MERS, as "holder of a certain Mortgage[,] . . . does
> hereby does acknowledge that it has received full payment and satisfaction of the
> same. . . ." MERS did not, however, purport to act "as nominee for" any entity.
> Appearing on the recorded Satisfaction is a MERS MIN #, identical to the one
> appearing on the recorded mortgage loan. Without explanation, the recorded
> Satisfaction also bears the identifier "CitiMortgage, Inc. # . . ."
>
> Despite the mortgage loan having been assigned at least three times, **only one of
> those assignments were recorded**

Am. Compl. ¶¶ 51-53; *see Walker*, 443 F. App'x at 953 (providing that "for fraudulent joinder,

the district court may . . . 'pierce the pleadings' and consider summary judgment-type evidence

in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.").

Plaintiff added a civil conspiracy claim against all defendants in the Amended Complaint; as such, it is not germane to determine whether Home Savings was fraudulently joined in the Original Complaint, despite Defendants' arguments otherwise.  Where the Amended Complaint is the operative pleading for jurisdictional purposes, Plaintiff contends that Defendants entirely failed to evidence that Plaintiff could not establish civil conspiracy against Home Savings in state court.  Specifically, the Amended Complaint alleges that Defendants, as MERS shareholders and/or MERS Members, created and/or used MERS for the express purpose of unlawfully acting in violating of Ohio recording statutes by facilitating the rapid securitization of mortgages by circumventing the county recording requirements, causing injury to Plaintiff and all Ohio counties in the form of unpaid recording fees.  Am. Compl. ¶¶ 3, 4, 6, 64, 69, 75; *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998) (emphasis added); *see also Gosden v. Louis*, 687 N.E.2d 481 (Ohio Ct. App. 1996) (holding that civil conspiracy requires only "an underlying unlawful act.").

Therefore, Plaintiff has sufficiently plead a malicious combination of two or more persons (i.e., a common understanding among Defendants to create and/or use a private recording system to circumvent the county recording requirements), causing injury to Plaintiff, and the existence of an unlawful act independent from the conspiracy – i.e. violation of Ohio's recording statutes.  As demonstrated above, an analysis of the facts reveals Defendants' failure to establish that this Court has jurisdiction in the absence of complete diversity between the parties – in *either* the Original or Amended Complaint

**D.**     **The Amended Complaint Is the Relevant Pleading for this Court's Jurisdictional Calculus**

The Amended Complaint is the operative pleading for this Court's jurisdictional calculus first because Plaintiff properly filed the Amended Complaint as a matter of right, pursuant to Rule 15(a)(1)(B) and as permitted by this Court's orders.  *See* Ct. 12/16/11 Order (granting Plaintiff's requested extension to file an amended complaint as a matter of right); Ct. 1/26/12 Order (scheduling the deadline to add parties/amend the pleadings after the non-diverse Amended Complaint had already been filed).  And, second because the Amended Complaint properly replaced twelve fictitious "Doe Corporation" defendants to include four non-diverse named defendants and corrected a the misnomer of one non-diverse defendant.  Therefore, the Amended Complaint is the operative pleading for this Court's jurisdictional calculus as it was properly amended as a matter of right in accordance with applicable federal rules and this Court's Order.

**1.**     **The Amended Complaint Was Properly Filed As a Matter of Course**

Defendants state that "[t]he allegations of the amended complaint should not even be considered in determining the propriety of removal; on the allegations of the original complaint pending at the time of removal are relevant."  Defs. Br. 14 n.9.

The simple facts are these.  As discussed below, where Plaintiff could have established a claim against Home Savings, there is no fraudulent joinder.  And, in turn, without fraudulent joinder, the parties to Original Complaint are not completely diverse.   Where non-diverse entities are already parties to this action, the Amended Complaint's addition of newly-identified non-diverse defendants (various Ohio banks and mortgage servicers) could never trigger denial of joinder, under § 1447(e), as there was never any diversity for the Amended Complaint to break.  In other words, the Amended Complaint did not divest this Court of diversity jurisdiction

16

by joining non-diverse defendants where the action, as set forth in the Original Complaint, already properly included non-diverse defendants against which Plaintiff could allege a colorable cause of action.  Accordingly, Plaintiff pleadings never implicated 1447(e) and amendment as a matter of course was procedurally proper.

> ### a.    Where the Amended Complaint Replaced Previously Unidentified, Fictitious "Doe Corporation" Defendants with Non-Diverse Named Defendants, this Court Lacks of Diversity Jurisdiction

The general rule is that diversity is determined at the time of the filing of a lawsuit. *Smith v. Sperling*, 354 U.S. 91, 93 & n. 1 (1957); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).  Notwithstanding this general rule, the Sixth Circuit has ruled that, as is the case here, where a complaint is amended to include the identity of a previous unidentified defendant, diversity must be determined at the time of its filing.  *Curry*, 462 F.3d at 540-41. Indeed, "Congress has indicated that federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants, regardless of whether they happen to be dispensable or indispensable to the action."  *Heitz v. Vitas Innovative Hospice Care*, 2011 WL 5334825 (S.D. Ohio Oct. 18, 2011), *rep. and rec. adopted* 2011 WL 5326283 (S.D. Ohio Nov. 7, 2011) (quoting *Curry*, 462 F.3d at 540) (internal quotation omitted).

The Amended Complaint properly replaced twelve fictitious "Doe Corporation" defendants with named defendants, four of which were non-diverse and corrected a misnomer for a non-diverse defendant.  Taking these five non-diverse defendants together with Home Savings, Defendants, in turn, ask this Court to strike all non-diverse defendants named in the Amended Complaint because Plaintiff improperly filed the non-diverse pleading as a matter of course under Fed. R. Civ. P. 15(a), instead of seeking leave of court pursuant to 1447(e).   However, the lynchpin of their argument is flawed as it assumes that, by newly-identifying Ohio defendants, the Amended Complaint broke diversity and is therefore within 1447(e)'s scope.  28 U.S.C.

17

§ 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *see also*, *e.g.*, *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 141-42 (1st Cir. 2004) (holding that the introduction of a nondiverse defendant in place of a diverse defendant in an amended complaint destroyed diversity and the court's jurisdictional basis); *Fiedler v. Reliance Elec. Co.*, 823 F.2d 269, 270-71 (8th Cir. 1987) (noting district court's dismissed case where diversity was destroyed after deciding that non-diverse defendant was a proper party to add to the litigation).

> **b.**     **The Amended Complaint Named Non-Diverse Defendants Prior to this Court's Deadline to Add Parties and/or Amend the Pleadings**

Even if the citizenship of Home Savings (and Chase Home Finance, LLC) were improperly disregarded for purposes of the jurisdictional calculus, this Court would be divested of subject matter jurisdiction as the Amended Complaint replaced twelve fictitious "Doe Corporation" defendants with named defendants, four of which were non-diverse.  Moreover, where this Court scheduled the deadline to allow adding parties or amending the pleadings for January 26, 2012, and the non-diverse Amended Complaint was filed on January 17, 2012, this Court was without diversity jurisdiction (which Plaintiff contends never existed).  *See Curry*, 462 F.3d at 541 ("Upon the order granting Curry's motion to amend his complaint to identify Priddy and Susman and add them as nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time."); *see also Jones*, 112 F. Supp. 2d at 680 (noting judiciary's deference to the plaintiff's choice of forum) (citations omitted).

\

**E.      Failure to Remand this Action to State Court Would Harm Plaintiff, Would Be Unfairly Burdensome, and Is Procedurally Improper**

Finally, § 1447(e) divestiture applied, the equities and prevailing law weigh in favor of remand.  "Whether a party should be joined under § 1447(e) turns ***not on the indispensability of the party*** whose joinder is sought, ***but rather on the fairness*** in allowing joinder after removal.  *Jones*, 112 F. Supp. 2d at 680 (citation omitted and emphasis added).  In determining whether joinder is fair, courts consider:  (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) other equitable considerations.  *Jones*, 112 F. Supp. 2d at 680 (noting judiciary's deference to the plaintiff's choice of forum) (citations omitted).

Plaintiff, as the master of its own complaint, properly chose to pursue state law causes of action against all diverse and non-diverse defendant-corporations in one class action complaint in state court.  *Curry*, 462 F.3d at 541 (citing *Loftis v. UPS, Inc.*, 342 F.3d 509, 514-15 (6th Cir. 2003)).  Despite Defendants' unsupported contention that Plaintiff failed to timely name all non-diverse defendants in its original pleading, Plaintiff would be harmed and unduly burdened if this Court were to disregard the non-diverse named defendants, that replaced previously-unknown fictitious identities, to cure its lack of subject matter jurisdiction.  This is especially so where same equities, considered by the *Curry* court in remanding a non-diverse action, militate in favor of remand in the instant case.  462 F.3d at 54.  For instance, by disregarding diversity solely to perfect its jurisdiction, this Court would impermissibly expand the scope of its limited jurisdiction by subjecting Plaintiff its judicial action despite lacking jurisdiction, and would likely force Plaintiff to initiate the appellate process.

Defendants' contention that Plaintiff is not prejudiced by dismissing all non-diverse Ohio defendants because "an adequate judgment could be entered in this case" without them fails to consider the undue burden Plaintiff would consequently face.  Plaintiff would also be forced "to initiate a second lawsuit in state court in order to pursue . . . [all state law claims against non-diverse defendants, which would in turn require Plaintiff] to expend further resources than if [it] had been able to pursue [] claims against all defendants in [a] single state-court suit as [it] originally desired."  *Id.* at 543.  Finally, Plaintiff brought a putative class action in order to avoid the duplicitous actions it would be forced to file were this Court to improperly disregard its jurisdictional limitations.  *Id.*  ("We recognize the seeming waste of judicial resources in our inability to reach the merits of this appeal, but this is due to the failure of the parties and the district court to take the proper action-to remand the suit to state court-when the nondiverse defendants were named.").

## IV.  CONCLUSION

Where the parties to this action are, and have always been, completely non-diverse, Defendants do not satisfy their burden to prove that diversity jurisdiction exist.  Thus, by failing to sufficiently prove that Plaintiff could not have established any of the Ohio law-based causes of action against non-diverse Home Savings in the Original Complaint, Defendants failed to prove there was fraudulent joinder and, as a result, there is no diversity jurisdiction under to § 1332 or that removal was proper under 28 U.S.C. § 1441(a).  Accordingly, this Court lacks federal jurisdiction and must remand the action to state court.

20

Respectfully submitted,

/s/ Christian Siebott
Stanley D. Bernstein (admitted *pro hac vice*)
Christian Siebott (admitted *pro hac vice*)
Sara P. Goodman (admitted *pro hac vice*)
BERNSTEIN LIEBHARD LLP
10 East 40th Street
New York, NY 10016
(212) 779-1414
(212) 779-3218 fax

and

David P. Joyce (#0022437)
Prosecuting Attorney
Geauga County Prosecutor's Office
Courthouse Annex
231 Main Street, Ste. 3A
Chardon, Ohio 44024
(440) 279-2100

*For Plaintiff State of Ohio, ex rel. David P. Joyce,*
*Prosecuting Attorney for Geauga County, Ohio*