UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, *ex rel.* DAVID P. JOYCE, PROSECUTING ATTORNEY OF GEAUGA COUNTY, on behalf of all Ohio counties,<br><br>  Plaintiff,<br><br>vs.<br><br>MERSCORP, INC., *et al.*,<br><br>  Defendants. | CASE NO. 1:11-CV-02474<br><br>JUDGE JAMES S. GWIN |

**DEFENDANTS FIFTH THIRD BANK, THE HUNTINGTON NATIONAL BANK, AND KEYBANK NATIONAL ASSOCIATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO DISMISS**

**INTRODUCTION**

In their opening brief, the New Ohio Defendants (Fifth Third Bank, The Huntington National Bank, and KeyBank National Association) showed that they do not belong in this case.  After suing a bevy of diverse banks in state court and after those banks removed the case to federal court, the Geauga County prosecutor did not move to remand.  Instead, he filed an Amended Complaint naming nondiverse defendants—specifically, the New Ohio Defendants and one other allegedly Ohio-based bank—to destroy diversity.  But as the opening brief showed, the removal statute prohibits this tactic; 28 U.S.C. § 1447(e) requires that a plaintiff in a removed case seek leave of court before adding defendants whose presence would destroy diversity.

Although the prosecutor's Opposition purports to respond to the New Ohio Defendants' opening brief, the prosecutor's brief offers no justification for keeping the New Ohio Defendants in this case.  The prosecutor's brief does not address the arguments—or even a single case cited—in the opening brief.  Accordingly, it fails to rebut the New Ohio Defendants' showing that, consistent with § 1447(e), the Court should strike the Amended Complaint, insofar as it asserts claims against them.  In addition, the prosecutor fails to address the New Ohio Defendants' showing that Rule 21 permits the Court to perfect jurisdiction by dropping any nondiverse defendants, as it has in past cases.

Accordingly, there is effectively no dispute on this essential point:  This action cannot proceed in federal court if the New Ohio Defendants are part of it.  Regardless of whether the Court reaches its decision under § 1447(e) or under Rule 21, it should grant the New Ohio Defendants' motion to strike.

**ARGUMENT**

**I.      The Prosecutor Failed To Comply With 28 U.S.C. § 1447(e).**

After removal, a plaintiff cannot amend its complaint to add nondiverse defendants—as the prosecutor did here—without first seeking the court's permission under 28 U.S.C. § 1447(e).  That section of the removal statute states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to State court."  28 U.S.C. § 1447(e).  In their opening brief, the New Ohio Defendants showed that this provision trumps Rule 15(a).  (Br. at 3.)  So even if a plaintiff wishes to amend "as a matter of course," it must comply with §1447(e).

**A.      Despite the prosecutor's attempts to sidestep it, § 1447(e) applies.**

Here, the prosecutor failed to follow § 1447(e), and his Opposition offers nothing to excuse this failure.  Instead, the prosecutor asserts that § 1447(e) does not apply because the Court never had diversity jurisdiction to begin with.  But as the other defendants showed in their Notice of Removal [ECF No. 1] and in their jurisdictional brief [ECF No. 157], the prosecutor improperly joined Home Savings & Loan Company of Youngstown, Ohio, the only nondiverse defendant in the original Complaint.  So the Court had diversity jurisdiction over the case at the time of removal.  Moreover, if the prosecutor believed that the Court lacked diversity jurisdiction after removal, he should have moved to remand.  Rather than do so, he chose to attempt to destroy diversity with his Amended Complaint.

The prosecutor next argues that § 1447(e) does not apply because the Court extended the deadline for amending the original Complaint under Rule 15(a), and then issued an order setting a deadline to add new parties.  (Opp. at 16.)  This argument reads

2

too much into the Court's orders. Neither of those orders granted the prosecutor permission to add *nondiverse* parties that would destroy diversity. Nor did either order purport to excuse the prosecutor from meeting § 1447(e)'s requirements. [ECF Nos. 86 & 122.] This argument accordingly does not justify the prosecutor's decision to ignore § 1447(e).

**B.   Section 1447(e)'s four-factor test does not justify allowing the prosecutor to file the Amended Complaint.**

Additionally, the prosecutor incorrectly asserts that he meets the four-factor test that applies under § 1447(e). As an initial matter, courts have held that the failure to seek leave—by itself—justifies striking the amended complaint. *E.g.*, *Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1339–40 (E.D. Mich. 2011). So even if the prosecutor were correct that he meets the four-factor test (and, as shown below, he is not), that showing would be too late to justify the Amended Complaint.

Regardless, the four-factor test does not justify allowing the prosecutor to join the New Ohio Defendants. The four factors are:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;
>
> (2) whether the plaintiff has been dilatory in seeking amendment;
>
> (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and
>
> (4) any other equitable factors.

*City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008).

Of these factors, the first is the most important, *id.*, but the prosecutor offers no argument at all regarding this factor. Instead, he merely threatens "to initiate the appellate process" if the Court does not decide in his favor. (Opp. at 19.) (This threat, of

3

course, is hollow; the prosecutor would have no final order from which to appeal.) No wonder the prosecutor offers no argument—he cannot deny that his amendment was designed to destroy diversity. Only after the case landed in federal court did he assert claims against the New Ohio Defendants, and he chose to pursue this course rather than to move to remand the case. His Opposition all but admits that his amendment was designed to send the case back to state court. (Opp. at 19.) The Amended Complaint is thus a thinly veiled attempt to destroy diversity. The first factor disfavors allowing the amendment.

The third and fourth factors also militate against allowing the amendment. The prosecutor offers no reason to believe that he will suffer prejudice—let alone significant prejudice—if he cannot join the New Ohio Defendants. Although he claims that litigating on two fronts is an undue burden, he cites no case concluding that two-front litigation satisfies any prong of the §1447(e) test. *Curry v. U.S. Bulk Transport*, 462 F.3d 536 (6th Cir. 2006), the case that the prosecutor cites, instead addresses an appellate court's authority under *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), to retroactively cure a subject-matter-jurisdiction defect in district-court proceedings. And notably, an in-circuit district court considering the issue concluded that the prospect of litigating on two fronts does not amount to substantial prejudice for purposes of § 1447(e). *Collins v. Nat'l Gen. Ins. Co.*, No. 10-13344, 2010 WL 4259949, at *3 (E.D. Mich. Oct. 24, 2010). The equities also disfavor the prosecutor. Permitting his post-removal joinder of nondiverse defendants creates an incentive for plaintiffs in removed cases to gin up claims against nondiverse defendants solely to return to state court. Courts should not encourage such behavior.

Although the prosecutor did not delay before filing his amendment (the second factor), that alone cannot support joinder of nondiverse defendants. Indeed, in three different cases, this Court has denied joinder after the plaintiff filed its amended complaint promptly. In *City of Cleveland*, the Court noted, "That the City did not delay, and brought its motion to amend soon after the complaint was filed does nothing to . . . affect the balance of the equities, which weigh heavily in favor of denying the motion." 571 F. Supp. 2d at 824. Similarly, in *Rogers v. Travelers Property Casualty Insurance Co.*, the Court denied joinder even though it found that the second factor did not weigh against the plaintiff. 2011 WL 1124406, at *2–*3. And finally, in *Landrum v. ITT Technical Institute*, the Court denied joinder and dismissed the nondiverse defendants even though the plaintiff filed his amended complaint the day after removal. 2007 WL 128909, at *1–*2.

**C.    The cases that the prosecutor cites are inapposite.**

The cases that the prosecutor offers in support of his argument are inapposite and do not rebut the opening brief's showings. The prosecutor incorrectly suggests that *Curry v. U.S. Bulk Transport*, 462 F.3d 536 (6th Cir. 2006), held that swapping a nondiverse named defendant for a Doe defendant automatically defeats diversity. (Opp. at 17.) But *Curry* addressed a situation in which both the parties and the district court were not aware of the amendment's effect on diversity until long after it was made. The same is true of *American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136 (1st Cir. 2004), which does not mention § 1447(e) at all. Nothing in either case supports the prosecutor's argument that he was free to disregard § 1447(e) because his amendment named Doe defendants.

5

Nor does *Fielder v. Reliance Electric Co.*, 823 F.2d 269 (8th Cir. 1987), support the prosecutor's argument. That case addressed a district court's application of the *Colorado River* abstention doctrine after the plaintiff initiated a parallel state-court action against both the defendant named in the removed action and a new, nondiverse defendant. The opinion does not even mention § 1447(e), let alone excuse a party's failure to comply with it.

\* \* \* \*

The Opposition neither justifies the prosecutor's failing to seek leave under § 1447(e), nor establishes his entitlement to leave under the applicable four-factor test. Accordingly, the Court should reject the prosecutor's attempted end-run around § 1447(e) and strike his claims against the New Ohio Defendants.

## II. The Prosecutor's Opposition Ignores The New Ohio Defendants' Argument Regarding Rule 21.

As the New Ohio Defendants demonstrated in their Opening Brief, Rule 21 grants the Court discretion to excise them from the case. (Br. at 4–5). The prosecutor ignores this showing, effectively conceding that it is proper for the Court to perfect jurisdiction by dropping any nondiverse defendants.

## CONCLUSION

For the reasons set forth above and in their initial brief, the New Ohio Defendants respectfully ask the Court to strike the Amended Complaint, at least insofar as it pertains to the New Ohio Defendants. In the alternative, the New Ohio Defendants ask the Court to exercise its discretion under Rule 21 to dismiss the claims against them.

Dated:   March 12, 2012                                  Respectfully submitted,

/s/Brett A. Wall
Daniel R. Warren (0054595)
DWarren@bakerlaw.com
Brett A. Wall (0070277)
BWall@bakerlaw.com
Lisa M. Ghannoum (0080950)
Lghannoum@bakerlaw.com
Baker & Hostetler LLP
PNC Center
1900 East Ninth Street, Suite 3200
Cleveland, Ohio  44114-3482
Telephone: 216.621.0200
Facsimile: 216.696.0740

*Attorneys for Defendants
Fifth Third Bank, KeyBank National
Association, and The Huntington National
Bank*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

On January 28, 2012 this Court entered an order designating this matter for the standard track. *See* Case Management Conference Plan/Order (ECF No. 122).  I hereby certify that defendants' Reply Brief In Support Of Their Motion To Strike Plaintiff's Amended Complaint Or, In The Alternative, To Dismiss, complies with the applicable page limitations set forth in the Local Rules for the Northern District of Ohio and this Court's Case Management Conference Plan/Order dated January 28, 2012.

/s/ *Brett A. Wall*

*Attorney for Defendants*
*Fifth Third Bank, KeyBank National*
*Association, and The Huntington National*
*Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Brett A. Wall*

*Attorney for Defendants*
*Fifth Third Bank, KeyBank National Association, and The Huntington National Bank*