BERNSTEIN LIEBHARD LLP
ATTORNEYS AT LAW
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016

(212) 779-1414
FAX: (212) 779-3218
www.bernlieb.com

March 28, 2012

**Via ECF and U.S. Mail**
Honorable James S. Gwin
The United States District Court
    For the Northern District of Ohio
Carl B. Stokes United States Courthouse
801 West Superior Avenue, Courtroom 18A
Cleveland, Ohio 44113

    Re:    *State of Ohio v. MERSCORP, INC., et al.*, 1:11-cv-02474-JSG

Dear Judge Gwin:

    We write on behalf of Plaintiff State of Ohio *ex rel.* David P. Joyce, Prosecuting Attorney for the County of Geauga, Ohio in response to Defendant Corinthian Mortgage Corporation's March 27, 2012 letter to this Court (ECF No. 199) regarding a discovery dispute between the parties. Counsel for Plaintiff is more than willing to participate in a telephonic conference or any other manner in which this Court may prefer to address this discovery dispute.

    On February 8, 2011, Corinthian served Plaintiff with its first set of interrogatories and its first set of requests for production of documents. (ECF No. 199-1). One of the requests directed Plaintiff to produce "all documents" relating to "each mortgage as to which You contend Corinthian failed to record an assignment with the Geauga County, Ohio Recorder's Office." (ECF No.199-1 at 3, 17).[1]

In response to Corinthian's requests, Plaintiff conducted a reasonable and appropriate search for documents. Specifically, Plaintiff searched the internal office files of the Geauga County Recorder, which is the office most likely to have responsive documents, including its paper files, electronic documents, and email. Plaintiff did not search the files of each one of the dozens of other Geauga County departments and offices; however we explained to Mr. Duhamel

---

[1] The Amended Class Action Complaint (the "Amended Complaint") alleges that Corinthian did not record all mortgages and all assignments of mortgages in county recorder's offices as required by Ohio law, thereby depriving Geauga County and other Ohio counties of statutory recording fees. (ECF No. 112 at 45-46).

Bᴇʀɴsᴛᴇɪɴ Lɪᴇʙʜᴀʀᴅ LLP

Honorable James S. Gwin
March 28, 2012
Page 2

that we would consider any reasonable request to search any specific county department and/or office he identifies.

In its recent letter to the Court, counsel for Corinthian states that "Corinthian is particularly concerned with Plaintiff's refusal to identify or produce a single document *relating to any transaction as to which Plaintiff contends Corinthian was obligated to record either the mortgage or the assignment*." (ECF No. 199 at 1) (emphasis added). In other words, Corinthian takes issue with Plaintiff's failure to identify and produce documents that Corinthian did not record in publicly available county land records. This makes no sense; Corinthian's requests are virtually impossible for Plaintiff to comply with for a number of reasons.

First, only Corinthian has knowledge about, access to, and is in possession of any documents that Corinthian did not record in county recorder's offices, and thus has never made public. Not Plaintiff.

Second, Corinthian has access to and possession of any documents that it did, in fact, record in county recorder's offices as Corinthian caused the document to be recorded in the first place. Not Plaintiff. Mortgages executed in favor of Corinthian and assignments of each mortgage made by Corinthian are all documents that Corinthian maintains possession of in the ordinary course of business. Not Plaintiff.

Finally, even if Corinthian were to claim that it did not have possession of the requested documents, i.e., all of the mortgages granted to it or assignments of mortgage that it made— which Corinthian has, not Plaintiff — all documents recorded in the Geauga County Recorder's Office are public records. O.R.C. § 317.42. Accordingly, the documents are in Corinthian's possession and are as accessible to Corinthian as they are to Plaintiff. For this reason, courts typically do not order discovery of public records. *See Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 242 F.R.D. 1, 12, (D.D.C. 2007); *see also Krause v. Buffalo and Erie County Workforce Dev. Consortium, Inc.*, 425 F. Supp. 2d 352, 374-375 (W.D.N.Y. 2006) (denying motion to strike exhibits to summary judgment motion, which were voter registration cards not produced in discovery, because the documents were publicly available from the county board of elections and therefore equally accessible to all parties). Despite Corinthian's exclusive knowledge over the mortgages it has received and assignments of mortgages it has made, Corinthian's burden to search for its own documents in public land records is significantly lighter than it is for Plaintiff, who cannot know what documents Corinthian has not recorded.

Given that the documents requested are already in Corinthian's possession, were originally recorded by Corinthian n the Geauga County recorder's office, and are equally accessible to Corinthian, Plaintiff properly answered and objected to Corinthian's discovery requests.

With respect to the specific allegations set forth in the Amended Complaint, Plaintiff has agreed to produce the public land records identified in the example involving Corinthian.

**BERNSTEIN LIEBHARD LLP**

Honorable James S. Gwin
March 28, 2012
Page 3

      As stated, Plaintiff is available to discuss these matters on a telephonic conference at the Court's convenience.

      Respectfully submitted,

      */s/ Christian Siebott*

      Christian Siebott

cc:    All counsel of record (via ECF)