**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| STATE OF OHIO, *ex rel*. DAVID P. JOYCE PROSECUTING ATTORNEY OF GEAUGA COUNTY, OHIO, on behalf of Geauga County and all other Ohio counties,<br><br>Plaintiff,<br><br>v.<br><br>MERSCORP, INC., *et al.*,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:11-cv-02474<br><br>Judge James S. Gwin |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S**
**ANSWER TO THE AMENDED CLASS ACTION COMPLAINT AND**
**AFFIRMATIVE DEFENSES**

Defendant Deutsche Bank National Trust Company ("DBNTC"),[1] for its Answer and

Affirmative Defenses to the Amended Class Action Complaint ("Complaint") alleges and states

as follows:

---

[1]    DBNTC holds title to properties only in its capacity as trustee of specific residential mortgage-backed securitization trusts.  Thus, Plaintiff's claims may only properly be brought against DBNTC in its capacity as trustee for the specific trusts that hold title to specific properties at issue, if any.  To the extent Plaintiff's allegations are deemed to apply to DBNTC in any other capacity, this Answer is filed on behalf of DBNTC in those capacities, as well.  Also, all of Plaintiff's allegations concern activities that are handled by loan servicers on behalf of the applicable trustee and trust, not by DBNTC, in its capacity as trustee of a trust.

## NATURE OF THE ACTION[2]

1.      DBNTC admits that Plaintiff has filed a putative "Amended Class Action Complaint" and that Plaintiff's action is for unjust enrichment, civil conspiracy, and declaratory and injunctive relief.  Paragraph 1 of the Complaint also contains conclusions of law to which no response is required.  To the extent that a response may be required, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

2.      Paragraph 2 of the Complaint contains conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 2 mischaracterize or misconstrue Ohio law, DBNTC denies those allegations.  To the extent that a response may be required, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

3.      As to Paragraph 3 of the Complaint, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.  Plaintiff fails to identify any properties at issue, and fails to identify which of any named or unnamed Defendants engaged in the alleged conduct.

4.      As to Paragraph 4 of the Complaint, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.  Plaintiff fails to identify any properties at issue, and fails to identify which of any named or unnamed Defendants engaged in the alleged conduct.

5.      As to Paragraph 5 of the Complaint, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies

---

[2] All capitalized headings contained in Plaintiff's purported "Amended Class Action Complaint" have been repeated herein for reference and the convenience of the Court and parties.

them.  Plaintiff fails to identify any properties at issue, and fails to identify which of any named or unnamed Defendants engaged in the alleged conduct.

6.      Paragraph 6 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.  Plaintiff fails to identify any properties at issue, and fails to identify which of any named or unnamed Defendants engaged in the alleged conduct.

## JURISDICTION

7.      As to Paragraph 7 of the Complaint, DBNTC admits that Plaintiff filed this action on October 13, 2011 in the Court of Common Pleas, Geauga County, Ohio, and that this case was removed to the United States District Court, Northern District of Ohio ("Federal Court").

8.      Paragraph 8 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

9.      Paragraph 9 of the Complaint contains conclusions of law to which no response is required.  DBNTC denies any remaining allegations in Paragraph 9.

## PARTIES

10.     Paragraph 10 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, DBNTC admits that Plaintiff Geauga County is located in the State of Ohio.  As to the remaining allegations in Paragraph 10 of the Complaint, DBNTC denies that Plaintiff Geauga County, Ohio has standing and authority to bring this putative "Amended Class Action Complaint," whether through Ohio Rev. Code Ann. §§ 305.14, 309.12 or otherwise, and further denies that Geauga County may file the Complaint

by and through David Joyce as the Prosecuting Attorney for Geauga County.  DBNTC denies any remaining characterizations and allegations in paragraph 10.

11.     All of the allegations in paragraph 11 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

12.     All of the allegations in paragraph 12 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

13.     All of the allegations in paragraph 13 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

14.     All of the allegations in paragraph 14 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

15.     All of the allegations in paragraph 15 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

16.     All of the allegations in paragraph 16 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

17.     All of the allegations in paragraph 17 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

18.     All of the allegations in paragraph 18 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

19.     All of the allegations in paragraph 19 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

20.     All of the allegations in paragraph 20 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

21.     All of the allegations in paragraph 21 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

22.     All of the allegations in paragraph 22 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

23.     All of the allegations in paragraph 23 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

24.     All of the allegations in paragraph 24 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

25.     DBNTC admits that it is a national banking association organized to carry on the business of a limited purpose trust company under the laws of the United States with its main

office in Los Angeles, California and its principal place of trust administration in Santa Ana, California.  DBNTC admits that it acts as trustee with respect to certain residential mortgage-backed securitization ("RMBS") trusts that hold as trust assets mortgage loans on real property located within the state of Ohio.  DBNTC further admits that, depending upon the terms of the specific Pooling and Servicing Agreements or other agreements governing those RMBS trusts, the loan servicers for those RMBS trusts may have the authority to take certain actions in the name of DBNTC, in its capacity as trustee of those specific trusts, with respect to trust assets.

26.     All of the allegations in paragraph 26 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

27.     All of the allegations in paragraph 27 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

28.     All of the allegations in paragraph 28 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

29.     All of the allegations in paragraph 29 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

30.     All of the allegations in paragraph 30 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

31.     All of the allegations in paragraph 31 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

32.     All of the allegations in paragraph 32 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

33.     All of the allegations in paragraph 33 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

34.     All of the allegations in paragraph 34 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

35.     All of the allegations in paragraph 35 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

36.     All of the allegations in paragraph 36 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

37.     All of the allegations in paragraph 37 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

38.     All of the allegations in paragraph 38 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

39.     All of the allegations in paragraph 39 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

40.     All of the allegations in paragraph 40 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

41.     All of the allegations in paragraph 41 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

## FACTUAL STATEMENT

**A.     Ohio Recording Statutes**

**1.     Ohio Law Requires that Certain Land Instruments Be Recorded in County Recording Offices**

42.     Paragraph 42 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 43 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

43.     Paragraph 43 of the Complaint contains conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 43 mischaracterize or misconstrue

Ohio law, DBNTC denies those allegations.  To the extent that a response may be required, DBNTC denies that Paragraph 44 of the Complaint accurately or completely states the requirements of Ohio Rev. Code Ann. § 5301.25 or Ohio Rev. Code Ann. § 5301.32.  To the extent that any of the allegations in paragraph 43 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

44.     Paragraph 44 of the Complaint contains conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 44 mischaracterize or misconstrue Ohio law, DBNTC denies those allegations.  To the extent that a response may be required, DBNTC denies that Paragraph 44 of the Complaint accurately or completely states the requirements of Ohio Rev. Code Ann. § 317.32.  To the extent that any of the allegations in paragraph 44 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

## 2.     The Public Land Recording System

45.     Paragraph 45 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 45 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

46.     Paragraph 46 of the Complaint contains conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 46 mischaracterize or misconstrue Ohio law, DBNTC denies those allegations.  To the extent that a response may be required, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

47.     Paragraph 47 of the Complaint contains conclusions of law to which no response is required.  To the extent that the allegations in Paragraph 47 mischaracterize or misconstrue Ohio law, DBNTC denies those allegations.  To the extent that a response may be required, DBNTC denies that Paragraph 47 of the Complaint accurately or completely states the requirements of Ohio Rev. Code Ann. § 5301.23.  To the extent that any of the allegations in paragraph 47 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

**B.     The Securitization of Ohio Mortgage Loans**

48.     Paragraph 48 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 48 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

49.     Paragraph 49 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 49 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or

information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

50.  Paragraph 50 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 50 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

51.  Paragraph 51 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 51 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

52.  Paragraph 52 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 52 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

53.  Paragraph 53 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 53 could

be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

## C.  Defendants Benefitted by Recording <u>Only</u> One Mortgage Assignment

54.  Paragraph 54 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 54 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

55.  Paragraph 55 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 55 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

56.  Paragraph 56 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 56 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

57.  Paragraph 57 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and,

therefore, no response is required.  To the extent that any of the allegations in paragraph 57 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

58.     Paragraph 58 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 58 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

**D.     The MERS Scheme**

59.     Paragraph 59 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 59 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

60.     Paragraph 60 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 60 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

61.     Paragraph 61 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 61 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

62.     Paragraph 62 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 62 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

63.     Paragraph 63 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 63 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

64.     Paragraph 64 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 64 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or

information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

### 1.      How MERS Members Place MERS in Land Instruments

65.      Paragraph 65 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 65 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

66.      Paragraph 66 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 66 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

67.      Paragraph 67 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 67 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

68.      Paragraph 68 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and,

therefore, no response is required.  To the extent that any of the allegations in paragraph 68 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

### 2.    How MERS Members Failed to Record Mortgage Assignments

69.    Paragraph 69 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 69 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

70.    Paragraph 70 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 70 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

71.    Paragraph 71 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 71 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

72.     Paragraph 72 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 72 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

**E.     Defendants Failed To Record All MERS and Non-MERS Mortgage Assignments**

73.     Paragraph 73 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 73 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

74.     Paragraph 74 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 74 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

75.     Paragraph 75 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 75 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or

information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

**F.     Specific Examples of Unrecorded Assignments**

76.     Paragraph 76 of the Complaint contains conclusions of law, argument and/or background allegations without making any specific factual allegations against DBNTC, and, therefore, no response is required.  To the extent that any of the allegations in paragraph 76 could be construed as alleging or supporting a claim against DBNTC, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the context of Plaintiffs' claims against DBNTC, and, accordingly, denies them.

**Defendant EverHome**
**Defendant U.S. Bank**

77.     All of the allegations in paragraph 77 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

78.     All of the allegations in paragraph 78 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

**Defendant Goldman Sachs Mortgage Company**
**Defendant GS Mortgage Securities Corp.**
**Defendant Deutsche Bank National Trust Company**

79.     All of the allegations in paragraph 79 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

80.     The allegations in paragraphs 80 through 80(a)(iii) are directed against a defendant other than DBNTC.  As to those allegations, DBNTC is without knowledge or

information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them, except that DBNTC admits that a Pooling and Servicing Agreement created and governs FFMLT Trust 2006-FF3 Mortgage Pass-Through Certificates, Series 2006-FF3; that certificates were issued to investors; and that GS Mortgage Securities Corp. was the depositor for that Trust.

As to the allegations in subparagraph 80(a)(iv), DBNTC admits that a mortgage loan for property located at 8264 Summit Drive, Chagrin Falls, Ohio 44023 was held within the FFMLT Trust 2006-FF3 Mortgage Pass-Through Certificates, Series 2006-FF3; that DBNTC serves as trustee for that Trust; and that GS Mortgage Securities Corp. was the depositor for that Trust. The remainder of subparagraph 80(a)(iv) is a conclusion of law to which no response is required. To the extent that a response may be required, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

81.     All of the allegations in paragraph 81 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

82.     The allegations in paragraph 82 are directed against a defendant other than DBNTC.  As to those allegations, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82(a), and, accordingly, denies them, except that DBNTC admits that a mortgage loan for property located at 8264 Summit Drive, Chagrin Falls, Ohio 44023 was held within the FFMLT Trust 2006-FF3 Mortgage Pass-Through Certificates, Series 2006-FF3, and that DBNTC serves as trustee for that Trust.

DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82(b), and, accordingly, denies them, except that DBNTC admits that a mortgage loan for property located at 8264 Summit Drive, Chagrin Falls, Ohio 44023 was held within the FFMLT Trust 2006-FF3 Mortgage Pass-Through Certificates, Series 2006-FF3 and that DBNTC serves as trustee for that Trust.

83.     All of the allegations in paragraph 83 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

**Defendant JPMorgan Chase N.A.**

84.     All of the allegations in paragraph 84 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

85.     All of the allegations in paragraph 85 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

86.     All of the allegations in paragraph 86 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

87.     All of the allegations in paragraph 87 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

**Defendant The Huntington Bank National Association**
**Defendant JPMorgan Chase Bank, N.A.**

88.     All of the allegations in paragraph 88 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

89.     All of the allegations in paragraph 89 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

90.     All of the allegations in paragraph 90 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

91.     All of the allegations in paragraph 91 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

**Defendant CCO Mortgage Corporation**
**Defendant JPMorgan Chase Bank, N.A.**

92.     All of the allegations in paragraph 92 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

93.     All of the allegations in paragraph 93 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

94.     All of the allegations in paragraph 94 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

95.     All of the allegations in paragraph 95 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

### Defendant HSBC Bank USA, N.A.

1.     All of the allegations in paragraph 1 are directed against a defendant other than DBNTC.[3]  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

2.     All of the allegations in paragraph 2 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

3.     All of the allegations in paragraph 3 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

4.     All of the allegations in paragraph 4 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

---

[3]     Paragraph numbering in this Answer is consistent with the numbering in Plaintiff's Amended Class Action Complaint.

**Defendant Citigroup Inc.**

5.      All of the allegations in paragraph 5 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

6.      All of the allegations in paragraph 6 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

7.      All of the allegations in paragraph 7 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

8.      All of the allegations in paragraph 8 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

**Defendant Citibank, N.A.**
**Defendant SunTrust Mortgage Inc.**

9.      All of the allegations in paragraph 9 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

10.      All of the allegations in paragraph 10 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

11.      All of the allegations in paragraph 11 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

12.     All of the allegations in paragraph 12 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

### Defendant CitiMortgage, Inc.

13.     All of the allegations in paragraph 13 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

14.     All of the allegations in paragraph 14 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

15.     All of the allegations in paragraph 15 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

16.     All of the allegations in paragraph 16 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

17.     All of the allegations in paragraph 17 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

### Defendant Wells Fargo Bank, N.A.

18.     All of the allegations in paragraph 18 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

19.     All of the allegations in paragraph 19 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

20.     All of the allegations in paragraph 20 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

21.     All of the allegations in paragraph 21 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

22.     All of the allegations in paragraph 22 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

**Defendant Wells Fargo Bank, N.A.**
**Defendant RBS Securities Inc.**
**Defendant Deutsche Bank National Trust Company**

23.     All of the allegations in paragraph 23 are directed against defendants other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

24.     The allegations in paragraphs 24 through 24(a)(ii) are directed against defendants other than DBNTC.  As to those allegations, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them, except that DBNTC admits that a Pooling and Servicing Agreement created and governs RBSGC Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-B; that certificates were issued to investors; and that Greenwich Capital Acceptance, Inc. was the depositor for that Trust.

As to the allegations in subparagraph 24(a)(iii), DBNTC admits that a mortgage loan for property located at 9843 Pekin Road, Novelty, Ohio 44057 was held within the RBSGC Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-B; that DBNTC serves as the trustee for that Trust; and that Greenwich Capital Acceptance, Inc. was the depositor for that Trust.  The remainder of subparagraph 24(a)(iii) is a conclusion of law to which no response is required.  To the extent that a response may be required, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

25.     The allegations in paragraph 25 are directed against a defendant other than DBNTC.  As to those allegations, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them, except that DBNTC admits that a mortgage loan for property located at 9843 Pekin Road, Novelty, Ohio 44057 was held within the RBSGC Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-B, and that DBNTC serves as the trustee for that Trust.

26.     DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and, accordingly, denies them.

**Defendant Fifth Third Bank**
**Defendant Deutsche Bank National Trust Company**

27.     All of the allegations in paragraph 27 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

28.     The allegations in paragraphs 28 through 28(a)(ii) are directed against a defendant other than DBNTC.  As to those allegations, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them, except

that DBNTC admits that a Pooling and Servicing Agreement created and governs Morgan

Stanley Mortgage Loan Trust 2004-3 Mortgage Pass-Through Certificates, Series 2004-3; that

certificates were issued to investors; and that Morgan Stanley Capital I Inc. was the depositor for

that Trust.

As to the allegations in subparagraph 28(a)(iii), DBNTC admits that a mortgage loan for

property located at 12275 Caves Road, Chesterland, Ohio 44026 was held within the Morgan

Stanley Mortgage Loan Trust 2004-3 Mortgage Pass-Through Certificates, Series 2004-3; that

DBNTC serves as the trustee for that Trust; and that Morgan Stanley Capital I Inc. was the

depositor for that Trust.  The remainder of subparagraph 28(a)(iii) is a conclusion of law to

which no response is required.  To the extent that a response may be required, DBNTC is

without knowledge or information sufficient to form a belief as to the truth of the allegations,

and accordingly, denies them.

29.     All of the allegations in paragraph 29 are directed against a defendant other than

DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth

of the allegations, and, accordingly, denies them.

30.     All of the allegations in paragraph 30 are directed against a defendant other than

DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth

of the allegations, and, accordingly, denies them.

**Defendant GMAC Mortgage, LLC**
**Defendant Deutsche Bank National Trust Company**

31.     All of the allegations in paragraph 31 are directed against a defendant other than

DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth

of the allegations, and, accordingly, denies them.

32.    The allegations in paragraphs 32 through 32(a)(i) are directed against a defendant other than DBNTC.  As to those allegations, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them, except that DBNTC admits that a Pooling and Servicing Agreement created and governs GMACM Mortgage Loan Trust 2005-AF2 Residential Asset Mortgage Products, Inc. GMACM Mortgage Pass-Through Certificates, Series 2005-AF2; and that certificates were issued to investors.

As to the allegations in subparagraph 32(a)(ii), DBNTC admits that a mortgage loan for property located at 416 Downing Drive, Chardon, Ohio 44024 was held within the GMACM Mortgage Loan Trust 2005-AF2 Residential Asset Mortgage Products, Inc. GMACM Mortgage Pass-Through Certificates, Series 2005-AF2; that DBNTC serves as trustee for that Trust; and that Residential Asset Mortgage Products, Inc. was the depositor for that Trust.  The remainder of subparagraph 32(a)(ii) is a conclusion of law to which no response is required.  To the extent that a response may be required, DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, according, denies them.

33.    All of the allegations in paragraph 33 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

34.    All of the allegations in paragraph 34 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

**Defendant KeyBank National Association**
**Defendant Bank of America**

35.     All of the allegations in paragraph 35 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

36.     All of the allegations in paragraph 36 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

37.     All of the allegations in paragraph 37 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

**Defendant Bank of America, National Association**

38.     All of the allegations in paragraph 38 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

39.     All of the allegations in paragraph 39 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

40.     All of the allegations in paragraph 40 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

41.     All of the allegations in paragraph 41 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

**Defendant Nationwide Advantage Mortgage Company**
**Defendant Bank of America, N.A.**

42.     All of the allegations in paragraph 42 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

43.     All of the allegations in paragraph 43 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

44.     All of the allegations in paragraph 44 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

45.     All of the allegations in paragraph 45 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

**Defendant SunTrust Mortgage**

46.     All of the allegations in paragraph 46 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

47.     All of the allegations in paragraph 47 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

48.     All of the allegations in paragraph 48 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

49.     All of the allegations in paragraph 49 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

50.     All of the allegations in paragraph 50 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

### Defendant Youngstown

51.     All of the allegations in paragraph 51 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

52.     All of the allegations in paragraph 52 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

53.     All of the allegations in paragraph 53 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

### Defendant Chase Home Finance, LLC

54.     All of the allegations in paragraph 54 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

55.     All of the allegations in paragraph 55 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

56.     All of the allegations in paragraph 56 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

### Defendant Corinthian Mortgage Corporation

57.     All of the allegations in paragraph 57 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

58.     All of the allegations in paragraph 58 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

59.     All of the allegations in paragraph 59 are directed against a defendant other than DBNTC.  DBNTC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, accordingly, denies them.

### CLASS ALLEGATIONS

60.     DBNTC admits that Plaintiff purports to bring this action as a class action. DBNTC denies that Plaintiff has the requisite standing and authority to bring this putative "Amended Class Action Complaint" on behalf of all Ohio Counties, and denies any remaining characterizations and allegations in paragraph 60.

61.     DBNTC denies the allegations contained in paragraph 61 of the Complaint.

62.     DBNTC denies the allegations contained in paragraph 62 of the Complaint.

63.     DBNTC denies the allegations contained in paragraph 63 of the Complaint.

64.     DBNTC denies the allegations contained in paragraph 64 of the Complaint.

65.     DBNTC denies the allegations contained in paragraph 65 of the Complaint.

66.     DBNTC denies the allegations contained in paragraph 66 of the Complaint.

67.     DBNTC denies the allegations contained in paragraph 67 of the Complaint.

## CLAIMS FOR RELIEF

## FIRST COUNT

**Declaratory Judgment and Injunction For Failure to Record Mortgages and Mortgage Assignments in Violation of Ohio Rev. Code Ann. §§ 5301.25 and 5301.32 (Against All Defendants)**

68.     DBNTC denies the allegations contained in paragraph 68 of the Complaint.

69.     DBNTC admits only that Plaintiff requests a judgment, but denies that Plaintiff is entitled to judgment or to any relief whatsoever.  DBNTC denies the remaining allegations contained in paragraph 69 of the Complaint.

70.     DBNTC admits only that Plaintiff requests an injunction, but denies that Plaintiff is entitled to an injunction or to any relief whatsoever.  DBNTC denies the remaining allegations contained in paragraph 70 of the Complaint.

## SECOND COUNT

### Unjust Enrichment (Against All Defendants)

71.     DBNTC denies the allegations contained in paragraph 71 of the Complaint.

72.     DBNTC denies the allegations contained in paragraph 72 of the Complaint.

73.     DBNTC denies that Plaintiff is entitled to any relief whatsoever.  DBNTC denies the remaining allegations contained in paragraph 73 of the Complaint.

## THIRD COUNT

### Civil Conspiracy (Against All Defendants)

74.     DBNTC denies the allegations contained in paragraph 74 of the Complaint.

75.     DBNTC denies the allegations contained in paragraph 75 of the Complaint.

76.     DBNTC denies the allegations contained in paragraph 76 of the Complaint.

77.      DBNTC denies that Plaintiff is entitled to any relief whatsoever.  DBNTC denies

the remaining allegations contained in paragraph 77 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.      Plaintiff's Complaint fails to state any claim upon which relief may be granted

against DBNTC.

### SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

2.      The claims asserted by Plaintiff and/or the putative class are barred, in whole or in

part, by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel, Waiver, Unclean Hands, and Laches)

3.      Plaintiff's claims are barred by the doctrines of estoppel, waiver, unclean hands,

and/or laches.

### FOURTH AFFIRMATIVE DEFENSE
### (No Injury, Damage or Loss)

4.      The claims asserted by Plaintiff and/or the putative class are barred, in whole or in

part, because neither Plaintiff nor the putative class suffered any injury, damage or loss alleged,

or any other injury, damage or loss.

### FIFTH AFFIRMATIVE DEFENSE
### (Unavailability of Requested Relief)

5.      Plaintiff and/or the putative class are not entitled to some or all of the remedies

they seek.  Among other things, Plaintiff and/or the putative class's request for declaratory

judgment should be denied because there is no case or controversy.  Plaintiff and/or the putative

class's request for injunctive relief should be denied to the extent that the proposed injunction is

an "obey the law" injunction. Plaintiff also has not identified any statutory or common law basis for his request for attorney's fees. Furthermore, the statutes on which Plaintiff relies do not permit recovery for the types of injuries alleged in the Complaint. Finally, Plaintiff's damage claims are barred because Plaintiff is not permitted to recover money damages for services which it never rendered.

**SIXTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

6.    Plaintiff lacks standing to bring the claims alleged in the Complaint. Plaintiff lacks standing to bring the claims against DBNTC in its individual capacity or in its capacity as trustee of trusts that do not hold the specifically-identified properties at issue, because DBNTC only holds title to properties in its capacity as trustee of specific trusts. Plaintiff, therefore, cannot trace any alleged harm to DBNTC in its individual capacity or in its capacity as trustee of trusts that do not hold the specifically-identified properties at issue. In addition, Plaintiff has failed to plead their claims in a manner that traces each Plaintiff's claims to a particular Defendant or Defendants. Furthermore, Plaintiff lacks the requisite authority to assert its claims against DBNTC. Among other things, Ohio Rev. Code Ann. §§ 305.14 and 309.12 do not give Plaintiff the authority to bring the putative "Amended Class Action Complaint" against DBNTC on behalf of all Ohio Counties.

**SEVENTH AFFIRMATIVE DEFENSE**
**(This Action Is Not Appropriate for Class Treatment)**

7.    Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action because Plaintiff is not an adequate representative, Plaintiff's claims are not typical or common of claims of putative class members, Plaintiff's claims are subject to unique defenses, common questions of fact and law do not predominate over individual questions of fact and law,

class treatment is not superior to other available methods of determining the controversy, and a class action would be unmanageable.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Other Class Actions)

8.      Plaintiff's claims are barred or limited in whole or in part to the extent they overlap with other actions commenced on their behalf or in which they are or might be members of a class, including, but not limited to, pursuant to the doctrines of collateral estoppel/issue preclusion and/or res judicata/claim preclusion.

### NINTH AFFIRMATIVE DEFENSE
#### (Privilege/Justification)

9.      Plaintiff's claims are barred or limited, in whole or in part, because DBNTC, or any other or third parties acting in its name, were privileged and justified in acting as they did.

### TENTH AFFIRMATIVE DEFENSE
#### (Acts of Others)

10.      Any loss or damage allegedly incurred by Plaintiff is a direct and proximate result of the acts and/or omissions of others for which DBNTC is not liable.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (MERS Engaged in Lawful Activities)

11.      Plaintiff's claims are barred, in whole or in part, because MERS and MERS members are engaged in lawful activities.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Intervening and/or Superseding Causes)

12.      Plaintiff's Claims are barred by the doctrine of intervening and/or superseding causation because there is no proximate causation between any alleged acts by DBNTC and the damages claimed, and all of the claimed damages resulted from conduct of persons other than DBNTC.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Necessary Parties)

13.     Plaintiff has failed to join all necessary and indispensable parties required for a full and just adjudication of the claims in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Real Party in Interest)

14.     Plaintiff's claims are barred because it is not the real party in interest.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Preemption/Limitation)

15.     Plaintiff's claims against DBNTC are preempted or otherwise limited by applicable federal law, including without limitation the Trust Indenture Act of 1939, as amended; state law; local law; and by the terms of the documents governing any specific residential mortgage-back securitization trusts at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Private Right of Action)

16.     The statutes on which Plaintiff relies do not create a private right of action.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Consent and Ratification)

17.     Plaintiff's claims are barred or limited, in whole or in part, to the extent it consented to or ratified the complained-of conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Uncertainty of the Pleading)

18.     The Complaint and every claim therein are vague and uncertain.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

19.     The claims alleged in the Complaint are barred, in whole or in part, because the injury or damages allegedly suffered by Plaintiff, if any, would be adequately compensated in an

action at law for damages.  Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Limitations on Recovery)

20.     Plaintiff's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law limitations of awards, caps on recovery, and the doctrine of set off.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Services Not Rendered)

21.     Plaintiff's damage claims are barred as Plaintiff is not permitted to recover money for services it never rendered.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

22.     Plaintiff cannot recover damages on its claims, because if any damages have been suffered, it is due to a failure by Plaintiff and/or others to mitigate them.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Legitimate Business Justification, Privilege, Immunity, and/or Good Faith)

23.     The Claims Alleged in the Complaint are barred, in whole or in part, because Defendants' actions were undertaken in good faith, in conformity with applicable law, privileged, and/or justified by legitimate business motives, reasons and purposes with the absence of malicious intent to injure Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Collective or Joint Liability)

24.     To the extent that the Amended Complaint seeks to impose collective or joint liability on all Defendants, such theory is barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Collective or Joint Liability)

25.     To the extent that Plaintiff seeks to regulate conduct beyond the borders of the

County, Plaintiff's claims violate core principles of federalism and preemption, the Commerce

Clause of the United State Constitution, the Due Process Clause of the Fourteenth Amendment to

the United States Constitution, and the Ohio Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

26.     DBNTC adopts the applicable affirmative defenses of each of the other

Defendants as if fully set forth herein and reserves the right to assert any additional defenses that

may become relevant or apparent through discovery or otherwise in this litigation.  DBNTC

reserves its right to assert additional defenses that may be discovered in the course of these

proceedings.  DBNTC further reserves the right to assert additional defenses, counterclaims, and

claims for set-off regarding the claims of absent class members in the event that this action is

certified for class treatment.

**WHEREFORE**, Defendant Deutsche Bank National Trust Company prays for judgment

in its favor and against Plaintiff, and such further relief as the Court finds just and appropriate.

Respectfully submitted,

By: */s/ Elizabeth A. Frohlich*
    Jami W. McKeon (admitted *pro hac vice*)
    Elizabeth A. Frohlich (admitted *pro hac vice*)
    **Morgan, Lewis & Bockius LLP**
    One Market, Spear Street Tower
    San Francisco, California  94105-1126
    Telephone: 415.442.1000
    Facsimile:  415.442.1001
    efrohlich@morganlewis.com

_____

By:  _/s/ Hugh E. McKay_____

Hugh E. McKay (0023017)
**Porter Wright Morris & Arthur, LLP**
925 Euclid Avenue, Suite 1700
Cleveland, Ohio  44115
Telephone:  (216) 443-9000
Facsimile: (216) 443-9011
hmckay@porterwright.com

*Attorneys for Defendant Deutsche Bank National Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2012, a copy of the foregoing *Defendant Deutsche Bank National Trust Company's Answer to the Amended Class Action Complaint and Affirmative Defenses* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/Hugh McKay
*Attorneys for Defendant Deutsche Bank National Trust Company*