# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| STATE OF OHIO, *ex rel*. DAVID P. JOYCE PROSECUTING ATTORNEY OF GEAUGA COUNTY, OHIO, on behalf of Geauga County and all others similar situated, <br><br> Plaintiff, <br><br> v. <br><br> MERSCORP, INC., *et al.*, <br><br> Defendants. | Case No. 1:11-cv-02474 <br><br> Judge James S. Gwin |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S JOINDER IN DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' <u>JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendant Deutsche Bank National Trust Company ("DBNTC"),[1] by and through its undersigned counsel, hereby joins in Defendants' Joint Motion to Dismiss Plaintiff's Amended

---

[1] DBNTC holds title to properties only in its capacity as trustee of specific residential mortgage-backed securitization trusts. Plaintiff does not allege otherwise. (*See* Compl. ¶¶ 80(a)(iv), 82(a), 24(a)(iii), 25, 28, 28(a)(iii), 32, and 32(a)(ii).) Thus, Plaintiff's claims may only properly be brought against DBNTC in its capacity as trustee for the specific trusts that hold or held title to specific properties at issue, if any. Plaintiff lacks standing to assert claims against DBNTC in any other capacity. *See Yau v. Deutsche Bank Nat'l Trust Co.*, No. 8:11-CV-00006-JVS-RNB, slip op. at 4 (C.D. Cal. May 9, 2011) (plaintiffs lacked standing to sue DBNTC in its individual capacity because allegations related to conduct of DBNTC solely in its trustee capacity); *Mayo v. GMAC Mortg. LLC*, No. 08-00568-CV-W-DGK, 2010 U.S. Dist. LEXIS 51517, at *8 (W.D. Mo. Mar. 1, 2010) (same); *Briscoe v. Deutsche Bank Nat'l Trust Co.*, No. 08-CV-1279, 2008 WL 4852977, at *5 (N.D. Ill. Nov. 7, 2008) (same). To the extent Plaintiff's allegations are deemed to apply to DBNTC in any other capacity, the arguments and positions stated herein are made on behalf of DBNTC in those capacities, as well. Also, all of Plaintiff's allegations concern activities that are handled by loan servicers on behalf of the applicable trustee and trust, not by DBNTC, in either its trustee or individual capacity.

Complaint, dated January 25, 2012 (EFC No. 117) (the "Motion to Dismiss"), and in the Reply Memorandum in Support of Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint, dated February 28, 2012 (ECF No. 165) (the "Reply"). DBNTC adopts and incorporates by reference herein the arguments and positions set forth in both the Motion to Dismiss and the Reply.

For the reasons set forth in the Motion to Dismiss and Reply, DBNTC respectfully requests that this Court dismiss the Amended Complaint as against DBNTC with prejudice.

Respectfully submitted,

By: */s/ Elizabeth A. Frohlich*
Elizabeth A. Frohlich (*pro hac vice* to be submitted)
Rebecca A. Falk (*pro hac vice* to be submitted)
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: 415.442.1000
Facsimile: 415.442.1001
efrohlich@morganlewis.com

By: */s/ Hugh E. McKay*
Hugh E. McKay (0023017)
**Porter Wright Morris & Arthur, LLP**
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115
Telephone: 216.443.9000
Facsimile: 216.443.9011
hmckay@porterwright.com

*Attorneys for Defendant*
*Deutsche Bank National Trust Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2012, copies of the foregoing Joinder in Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint and Reply Memorandum in Support of Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Hugh E. McKay
Attorney for Defendant
Deutsche Bank National Trust Company

DB2/ 23074494.2