**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

STATE OF OHIO, ex rel.
DAVID P. JOYCE
PROSECUTING ATTORNEY OF GEAUGA
COUNTY, OHIO,                                            Case No. 1:11-cv-02474

        Plaintiff,
                                         Hon. James S. Gwin

    v.

MERSCORP, INC. et al.,

        Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................2

I.      PROCEDURAL HISTORY AND ALLEGATIONS. .........................................................2

II.     OHIO COUNTIES ARE INDEPENDENT POLITICAL ENTITIES WITH LIMITED
POWERS UNDER OHIO LAW. ........................................................................................3

        A.      Counties Are Separate Sovereign Entities, And Under Ohio Law Each
May Only Represent The Interests Of Their Own Citizens.....................................3

        B.      Ohio Law Limits A Prosecuting Attorney To Representation Of The
Citizens Of His County Only. .................................................................................4

STANDARD OF REVIEW ..................................................................................................6

ARGUMENT .......................................................................................................................7

I.      THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS BECAUSE  OHIO
LAW PRECLUDES GEAUGA COUNTY AND ITS PROSECUTOR FROM
REPRESENTING THE INTERESTS OF OTHER COUNTIES. .......................................7

        A.      Plaintiff Lacks Authority Under Ohio Law To Represent Persons Who Are
Citizens Of Other Ohio Counties. ...........................................................................7

        B.      Statutes Cited By Plaintiff Do Not Authorize A Class Action. .............................10

        C.      Interpreting A Similar Statutory Scheme, A Nevada Court Has Held That
A Class of Counties Cannot Be Certified. .............................................................11

II.     A CLASS OF COUNTIES IS NOT FEASIBLE BECAUSE THE COURT CANNOT
REQUIRE COUNTIES TO EMPLOY OUTSIDE COUNSEL NOT OF THEIR OWN
CHOOSING AND WITHOUT COMPLIANCE WITH STATUTORY
REQUIREMENTS.............................................................................................................12

CONCLUSION...................................................................................................................14

# TABLE OF AUTHORITIES

**CASES:**                                                                                                            **PAGE**

*City of Cincinnati ex rel. Ritter v. Cincinnati Reds, L.L.C.*, 150 Ohio App. 3d 728,
    782 N.E.2d 1225 (Ohio Ct. App. 2002)................................................................7

*Evancho v. Sanofi-Aventis U.S. Inc.*, No. 07-2266, 2007 U.S. Dist. LEXIS 93215
    (D.N.J. Dec. 18, 2007)........................................................................................6

*FOE Aerie 2177 Greenville v. Ohio State Liquor Control Comm'n*, No. 01AP-1330,
    2002 WL 1980671 (Ohio Ct. App. Aug. 29, 2002) ....................................5

*Geauga Cnty. Bd. of Comm'rs v. Munn Rd. Sand & Gravel*, 67 Ohio St. 3d 579,
    621 N.E.2d 696 (1993)..............................................................................4, 7, 12

*Himmelman v. Cont'l Cas. Co.*, No. Civ. 06-166, 2006 WL 2347873
    (D.N.J. Aug. 11, 2006)........................................................................................6

*Marion Township (Bd. of Health) v. Columbus*, 12 Ohio Dec. 553, 1902 WL 1301
    (Ct. Com. Pl. 1902) ...............................................................................3, 9, 12

*Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011) ......................................1, 6

*Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198,
    2008 U.S. Dist. LEXIS 2932 (S.D.N.Y. Jan. 16, 2008) ........................................6

*Schaffer v. Bd. of Trustees of Franklin Cnty. Veterans Mem'l*, 171 Ohio St. 228,
    168 N.E.2d 547 (1960).........................................................................................4

*Schilling v. Kenton Cnty., Ky.*, No. 10-143-DLB, 2011 WL 293759
    (E.D. Ky. Jan, 27, 2011) .....................................................................................6

*Southwest Gas Corp. v. Third Judicial District Court*, 85 Nev. 40, 449 P.2d 259 (1969)..2, 11, 12

*State ex rel. Bd. of Cnty. Comm'rs of Mahoning Cnty. v. Rhodes*,
    86 Ohio Law Abs. 390, 177 N.E.2d 557 (Ct. Com. Pl. 1960)..............................3, 7

*State ex rel. Cline v. Wright*, 23 Ohio C.C. (ns) 188 (Ohio Cir. Ct. 1912)..............................1, 8, 9

*State ex rel. Corrigan v. Seminatore*, 66 Ohio St. 2d 459, 423 N.E.2d 105 (1981) ...............13, 14

*State ex rel. Godfrey v. O'Brien*, 95 Ohio St. 166, 115 N.E. 25 (Ohio 1917) ................................5

*State ex rel. Hamilton Cnty. Bd. of Comm'rs v. Hamilton Cnty. Court of Common Pleas*,
    126 Ohio St. 3d 111, 931 N.E.2d 98 (2010) ...........................................................14

*State ex rel. Thompson v. New York Cent. R.R. Co.*, 89 Ohio App. 145, 100 N.E.2d 879
(Ohio Ct. App. 1950) (per curiam) ...................................................................1, 8

*State v. Barnett*, 124 Ohio App. 3d 746, 707 N.E.2d 564 (Ohio Ct. App. 1998) ........................1, 5

*State v. Billingsley*, Nos. 2010-P-0030, 2010-P-0031, 2011 WL 1225695
(Ohio Ct. App. Mar. 31, 2011).....................................................................1, 5

*Thornton v. State Farm Mut. Auto. Ins. Co.*, No. 1:06-cv-00018, 2006 WL 3359482
(N.D. Ohio Nov. 17, 2006) ...................................................................................6

*Village of Pleasant Hill v. Comm'rs of Miami Cnty.*, 71 Ohio St. 133, 72 N.E. 896 (1904)...........4

*W. Pennsylvania Nat'l Bank v. Ross*, 345 F.2d 525 (6th Cir. 1965)................................................3

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ............................................................9


**STATUTES:**

Ohio General Code § 2921 .................................................................................................8

Ohio Rev. Code §§ 301.01 *et seq.* ...................................................................................4

Ohio Rev. Code § 301.22 .............................................................................................4, 7

Ohio Rev. Code § 305.14 .........................................................................................10, 13

Ohio Rev. Code § 305.17 .............................................................................................13

Ohio Rev. Code § 309.01 ............................................................................................4-5

Ohio Rev. Code § 309.08 .........................................................................................5, 11

Ohio Rev. Code § 309.09 .....................................................................................5, 11, 13

Ohio Rev. Code § 309.12 ...................................................................................9, 10, 11


**RULES:**

Fed. R. Civ. P. 23(b)(1)...............................................................................................3, 9

Fed. R. Civ. P. 23(b)(2)...............................................................................................3, 9

Fed. R. Civ. P. 23(b)(3) ................................................................................................................3

Fed. R. Civ. P. 23(d)(1)(D) ......................................................................................................1, 6

N.D. Ohio R. 23.1(c) ................................................................................................................1, 6

## OTHER AUTHORITIES:

1962 Ohio Op. Atty. Gen. 2580 (1962) ....................................................................................2, 9

Ohio Atty. Gen. Op. 2012-010 (Mar. 29, 2012) .........................................................................11

## INTRODUCTION

Plaintiff David Joyce, Prosecuting Attorney of Geauga County, Ohio, filed this lawsuit on behalf of Geauga County alleging that Ohio law imposes a mandatory duty to record mortgages and assignments of mortgages in county land recording offices. Plaintiff seeks sweeping relief, including (a) money damages for recording fees he alleges should have been paid had mortgages and mortgage assignments been recorded in the past; and (b) a mandatory injunction compelling Defendants to record in county land records past and future mortgages and mortgage assignments. Plaintiff seeks this relief not only on his own behalf, but also on behalf of a putative class of all eighty-eight (88) counties across the State of Ohio.

Plaintiff's proposed class action is incompatible with Ohio law, and the Court should accordingly strike the class allegations pursuant to Fed. R. Civ. P. 23(d)(1)(D) and Local Rule 23.1(c).[1] Under Ohio law, each county is a separate political entity, whose powers extend solely within its borders. As Prosecuting Attorney for Geauga County, Plaintiff is likewise authorized under Ohio law to sue only on behalf of Geauga County. For that reason, Ohio courts have long held that one county and its prosecutor may not file lawsuits that would affect other counties, which are separate political entities, which have elected different individuals to advance their interests, and whose interests frequently diverge from those of other counties.[2] Maintaining a

---

[1]   *See, e.g.*, *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (district courts may strike class allegations independent of class certification briefing).

[2]   *State v. Billingsley*, Nos. 2010-P-0030, 2010-P-0031, 2011 WL 1225695, at *3 (Ohio Ct. App. Mar. 31, 2011) ("[A] county prosecutor's authority is generally limited to the county he serves, as they are elected by local residents and work on behalf of those constituents"); *State v. Barnett*, 124 Ohio App. 3d 746, 754-55, 707 N.E.2d 564, 570 (Ohio Ct. App. 1998) (actions of one county prosecutor cannot bind prosecutors in other counties); *State ex rel. Thompson v. New York Cent. R.R. Co.*, 89 Ohio App. 145, 149, 100 N.E.2d 879, 881 (Ohio Ct. App. 1950) (per curiam) (prosecutor can sue only for "money due the county"); *State ex rel. Cline v. Wright*, 23 Ohio C.C. (ns) 188, 189 (Ohio Cir. Ct. 1912) (prosecuting attorney lacked authority to sue for funds of municipality, which were not "funds of the county" or "funds for the use of the

class action where the counties may not opt out (as Plaintiff requests) is thus incompatible with

Ohio law, and so the Court should strike the class action allegations, as the Nevada Supreme

Court has done in similar circumstances.[3]

The fact that the Legislature did not authorize Plaintiff to represent other counties is

dispositive.  But the Court should independently strike the class allegations because Plaintiff's

proposal that all other 87 Ohio counties be represented by Geauga County's prosecuting attorney

and by an outside law firm hired by Geauga County is inconsistent with Ohio's strict and precise

limitations on the retention and service of outside counsel for a county government.  The other

Ohio counties have not retained the counsel who filed this action, providing a separate legal basis

for striking the class allegations.

## **BACKGROUND**

## I.    **PROCEDURAL HISTORY AND ALLEGATIONS.**

On October 13, 2011, Plaintiff filed this lawsuit in the Geauga County Court of Common

Pleas.  After removal, Plaintiff filed a First Amended Complaint ("FAC") on January 17, 2012.

On January 25, 2012, Defendants filed a joint motion to dismiss.

Plaintiff alleges that all mortgages and mortgage assignments must be recorded under

Ohio law.  FAC ¶ 2.  He alleges that, with the rise of securitization of loans, Defendants decided

not to record mortgages and assignments, so as to avoid paying fees that would have been due

had the documents been presented for recording.  *Id*. ¶¶ 3-6.  As relief, Plaintiff seeks: (1) a

declaration that Defendants are required under Ohio law to record mortgages and mortgage

assignments and pay associated recording fees; (2) an injunction mandating recording of past

---

county"); 1962 Ohio Op. Atty. Gen. 2580 (1962) (Ohio law does not authorize prosecuting
attorney to recover funds on behalf of other governmental entities).

[3]     *Southwest Gas Corp. v. Third Judicial District Court*, 85 Nev. 40, 449 P.2d 259 (1969).

mortgages and assignments and a permanent injunction compelling recording of all future
mortgages and assignments involving Ohio properties; and (3) damages, restitution, and
disgorgement.  *Id*. at ¶¶ 69-70 & pp. 51-51.

In addition to representing Geauga County, Plaintiff purports to bring the case as a
putative class action "on behalf of . . . all other Ohio counties."  *Id*. at ¶ 60.  Plaintiff seeks
certification under Rule 23(b)(3), and also under the mandatory, non-opt provisions of Rules
23(b)(1) and (b)(2).  *Id*. at 50.  The FAC does not identify any Ohio statute permitting Plaintiff to
represent counties other than Geauga County.  Nor does it allege that other Ohio counties
authorized Plaintiff to proceed on their behalf.

## II. OHIO COUNTIES ARE INDEPENDENT POLITICAL ENTITIES WITH LIMITED POWERS UNDER OHIO LAW.

Plaintiff seeks damages and injunctive relief on behalf of all 88 Ohio counties, but he is
the prosecuting attorney only of Geauga County.  As prosecuting attorney, Plaintiff has limited
powers under Ohio law to advance Geauga County's interests.  The Legislature has not granted
him power to pursue litigation that would determine the rights of other Ohio counties.

### A. Counties Are Separate Sovereign Entities, And Under Ohio Law Each May Only Represent The Interests Of Their Own Citizens.

Under Ohio law, each Ohio county is a separate political entity whose powers extend
solely within the borders of the county.

Ohio counties are "creatures of constitutional and legislative enactment" endowed with
"only such powers and privileges as are given them."  *State ex rel. Bd. of Cnty. Comm'rs of
Mahoning Cnty. v. Rhodes*, 86 Ohio Law Abs. 390, 177 N.E.2d 557, 565 (Ct. Com. Pl. 1960).
Ohio courts have long mandated that this grant of authority must be strictly construed.  *Marion
Township (Bd. of Health) v. Columbus*, 12 Ohio Dec. 553, 1902 WL 1301, at *1 (Ct. Com. Pl.
1902); *W. Pennsylvania Nat'l Bank v. Ross*, 345 F.2d 525, 526 (6th Cir. 1965) (liability of

county will not be extended "beyond the clear import of the statute") (internal citations omitted); *Geauga Cnty. Bd. of Comm'rs v. Munn Rd. Sand & Gravel*, 67 Ohio St. 3d 579, 582-83, 621 N.E.2d 696, 699 (1993) (counties "may exercise only those powers affirmatively granted by the General Assembly" and may not act "in the absence of a specific statutory grant of authority") (citations omitted); *Village of Pleasant Hill v. Comm'rs of Miami Cnty.*, 71 Ohio St. 133, 135, 72 N.E. 896, 897 (1904) ("[Counties] have such jurisdiction and authority, and such only, as is given them respectively by statute, and the power and authority of each is limited to the power and authority so conferred.").

The Legislature set forth the duties of Ohio counties in Title III of the Ohio Revised Code, Ohio Rev. Code §§ 301.01 *et seq.* Under Title III, an Ohio county is a subdivision of the State that operates for judicial and political purposes. Ohio Rev. Code § 301.22 ("County declared body politic and corporate"); *Schaffer v. Bd. of Trustees of Franklin Cnty. Veterans Mem'l*, 171 Ohio St. 228, 230, 168 N.E.2d 547 (1960). A county may exercise "the rights and privileges conveyed under it by the constitution," and the Code allows each county the right to sue and be sued. Ohio Rev. Code § 301.22. Nowhere, however, does Title III allow a county to represent the interests of other counties in litigation. Indeed, as a political organization of certain territory within the State, the scope of lawful authority wielded by an Ohio county or its officials is limited to the defined geographical borders of that county. *Id.*

### B. Ohio Law Limits A Prosecuting Attorney To Representation Of The Citizens Of His County Only.

The office of Prosecuting Attorney is likewise carefully circumscribed under Ohio law.

The Legislature created the position of prosecuting attorney through enactment of Ohio Rev. Code § 309.01: "[t]here shall be elected quadrennially in each county, a prosecuting attorney, who shall hold his office for four years." The office of Prosecuting Attorney therefore

derives its power from Section 309.01 and the consent of the citizens of its respective county. *See Billingsley*, 2011 WL 1225695, at *3 ("[A] county prosecutor's authority is generally limited to the county he serves, as they are elected by local residents and work on behalf of those constituents"); *State ex rel. Godfrey v. O'Brien*, 95 Ohio St. 166, 173-74, 115 N.E. 25, 27 (Ohio 1917) (elected county officials must "observe the constitutional provisions in reference to such offices" and may not take action in excess of the authority specifically held by their position).

The "powers and duties" of a Prosecuting Attorney are defined and limited by statute, specifically Ohio Rev. Code §§ 309.08 and .09.  Section 309.08 authorizes the Prosecuting Attorney to prosecute criminal offenses in his county.  Section 309.09 provides that the prosecuting attorney serves as the legal advisor to the board of county commissioners and other county administrators and in this capacity "shall prosecute and defend all suits and actions that any such officer, board, or tax-supported public library directs or to which it is a party."  Ohio Rev. Code § 309.09(A).

Interpreting these provisions, Ohio courts have held that the power of a county's Prosecuting Attorney, just like that of any other county official, is confined to the borders of his respective county.  *Billingsley*, 2011 WL 1225695, at *3; *FOE Aerie 2177 Greenville v. Ohio State Liquor Control Comm'n*, No. 01AP-1330, 2002 WL 1980671, at *3-4 (Ohio Ct. App. Aug. 29, 2002) (prosecuting attorney has no authority to bind the State or its administrative agencies). As a matter of Ohio law, and as a necessary corollary, the Prosecuting Attorney of one county has no authority to represent or bind the Prosecuting Attorney or citizens of any other county. *Id.*; *Barnett*, 124 Ohio App. 3d at 754-55, 707 N.E.2d at 570 (actions of one county prosecutor cannot bind prosecutors in other counties).

## STANDARD OF REVIEW

Fed. R. Civ. P. 23(d)(1)(D) authorizes federal courts to enter orders requiring "that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Thus, courts grant motions to strike class allegations if legal issues prevent a class from being certified.  *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (district court properly struck class allegations where legal issue precluded class certification); *Schilling v. Kenton Cnty., Ky.*, No. 10-143-DLB, 2011 WL 293759, at *4 (E.D. Ky. Jan. 27, 2011) ("[N]othing in Rule 23 prevents a defendant from attempting to preemptively deny certification on the grounds that the prerequisites of Rule 23(a) and (b) can never be satisfied."); *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2008 U.S. Dist. LEXIS 2932, at *11-12 (S.D.N.Y. Jan. 16, 2008) (striking class allegations based on "an issue separate and apart from the issues that will be decided on a class certification motion"); *Himmelman v. Cont'l Cas. Co.*, No. Civ. 06-166, 2006 WL 2347873, at *2 (D.N.J. Aug. 11, 2006) (statutory scheme irreconcilable with class certification warrants striking class allegations); *Evancho v. Sanofi-Aventis U.S. Inc.*, No. 07-2266, 2007 U.S. Dist. LEXIS 93215, at *18 (D.N.J. Dec. 18, 2007) (striking class allegations foreclosed by federal statute).

The Sixth Circuit has affirmed that federal courts may strike class allegations before deciding a motion for class certification.  *Pilgrim*, 660 F.3d at 949; *see also Thornton v. State Farm Mut. Auto. Ins. Co.*, No. 1:06-cv-00018, 2006 WL 3359482, at *1 (N.D. Ohio Nov. 17, 2006) ("Under [Rules 23(d)(1)(D) and (E)], a defendant may file a motion to strike class allegations.").  This Court's Local Rules also authorize motions to strike.  N.D. Ohio R. 23.1(c) ("Nothing in this Rule shall preclude any party from moving to strike the class action allegations.").

## ARGUMENT

I.   **THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS BECAUSE OHIO LAW PRECLUDES GEAUGA COUNTY AND ITS PROSECUTOR FROM REPRESENTING THE INTERESTS OF OTHER COUNTIES.**

   A.   **Plaintiff Lacks Authority Under Ohio Law To Represent Persons Who Are Citizens Of Other Ohio Counties.**

The Court should strike the class allegations because Ohio law precludes one county or that county's prosecuting attorney from representing the citizens of other Ohio counties.

As far as counsel is aware, no Ohio court has certified a class of Ohio counties or other political subdivisions of the State.  The absence of precedent is not surprising, because there is no statutory authorization for one Ohio county to represent the interests of another Ohio county in litigation, much less all Ohio counties.  *See Geauga Cnty. Bd. of Comm'rs*, 67 Ohio St. 3d at 582-83, 621 N.E.2d at 699 (county may only exercise those powers affirmatively granted by the Legislature and may not act in the absence of such authorization).  To the contrary, the notion of a single county prosecutor or a single county taking action on behalf other (much less all) counties is incompatible with fundamental principles of Ohio law.

As shown above, under Ohio law, a county is a separate sovereign body politic governed by its own elected officials.  Ohio Rev. Code § 301.22.  Because Ohio counties may wield "only such powers and privileges as are given them," *State ex rel. Bd. of Cnty. Comm'rs of Mahoning Cnty. v. Rhodes*, 177 N.E.2d 557, 565, (Ct. Com. Pl. 1960); *see Geauga Cnty. Bd. of Comm'rs*, 67 Ohio St. 3d at 582-83, 621 N.E.2d at 699, a county official such as a prosecuting attorney may not assert greater power than that held by the body politic from which he derives his authority – the county itself.  Of particular import here, Ohio law allows an individual county only to direct litigation affecting the interests of its own citizens.  *City of Cincinnati ex rel. Ritter v. Cincinnati Reds, L.L.C.*, 150 Ohio App. 3d 728, 742-43, 782 N.E.2d 1225 (Ohio Ct. App. 2002).  This autonomy of Ohio counties is incompatible with a class action, which permits one

plaintiff to represent the interests of class members and litigate claims on their behalf.

This lawsuit is accordingly incompatible with Ohio law. For example, in *State ex rel. Thompson*, a county taxpayer filed a written demand with the prosecuting attorney and subsequently brought suit on behalf of his county to recover money from a railroad company that had failed to build a fence as required under Ohio law.  89 Ohio App. 145, 146-47, 100 N.E.2d 879, 879-80 (Ohio Ct. App. 1950) (per curiam).  The court held that the funds plaintiff sought to recover were not "money due the county" and therefore plaintiff could not initiate suit.  *Id.* at 149, 100 N.E.2d at 881.  The court noted that when the State owns and enforces the right to collection of a monetary penalty, "only [the State] can maintain an action for it, unless it has delegated the right to some one else in distinct terms." *Id.* at 149, 100 N.E.2d at 881 (quotation omitted).  It then determined that the monetary penalty was owed to the state, rather than the taxpayer's county.  *Id*.  As a result, the penalty did not constitute "money due the county" required by the statute[4] as a predicate to an action by a county's prosecuting attorney.  *Id.* at 149, 100 N.E.2d at 881.

Ohio law has long imposed this limitation on actions by a county's prosecuting attorney. In *State ex rel. Cline v. Wright*, 23 Ohio C.C. (ns) 188, 189 (Ohio Cir. Ct. 1912), the prosecuting attorney for Cuyahoga County brought an action to recover special assessments the county auditor had levied on behalf of various municipalities.  The court dismissed the action because the prosecuting attorney lacked authority under the statute to recover the funds of another entity. *Id.*  The court explained that, because the municipal assessments were not "funds of the county" or "funds for the use of the county," Cuyahoga County "has no interest in them."  *Id.* Accordingly, it held that the prosecuting attorney lacked authority to bring the action because the

---

[4]     The statute at issue in *State ex rel. Thompson*, Ohio General Code § 2921, is now codified as Ohio Rev. Code § 309.12.

funds belonged to the municipal corporations for which they were collected.  *Id.*

Similarly, the Ohio Attorney General has opined that Ohio Rev. Code § 309.12, which allows prosecuting attorneys to bring suit on behalf on their respective counties, does not allow an action to recover funds of any other government entities besides his own county.  *See* 1962 Ohio Op. Atty. Gen. 2580 (1962) (Exhibit A).  The Attorney General responded to a request by the prosecuting attorney for Lucas County to address the scope of a prosecuting attorney's authority under section 309.12.  *Id.*  The Ohio Attorney General explained that agencies such as townships and boards of education "are political subdivisions, separate and apart from the counties in which they are located."  *Id.*  As a result of their separate political status, "the county treasurer does not act for those agencies and funds of such agencies are not funds of the county."  *Id.*  Accordingly, a prosecuting attorney lacks authority under section 309.12 to bring suit to recover the funds of another political subdivision, separate and apart from his own county.  *Id.*[5]

If the proposed class were certified, the Prosecuting Attorney of Geauga County would be allowed to make litigation decisions on behalf of citizens of other Ohio counties, but these counties  have elected their own officials and prosecutors to make such decisions on their behalf.  This is forbidden under Ohio law.

It is no answer to say that Ohio counties can opt out of this litigation.  Plaintiff seeks certification under Fed. R. Civ. P. 23(b)(1) and (b)(2), rules which "provide[] no opportunity for . . . class members to opt out, and does not even oblige the District Court to afford them notice of the action."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011).  If this case is permitted to proceed as a class action, therefore, Geauga County will be allowed to seek broad-ranging declaratory and injunctive relief that will affect recording practices of each Ohio county

---

[5]       *See Marion Township*, 1902 WL 1301, at *3 (Ohio counties may only initiate litigation by "the means and in the manner prescribed by statute.").

concerning mortgages and mortgage assignments, which will impact both prior and future practice.  That is incompatible with Ohio law.

**B.**     **Statutes Cited By Plaintiff Do Not Authorize A Class Action.**

Plaintiff purports to bring this action on behalf of Geauga County and "all other Ohio counties," based on Ohio Rev. Code §§ 305.14 and 309.12.  FAC ¶ 10.  Neither statute authorizes a class action on behalf of Ohio counties.

Section 305.14 ("Employment of legal counsel") permits a Prosecuting Attorney and a Board of County Commissioners to seek authorization from the Court of Common Pleas to retain outside counsel to assist "the prosecuting attorney, the board, or any other county officer" in the prosecution or defense of any action "in which such board or officer is a party or has an interest, in its official capacity."  Ohio Rev. Code § 305.14(A).  It nowhere mentions or authorizes class action suits by an individual county on behalf of *other counties*.

As noted above, Ohio courts and the Attorney General have held that Section 309.12 (and its predecessor) authorizes actions by a Prosecuting Attorney to recover funds of *his own county only*.  Section 309.12 contains no less than eleven references to "the county" in the singular in defining the scope of a county's Prosecuting Attorney authority:

> Upon being satisfied that funds of the county . . . or belonging to the county . . . have been illegally drawn or withheld from the county treasury . . . or that any property, real or personal, belonging to the county is being illegally used or occupied . . . or that money is due the county, the prosecuting attorney may, by civil action in the name of the state, apply to a court of competent jurisdiction . . . to recover, for the use of the county, all public moneys so misapplied or illegally . . . withheld from the county treasury, or to recover damages, for the benefit of the county . . . or to recover, for the benefit of the county, such real or personal property . . . or to recover for the benefit of the county, damages . . . or to recover such money as is due the county.

Ohio Rev. Code § 309.12 (emphasis added).  The statute does not authorize a class suit by a

county to litigate other counties' rights.[6]

The Legislature knows how to authorize a county, or its prosecutor, to file specific types of lawsuits when it wishes to do so.[7]  The Legislature has not, however, chosen to allow either a sole county or its prosecuting attorney to file class actions to represent other, independently-sovereign counties.  The statutes cited by Plaintiff do not allow it to maintain this lawsuit on behalf of other counties, nor does any other Ohio statute.

C.      **Interpreting A Similar Statutory Scheme, A Nevada Court Has Held That A Class of Counties Cannot Be Certified.**

In a similar case, the Supreme Court of Nevada rejected a putative class of counties based on this same fundamental principle – that a statute authorizing action by one county attorney on behalf of his county cannot, as a matter of law, authorize a state-wide class of counties.

In *Southwest Gas Corp. v. Third Judicial District Court*, 85 Nev. 40, 41, 449 P.2d 259 (1969), the district attorney of Lander County, Nevada, sought to represent a class of all other Nevada counties in an action to recover taxes allegedly owed by Southwest Gas Corp.  Citing a Nevada statute – like the one invoked by Plaintiff here – authorizing him to "prosecute all actions for the recovery of debts, fines, penalties and forfeitures accruing to his county," *id.* at 42, the district attorney sought to bring a state-wide, all-counties class action "for the reason that if he were successful on behalf of his own county . . . the other counties . . . would enjoy a tax revenue windfall."  *Id.* at 41.

---

[6]      In fact, each county's prosecutor attorney has discretion whether to file suit under Section 309.12.  Ohio Atty. Gen. Op. 2012-010 (Mar. 29, 2012) at 10 (Exhibit B).  Requiring counties to be members of a class is inconsistent with prosecutors' discretionary ability to file suit.

[7]      *See, e.g.*, Ohio Rev. Code § 309.08 (authorizing prosecuting attorney to prosecute "all complaints, suits and controversies in which the state is a party except for those required to be prosecuted by a special prosecutor…or by the attorney general"); *id.* § 309.09(A) ("The prosecuting attorney shall prosecute and defend all suits and actions that any such officer, board, or tax-supported public library directs or to which it is a party"); *id.* § 309.14 (authorizing prosecution for persons causing unlawful "injuries to timber").

Southwest Gas Corp. moved to dismiss the class count on the ground that the district attorney had no authority to file it.  *Id.*  The trial court denied the motion, and on appeal the Nevada Supreme Court reversed, holding that the statute in question only authorized actions by a district attorney to recover funds of his own county, and thus provided no basis in law for a class action on behalf of all counties.  *Id.* at 42 ("The statute is patently clear that the district attorney has the power to act solely on behalf of his own county, and for no other county, to recover debts, fines, penalties, and forfeitures").  The Court held that a district attorney's authority is expressly limited to those powers delegated to him by the legislature:  "The powers of a district attorney are not gauged by those of an attorney-at-law, but they are such only as are given him by the statute."  *Id.*  The district attorney's putative state-wide all-counties class action was therefore incompatible with Nevada law.

Similarly, longstanding Ohio precedent provides that each county and each prosecutor are limited to taking actions solely affecting that county.[8]  The Court should therefore strike the class allegations as incompatible with Ohio law.

## II.  A CLASS OF COUNTIES IS NOT FEASIBLE BECAUSE THE COURT CANNOT REQUIRE COUNTIES TO EMPLOY OUTSIDE COUNSEL NOT OF THEIR OWN CHOOSING AND WITHOUT COMPLIANCE WITH STATUTORY REQUIREMENTS.

Apart from the legal impediment to certifying a class consisting of counties discussed above, Plaintiff's proposal to impose Prosecuting Attorney Joyce and the Bernstein Leibhard law firm as lawyers for the 87 absentee counties is inconsistent with Ohio's strict and precise limitations on the retention and service of outside counsel for a county government.  For this reason as well, the class action request should be stricken.

---

[8]     *Geauga Cnty. Bd. of Comm'rs*, 67 Ohio St. 3d at 583, 621 N.E.2d at 699 ("A county is presumed <u>not to have authority</u> to [act] in a particular area, unless a statute affirmatively authorizes the [action].") (emphasis in original); *Marion Township*, 12 Ohio Dec. 553, 1902 WL 1301, at *1 (statutory grant of powers to a county shall be strictly construed).

In hiring outside counsel for this matter, Geauga County was required to comply with the statutory requirements to take such action – requirements that serve to uphold the separation of county powers and ensure the best representation of citizen interests.  *See* Ohio Rev. Code §§ 305.14, 309.09(A).  Each county has a prosecuting attorney, who serves as "the legal adviser of the board of commissioners, board of elections, and all other county officers and boards."  *Id*. § 309.09(A).  Because the prosecuting attorney "shall prosecute and defend all suits and actions which any such officer or board directs," the statute stipulates that "no county officer may employ other counsel or attorney at the expense of the county, except as provided in section 305.14 of the Revised Code."  *Id.*  Section 305.14, in turn, allows a common pleas court to authorize the board of county commissioners to employ legal counsel only "upon the application of the prosecuting attorney and the board of commissioners."  *Id.*

The Ohio Supreme Court has explained that strict adherence to this special procedure is necessary due to the county powers involved:

> Application by the prosecuting attorney ordinarily is necessary because the counsel being appointed will fulfill a duty otherwise imposed by law upon the prosecuting attorney.  Application by the board of county commissioners is necessary because it is that board which not only must fix the compensation to be paid for the person so appointed but also must provide the necessary funds for the purpose.

*State ex rel. Corrigan v. Seminatore*, 66 Ohio St. 2d 459, 463, 423 N.E.2d 105, 109 (1981); *see also* Ohio Rev. Code § 305.17 (requiring board of county commissioners to "fix the compensation of all persons appointed or employed under [305.14], which with their reasonable expenses, shall be paid from the county treasury upon the allowance of the board").  Without the approval of the common pleas court of these applications, the county cannot hire outside counsel. *State ex rel. Hamilton Cnty. Bd. of Comm'rs v. Hamilton Cnty. Court of Common Pleas*, 126 Ohio St. 3d 111, 118, 931 N.E.2d 98, 106 (2010) ("the board's appointment of special counsel

pursuant to . . . R.C. 305.14(A) has no viability until the common pleas court approves the application, and special counsel cannot be paid until the approval occurs"); *Seminatore*, 66 Ohio St. 2d at 459 ("[a]pplication by both the prosecuting attorney and the board of county commissioners is a *prerequisite* to" common pleas court authorizing hiring outside counsel) (emphasis added).

These special protections would not be met in a class action in federal court, where the district court appoints counsel and that counsel serves as a lawyer for the involuntary absentee class members.  Ohio law cannot be circumvented by class action procedure.  As a consequence, a class of counties cannot be certified.

## CONCLUSION

For these reasons, the Court should grant this Motion and strike all allegations in the First Amended Complaint, including Paragraph 1 (first sentence), Paragraph 10 (second sentence), Paragraphs 60-67, and those portions of Paragraphs 68-77 and pages 50-51, which refer to a putative class.

Respectfully submitted,

*/s/ Thomas M. Hefferon*
Thomas M. Hefferon (admitted *pro hac vice*)
Joseph F. Yenouskas (admitted *pro hac vice*)
GOODWIN PROCTER LLP
901 New York Ave., NW, Suite 900
Washington DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
Email: thefferon@goodwinprocter.com
       jyenouskas@goodwinprocter.com

James S. Wertheim (0029464)
Barbara Friedman Yaksic (0014338)
Candice L. Musiek (0085924)
MCGLINCHEY STAFFORD PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122-4640
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
E-mail:  jwertheim@mcglinchey.com
       byaksic@mcglinchey.com
       cmusiek@mcglinchey.com

*Attorneys for Defendants Bank of America,*
*CCO Mortgage Corporation, EverBank*
*(mistakenly named as EverHome Mortgage*
*Company in the original Complaint), RBS*
*Citizens, N.A., and RBS Securities Inc.*

*/s/ Robert M. Brochin*
Robert M. Brochin (admitted *pro hac vice*)
Andrew B. Boese (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Telephone: (305) 415-3456
Facsimile: (305) 415-3001
Email: rbrochin@morganlewis.com
       aboese@morganlewis.com

*Attorneys for Defendants MERSCORP, Inc.*
*and Mortgage Electronic Registration*
*Systems, Inc.*

*s/ Jeremy Gilman*
Jeremy Gilman (0014144)
Kari B. Coniglio (0081463)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: (216) 363-4565
Facsimile: (216) 363-4588
Email: jgilman@beneschlaw.com
       kconiglio@beneschlaw.com

*Attorneys for Defendants MERSCORP, Inc. and*
*Mortgage Electronic Registration Systems, Inc.*

s/ P. Russell Perdew
Thomas J. Cunningham (*pro hac vice*)
P. Russell Perdew (*pro hac vice*)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-1712
Facsimile: (312) 896-6712
Email: rperdew@lockelord.com


David A. Wallace (0031356)
CARPENTER, LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
Email: wallace@carpenterlipps.com


*Attorneys for Defendants GMAC Mortgage,
LLC (f/k/a GMAC Mortgage Corporation and
improperly named herein as GMAC Residential
Funding Corporation) and U.S. Bank, N.A.*

/s/ Hugh E. McKay
Hugh E. McKay (0023017)
PORTER WRIGHT MORRIS & ARTHUR
LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115
Telephone: 216-443-9000
Facsimile: 216-443-9011
Email:  hmckay@porterwright.com

*Attorneys for Defendant Deutsche Bank
National Trust Company*

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733)
Katheryn M. Lloyd (0075610)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
Email: carpenter@carpenterlipps.com


*Attorneys for Defendant Nationwide
Advantage Mortgage Company*

/s/ Todd Kartchner
Todd Kartchner (*pro hac vice*)
FENNEMORE CRAIG P.C.
3003 North Central Avenue, Suite 2600
Phoenix, AZ 85012
Telephone: (602) 916-5000
Facsimile: (602) 916-5999
Email: tkartchner@fclaw.com


*Attorney for United Guaranty Corporation*

/s/ William D. Kloss, Jr.
William D. Kloss, Jr. (0040854)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6360
Facsimile: (614) 719-4807
Email: wdklossjr@vorys.com

Marcel C. Duhamel (0062171)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114-1724
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
Email: mcduhamel@vorys.com

*Attorneys for Defendant, Corinthian Mortgage Corporation*


/s/ Kip T. Bollin
Kip T. Bollin (0065275)
James F. DeFeo (0079222)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Telephone: (216) 566-5500
Facsimile: (216) 566-5800
Email: kip.bollin@thompsonhine.com
        jim.defeo@thompsonhine.com

*Attorneys for PMI Mortgage Services Co.*


/s/ Thomas V. Panoff
Lucia Nale (admitted *pro hac vice*)
Thomas V. Panoff (admitted *pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-8821
Facsimile: (312) 706-8297
Email: lnale@mayerbrown.com
        tpanoff@mayerbrown.com

Amanda Martinsek (0058567)
Marquettes D. Robinson (0074268)
THACKER MARTINSEK LPA
2330 One Cleveland Center
1375 East 9th Street
Cleveland, Ohio, 44114
Telephone: (216) 456-3840
Facsimile: (216) 456-3852
Email: amartinsek@tmlpa.com
        mrobinson@tmlpa.com

*Attorneys for CitiMortgage, Inc., Citigroup Inc. and Citibank, N.A.*


/s/ Joseph A. Castrodale
Joseph A. Castrodale (0018494)
Richik Sarkar (0069993)
Matthew T. Wholey (0086550)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Ste. 1100
Cleveland, Ohio 44113-1448
Telephone: (216) 583-7000
Facsimile: (216) 583-7353
Email: jcastrodale@ulmer.com
        rsarkar@ulmer.commwholey@ulmer.com

*Attorneys for Defendant HSBC Bank U.S.A., N.A.*

/s/ Barbara Friedman Yaksic
James S. Wertheim (0029464)
Barbara Friedman Yaksic (0014338)
Candice L. Musiek (0085924)
MCGLINCHEY STAFFORD PLLC
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
E-mail: jwertheim@mcglinchey.com
          byaksic@mcglinchey.com
          cmusiek@mcglinchey.com

*Attorneys for CoreLogic Real Estate Solutions,
LLC and SunTrust Mortgage, Inc. and co-
counsel for Defendants Bank of America
Corporation, CCO Mortgage Corporation,
Everhome Mortgage Company, and RBS
Citizens, N.A., and RBS Securities Inc.*

/s/ Scott A. King
Scott A. King (0037582)
Terry W. Posey, Jr. (0078292)
THOMPSON HINE, LLP
Austin Landing I
10500 Innovation Drive, Suite 400
Dayton, Ohio 45342-4934
Telephone: (937) 443-6560
Facsimile: (937) 443-6635
Email: Scott.King@ThompsonHine.com
        Terry.Posey@ThompsonHine.com

*Attorneys for Defendant Wells Fargo Bank,
N.A.*

/s/ Stephen M. O'Bryan
Stephen M. O'Bryan (0009512)
W. Stuart Dornette (0002955)
Beth A. Bryan (0082076)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707


R. Bruce Allensworth (*pro hac vice*)
Brian M. Forbes (motion for *pro hac vice* pending)
Ryan M. Tosi (*pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
E-mail: bruce.allensworth@klgates.com
          brian.m.forbes@klgates.com
          ryan.tosi@klgates.com

*Attorneys for Defendants Goldman
Sachs Mortgage Company and GS Mortgage
Securities Corp.*

s/ Anthony J. Coyne
Anthony J. Coyne (0039605)
Michael P. Quinlan (0066718)
MANSOUR, GAVIN, GERLACK & MANOS
CO., LPA
55 Public Square, Suite 2150
Cleveland, OH 44113-1994
Telephone: (216) 523-1500
Facsimile: (216) 523-1705
Email: acoyne@mggmlpa.com
        mquinlan@mggmlpa.com

Max B. Chester
Foley & Lardner LLP
777 East Wisconsin Ave, Suite 3800
Milwaukee, WI 53201
Telephone: (414) 297-5573
Facsimile: (414) 297-4900
Email: mchester@foley.com


*Attorneys for Defendant MGIC Investor
Services Corp.*

/s/ Dale H. Markowitz
Dale H. Markowitz, Esq. (#0016840)
Todd C. Hicks, Esq. (#0063255)
THRASHER, DINSMORE & DOLAN
100 7th Avenue, Suite 150
Chardon, Ohio 44024-1079
Telephone: (440) 285-2242
Facsimile: (440) 2859423
Email: dmarkowitz@tddlaw.com
        thicks@tddlaw.com

/s/ Thomas Gacse
Thomas Gacse, Esq. (#0008715)
Home Savings and Loan Company of Youngstown
275 Federal Plaza West
Youngstown, Ohio 44501-1111
Email: TGacse@homesavings.com

*Attorneys for Defendant Home Savings and
Loan Company of Youngstown*

/s/ Brett A. Wall
Daniel R. Warren (0054595)
Brett A. Wall (0070277)
Lisa M. Ghannoum (0080950)
BAKER & HOSTETLER LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114-3482
Telephone: 216.621.0200
Facsimile: 216.696.0740
Email:  dwarren@bakerlaw.com
        bwall@bakerlaw.com
        lghannoum@bakerlaw.com

*Attorneys for Defendants Fifth Third Bank,
KeyBank National Association, and The
Huntington National Bank*

/s/ Nelson M. Reid
Nelson M. Reid  (0068434)
Daniel C. Gibson (0080129)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio  43215
Telephone: (614) 227-2300
Facsimile: (614) 227-2390
Email: nreid@bricker.com
        dgibson@bricker.com

Mary Beth Hogan, Esq. (pro hac vice)
Dino L. LaVerghetta, Esq.
Debevoise & Plimpton, LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6996
Facsimile: (212) 909-6836
Email:  mbhogan@debevoise.com
        dllaverg@debevoise.com

*Attorneys for Defendant
JPMorgan Chase Bank, N.A.*

Dated:  May 7, 2012

LIBW/1822675.5