# **Exhibit 10**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

STATE OF OHIO, ex rel.
DAVID P. JOYCE,
PROSECUTING ATTORNEY OF GEAUGA
COUNTY, OHIO,

        Plaintiff,

v.

MERSCORP, INC. et al.,

        Defendants.

Case No. 1:11-cv-02474

Hon. James S. Gwin

## DECLARATION OF PATRICK MCCALLISTER

Patrick McCallister, being duly sworn, declares as follows:

1. I am employed by Bank of America, National Association ("BANA") as its MERS Operations and Business Control Executive. I have personal knowledge of the statements made in this Declaration based on my knowledge of the routine practices of BANA and its predecessors. I am fully competent and authorized to testify to the matters stated herein.

2. In my current position, I am familiar with BANA's practices involving Mortgage Electronic Registration Systems, Inc. ("MERS") and issues relating to MERS as it pertains to origination and servicing of mortgage loans by BANA.

3. When BANA originates or has originated a loan by lending money to a consumer, it obtains the right to repayment of that loan, evidenced by a promissory note. A note for a loan that is originated by BANA does not follow a single path. BANA retains, and has retained, ownership of some notes for their entire existence. Others are and have been sold by BANA to other lenders or entities such as the Federal National Mortgage Association or the Federal Home

Loan Mortgage Corporation. Some of those loans are and have been securitized. Others are not and have not been securitized.

4. Some of the loans made by BANA are secured by mortgages (or deeds of trust or similar security instruments) where MERS is named the mortgagee. Some loans originated by BANA are secured by mortgages where the named mortgagee is BANA, not MERS. For loans secured by mortgages where MERS is the mortgagee, some of the loans are, and have been, sold to other entities, but others are not.

5. BANA also services mortgage loans. In common usage, mortgage loan servicing embraces those who perform services in post-loan-closing activities with respect to the loan, which can cover the gamut from issuing statements and notices, to collecting payments, to communicating with borrowers. As the servicer of a loan, BANA's responsibilities include collecting payments from the borrower, sending payments to the owner of the loan, and handling administrative aspects of the loan.

6. For some of the loans that BANA services, BANA owns or owned the promissory note evidencing the loan. But for other loans, the notes are owned by other entities or investors. BANA has contractual relationships to service those loans.

7. On occasion, BANA must determine the details of the history of ownership of the promissory note by those persons or entities, if any, that owned the note prior to the current holder for whom BANA is servicing the note. There is no single procedure for accomplishing that. The task varies from loan to loan. It may require reviewing various electronic or printed records, as well as information and/or documents obtained from prior owners or other sources (such as original documents in the hands of a collateral trustee and records of a trustee of a securitization trust). Obtaining all of the documents relevant to the transaction, when that is

required, adds further effort, which varies. In some instances, doing the searches and/or obtaining documents is time-consuming and require the cooperation of third parties. On the other hand, for example, in some cases BANA has held the note since making the loan, so the history search is short. In other instances, BANA has held the note since buying the loan, so it has all of the relevant records already. The ownership history of each loan, and the documents or information needed to determine that history, is unique and varies from loan to loan.

8. Some of the notes are secured by mortgages where MERS is the mortgagee. For those loans, the mortgage itself is recorded in the county land records, but sometimes no mortgage assignments are recorded in county land records related to that loan. Other times, one or more mortgage assignments are recorded in county land records related to that loan, such as when a mortgage is assigned so that the assignee can carry out a foreclosure in its own name. Whether an assignment was recorded can only be determined by examining each loan transaction individually.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Patrick J. McCallister

Dated: May 4, 2012