**Exhibit 11**

# OPINIONS

## OF THE

# ATTORNEY GENERAL

OF

# OHIO

FOR THE

**PERIOD FROM JANUARY 1, 1962
THROUGH DECEMBER 31, 1962**

PAGES 1-1104
INDEX 1105-1212
OPINIONS 2744-3548

The F. J. Heer Printing Company
Columbus, Ohio 43216
1964
Bound by the State of Ohio


158                          OPINIONS

only consequence flowing out of it would be the invalidity of such record-
ing, for the reason that a county recorder is essentially a ministerial officer.
See Opinion No. 4531, Opinions of the Attorney General for 1932, page
906, where *State v. Gibbert,* 56 Ohio St., 575, and *Irvin v. Smith,* 17
Ohio, 226, are cited as supporting authorities; and to the same effect is
*Rhem v. Reilly* (Supreme Court of Washington), 297 Pac. 147, 74 A.L.R.
350. However, this observation should not be construed as an encourage-
ment of irresponsible practice, for it is self-evident that acceptance of
instruments not entitled to record would create in persons who presented
them to the county recorder the illusion that the recording is notice to
third parties, while as a matter of law such would not be the case.

   Summing up and in answer to your specific question, it is my opinion
and you are advised that copies of instruments specified in Sections 317.08
and 317.13, Revised Code, should not be accepted by the county recorder
for record; however, where a statute specifically states that a copy of a
particular instrument may be filed for record in the office of the county
recorder (Section 1701.80, Revised Code, for example) the recorder is
required to accept such copy for record.

                                   Respectfully,
                                   MARK MCELROY
                                   Attorney General


2850

1. FUNDS OF A TOWNSHIP OR A LOCAL BOARD OF EDU-
   CATION ARE NOT COUNTY MONIES AND ARE NOT
   SUBJECT TO RECOVERY BY THE COUNTY PROSECUTOR.
   PARK DISTRICT FUNDS ARE.

2. THE COUNTY PROSECUTOR IS AUTHORIZED TO RE-
   COVER FUNDS OF A LOCAL SCHOOL DISTRICT.

3. THE COUNTY PROSECUTOR IS AUTHORIZED TO RE-
   COVER MISAPPROPRIATED FUNDS IN REPORT OF THE
   BUREAU OF INSPECTION—§§309.12 R.C., 1545 R.C., 3313.35
   R.C., 117.10 R.C.

SYLLABUS:

1. Funds of a township or a local board of education are not funds of the county or public moneys in the hands of the county treasurer or belonging to the county, and Section 309.12, Revised Code, does not authorize the county prosecuting attorney to institute civil action to recover misapplied funds of such governmental agencies; however, since the funds of a park district created pursuant to Chapter 1545., Revised Code, are, under Section 1545.22, Revised Code, in the custody of the county treasurer, the prosecuting attorney may, pursuant to said Section 309.12, take action to recover any of such funds which are misapplied.

2. Section 3313.35, Revised Code, authorizes the county prosecuting attorney to institute action to recover misapplied funds of a local school district in the county.

3. Under Section 117.10, Revised Code, reports of the bureau of inspection and supervision of public offices concerning townships, boards of education, and park districts created pursuant to Chapter 1545., Revised Code, are filed with the county prosecuting attorney; and if such a report sets forth that funds of the agency concerned have been misapplied, said prosecutor has a duty to, within ninety days, institute civil action in the name of the agency to recover such money.

Columbus, Ohio, March 2, 1962

Hon. Harry Friberg, Prosecuting Attorney
Lucas County, Toledo, Ohio

Dear Sir:

Your request for my opinion reads as follows:

"Pursuant to Ohio Revised Code Section 309.12, the County Prosecutor is empowered to bring an action to recover funds 'belonging to the county', which have been misapplied, etc.

"Does the Prosecuting Attorney have any power or authority to recover township, local school board, or park board funds which have been misapplied, etc. by (1) a board of township trustees, (2) a board of education of a local school board, (3) a board of park commissioners or a park district established pursuant to Ohio Revised Code Section 1545.01, et seq., a body which, pursuant to a former Ohio Attorney General's Opinion, the Prosecuting Attorney does not represent."

Section 309.12, Revised Code, to which you refer, reads as follows:

"Upon being satisfied that *funds of the county, or public moneys in the hands of the county treasurer or belonging to the county, are about to be or have been misapplied,* or that any such public moneys have been illegally drawn or withheld from the county treasury, or that a contract, in contravention of law,

160                          OPINIONS

> has been executed or is about to be entered into, or that such
> a contract was procured by fraud or corruption, or that any
> property, real or personal, belonging to the county is being
> illegally used or occupied in violation of contract, or that the
> terms of a contract made by or on behalf of the county are being
> or have been violated, or that money is due the county, the
> prosecuting attorney may, by civil action in the name of the state,
> apply to a court of competent jurisdiction, to restrain such con-
> templated misapplication of funds, or the completion of such
> illegal contract, or to recover, for the use of the county, all
> public moneys so misapplied or illegally drawn or withheld
> from the county treasury, or to recover damages, for the benefit
> of the county, resulting from the execution of such illegal con-
> tract, or to recover, for the benefit of the county, such real or
> personal property so used or occupied, or to recover for the
> benefit of the county, damages resulting from the nonperformance
> of the terms of such contract, or to otherwise enforce it, or to
> recover such money as is due the county." (Emphasis added)

The funds contemplated by the above section are (1) funds of the
county and (2) public moneys in the hands of the county treasurer or
belonging to the county.

Townships and boards of education are political subdivisions, sepa-
rate and apart from the counties in which they are located. The town-
ship clerk is the treasurer of the township and the clerk of the board of
education is the treasurer for the board; thus, the county treasurer
does not act for those agencies and funds of such agencies are not funds
of the county. The county treasurer does collect taxes which are due
to such subdivisions, and may hold tax money belonging to such sub-
divisions in the county treasury (Sections 321.31 and 321.32, Revised
Code). While such money is public money in the hands of the county
treasurer, it is not expended through the county treasurer; and I as-
sume that you are referring to the misapplication of funds in expendi-
tures by the subdivisions concerned. Accordingly, Section 309.12, *supra,*
does not provide authority for the prosecuting attorney to bring an
action to recover misapplied funds of those agencies.

A park district created pursuant to Chapter 1545., Revised Code,
is also a political subdivision, separate and apart from the county. Funds
of such a district are, however, kept by the county treasurer. In this
regard, Section 1545.22, Revised Code, reads in part:

> "All funds under the control of a board of park commis-
> sioners shall be kept in depositories selected in the manner pro-

vided for the deposit of county funds, insofar as such proceedings are applicable, and such deposits shall be secured as provided in the case of county funds. The county treasurer of the county wherein the park district is located shall be the custodian of the funds of the board and shall be an ex officio officer of said board. He shall pay said funds out upon the warrant of the county auditor of the county wherein said district is located. * * *"

Thus, funds of the park district are "public moneys in the hands of the county treasurer," and where such funds are misapplied, the county prosecuting attorney may, pursuant to Section 309.12, *supra,* bring an action to recover the funds.

Having determined that Section 309.12, *supra,* is not applicable to funds of a township or a local board of education, it remains to be determined whether other authority exists for the prosecuting attorney to take action to recover misapplied funds of such agencies.

Regarding the board of education of a local school district, Section 3313.35, Revised Code, reads, in part, as follows:

"Except in city school districts, the prosecuting attorney of the county shall be the legal adviser of all boards of education of the county in which he is serving. He shall prosecute all actions against a member or officer of a board for malfeasance or misfeasance in office, and he shall be the legal counsel of such boards or the officers thereof in all civil actions brought by or against them and shall conduct such actions in his official capacity. * * *"

I am of the opinion that the authority to act as legal counsel of the boards or officers thereof in civil actions brought by them gives the prosecuting attorney the power to bring an action to recover misapplied funds of a local school district.

As to the board of township trustees, Section 309.09, Revised Code, states that the prosecuting attorney "shall be the legal adviser for all township officers." The section does not state that the prosecuting attorney shall prosecute actions for the township, although it does give the prosecuting attorney the duty to prosecute all actions for county boards; thus, it is doubtful that this section could be construed to authorize the prosecuting attorney to bring an action to recover misapplied township funds.

Where, however, a report of the bureau of inspection and supervision of public offices (Section 117.09, Revised Code) sets forth that any township money has been illegally expended, or that any public money collected has not been accounted for (each of which would come within the term "misapplied"), the report is sent to the prosecuting attorney and he then has the duty to, within ninety days, institute civil action in the name of the township to recover such money. This procedure is set forth in Section 117.10, Revised Code, which reads, in part, as follows:

"*  *  *             *  *  *             *  *  *

"If the report relates to the expenditure of public money from the state treasury or to the disposition of property belonging to the state, a certified copy shall be filed with the attorney general; if it relates to the expenditure of public money belonging to the treasury of a city or city school district or to the disposition of public property belonging to such city or city school district, a certified copy shall be filed with the city solicitor of such city; if the report relates to the expenditure of public money belonging to the treasury of a village or to the disposition of public property belonging to such village, a certified copy shall be filed with the mayor of such village; *if the report relates to the expendtiure of public money belonging to the treasury of any other subdivision of the state or of a special taxing district or to any custodian of public funds other than the treasurer of state, the treasurer of a city, the treasurer of a city school district, or the treasurer of a village,* or to the disposition of public property belonging to such subdivision, or special taxing district, or to any custodian of public property not otherwise mentioned in this section, *a certified copy shall be filed with the prosecuting attorney of any county in which such political subdivision or special taxing district or part thereof is located,* or in which such custodian of public money or public property, resides. A copy of the report may be filed by expressing or mailing it to the office of the attorney general, city solicitor, mayor, or prosecuting attorney.

"If the report sets forth that any public money has been illegally expended, or that any public money collected has not been accounted for, or that any public money due has not been collected, or that any public property has been converted or misappropriated, *the officer receiving such certified copy of such report,* other than the auditing department of the taxing district, *shall within ninety days after the receipt of such certified copy of such report, institute civil actions in the proper court in the name of the political subdivision or taxing district to which such public money is due* or such public property belongs *for the recovery of such money* or property *and shall*

*prosecute such actions to final determinations.* Any mayor of a village shall employ legal counsel for such purpose, who shall be paid out of the treasury of the village on voucher approved by the mayor and on warrant of the village clerk, and the amount of such compensation constitutes a charge against said village notwithstanding the failure of the legislative authority thereof to appropriate money or levy funds therefor.

"* * *        * * *        * * *"
(Emphasis added)

It will also be noted that under Section 117.10, *supra*, the prosecuting attorney is given the duty to bring action to recover misapplied funds of a local school district and of a park district created pursuant to Chapter 1545., Revised Code, upon receipt of a report from the bureau of inspection and supervision of public offices.

Concluding, it is my opinion and you are advised:

1. Funds of a township or a local board of education are not funds of the county or public moneys in the hands of the county treasurer or belonging to the county, and Section 309.12, Revised Code, does not authorize the county prosecuting attorney to institute civil action to recover misapplied funds of such governmental agencies; however, since the funds of a park district created pursuant to Chapter 1545., Revised Code, are, under Section 1545.22, Revised Code, in the custody of the county treasurer, the prosecuting attorney may, pursuant to said Section 309.12, take action to recover any of such funds which are misapplied.

2. Section 3313.35, Revised Code, authorizes the county prosecuting attorney to institute action to recover misapplied funds of a local school district in the county.

3. Under Section 117.10, Revised Code, reports of the bureau of inspection and supervision of public offices concerning townships, boards of education, and park districts created pursuant to Chapter 1545., Revised Code, are filed with the county prosecuting attorney; and if such a report sets forth that funds of the agency concerned have been misapplied, said prosecutor has a duty to, within ninety days, institute civil action in the name of the agency to recover such money.

Respectfully,
MARK McELROY
Attorney General