# **Exhibit 17**



OFFICE OF THE
# PROSECUTING ATTORNEY
ROSS COUNTY, OHIO

**MICHAEL M. ATER**
*Chief Deputy*
**STEVEN E. DROTLEFF**
*Juvenile & Criminal Division*
**CLIFFORD N. BUGG**
*Juvenile & Criminal Division*
**MARK OCHSENBEIN**
*Criminal Division*
**RICHARD G. HANNAN, JR.**
*Investigator*
**TODD J. BOST**
*Investigator*

**SCOTT W. NUSBAUM**
*Prosecuting Attorney*

October 29, 2001

COPY

Attorney General Opinion Section
Rhodes Office Tower
30 East Broad Street, 15th Floor
Columbus, Ohio 43215-3428

Re:  Opinion Request Concerning Mortgage Electronic Registration System (MERS)

Ladies and Gentlemen:

The Ross County Recorder has requested that this office render an opinion concerning the legality of recording documents submitted to the recorder that name the Mortgage Electronic Registration Systems, Inc. as the mortgagee of record. It is my understanding that it is now wide-spread practice in the State of Ohio that mortgagees nominate the Mortgage Electronic Registration Systems, Inc. (MERS) as their mortgagee nominee. The mortgages are then recorded in the name of MERS so that the actual mortgagee is not listed as mortgagee of record. The public is then required to contact MERS in order to obtain payoff and related information concerning the mortgage. The MERS system is more fully explained in the opinion letter of this office dated October 12, 2001, issued to the Ross County Recorder.

This office has rendered an opinion to the Ross County Recorder that the MERS system violates Chapters 317, 5301 and 149 of the Ohio Revised Code. However, because of the wide-spread use of the MERS system, this office and the Ross County Recorder believe that it is prudent to obtain an opinion from the office of the Ohio Attorney General, which will address this issue for all counties in Ohio. I have enclosed a copy of the opinion letter issued by this office dated October 12, 2001, for your assistance. Please render an opinion concerning whether the Mortgage Electronic Registration System violates Chapters 317, 5301, 149 or any other chapter of the Ohio Revised Code. Thank you for your consideration in this matter.

Sincerely,

Scott W. Nusbaum
Prosecuting Attorney
Ross County, Ohio

Enclosure

Cc: Kathy Dunn, Ross County Recorder



OFFICE OF THE
# PROSECUTING ATTORNEY
ROSS COUNTY, OHIO

**SCOTT W. NUSBAUM**
*Prosecuting Attorney*

MICHAEL M. ATER
*Chief Deputy*
STEVEN E. DROTLEFF
*Juvenile & Criminal Division*
CLIFFORD N. BUGG
*Juvenile & Criminal Division*
MARK OCHSENBEIN
*Criminal Division*
RICHARD G. HANNAN, JR.
*Investigator*
TODD J. BOST
*Investigator*

October 12, 2001

Date          Time
10-22-2001  10:41 AM.

Kathy Dunn
Ross County Recorder
Courthouse
Chillicothe, Ohio 45601

Re: <u>Compliance With Recording Requirements--MERS as the Mortgagee of Record</u>

Ms. Dunn:

    I have before me your request for an opinion concerning the treatment of documents submitted to the recorder's office that name Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee of record. For the reasons that follow, it is my opinion that MERS cannot properly be listed as the mortgagee of record, and the recorder may therefore refuse to record any documents naming MERS as such.

    Revised Code section 317.08(B) requires the county recorder to keep a record of mortgages. Section 317.18 provides that "the county recorder shall make and keep up general alphabetical indexes, direct and reverse, of all the names of both parties to all instruments previously received for record by him." The parties to a mortgage are the mortgagor and the mortgagee. See e.g. <u>Seabrooke v. Garcia</u>, 7 Ohio App.3d 167, 169 (9th Dist. 1982), citing <u>Citizens National Bank v. Denison</u>, 165 Ohio St. 89 (1956). MERS does not have a beneficial ownership interest in a mortgage, but instead acts as a "nominee" for the actual mortgagee. The mortgagee remains the beneficial owner of the mortgage loan and is the party entitled to repayment. Since MERS is not the actual mortgagee, MERS never becomes a party to a mortgage instrument within the meaning of R.C. 317.18. The recording statute, by its very terms, requires indexing by the names of the parties to a mortgage instrument. Since MERS is not a party, the name MERS cannot be substituted for the name of an actual party in the index.

    Revised Code section 5301.23 provides that "[a] mortgage that is presented for record shall contain the then current mailing address of the mortgagee." Once again, it must be observed that MERS is not the mortgagee, and as such substitution of MERS's address on the mortgage violates the requirements of the statute. In the absence of clear legislative intent to the contrary, words and phrases in a statute must be read in context and construed according to their plain, ordinary meaning. <u>Kunkler v. Goodyear Tire & Rubber Co.</u>, 36 Ohio St.3d 135, 137 (1988). The statute requires the mailing address of

1

the mortgagee, and there is nothing within the Revised Code to suggest that the legislature intended to allow an entity other than the mortgagee to substitute its address in place of the mortgagee's address. Thus it is improper to list MERS's mailing address on the mortgage.

MERS purports to eliminate the need for subsequent recorded assignments. Once a mortgage has been recorded, all subsequent transfers of ownership in mortgage loans and servicing rights for that loan are tracked electronically in the MERS database. Such an arrangement contravenes the express recording requirements of the Revised Code, and improperly places information that belongs in the public record within the control of a private entity.

The Revised Code provides two methods by which a mortgage may be assigned. Under section 5301.31, "a mortgage may be assigned or partially released by writing the assignment or partial release on the mortgage or upon the margin of the record of the original mortgage and signing it." Under section 5301.32, "[a] mortgage may be assigned or released by a separate instrument of assignment...recorded in the book provided by section 5301.34 of the Revised Code." Both sections 5301.31 and 5301.32 require the assignment of the mortgage to "contain the then current mailing address of the assignee." MERS is not an assignee, and as such MERS's address does not suffice to meet the statutorily required disclosure of the assignee's address. Even more problematic, however, is the fact that when MERS is used, subsequent assignments do not appear on the public record at all—there is, literally, no public record of assignments that have occurred. The problem with this arrangement is twofold.

First, if the original mortgagee has assigned the mortgage according to the MERS method, and the mortgage is later satisfied, the satisfaction of the mortgage cannot properly be recorded. Revised Code section 5301.28 provides that "[i]n all cases when a mortgage has been assigned...the recorder must copy the assignment from the original mortgage upon the margin of the record of the mortgage before satisfaction or receipt is entered upon the record thereof." In other words, the statute requires the recorder to record any assignments of a mortgage *before* she can record a satisfaction of the mortgage. Under the MERS method subsequent assignments are never recorded. Thus if MERS submits a mortgage satisfaction to the recorder, it would be impossible for the recorder to record the satisfaction without violating the statute's mandate that assignments must be recorded before a satisfaction can be recorded.

Second, designating MERS as the mortgagee of record and tracking all subsequent assignments on MERS's electronic database frustrates the purpose of the recording statutes. Revised Code sections 5301.31 and 5301.32 require assignments of mortgages to be recorded and made part of the public record. Revised Code section 149.43(B) instructs that "[a]ll public records shall be promptly prepared and made available for inspection for any person at all reasonable times during regular business hours." MERS, however, attempts to substitute public recording and public availability of mortgage assignments by making a record of the assignments on their own private database. If a person wants information about a MERS mortgage, such as a payoff figure, that person

2

can call a toll free number, and then MERS will provide the name, address, and telephone number of the current mortgage holder. Thus it could be argued that a record of any subsequent assignment is still available to the public, and that MERS simply maintains a part of the public record for the recorder. Such an arrangement, however, is impermissible. The Ohio Supreme Court has held that public records should be made available in the office of the public official charged with maintaining them, so that the public "does not have to deal with a private third party in order to gain access to the records." State ex. rel. Recodat Co. v. Buchanan, 46 Ohio St.3d 163, 165 (1989). Therefore, any subsequent assignments of a mortgage must be recorded in the recorder's office, not on MERS's private database.

For all of the foregoing reasons, it is my conclusion that under Ohio law MERS cannot act as "nominee" for an actual party to a mortgage in the public land records. A county recorder is required to record an instrument presented for recording "so long as the instrument conforms to any statutory requirements applicable to that type of instrument." OAG 96-019. A document that substitutes MERS's name for the name of the actual mortgagee does not conform to statutory requirements. It is therefore my further conclusion that the county recorder does not have a duty to record such documents. The county recorder may, pursuant to R.C. 317.13(B), refuse to record all mortgages that substitute MERS in place of the actual mortgagee.

My opinion is based on the recording requirements set forth by the Ohio Revised Code, and on case law and Attorney General Opinions that have interpreted those laws under specific factual circumstances. The attempted use of MERS as a "nominee" in place of the actual mortgagee or assignee raises concerns that have not, to the best of my knowledge, been previously analyzed or directly addressed under Ohio law. Given the new and unique nature of the issues MERS creates, I would be interested to know how other Ohio recorders have elected to handle MERS documents, and whether the any other prosecuting attorneys have rendered opinions on the matter. I believe the conclusions that I have set forth are an accurate assessment of the relevant law. However, I would be glad to refer the matter to the Ohio Attorney General for an opinion if you so desire. Please advise if you have any further questions, requests, or information concerning this matter.

Sincerely,

Scott W. Nusbaum
Prosecuting Attorney
Ross County, Ohio

3