# Exhibit 18

IN THE COURT OF COMMON PLEAS
BROWN COUNTY, OHIO

STATE OF OHIO, *ex rel.*
JESSICA LITTLE
PROSECUTING ATTORNEY OF
BROWN COUNTY, OHIO FOR THE
BROWN COUNTY BOARD OF
COMMISSIONERS
200 E. Cherry Street
Georgetown, Ohio 45121

*On behalf of Brown County Recorders Office*
*And all others similarly situated,*

   Plaintiff,

v.

MERSCORP, INC.
1818 Library Street, Suite 300
Reston, Virginia 20190

MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.
1818 Library Street, Suite 300
Reston, Virginia 20190

BANK OF AMERICA CORPORATION
c/o Statutory Agent:
CT CORPORATION SYSTEM
1300 East 9th Street
Cleveland, Ohio 44114

CCO MORTGAGE CORPORATION
c/o Statutory Agent:
The Prentice-Hall Corporation System, Inc.
50 West Broad Street, Suite 1800
Columbus, Ohio 43215

CHASE HOME MORTGAGE CORPORATION
c/o Statutory Agent:
Chase Manhattan Mortgage Corporation
2175 Terminal Tower
Cleveland, Ohio 44113

Case No. _____ 20 111220

Judge Scott T. Gusweiler

CLASS ACTION COMPLAINT

(JURY DEMAND ENDORSED
HEREON)

FILED
11 DEC 22 PM 2: 47
TINA MERANDA
CLERK OF COURTS

1

CITIMORTGAGE, INC.                                    )
c/o Statutory Agent:                                  )
CT CORPORATION SYSTEM                                 )
1300 East 9th Street                                  )
Cleveland, Ohio  44114                                )
                                                      )
CORELOGIC REAL ESTATE SOLUTIONS, LLC )
c/o Statutory Agent:                                  )
CSC-Lawyers Incorporating Service                     )
(Corporation Service Company)                         )
50 West Broad Street, Suite 1800                      )
Columbus, Ohio  43215                                 )
                                                      )
CORINTHIAN MORTGAGE CORPORATION                       )
c/o Statutory Agent:                                  )
CT CORPORATION SYSTEM                                 )
1300 East 9th Street                                  )
Cleveland, Ohio  44114                                )
                                                      )
EVERHOME MORTGAGE COMPANY                             )
c/o Statutory Agent:                                  )
CT CORPORATION SYSTEM                                 )
1300 East 9th Street                                  )
Cleveland, Ohio  44114                                )
                                                      )
FIFTH THIRD BANCORP.                                  )
c/o Statutory Agent                                   )
Paul L. Reynolds                                      )
38 Fountain Square Plaza                              )
Cincinnati, Ohio 45263                                )
                                                      )
GMAC RESIDENTIAL FUNDING                              )
CORPORATION                                           )
c/o Statutory Agent:                                  )
CSC-Lawyers Incorporating Service                     )
(Corporation Service Company)                         )
50 West Broad Street, Suite 1800                      )
Columbus, Ohio  43215                                 )
                                                      )
GUARANTY BANK, S.S.B.                                 )
c/o Statutory Agent:                                  )
CT CORPORATION SYSTEM                                 )
1300 East 9th Street                                  )
Cleveland, Ohio  44114                                )
                                                      )

HSBC Bank U.S.A, N.A.                                    )
c/o Statutory Agent:                                     )
CT CORPORATION SYSTEM                                    )
1300 East 9th Street                                     )
Cleveland, Ohio  44114                                   )
                                                         )
HSBC FINANCE CORPORATION                                 )
c/o Statutory Agent:                                     )
CT CORPORATION SYSTEM                                    )
1300 East 9th Street                                )
Cleveland, Ohio  44114                                   )
                                                         )
MGIC INVESTORS SERVICES CORPORATION )
c/o Statutory Agent:                                     )
National Registered Agents, Inc.                         )
145 Baker Street                                         )
Marion, Ohio  43302                                      )
                                                         )
NATIONWIDE ADVANTAGE MORTGAGE                            )
COMPANY                                                  )
c/o Statutory Agent:                                     )
CT CORPORATION SYSTEM                                    )
1300 East 9th Street                                )
Cleveland, Ohio  44114                                   )
                                                         )
PMI MORTGAGE SERVICES COMPANY                            )
c/o Statutory Agent:                                     )
CT CORPORATION SYSTEM                                    )
1300 East 9th Street                                )
Cleveland, Ohio  44114                                   )
                                                         )
SUNTRUST MORTGAGE INC.                                   )
c/o Statutory Agent:                                     )
CSC-Lawyers Incorporating Service                        )
(Corporation Service Company)                            )
50 West Broad Street, Suite 1800                         )
Columbus, Ohio  43215                                    )
                                                         )
UNITED GUARANTY CORPORATION                              )
c/o Statutory Agent:                                     )
CT CORPORATION SYSTEM                                    )
1300 East 9th Street                                )
Cleveland, Ohio  44114                                   )

WELLS FARGO BANK, N.A.                    )
c/o Statutory Agent:                      )
CSC-Lawyers Incorporating Service         )
(Corporation Service Company)             )
50 West Broad Street, Suite 1800          )
Columbus, Ohio 43215                      )
                                          )
DOE CORPORATIONS and ENTITIES 1 - 300     )
whose names and are unknown               )
                                          )
            Defendants.                   )

## CLASS ACTION COMPLAINT

1.      Pursuant to Ohio Revised Code § 305.12, § 305.14 and § 309.09, Plaintiff Brown County Board of Commissioners, by and through Jessica Little as Prosecuting Attorney for Brown County, Ohio, as a body politic sui juris and also in the name of the State of Ohio ("Plaintiff"), brings this action on behalf of Brown County's Recorders Office and all other Ohio counties and their respective Recorders Offices against Defendants MERSCORP INC. ("MERSCORP") and Mortgage Electronic Registration System, Inc. ("MERS") (collectively "MERS Defendants") and the other Defendants (collectively "Mortgage Defendants") for injunction and other relief.  The MERS Defendants and the Mortgage Defendants are collectively referred to as Defendants.

## INTRODUCTION

2.      Defendants violate Ohio law on a daily basis by falsely recording the title to property with the Brown County Recorder and other County Recorders throughout the State of Ohio.  This scheme was orchestrated and implemented by Defendants and continues to be carried out with the specific intent to circumvent Ohio law.  Ohio law requires all assignments and

4

intermediate transfers of property to be filed with the County Recorder[1] and all documents filed with the County Recorder to be truthful.[2] As succinctly summarized by Defendant MERS' own website, Defendants created, operate, and control MERS solely to implement their scheme to avoid complying with Ohio law:

> Created by the real estate finance industry, MERS eliminates the need to prepare and record assignments when trading residential and commercial mortgage loans.[3]

3.      Because of Defendants' illegal conduct, assignments are not recorded, and the public cannot tell, on any given date, who holds title to a given piece of property. As a result of this scheme, Defendants have seriously damaged, and continue to damage, the accuracy of the Ohio title notice recording system. Further, Defendants have illegally deprived the Plaintiff and all Counties of the fees relating to the non-recorded assignments.[4] This suit seeks equitable relief ordering Defendants to cease this illegal conduct; ordering Defendants to properly record all title transfers and assignments; ordering Defendants to pay or disgorge the amount of the withheld recording fees; and for other and further relief allowed by law.

## NATURE OF THE ACTION

4.      Plaintiff Brown County, on behalf of itself and all other Ohio counties, brings this action in response to Defendants' (1) deliberate and systematic misstatements in mortgages and

---

[1] Ohio Rev. Code § 5301.25 ("[I]nstruments of writing properly executed for the conveyance or encumbrance of lands ...shall be recorded in the offices of the county recorder of the county in which the premises are situated."); Ohio Rev. Code § 5301.32 ("The separate instrument of assignment or partial release shall be recorded....").
[2] Ohio Rev. Code § 2921.13 ("No person shall knowingly make a false statement ... when any of the following applies: ... (11) The statement is made on an account, form, record, stamp, label, or other writing that is required by law ... (13) The statement is made in a document or instrument of writing that purports to be a judgment, lien, or claim of indebtedness and is filed or recorded with the secretary of state, a county recorder, or the clerk of a court of record."
[3] http://www.mersinc.org
[4] Ohio Rev. Code § 317.32 ("The county recorder shall charge and collect the following fees, to include base fees for the recorder's services ....")

other recorded instruments; (2) failure to record mortgage assignments in the 88 Ohio county recording offices; and (3) evasion of attendant recording fees, all in violation of Ohio law.

5.    In Ohio, pursuant to long-established statutory authority, every mortgage assignment must be recorded with the county recorder's office in the county in which the property is located.[5] Ohio law also provides for the collection of recording fees in connection with the recording of each such mortgage assignment in order to provide a source of funding for the maintenance of each county's public land records.[6]

6.    The requirements related to the maintenance of Ohio public land records system impose a cost on Defendants to comply, especially when dealing with multiple transfers of a single property, such as in mortgage securitizations.

7.    Mortgage securitizations are popular financial practices developed and implemented by Wall Street involving the assignment of mortgages among Defendants and other banking or financial institutions in order to pool the mortgages into trusts that can, in turn, issue mortgage-backed securities for sale to investors. In this securitization process, mortgages are typically assigned multiple times.

8.    Defendants devised a scheme to make securitizations easier and more profitable by unlawfully avoiding the recording of intermediate assignments with county recorder offices and the payment of the required recording fees.

9.    According to MERS' own website, www.mersinc.org, "MERS is an innovative process that simplifies the way mortgage ownership and servicing rights are originated, sold and

---

[5] Ohio Rev. Code § 5301.25.
[6] Ohio Rev. Code § 317.32.

tracked. Created by the real estate finance industry, MERS eliminates the need to prepare and record assignments when trading residential and commercial mortgage loans."[7]

10.     The MERS business plan introduces a third party (MERS) into the traditional model of recording security interests in real property. The motivation for creating MERS was Wall Street's desire to alleviate what Wall Street perceived to be the "inconvenience" of the public recording system. In its place, the Defendants created their own private shadow electronic recording system (the MERS System). As one court recently concluded, the MERS System was designed "as a replacement for our traditional system of public recordation of mortgages."[8]

11.     Pursuant to this scheme, Defendants falsely record land instruments in MERS' name, with MERS serving as a private corporate entity claiming to act as a "placeholder" in county public records should one or more of the Defendants want to alter or foreclose on the mortgage.

12.     Further, Defendants fail to record the mortgage assignments in county recording offices.

13.     By circumventing county recording requirements, Defendants not only avoid the time it takes to physically file each mortgage assignment in the county recording office, but also avoid paying counties the associated recording fees.

14.     By failing to record each and every mortgage assignment as required by Ohio law (and pay the attendant recording fees), Defendants have violated and continue to violate Ohio's statutory recording requirements and have systematically inserted breaks into the chains of land titles throughout Ohio counties' public land records, creating "gaps" due to missing mortgage assignments or false and misleading recordings.

---

[7] http://www.mersinc.org.
[8] *In Re Agard*, 444 BR 231, 247 (E.D.N.Y. 2011).

15.    As a result of Defendants' conduct, Ohio counties' public land records are being rendered underfunded, unreliable, and unverifiable.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this matter pursuant to Ohio Revised Code §2305.01 and Ohio Revised Code §2923.34.This Court has personal jurisdiction over this matter and the Defendants pursuant to Ohio Revised Code §2307.382.

17.    Venue is appropriate in Brown County pursuant to Ohio Rule of Civil Procedure 3(B)(3) as Defendants conducted activities giving rise to the claims at issue in Brown County. Venue is also appropriate pursuant to Ohio Rule of Civil Procedure 3(B)(6) as Brown County is the county in which all or part of the claims for relief arose.  Venue is also appropriate pursuant to Ohio Rule of Civil Procedure 3(B)(7).

18.    Because each Defendant has sufficient minimum contacts with Ohio so as to render the exercise of jurisdiction by Ohio courts permissible under traditional notions of fair play and substantial justice, this Court has personal jurisdiction over Defendants.

## PARTIES

19.    Plaintiff Brown County ("Plaintiff") is located in the State of Ohio.  Pursuant to §§ 305.14 and 309.12 of the Ohio Revised Code, Plaintiff Brown County, by and through Jessica Little as the Prosecuting Attorney for Brown County and in the name of the State, sues on behalf of itself and all other Ohio counties.

20.    Defendant MERSCORP, Inc. ("MERSCORP") is a Delaware corporation that maintains its principal place of business at 1818 Liberty Street, Suite 300, Reston, Virginia 20190. Defendant MERSCORP conducts business in the State of Ohio.

8

21.     Defendant Mortgage Electronic Registration System, Inc. ("MERS") is a wholly-owned subsidiary of Defendant MERSCORP and a Delaware corporation that maintains its principal place of business at 1818 Liberty Street, Suite 300, Reston, Virginia 20190.  Defendant MERS conducts business in the State of Ohio.

22.     Defendant Bank of America Corporation ("Bank of America") is a Delaware corporation that maintains its principal place of business at 100 N. Tryon Street, Charlotte, North Carolina 28255.  Defendant Bank of America conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.  Bank of America is a Mortgage Defendant.  Bank of America is also a shareholder of the MERS Defendants.

23.     Defendant CCO Mortgage Corporation ("CCO") (f/k/a American Home Funding, Inc. and Charter One Mortgage Corporation), a division of RBS Citizens, N.A. and a subsidiary of Citizens Financial Group Inc., is a New York corporation that maintains its principal place of business at 10561 Telegraph Road, Glen Allen, Virginia 23059.  Defendant CCO conducted business in the State of Ohio and its registered agent in Ohio was the Prentice-Hall Corporation System, Inc., 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.CCO is a Mortgage Defendant.  CCO is also a shareholder of the MERS Defendants.

24.     Defendant Chase Home Mortgage Corporation ("Chase") (f/k/a Chase Home Finance) is a division of Chase Bank N.A., and JPMorgan Chase & Co. and is a Delaware corporation that maintains its principal place of business at 4915 Independence Parkway, Tampa, Florida 33634.  Defendant Chase conducts business in the State of Ohio and its registered agent in Ohio is Chase Manhattan Mortgage Corporation, 2175 Terminal Tower, Cleveland, Ohio 44113. Chase is a Mortgage Defendant.  Chase is also a shareholder of the MERS Defendants.

25.    Defendant CitiMortgage, Inc. ("CitiMortgage") is a wholly owned subsidiary of Citibank N.A. and a New York corporation that maintains its principal place of business at 1000 Technology Drive, MS 140, O'Fallon, Missouri.  Defendant CitiMortgage conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114. CitiMortgage is a Mortgage Defendant.  CitiMortgage is also a shareholder of the MERS Defendants.

26.    Defendant CoreLogic Real Estate Solutions, LLC ("CoreLogic")(f/k/a First American Real Estate Solutions LLC) is a Delaware corporation that maintains its principal place of business at 4 First American Way, Santa Ana, California 92707.  Defendant CoreLogic conducts business in the State of Ohio and its registered agent in Ohio is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.  CoreLogic is a Mortgage Defendant.  CoreLogic is also a shareholder of the MERS Defendants.

27.    Defendant Corinthian Mortgage Corporation ("Corinthian") is a fully owned subsidiary of SOUTHBank and a Mississippi corporation that maintains its principal place of business at 5700 Broadmoor, Suite 500, Mission, Kansas 66202.  Defendant Corinthian conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114.Corinthian is a Mortgage Defendant.  Corinthian is also a shareholder of the MERS Defendants.

28.    Defendant EverHome Mortgage Company ("EverHome") (f/k/a Alliance Mortgage Company) is a fully owned subsidiary of Everbank Financial Corp. and a Florida corporation that maintains its principal place of business at 8100 Nations Way, Jacksonville, Florida 32256.  Defendant EverHome conducts business in the State of Ohio and its registered

agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114. EverHome is a Mortgage Defendant. EverHome is also a shareholder of the MERS Defendants.

29.     Defendant Fifth Third Bancorp. ("Fifth Third") is an Ohio corporation based in Ohio with its principal place of business and corporate office located in Cincinnati, Ohio. Defendant Fifth Third Bank conducts business in the State of Ohio and its registered agent in Ohio is Paul L. Reynolds, 38 Fountain Square Plaza, Cincinnati, Ohio 45263. Fifth Third is a Mortgage Defendant and is a member of MERS.

30.     Defendant GMAC Residential Funding Corporation (d/b/a GMAC Bank, GMAC Commercial Mortgage Corp., GMAC Mortgage, GMAC Mortgage Corp., GMAC Mortgage LLC) ("Ally") is a wholly owned subsidiary of Ally Financial, Inc. and a Delaware corporation that maintains its principal place of business at 8400 Normandale Lake Blvd., Minneapolis, Minnesota 55437. Defendant Ally conducts business in the State of Ohio and its registered agent in Ohio is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215. Ally is a Mortgage Defendant. Ally is also a shareholder of the MERS Defendants.

31.     Defendant Guaranty Bank, S.S.B. ("Guaranty") is a Delaware corporation that maintains its principal place of business at 4000 West Brown Deer Road, Brown Deer, Wisconsin 53209. Defendant Guaranty conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114. Guaranty is a Mortgage Defendant. Guaranty is also a shareholder of the MERS Defendants.

32.     Defendant HSBC Bank U.S.A, N.A. (d/b/a HSBC Mortgage Corp. USA, HSBC Bank U.S.A. Trust, HSBC Mortgage Services Inc.) ("HSBC") is a Delaware corporation that maintains its principal place of business at 1800 Tysons Blvd., Suite 50, Mclean, Virginia 22101.

11

Defendant HSBC conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114. HSBC is a Mortgage Defendant. HSBC is also a member of MERS.

33.     Defendant HSBC Finance Corporation ("HSBC Finance") is a Delaware corporation that maintains its principal place of business at 26525 N. Riverwoods Blvd., Mettawa, IL 60045. Defendant HSBC Finance conducts business in the State of Ohio and, upon information and belief, its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114. HSBC Finance is a Mortgage Defendant. HSBC is also a shareholder of the MERS Defendants.

34.     Defendant MGIC Investor Services Corporation ("MGIC") is a subsidiary of MGIC Investment Corp. and a Wisconsin corporation that maintains its principal place of business at 250 E. Kilbourne Ave., Milwaukee, Wisconsin 53202. Defendant MGIC conducts business in the State of Ohio and its registered agent in Ohio is National Registered Agents, Inc., 145 Baker Street, Marion, Ohio 43302. MGIC is a Mortgage Defendant. MGIC is also a shareholder of the MERS Defendants.

35.     Defendant Nationwide Advantage Mortgage Company (d/b/a Nationwide Bank, Nationwide Mortgage Concepts, Nationwide Mortgage Corp.) ("Nationwide") is an Iowa corporation that maintains its principal place of business at 1100 Locust Street, Dept. 2009, Des Moines, Iowa 50391. Defendant Nationwide conducts business in the State of Ohio and its registered agent in Ohio is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114. Nationwide is a Mortgage Defendant. Nationwide is also a member of MERS.

36.     Defendant PMI Mortgage Insurance Company ("PMI") is a California corporation that maintains its principal place of business at 3003 Oak Road, Walnut Creek, California 94597.

Defendant PMI conducts business in the State of Ohio and its registered agent in Ohio is CT

CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114. PMI is a Mortgage

Defendant. PMI is also a shareholder of the MERS Defendants.

37.    Defendant Suntrust Mortgage, Inc. ("Suntrust") is a Virginia corporation that

maintains its principal place of business at 901 Semmes Avenue, Richmond, Virginia 23224.

Defendant Suntrust conducts business in the State of Ohio and its registered agent in Ohio is

CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street,

Suite 1800, Columbus, Ohio 43215. Suntrust is a Mortgage Defendant. Suntrust is also a

shareholder of the MERS Defendants.

38.    Defendant United Guaranty Corporation ("United") is a Nevada corporation that

maintains its principal place of business at 230 N. Elm Street, Greensboro, North Carolina

27401. Defendant United conducts business in the State of Ohio and its registered agent in Ohio

is CT CORPORATION SYSTEM, 1300 East 9th Street, Cleveland, Ohio 44114. United is a

Mortgage Defendant. United is also a shareholder of the MERS Defendants.

39.    Defendant Wells Fargo Bank, N.A. (d/b/a America's Mortgage Outsource

Program) ("Wells Fargo") is a subsidiary of Wells Fargo and Company and a South Dakota

corporation that maintains its principal place of business at 101 North Phillips Avenue, Sioux

Falls, North Dakota 57104 and a principal office at 115 Hospital Drive, Van Wert, Ohio 45891.

Wells Fargo Home Mortgage, Inc. (f/k/a Directors Mortgage Loan Corporation, Courtesy

Funding, Norwest Mortgage, Inc.) merged into Defendant Wells Fargo on October 1, 2004.

Wachovia Shared Resources, LLC merged into Defendant Wells Fargo on January 1, 2011.

Wells Fargo Dealer Services, Inc. and SouthTrust Mortgage Corporation merged into Defendant

Wells Fargo on July 1, 2011. Defendant Wells Fargo conducts business in the State of Ohio and

13

its registered agent in Ohio is CSC-Lawyers Incorporating Service (Corporation Service Company), 50 West Broad Street, Suite 1800, Columbus, Ohio 43215.Wells Fargo is a Mortgage Defendant. Wells Fargo is also a shareholder of the MERS Defendants.

40.    The true names and capacities of Defendants Doe Corporations and Entities 1-300 are unknown to Plaintiff, who could not discover the names. Plaintiff believes that through discovery, the identity of Defendants Doe Corporations and Entities 1-300 will become known to Plaintiff. Defendants Doe Corporations and Entities 1-300 actively participated in the illegal actions described throughout this Complaint.

41.    In addition to each Defendant's individual liability for the illegal activities described throughout this Complaint, the shareholders of the MERS Defendants should be held responsible for the liabilities of the MERS Defendants by piercing the corporate veil or pursuant to any other applicable legal doctrine. Upon information and belief, the MERS Defendants were and remain undercapitalized in light of the nature and risk of the business they undertake. Further, the shareholders of the MERS Defendants hide behind this corporate fiction to justify the illegal activity described below, which includes but is not limited to, falsely recording the title to property with the Brown County Recorder and other County Recorders throughout the State of Ohio. Recognizing the corporate existence of the MERS Defendants separate from their shareholders would cause an inequitable result and injustice, cloaking the fraudulent and illegal activities described throughout this Complaint.

## FACTUAL STATEMENT

### Ohio Law Requires the Recording of Certain Land Instruments in County Recording Offices

42.    In a typical real property purchase transaction, a borrower receives a loan from an originating lender that is evidenced by a promissory note, and which is secured by a mortgage on

14

the purchased real property.[9] The "mortgage" is an instrument that grants the lender a security interest in the borrower's property, generally a first lien, to secure repayment of the loan.

43.     The Ohio Revised Code requires that land instruments, which includes <u>both</u> mortgages and mortgage assignments, be recorded in the office of the county recorder of the county in which the premises are situated. *See* Ohio Rev. Code § 5301.25 ("[I]nstruments of writing properly executed for the conveyance or encumbrance of lands …shall be recorded in the offices of the county recorder of the county in which the premises are situated."); Ohio Rev. Code § 5301.32 ("The separate instrument of assignment or partial release shall be recorded…."). The recordation requirements set forth in Chapter 5301 of the Ohio Revised Code are intended to ensure prompt recordation, and thus facilitate all real property transactions. Compliance with these requirements facilitates the public interest in maintaining a complete and accurate and publicly accessible record of land titles. The Code requires the instruments be truthful when they are presented for recording. *See* Ohio Rev. Code § 2921.13 ("No person shall knowingly make a false statement … when any of the following applies: … (11) The statement is made on an account, form, record, stamp, label, or other writing that is required by law … (13) The statement is made in a document or instrument of writing that purports to be a judgment, lien, or claim of indebtedness and is filed or recorded with the secretary of state, a county recorder, or the clerk of a court of record.")

44.     The Ohio Revised Code requires County recorders to collect fees for each mortgage-related land instrument presented and entitled to be recorded. *See* Ohio Rev. Code § 317.32 ("The county recorder shall charge and collect the following fees, to include base fees for the recorder's services . . . .").

---

[9] Mortgages and deeds of trust are collectively referred to herein as "mortgages."

### MERS – How the Scheme Works

45.     MERS, a subsidiary of MERSCORP, is a private firm created to masquerade as the title holder in Ohio's public records.  The Mortgage Defendants are "shareholders" and/or "members" of MERS and, in conjunction with MERSCORP, completely control MERS and its activities.

46.     Defendants, with others, created, maintain, and operate MERS for the specific purpose of circumventing Ohio's recording laws for the benefit and convenience of Defendants and other MERS "members."

47.     When a lender that is a member of MERS makes a mortgage loan, the lender instructs the title company to show not only the lender, but MERS, as the "mortgagee" or "beneficiary" under the mortgage. MERS then shows up in the deed and/or mortgage records as a "grantee."The representation that MERS is a grantee or mortgagee or beneficiary is false.

48.     According to the MERS scheme, MERS is the "mortgagee" or "beneficiary" of record in more than 65 million mortgages filed in the records of various counties throughout the United States.  Yet, MERS is neither a borrower nor a lender.  In fact, according to MERS' own admissions:

> MERS has no interest at all in the promissory note evidencing the mortgage loan. MERS has no financial or other interest in whether or not a mortgage loan is repaid...

> MERS is not the owner of the promissory note secured by the mortgage and has no rights to the payments made by the debtor on such promissory note....MERS is not the owner of the servicing rights relating to the mortgage loan and MERS does not service loans.  In essence, MERS immobilizes the mortgage lien while transfers of the promissory note and servicing rights continue to occur. (citations omitted)[10]

---

[10]*MERS, Inc. v. Nebraska Dept. of Banking and Fin.*, 704 N.W.2d 784 (Neb. 2005), Brief of Appellant at 11-12.

16

49.    MERS has also admitted that under its agreement with its mortgage-lender members, MERS "cannot exercise, and is contractually prohibited from exercising, any of the rights or interests in the mortgages or other security documents" and that MERS has "no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans."[11]

50.    Since 1997, approximately 60% of all mortgages — tens of millions of them — have been registered on MERS' system.  Today, nearly 5,600 participating MERS members "track" roughly 31 million active residential mortgage loans on the MERS system.

51.    MERS cannot be the "mortgagee" in or "beneficiary" of a mortgage to which the beneficial interest "runs to the owner and holder of the promissory note."[12]

52.    As one court recently noted, MERS cannot legally function in such a capacity.

MERS and its partners made the decision to create and operate under a business model that was designed in large part to avoid the requirements of the traditional mortgage recording process. This Court does not accept the argument that because MERS may be involved with 50% of all residential mortgages in the country, that is reason enough for this Court to turn a blind eye to the fact that this process does not comply with the law. ...

Aside from the inappropriate reliance upon the statutory definition of "mortgagee," MERS's position that it can be both the mortgagee and an agent of the mortgagee is absurd, at best....This Court finds that MERS's theory that it can act as a "common agent" for undisclosed principals is not supported by the law. The relationship between MERS and its lenders and its distortion of its alleged "nominee" status was appropriately described by the Supreme Court of Kansas as follows: "The parties appear to have defined the word [nominee] in much the same way that the blind men of Indian legend described an elephant – their description depended on which part they were touching at any given time." *Landmark Nat'l Bank v. Kesler*, 216 P.3d 158, 166-67 (Kan. 2010).[13]

53.    The havoc wrought by MERS was summarized aptly in an April 6, 2011, letter from the Guilford County, North Carolina Register of Deeds and Southern Essex District of

---

[11]*Id.* at 10.
[12]*Id.* at 11-12.
[13]*In Re Agard*, 444 BR 231 (E.D.N.Y. 2011).

Massachusetts Register of Deeds to Iowa Attorney General Tom Miller, leader of the Mortgage

Foreclosure Multistate Group, comprised of state attorneys general in all 50 states. The letter

outlines the concerns shared by county clerks and recorders nationwide and states, in part:

> As County Land Recorders in Massachusetts and North Carolina, we have been
> gravely concerned about the role of the Mortgage Electronic Registration System
> (MERS) in not only foreclosure proceedings, but as it undermines the legislative
> intent of our offices as stewards of land records. MERS tracks more than 60
> million mortgages across the United States and we believe it has assumed a role
> that has put constructive notice and the property rights system at risk. We believe
> MERS undermines the historic purpose of land record recording offices and the
> "chain of title" that assures ownership rights in land records.

> As a result, we are asking as part of your probe, that this task force and the
> National Association of Attorney Generals require that all past and present MERS
> assignments of deeds of trust/mortgages be filed in local recording offices
> throughout the United States immediately. Assignments are required by statute to
> be filed in Massachusetts, however they are not currently required to be recorded
> in North Carolina. We feel, that it is important that the Registers of Deeds should
> have representatives at the table before any settlement is discussed or agreed to as
> it relates to MERS failure to record assignments and pay the proper fees.

> This action would serve three specific purposes. First, the filing of all
> assignments would help recover the chain of title that determines property
> ownership rights that has been lost and clouded over during the past 13 years
> because of the scheme that MERS has set in place. Second, transparency and
> confidence in ownership rights would be restored and this would prevent the
> infringement upon those rights by others. Third, this action would support a
> return to sound fundamentals in our economy between the financial services
> industry and public recording offices.

> MERS has defended their practices by saying that they were helping the registries
> of deeds by reducing the amount of paperwork that needed to be recorded. This
> claim is outrageous. This is help we did not ask for, nor was it help that we
> needed. It is very clear that the only ones that they were helping were themselves.
> Over the past 10-12 years, recording offices across the United States have
> upgraded their internal and external technology to meet the demands of lenders,
> title underwriters, title searchers and citizens. In fact, in 1998 the Southern Essex
> District Registry of Deeds in Massachusetts became the first registry of deeds to
> provide both document images and indices available to the public, 24 hours a day,
> free of charge on the world-wide-web. In doing so, the Registry received a
> Computerworld Smithsonian Award which recognized the innovative use of
> technology to benefit society. In 2009, the Guilford County Register of Deeds
> was given a local Government Federal Credit Union Productivity Award by the

North Carolina Association of County Commissioners for their technological innovations. Nationally, over 93% of the public land records are up to date and current, according to Ernest Publishing.

As of today, there are over 600 recording jurisdictions, covering 43% of the US population that have incorporated an eRecording model into their document recording operations. We believe these jurisdictions cover nearly 80% of the volume of assignments that should be recorded. The remaining areas could be covered quickly, with legislation requiring such action by state legislatures.

Quite frankly, we believe this can and should be done. It's the right thing to do.

In the coming weeks, we will be working with our national organizations, the National Association of County Recorders, Election Officials and Clerks (NACRC) and the International Association of Clerks, Recorders, Election Officials, and Treasurers (IACREOT) to take the same position. We are also sending a copy of this Letter to the National Association of Counties (NACO).[14]

54.     According to many observers, the MERS System has created massive confusion as to the true owners of beneficial interests in mortgage loans and mortgages throughout the United States. The MERS System has also caused the loss of substantial revenues to counties throughout Ohio, including Brown County.

55.     MERS Members consist of a variety of banking and mortgage entities, including local banks, national investment banks, mortgage lenders, title insurers, and mortgage servicers. Each Member pays a membership fee to register and track mortgage ownership interests and servicing rights on MERS's system and transaction fees to MERS for each transaction conducted. Fees are paid to assign a mortgage to MERS or another MERS Member, to search for a servicer for a particular mortgage, or to use the MERS corporate seal. The general public is NOT allowed to see the MERS records, or to determine in the private MERS system the status of a given piece of property on a given date.

---

[14] http://www.co.guilford.nc.us/departments/rod/ROD_Letter_To_AG_Miller.pdf.

56. As described above, MERS does not own, originate, assign, service, or invest in mortgages.

57. Rather, MERS Members simply use the "MERS" name to avoid recording in county recording offices each time a mortgage is assigned and thereby avoid paying the attendant county recording fees for each such transaction. Upon information and belief, Brown County and the other Ohio counties have been damaged tens of millions of dollars as a direct result of Defendants' illegal activities described herein.

58. Members use MERS to avoid recording fees for intermediate assignments by recording an initial land instrument naming "MERS" through a series of designations, such as "MERS as assignee," "MERS as nominee," "MERS as beneficiary," and "MERS as mortgagee."

59. MERS Members rationalize their failure to properly and publically record all intermediate assignments in county recording offices by reasoning that as long as mortgage ownership interests are assigned to other MERS members, they need not be recorded in county recording offices because MERS handles that recordkeeping internally. The Ohio Revised Code, however, provides no such exception to its recording requirements.

60. Defendants falsely record land instruments in county recording offices in two different ways:

    a. Defendants record an original mortgage stating that MERS is the mortgagee or nominee or beneficiary when that is false. The phrase "MERS as Original Mortgagee (MOM)" is often used to describe this type of mortgage, despite the fact that MERS is not a mortgagee of the property.

    b. Alternatively, Defendants record a land instrument in the name of MERS or one of its Members knowing that they do not have a legal or beneficial interest on the

filing date due to a failure to record a mortgage assignment of the property. In such instances, the recorded documents usually purport to assign the mortgage and underlying debt either to MERS itself or MERS on behalf of another Member, when that is false and MERS has no legal or beneficial interest therein.

## CLASS ALLEGATIONS

61.     Pursuant to Ohio Civ. R. 23, Plaintiff brings this class action on behalf of itself and all eighty-seven other counties in Ohio (collectively referred to herein as the "Class").

62.     The size of the Class, eighty-eight members, makes joinder of all Class members in one action impracticable.[15]

63.     The Class claims present common questions of law and fact that predominate over questions that may affect particular putative Class members individually. Such questions include, but are not limited to, the following:

a.     Whether Defendants violated the Ohio Revised Code by failing to truthfully record each and every, prior and future, mortgage and mortgage assignment on real property located in Ohio with the county recorder of the proper Class Member's county recording office;

b.     Whether Defendants' conduct in violation of the Ohio Revised Code caused irreparable harm to Plaintiff and members of the Class and/or the general public;

c.     Whether Defendants should be enjoined from continuing to file false documents; enjoined from continuing to assign Ohio mortgages without recording each and every, prior and future, mortgage and mortgage assignment in the proper Class Member's county recording office;

---

[15] The size of the putative class (88 total Class members) does not satisfy the 100 class member threshold contained in 28 U.S.C. § 1332(d)(11)(A).

    d.      Whether Defendants should be ordered to correct the failure to record each and every mortgage and mortgage assignment with the county recorder of the proper Class Member's county recording office, including paying the attendant recording fees, as required by Ohio law; and,

    · e.      Whether Defendants should pay or disgorge the amount of recording fees which should have been paid for the non-recorded assignments.

64.     The claims asserted by Plaintiff are typical of claims asserted for the Class because (i) Ohio state law is applicable to all claims asserted by the Class; (ii) Ohio's recording requirements apply uniformly in each of Ohio's 88 counties for each of the mortgage and mortgage assignments at issue; and (iii) every Ohio county is subject to the same statutory provisions requiring the collection of recording fees for the mortgage and mortgage assignments at issue, thus, the damages sought are similar and will be calculated in the same way.

65.     Plaintiff is an adequate representative of the Class and will fairly and adequately represent the interests of the Class.

66.     Plaintiff has retained competent counsel who are experienced in prosecuting class action litigation and who are dedicated and well-equipped to vigorously prosecute this action.

67.     This action is properly maintainable as a class action because Defendants have acted on grounds generally applicable to the Class which makes final, injunctive, and declaratory relief appropriate with respect to the Class as a whole.

68.     Class action treatment is superior to other methods for resolution of this controversy because separate actions by individual Class Members might lead to inconsistent adjudication for individual Class Members and impose varying conduct requirements for each Defendant.  Further, judicial economy would be served by maintenance of this action as a class

22

action to avoid numerous individual lawsuits filed by Class Members, and no difficulties are likely to be encountered in the management of a class action.

## CLAIMS FOR RELIEF

### COUNT I
### (Declaratory Judgment and Permanent Injunction)

69.     Plaintiff incorporates by reference all Paragraphs as though set forth in full.

70.     Defendants' systematic failure to record (and pay associated recording fees for) mortgages and mortgage assignments on real property located in Ohio with the county recorder of the county recording office in which the property is located constitutes an actual, existing justifiable controversy between the parties, having opposing interest, which can and should be resolved by this Court through declaratory relief.

71.     Plaintiff and Class Members request a judgment declaring that Defendants are required by the Ohio Revised Code to record each and every, prior and future, mortgage and mortgage assignment on real property located in Ohio and to pay the attendant statutory recording fees to the county recording office in which the real property is located.

72.     Plaintiff and Class Members request that this Court enter an injunction compelling Defendants to record each and every, prior and future, mortgage and mortgage assignment on real property located in Ohio that was not recorded in the proper county recording office, and to immediately cease the practice of non-recording of mortgages and mortgage assignments on real property located in Ohio counties.

## COUNT II
### (Unjust Enrichment)

73.    Plaintiff incorporates by reference all Paragraphs as though set forth in full.

74.    In order to avoid the payment of attendant recording fees to the Class, Defendants failed to record each and every mortgage and mortgage assignment on real property located in Ohio in Plaintiff and Class Members' county recording offices, in violation of Ohio state law. Defendants continue this illegal conduct.

75.    Instead of properly recording each and every, prior and future, mortgage and mortgage assignment on real property located in Ohio in Plaintiff and Class Members' county recording offices, Defendants unjustly retained recording fees that in justice and equity belong to Plaintiff and the Class.

76.    By their wrongful and improper conduct, Defendants were, and are, unjustly enriched at the expense of and to the detriment of Plaintiff and the Class.

77.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff, on behalf of itself and the Class, seeks restitution from Defendants and respectfully requests that this Court disgorge from Defendants all monies Defendants now hold by their wrongful and improper conduct.

## COUNT III
### (Statutory Violations)

78.    Plaintiff incorporates by reference all Paragraphs as though set forth in full.

79.    Ohio Rev. Code § 309.12 authorizes Plaintiff Brown County, by and through Jessica Little as Prosecuting Attorney in the County of Brown, upon being satisfied that funds belonging to the county are being illegally withheld from the county treasury, to institute

24

proceedings to restrain the misapplication of funds and recover such illegally withheld funds for the benefit of the county.

80.     Ohio Rev. Code § 2921.13 prohibits falsification and allows a private, civil action for losses due to such illegal conduct.

81.     Defendants represent that MERS is a beneficiary or mortgagee on mortgages recorded in Brown County, and in all of the counties in Ohio. MERS has admitted that, under its agreement with its members, it cannot exercise, and is contractually prohibited from exercising, any of the rights or interests in the mortgages in which it has been identified as having such interest.

82.     Defendants' representations that MERS holds a beneficial interest in real property in Ohio are made with the purpose of misleading county recorders, who are public officials performing their official function.

83.     Defendants' conduct in making false statements to the county recorders is a violation of R.C. 2921.13, and through that conduct, Defendants have injured Plaintiff in the amount of monies not paid for properly filing and reflecting title to property. Additionally or in the alternative, Defendants owe that amount to Plaintiff and such funds are being illegally withheld, as governed by Ohio Rev. Code § 309.12. Plaintiff seeks judgment for said amount and for all other and relief to which Plaintiff and the Class are entitled.

## COUNT IV
### (Ohio RICO - ORC § 2923.31 et seq.)

84.     Plaintiff incorporates by reference all Paragraphs as though set forth in full.

85.     Defendants engaged in a pattern of corrupt activities through the use of legal entities with which they are associated and/or over which they exercised control, including but

not limited to MERS Defendants, such that Defendants together constitute an enterprise through which Defendants engaged in a pattern of corrupt activity.

86. Defendants directed a pattern of corrupt activity, in particular filing false and misleading instruments in county recording offices throughout the State of Ohio, through the use of fraud and an artifice or scheme to defraud, as outlined in detail above and below. All such instances of racketeering activities were related in their common objective, and repeated on multiple occasions during the class period, are capable of further repetition, as a result of which they constitute a pattern of racketeering activity.

87. Defendants and their co-conspirator entities engaged in a pattern of corrupt criminal activities over an extended period of time, beginning as early as 1997, and continuing to the present. Defendants' wrongful dominion and control over their ill-gotten gains continues, and there is a real and present threat of further criminal conduct in furtherance of this pattern of corrupt activity.

88. Defendants' pattern of corrupt activity inflicted damages on multiple victims, including but not limited to Plaintiff and the other members of the Class.

89. Defendants, in furtherance of their pattern of corrupt activity, perpetrated thousands of separate acts of tampering with records in violation of ORC § 2913.42 by knowingly and with purpose to defraud or facilitate a fraud falsifying a public record, a felony of the third degree.

90. Each false record filed by Defendants in the county recording offices, as alleged above, constitutes a knowing and intentional act of tampering with records in violation of ORC § 2913.42, and serves as a predicate act under ORC § 2923.32. Within the past four years, Defendants have knowingly, intentionally, and/or recklessly engaged in ongoing, open-ended

26

scheme, artifice and pattern of racketeering under the Ohio Corrupt Activities Act (O.R.C §2923.31, *et seq.*), by committing multiple predicate acts of tampering with records in violation of ORC § 2913.42.

91.   Defendants violated ORC § 2923.32 by engaging in a pattern of corrupt activity and thereby causing damages to Plaintiff and the members of the Class.

92.   As a direct and proximate result of Defendants' pattern of corrupt activity, and their use of other entities and co-conspirators in that pattern of corrupt activity, Plaintiff and the Class have suffered damages, and Defendants are liable therefore pursuant to ORC § 2923.34.

93.   Plaintiff the members of the Class are entitled to an award three times their actual damages against Defendants, as well as an award of attorney's fees and costs, pursuant to ORC § 2923.34.

## COUNT V
### (Public Nuisance)

94.   Plaintiff incorporates by reference all Paragraphs as though set forth in full.

95.   The systematic recording of false instruments in County Recorders' offices in violation of Ohio law, including but not limited to O.R.C. § 2921.13, and the systematic failure to record all instruments of writing for conveyance or encumbrance of lands or assignments thereof in violation of, inter alia O.R.C. §§ 5301.25 and 5301.32, unreasonably interferes with rights common to the public including but not limited to the right to have maintained for the public benefit in every Ohio County a true, accurate and complete set of real property records as the County Recorder is required to maintain by O.R.C. § 317.08.  Said interference threatens the interests of the general public in maintaining uniform and accurate real property records and has directly and proximately harmed the general public by preventing the disclosure of the identities

27

of the true holders of interests in real property, obscuring transactions involving interests in real property, and avoiding the payment of amounts owed to the public.

96.     Defendants' conduct alleged above significantly affected rights common to the general public, and created and continues to create an unreasonable interference with rights common to the general public. Plaintiff herein suffered actual harm as a result of the condition created and maintained by Defendants by being prevented from discharging the statutory duties of the County Recorder and being deprived of fees for the recording of instruments required by law to be recorded.

## COUNT VI
### (Civil Conspiracy)

97.     Plaintiff incorporates by reference all Paragraphs as though set forth in full.

98.     As detailed above, Defendants acted in a malicious combination involving two or more persons to cause injury to multiple victims, including but not limited to Plaintiff and the other members of the Class. Plaintiff herein suffered actual harm as a result of the condition created and maintained by Defendants by being prevented from discharging the statutory duties of the County Recorder and being deprived of fees for the recording of instruments required by law to be recorded.

99.     Defendants conspired with and amongst themselves to commit numerous unlawful acts, including but not limited to (1) the systematic recording of false instruments in County Recorders' offices in violation of Ohio law, including but not limited to O.R.C. § 2921.13; (2) the systematic failure to record all instruments of writing for conveyance or encumbrance of lands or assignments thereof in violation of, inter alia O.R.C. §§ 5301.25 and 5301.32; and (3) the knowing and intentional act of tampering with records in violation of ORC § 2913.42.

100. The unlawful activities described above existed independent from the conspiracy itself.

101. As a direct and proximate result of Defendants' civil conspiracy, and their use of other entities and co-conspirators in that conspiratorial activity, Plaintiff and the Class have suffered substantial damages.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of itself and all other Ohio counties, by and through its undersigned counsel, Plaintiff prays for judgment declaring and determining that:

a. This action is properly maintainable as a class action under Ohio Civil R. 23(B)(1)(a), 23(B)(1)(b), 23(B)(2), and/or 23(B)(3);

b. Plaintiff is an adequate class representative of the Class, and Plaintiff's counsel is designated Class counsel;

c. Each and every, prior and future, mortgage and mortgage assignment on real property located in Ohio shall be recorded by Defendants with the proper Class Members' county recorder in the county recording office in which the property is located, thereby paying Plaintiff and the Class attendant recording fees;

d. Defendants are permanently enjoined from non-recordation of mortgages and mortgage assignments on real property located in Ohio with the country recorder in the recording office in the county in which the property is located;

e. Plaintiff and the Class are entitled to restitution and disgorgement of Defendants' profits, benefits, and other compensation Defendants obtained by their wrongful and improper conduct;

f.  Plaintiff and the Class are entitled to an award of damages, including treble damages, as set forth above;

g.  Plaintiff and the Class are entitled to an award of reasonable attorneys' fees and costs of bringing this action; and

h.  Plaintiff and the Class are entitled to such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Jessica Little
Prosecuting Attorney of Brown County, Ohio
200 E. Cherry Street
Georgetown, Ohio 45121
Tel: (937) 378-4151

Christian A. Jenkins (0070674)
Minnillo & Jenkins Co., LPA
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel: (513) 723-1600
Fax: (513) 723-1620
CJenkins@minnillojenkins.com

Jeffrey S. Goldenberg, Esq. (0063771)
Goldenberg Schneider, LPA
35 East Seventh Street, Suite 600
Cincinnati, Ohio 45202
(513) 345-8291
(513) 345-8294 (facsimile)
jgoldenberg@gs-legal.com

*Attorneys for Plaintiff*

30