UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :

STATE OF OHIO, ex rel. DAVID P.     :
JOYCE, PROSECUTING ATTORNEY OF :
GEAUGA COUNTY, OHIO,         :

                                         :      CASE NO. 1:11-CV-2474

              Plaintiff,         :

                                         :

v.                                     :      OPINION & ORDER

                                       :

MERSCORP., INC., et al.,          :

                                       :

             Defendants.       :

                                       :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Geauga County, Ohio, brought this putative class action in Ohio state court on behalf of all of the counties of the state of Ohio and against Defendants MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., and twenty-three banks and other entities that are in the business of selling and servicing mortgages.  One of the Defendant banks Plaintiff named in its state-court complaint—Home Savings & Loan Company of Youngstown (Home Savings)—is a citizen of Ohio; the other Defendants are citizens of states other than Ohio.

Generally, Plaintiff claims that Defendants conspired to deprive Ohio counties of mortgage-registration fees by creating MERS, a private mortgage-recording system.  According to Plaintiff's state-court complaint, Ohio law requires mortgages and mortgage assignments to be recorded.  Ohio counties charge a fee for these recordings.  MERS, Plaintiff says, subverts this fee-generating

Case No. 1:11-CV-2474
Gwin, J.

recording system by allowing member banks (*i.e.*, the many non-MERS Defendants named in this lawsuit) to assign mortgages to each other without paying county recording fees.  To do so, member banks initially assign their mortgages to the MERS entity, which tracks what is whose, and then provides a forum for its members to transfer mortgages among themselves by private contract.  Plaintiff alleges that this system unjustly enriches MERS and its members at the expense of Ohio counties.

Defendants—who answer that there is no Ohio-law duty to record mortgages—removed the case to this Court on the basis of diversity jurisdiction.  *See* [Doc 1].

At the case-management conference held January 26, 2012, the Court—observing that both Plaintiff and one of the Defendants is a citizen of Ohio—asked the parties to brief the question whether the Court has subject-matter jurisdiction over this case.  Helpfully, the parties have done so.  *See* [Docs. 157; 170; 171; & 227-1].

Plaintiff argues that the Court lacks jurisdiction because both Plaintiff and Defendant Home Savings are citizens of Ohio, meaning the parties are not completely diverse.  Plaintiff also points to its amended complaint—filed in this Court with the Court's leave[1]—which adds additional Ohio Defendants and thus, according to Plaintiff, independently defeats complete diversity.

Defendants acknowledge that Defendant Home Savings is a citizen of Ohio, but argue that Plaintiff fraudulently joined Home Savings in Ohio state court in an effort to defeat diversity jurisdiction.  Moreover, Defendants say, the Court should ignore Plaintiff's amended complaint, which is just another attempt to defeat the Court's jurisdiction.  Finally, Defendants point out, the

---

[1] Plaintiff filed his amended complaint one day after it was due under the Court's December 16, 2011, order granting leave to amend.  Nevertheless, at the January 26, 2012, case-management conference, the Court permitted the parties to amend their pleadings up through the following day, January 27, 2012.

Case No. 1:11-CV-2474
Gwin, J.

Court has authority to perfect its jurisdiction by excising any non-diverse Defendants under Federal Rule of Civil Procedure 21.

The Court concludes at the outset that, for the purpose of determining whether subject-matter jurisdiction exists, it considers only the Defendants joined in the case at the time of removal. Plaintiffs are sometimes permitted "after removal . . . to join additional defendants whose joinder would destroy subject matter jurisdiction," but may only do so with the Court's blessing. 28 U.S.C. § 1447(e). If the Court permits such a joinder, it must "remand the action to the State court." *Id.* Although the Court permitted Plaintiff the opportunity to file an amended complaint, *see* [Docs. 86 & 122], it was obviously not for what appears to have been Plaintiff's poorly disguised attempt to defeat the Court's jurisdiction.

That said, Plaintiff did assert a claim against Defendant Home Savings—an Ohio citizen—in Ohio state court. *See* [Doc. 1-1]. And Plaintiff refined its allegations against Home Savings in its amended complaint filed in this Court. *See* [Doc. 112]. Because those refinements were properly part of an amended complaint against then-existing Defendant Home Savings, they do not implicate the limitations on "join[der of] additional defendants" imposed by 28 U.S.C. § 1447(e), but instead were invited by the "freely give[n] leave" to amend, Fed. R. Civ. P. 15(a)(2), the Court freely gave.

Accordingly, the Court will consider only whether Plaintiff "fraudulently joined" Defendant Home Savings in Ohio state court. For this purpose, the Court will consider the allegations Plaintiff directed at Home Savings both in the state-court complaint and in the federal-court amended complaint.

I.

Defendants, who removed and so "bear[] the burden of establishing federal subject-matter

-3-

Case No. 1:11-CV-2474
Gwin, J.

jurisdiction," bear by corollary the burden of "demonstrating that the non-diverse [Defendant Home Savings] was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). That is no easy task. Removing defendants "must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. . . . [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

In the usual case, defendants can demonstrate that a claim is not "colorable" in one of at least two ways:  (1) by demonstrating that the claims have no colorable legal basis; or (2) by pointing to deficiencies in the specific factual allegations a plaintiff directs at the non-diverse defendant.  Here, Defendants take both paths.

First, they argue that Plaintiff's claims against Defendant Home Savings are frivolous because "controlling Ohio Supreme Court decisions, an unbroken line of cases stretching back over 100 years, and the plain language of Ohio's recording statutes establishes without doubt that there is no obligation to record mortgage assignments in Ohio." [Doc. 157, at 13].  But this argument—if it is correct—applies equally to both non-diverse Defendant Ohio Savings and the diverse Defendants.  And when a defendant's "proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing [of fraudulent joinder] has not been made." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004); *see also Smith v. SmithKline Beecham Corp.*, No. 11-56, 2011 WL 2731262, at *4 (E.D. Ky. July 13, 2011) (collecting cases).  Were it otherwise, federal courts would be forced to adjudicate

-4-

Case No. 1:11-CV-2474
Gwin, J.

the merits of entire *cases* on their way to determining the proper parties and forum.  That has it backwards.

Second, Defendants argue that Plaintiff's factual "allegations as to Home Savings are particularly deficient," [Doc. 157, at 13], implying that the Court should judge the adequacy of Plaintiff's complaints by the light of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  But "Courts within this circuit have said that the standard for establishing fraudulent joinder is even higher than the standard for prevailing on a motion to dismiss under Rule 12(b)(6)." *SmithKline Beecham Corp.*, 2011 WL 2731262, at *3.  And the allegations Plaintiff directs at Defendant Home Savings are not so sparse (or so different from the allegations directed at most of the diverse Defendants), that the Court can say "it be clear that there can be no recovery under the law" of Ohio.  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).

In short, Plaintiff asserts that Defendant Home Savings, as a MERS member, has been unjustly enriched at the expense of the Ohio counties.  Whatever the legal merit of such a claim (a Defendant-common question), Plaintiff has sufficiently alleged it against Defendant Home Savings, at least for the purpose of undermining a finding of fraudulent-joinder.

In Ohio, "[a] plaintiff seeking to recover under unjust enrichment . . . must establish that (1) the plaintiff conferred a benefit on the defendant, (2) the defendant knew of the benefit, and (3) it would be unjust to permit the defendant to retain the benefit without payment." *Meyer v. Chieffo*, 950 N.E.2d 1027, 1039 (Ohio Ct. App. 2011).  Plaintiff alleges that it and the other Ohio counties conferred the benefit of lien priority on *all of* MERS's members when the counties first recorded MERS-member mortgages.  *See* [Doc. 112, at ¶ 71].  Plaintiff further alleges that MERS members

-5-

Case No. 1:11-CV-2474
Gwin, J.

then took advantage of their recording priority to transfer MERS-recorded loans between each other without paying additional county-recording fees. *See* [Doc. 1-1, at ¶ 66]. Finally, Plaintiff alleges that all Defendants—including Defendant Home Savings—participated in this scheme, and benefitted (under Plaintiff's theory, unjustly) from it. *See* [Doc. 1-1, at ¶ 14 & p. 17 ("Defendants failed to record each and every prior and future mortgage and mortgage assignment," under "SECOND CAUSE OF ACTION, UNJUST ENRICHMENT AGAINST *ALL* DEFENDANTS." (emphasis supplied)). (Plaintiff's amended complaint filed in this Court includes a specific example of Defendant Home Savings's unrecorded assignment of a MERS-recorded mortgage. *See* [Doc. 112, at ¶¶ 51-53].)

In light of these allegations, the Court concludes that Plaintiff's claim against Defendant Home Savings is no less "colorable" than Plaintiff's claims against the diverse Defendants. For this reason, the Court finds that Defendants have failed to make the difficult showing that Defendant Home Savings was fraudulently joined. Where a plaintiff has colorable, identical state-law claims against both diverse and non-diverse defendants, and chooses to join them in one state-court litigation, there is an absence of complete diversity and removal is improper.

## II.

What remains, then, is Defendants' suggestion that the Court simply excise Defendant Home Savings from this litigation. Federal Rule of Civil Procedure 21 permits the Court to do so. Nevertheless, the Court declines to turn one litigation into two, particularly where the claims asserted against the diverse and non-diverse Defendants are identical and Plaintiff has demonstrated its intention to pursue the same claim against other Ohio defendants. *See* [Doc. 112 (joining five additional Ohio Defendants)].

Case No. 1:11-CV-2474
Gwin, J.

   Because Plaintiff and Defendant Home Savings are both citizens of Ohio, and because the

Court—seeing no good reason to birth parallel, identical litigations in state and federal court—finds

that it would be inappropriate to excise a properly joined, non-diverse Defendant from this litigation,

the Court concludes that it lacks subject-matter jurisdiction over this case and **REMANDS** it to Ohio

state court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded.").

   IT IS SO ORDERED.


Dated:  May 13, 2012             s/    *James S. Gwin*     
                     JAMES S. GWIN
                     UNITED STATES DISTRICT JUDGE